1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   CHARLES F. BARKER, Cal. Bar No. 70076
3  ROSS A. BOUGHTON, Cal. Bar No. 241119
   333 South Hope Street, 48th Floor
4  Los Angeles, California  90071-1448
   Telephone:  213-620-1780
5  Facsimile:   213-620-1398

6  Attorneys for Defendant
   ADECCO INC.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED, | Case No. CV 07 5604 MMC |
| 12 | |
| Plaintiff, | |
| 13 | **CERTIFICATE OF SERVICE** |
| v. | |
| 14 | |
| ADECCO, INC., and DOES 1 through | [Complaint Filed:  July 26, 2007] |
| 15 100, inclusive,, | |
| 16 Defendants. | |

17

18         TO THE CLERK OF THE UNITED STATES DISTRICT COURT

19  FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION:

20

21         Suzanne Vahanian certifies and declares as follows:

22

23         I am over the age of 18 years and not a party to this action.

24

25         My business address is 333 South Hope Street, 48th Floor,

26  Los Angeles, California  90071, which is located in the city, county and state where

27  the mailing described below took place.

28

-1-

W02-WEST:1RAB1\400517487.1                                    CERTIFICATE OF SERVICE

1    On November 6, 2007, I deposited in the United States Mail at 333

2  South Hope Street, Los Angeles, California, a copy of the following:

3

4    1.    Notice of Order Setting Initial Case Management Conference

5  and ADR Deadlines as Exhibit "1;"

6

7    2.    Notice of Standing Orders for Civil Cases Assigned to the

8  Honorable Maxine M. Chesney as Exhibit "2;"

9

10    3.    Notice of Standing Order for All Judges of the Northern District

11  of California as Exhibit "3;" and

12

13    4.    Notice of Availability of Magistrate Judge to Exercise

14  Jurisdiction as Exhibit "4".

15

16    I sent the above described documents to counsel of record for Plaintiff

17  Shavotnae Goldsby attorneys of record listed below:

18

19

20

21

22

23

24

25

26

27

28

-2-

| | | |
|---|---|---|
| 1 | David Sanford, Esquire<br>Meenoo Chahbazi, Esquire<br>Sanford, Wittels & Heisler, LLP<br>1666 Connecticut Avenue, N.W.,<br>Suite 310<br>Washington, D.C.  20009 | 202-742-7780<br>FAX:  202-742-7776 |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | Grant Morris, Esquire<br>Law Offices of Grant E. Morris<br>1666 Connecticut Avenue, N.W.,<br>Suite 310<br>Washington, D.C.  20009 | 202-742-7783<br>FAX:  202-742-7776 |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | Daniel H. Qualls, Esquire<br>Robin G. Workman, Esquire<br>Qualls & Workman, LLP<br>244 California Street, Suite 410<br>San Francisco, California  94111 | 415-782-3660<br>FAX:  415-788-1028 |
| 10 | | |

11

12

13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

15

16

17

Executed on November 7, 2007, at Los Angeles, California.

18

19

20

SUZANNE VAHANIAN

21

22

23

24

25

26

27

28

-3-

CERTIFICATE OF SERVICE

# EXHIBIT 1

# ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SHAVOTNAE GOLDSBY,

        Plaintiff (s),

        v.

ADECCO INC,

        Defendant(s).

No. C 07-05604 MMC

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

        IT IS HEREBY ORDERED that this action is assigned to the Honorable Maxine M. Chesney. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

        IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 11/5/2007 | Notice of removal filed | |
| 1/25/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 2/8/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 2/15/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 7, 19th Floor at 10:30 AM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | ) | | |
| | ) | | |
| | ) | | |
| Plaintiff(s), | ) | NO.  C- | MMC |
| | ) | | |
| vs. | ) | | |
| | ) | CASE MANAGEMENT | |
| | ) | CONFERENCE ORDER | |
| | ) | | |
| Defendant(s), | ) | | |
| | ) | | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-2, a Case Management Conference will be held in this case before the Honorable Maxine M. Chesney on _____ at 10:30 a.m. in Courtroom No. 7, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed in the *Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement.* Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates shall be made in writing, and, if

possible, by stipulation. Unless impracticable, such request shall be made not less than ten days before the conference date.  Good cause must be shown.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions.  See Fed.R.Civ.P. 16(f); Civil L.R. 1-4.

IT IS SO ORDERED.

Dated:  February 27, 2007.

MAXINE M. CHESNEY
United States District Judge

# EXHIBIT 2

# STANDING ORDERS FOR CIVIL CASES ASSIGNED TO THE HONORABLE MAXINE CHESNEY

## STANDING ORDERS FOR CIVIL CASES
## ASSIGNED TO THE HONORABLE MAXINE M. CHESNEY

Counsel shall consult and comply with all provisions of the Local Rules relating to continuance, motions, briefs, and all other matters, unless superseded by these Standing Orders.

**Electronic Case Filing - Lodging Hard Copies for Chambers**

In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked **"Chambers Copy"** and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and "E-Filing Chambers Copy."

**Scheduling Days:**

    a.    Criminal Law and Motion Calendar is conducted on Wednesdays at **2:30 p.m.**
    b.    Civil Law and Motion Calendar is conducted on Fridays at **9:00 a.m.**
    c.    Case Management Conferences are conducted on Fridays at **10:30 a.m.**, with order of call determined by the Court.
    d.    Pretrial conferences are generally conducted on Tuesday afternoons at **3:00 p.m.**
    e.    Counsel need not reserve a hearing date for motions, but noticed dates may be reset as the Court's calendar requires.

**Proposed Orders Required:** Each party filing <u>or opposing</u> a motion shall also serve and file a proposed order which sets forth the relief or action sought and a <u>short</u> statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

**Discovery:** Discovery motions will be referred to a Magistrate Judge.

**Procedural Matters:** Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, an administrative request in accordance with Civil Local Rule 7-11. *In either case, no changes in the Court's schedule or procedures shall be made except by signed order of the Court **and only upon a showing of good cause.***

**Service of Standing Orders:** Plaintiff is directed to serve copies of these standing orders at once upon all parties to this action and upon those subsequently joined, in accordance with the provisions of Rules 4 and 5, Federal Rules of Civil Procedure, and to file with the Clerk of the Court a certificate reflecting such service.

IT IS SO ORDERED.

Maxine M. Chesney
United States District Judge

Dated: April 20, 2005

# EXHIBIT 3

# STANDING ORDER FOR ALL JUDGES OF NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# EXHIBIT 4

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

magcons.ntc (rev. 10/99)

14

AO 399 (12/93)

## WAIVER OF SERVICE OF SUMMONS

TO: _____
                              (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

_____ , which is case number _____
                    (CAPTION OF ACTION)                                                        (DOCKET NUMBER)

in the United States District Court for the _____ District of

_____ . I have also received a copy of the complaint in the
action, two copies of this instrument, and a means by which I can return the signed waiver to you without
cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit
or to the jurisdiction or venue of the court except for objections based on a defect in the summons or
in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____ ,
                                                                                                          (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                    _____
          DATE                                                             SIGNATURE

                                            Printed/Typed Name: _____

                                            As _____ of _____
                                                          (TITLE)                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

15

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as    (B) _____ of (C) _____

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court

for the (D) _____ District of _____

and has been assigned docket number (E) _____ .

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of

_____ , _____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action

16