Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
QUALLS & WORKMAN, LLP
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
CHARLES F. BARKER, Cal. Bar No. 70076
ROSS A. BOUGHTON, Cal. Bar No. 241119
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ADECCO, INC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. CV-07-5604 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:** February 15, 2008<br>**Time:** 10:30 a.m.<br>**Dept:** Courtroom 7<br>**Judge:** Maxine M. Chesney<br>**Complaint Filed:** July 26, 2007 |

The parties to the above-entitled action submit this Joint Case Management Statement and [Proposed] Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10(b).

## JOINT CASE MANAGEMENT STATEMENT

**1. Jurisdiction And Service**

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 (c) and 28 U.S.C. § 1332 (d)(2). ADECCO, Inc. has been served and filed an Answer to the First Amended Complaint on November 2, 2007.

**2. Facts**

Plaintiff Shavotnae Goldsby (Goldsby) is a former hourly employee of Defendant Adecco, Inc. (ADECCO). While employed by ADECCO, Goldsby contends she periodically failed to receive meal period breaks. Plaintiffs contends ADECCO maintains employee records depicting when meal period breaks were not taken by hourly employees. Plaintiff contends ADECCO did not pay Goldsby an additional hour of compensation for missed meal period breaks. Goldsby's employment with ADECCO terminated on December 26, 2006.

On July 26, 2007, Goldsby filed a Class Action Complaint, followed by an Amended Complaint filed on October 3, 2007 (Complaint). The Amended Complaint adds a cause of action arising under the California Labor Code Private Attorney General Act of 2004 (PAGA).

Plaintiff seeks to represent a proposed class of current and former ADECCO California hourly workers employed by ADECCO between July 26, 2003, and the present as follows:

> persons paid on an hourly basis for whom ADECCO records depict a meal period not taken who did not receive a compensation payment by ADECCO for the lack of said meal period:

Goldsby contends that ADECCO systematically failed to pay compensation to ADECCO California hourly employees for missed meal period breaks as depicted by ADECCO meal period break records. The factual issue presented by this contention is whether and to what extent

ADECCO systematically failed to pay compensation for missed meal period breaks where ADECCO meal period records depict meal period breaks not taken.

The Amended Complaint sets forth three causes of action. The First Cause Of Action asserts claims based upon ADECCO's failure to provide meal period breaks and accurate wage statements as prescribed by California Labor Code section 512 (meal period break requirement) and section 226 (itemized statement identifying compensation requirement). The Second Cause of Action asserts a claim for restitution as prescribed by California Business and Professions Code section 17200 arising from ADECCO's failure to pay compensation for missed meal period breaks. The Third Cause Of Action asserts a claim for recovery of penalties arising from ADECCO's alleged Labor Code violations as prescribed by PAGA. Defendant denies that it failed to provide meal breaks to its employees.

**3. <u>Legal Issues</u>**

While with any case, numerous legal issues, both foreseeable and unforeseeable, will play a role, the following are the major foreseeable legal issues in this case:

1) Whether this action meets the requirements for a class action, including:

a) whether there are questions of law or fact common to the class,

b) whether the claims the Plaintiff are typical of the claims of the class;

c) whether the plaintiff will fairly and adequately protect the interests of the class; and

d) whether questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

2) The meaning of the phrase "provide an employee a meal period" in California Labor Code §§ 512, 226.7, and applicable to California I.W.C. Wage Orders.

3) Whether Defendant failed to provide meal breaks as required by California Labor Code §§ 512, 226.7, and applicable I.W.C. Wage Orders.

4) Whether Defendant provided accurate itemized statements to its California hourly employees as required by California Labor Code § 226.

5) Whether an action under the Private Attorney General Act ("PAGA") to recover penalties for aggrieved employees other than a named plaintiff requires class certification. *See* California Labor Code §§ 2699, 2699.3

**4. Motions**

The parties anticipate a motion for class certification will be filed by Plaintiff on or before July 7, 2008, and a motion for summary judgment will be filed by Defendant on or before November 14, 2008. The parties propose a dispositive motion deadline of November 14, 2008.

**5. Amendment Of Pleadings**

Defendant proposes a March 31, 2008, filed date for a motion to amend the complaint. Plaintiff proposes a May 26, 2008, filed date for such a motion.

**6. Evidence Preservation**

The parties do not anticipate an issue arising in this action regarding the preservation of evidence. The parties agree that to the extent putative class member meal and payroll records were maintained by ADECCO during the proposed class period, such records will be preserved by ADECCO.

**7. Disclosures**

The parties conducted a Rule 26 Initial Conference on February 1, 2008. The parties provided Rule 26 Initial Disclosures on February 8, 2008.

**8. Discovery**

On August 27, 2007, Plaintiff served a First Set Of Special Interrogatories seeking to determine the identify, number, and period of employment of putative class members. The same day, Plaintiff served a First Inspection Demand requesting production of records depicting Defendant break policies as applied to the putative class, records depicting the absence of meal period breaks, itemized statements for putative class members, and employment manuals in effect during the class period. On September 7, 2007, Plaintiff served deposition notices for the ADECCO person most knowledge regarding the following topics: 1) ADECCO policy and procedures regarding issuance of final payroll checks to terminated California employees; 2) ADECCO California meal period break policies; and 3) ADECCO meal period break record

keeping practices and procedures (PMK depositions). PMK depositions were noticed to proceed on September 25, 2007. ADECCO thereafter requested these PMK depositions be extended for 15 days, and Plaintiff agreed to do so.

On November 1, 2007, ADECCO served a Response To Plaintiff's First Set Of Inspection Demand and Responses To Shavotnae Goldsby's First Set of Special Interrogatories.

On November 11, 2007, Defendant filed a petition for removal of this action from the Alameda County Superior Court, Complex Department 22. Consequently, Plaintiff's entitlement to commence discovery was placed on hold until a Rule 26 Initial Conference held by the parties on February 1, 2008.

On February 4, 2008, Plaintiff served deposition notices upon ADECCO pursuant to FRCP 30(b)(6) seeking to depose ADECCO regarding regarding the following topics: 1) ADECCO policy and procedures regarding issuance of final payroll checks to terminated California employees; 2) ADECCO California meal period break policies; and 3) ADECCO meal period break record keeping practices and procedures (30(b)(6) depositions).

Defendant anticpiates taking Plaintiff's deposition and propouding written discovery in the coming weeks.

The parties propose the following discovery cut-off deadlines

1. Expert disclosure: December 10, 2008.
2. Expert Rebuttal: January 11, 2008.
3. Discovery cut-off: January 15, 2009.

**9. <u>Class Actions</u>**

**1. The Specific Paragraphs of FRCivP 23 under which the action if maintainable as a class action;**

Plaintiff contends the class sought to be certified is maintainable as a class pursuant to FRCivP 23(b)(3).

**2. A description of the class or classes in whose behalf the action is brought;**

Plaintiff seeks to represent a proposed class of current and former ADECCO California hourly workers employed by ADECCO between July 26, 2003, and the present as follows:

> persons paid on an hourly basis for whom ADECCO records depict a meal period not taken who did not receive a compensation payment by ADECCO for the lack of said meal period:

**3. A proposed date for the Court to consider whether the case can be maintained as a class action**

Goldsby has propounded a First Inspection Demand, Interrogatories, and Rule 30(b)(6) deposition notices for ADECCO authorized agent witnesses relevant to pre-certification issues of ascertainability, numerosity, typicality, and commonality. Goldsby anticipates completing pre-certification discovery by July 1, 2008.

The parties propose a filing date of July 7, 2008, for a motion for class certification. Plaintiff contends this proposed date may require modification in the event discovery disputes regarding Plaintiff's pre-certification discovery requests are not resolved in a timely manner.

**10. Related Cases**

The parties are not aware of the existence of related cases.

**11. Relief**

Goldsby seeks relief arising from missed meal period breaks on behalf of herself and the class she seeks to represent as follows: 1) an extra hour of compensation for each missed meal period depicted by ADECCO meal period records; 2) a penalty for failure to pay said compensation as prescribed by the PAGA; 3) a penalty for failure to provide a meal period break as prescribed by the PAGA; 4) a penalty for failure to identify said compensation on an itemized statement as prescribed by the PAGA; 5) for punitive damages as appropriate and available under each cause of action; 6) an order enjoining Defendant from pursuing the policies, acts and

practices complained of herein; 7) costs of this suit, and attorney's fees as provided by the Labor Code Private Attorney General Act of 2004; and 8) pre and post-judgment interest. Defendants have not filed a counterclaim.

**12. Settlement And ADR**

The parties agree to participate in private mediation before Mark Rudy, Esq. to be conducted by June 30, 2008.

**13. Consent To Magistrate Judge For All Purposes**

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

**14. Narrowing Of Issues**

Defendant proposes that the parties brief and the Court decide the meaning of the phrase "provide an employee a meal period" in California Labor Code §226.7.

Plaintiff asserts that individual briefing and Summary Adjudication of this issue is not appropriate at this stage of the proceedings.

**15. Expedited Schedule**

The parties do not anticipate the need for an expedited schedule of proceedings this matter. This case is a complex class action and the parties do not believe that it is the type of case that can be handled on an expedited basis.

**16. Scheduling**

The parties propose the following scheduling dates:

| | |
|---|---|
| Plaintiffs Motion for Class Certification: | July 7, 2008. |
| Defendant's Opposition to Class Certification: | August 6, 2008. |
| Plaintiffs Reply Motion for Class Certification: | August 20, 2008. |
| Class Certification Hearing: | September 5, 2008. |
| Expert Designation: | December 10, 2008. |
| Rebuttal Expert Designation: | January 10, 2009. |
| Discovery Cut-Off: | January 15, 2009. |

| | |
|---|---|
| Dispositive Motion Cut-Off: | January 15, 2009. |
| Trial: | April 7, 2009. |

**17. Trial**

The parties proposed an April 7, 2009, trial date. Plaintiff requested a trial by jury. The parties estimate between 6 and 9 days are required to try the action.

**18. Disclosure Of Non-Party Interested Entities Or Persons**

Defendant filed a Certificate of Interested parties upon removal of this action. In that Certificate, Defendant stated:

"Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| | | |
|---|---|---|
| 1) | Adecco Inc. | Defendant |
| 2) | Adecco S.A. (registered in Switzerland and listed on the Swiss Stock Exchange) | Parent corporation of wholly owned subsidiary Adecco Inc. |
| 3) | Adecco USA, Inc. | Indirect wholly owned subsidiary of Adecco S.A.; operating Company for Adecco Inc." |

Plaintiff has no interested parties.

**19. OTHER MATTERS**

The parties are not aware of any other matters.

Date: February 8, 2008

QUALLS & WORKMAN, L.L.P.

By: [signature]
Daniel H. Qualls
Attorney for Plaintiff Shavotnae Goldsby, and all others similarly situated

Date: February 8, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

By: [signature]
Charles F. Barker
Attorney for Defendant Adecco, Inc.