Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ADECCO, INC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No.  CV-07-5604 MMC<br><br>**PLAINTIFF SHAVOTNE GOLDSBY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO MODIFY PRETRIAL PREPARATION ORDER**<br><br>DATE: AUGUST 1, 2008<br>TIME:  10:30 A.M.<br>CTRM: 7<br>JUDGE: HON. MAXINE M. CHESNEY |

## I. STATEMENT OF FACTS

Plaintiff Shavotnae Goldsby (Goldsby) is a former hourly employee of Defendant Adecco, Inc. (ADECCO). While employed by ADECCO, Goldsby contends she periodically failed to receive meal period breaks as required by California law. Plaintiffs contend ADECCO maintains employee records depicting when meal period breaks were not taken by hourly employees. Plaintiff contends ADECCO did not pay Goldsby an additional hour of compensation for missed meal period breaks. Goldsby's employment with ADECCO terminated on December 26, 2006. Goldsby filed a Class Action Complaint for violations on July 26, 2007.[1] The Complaint was served on ADECCO on August 17, 2007.[2] In her Complaint, Goldsby sought to represent a proposed class of current and former ADECCO California hourly workers employed by ADECCO between July 26, 2003, and the present as follows:

> persons paid on an hourly basis for whom ADECCO records depict a meal period not taken who did not receive a compensation payment by ADECCO for lack of said meal period.

On August 27, 2007, Plaintiff served her first set of special interrogatories and demand for production of documents on ADECCO.[3] Special Interrogatory No. 1 asked ADECCO to identify the names, addresses, e-mail addresses, and telephone numbers of employed by ADECCO between July 26, 2003, and the present paid on an hourly basis and for whom ADECCO's records depicted a meal period not taken. Special Interrogatory No. 2 asked ADECCO to identify the period of employment for each person identified in response to Special Interrogatory No. 1. No. 3 asked ADECCO to identify the number of persons employed by ADECCO in California between July 26, 2003 and the present paid on an hourly basis for whom ADECCO records depicted a meal period not taken. No. 4 asked ADECCO to identify the number of persons employed by ADECCO in California paid on an hourly basis between July 26, 2003 and the present who

---

[1] Declaration of Daniel H. Qualls In Support Of Plaintiff Shavotnae Goldsby's Motion To Modify Pretrial Preparation Order ("Qualls Decl.") ¶ 2, EX A.
[2] Id.
[3] Qualls Decl., ¶ 3, EX. B.

1  complained to ADECCO regarding the absence of meal period breaks. No. 5 asked ADECCO to
2  identify the number of persons employed by ADECCO in California between July 26, 2003 and
3  the present who were paid on an hourly basis.[4]

4  ADECCO did not provide any of the requested information in its response, which it served
5  on Plaintiff on November 1, 2007.[5] Instead, it filed objections on numerous grounds, including
6  claims that the requested information violated the rights of privacy of the affected persons and that
7  the requests were burdensome. The Special Interrogatories remain unanswered.

8  On September 7, 2007, Plaintiff served notices seeking to take the depositions of
9  ADECCO's Persons Most Knowledgeable regarding 1) ADECCO policy and procedures
10 regarding issuance of final payroll checks to terminated California employees; 2) ADECCO
11 California meal period break policies; and 3) ADECCO meal period break record keeping
12 practices and procedures.[6] The depositions were noticed to proceed on September 25, 2007.[7]
13 ADECCO then requested that the depositions be extended for 15 days, and Plaintiff agreed to do
14 so.[8] ADECCO stalled further and did not produce its Persons Most Knowledgeable on the
15 noticed topics.

16 On November 2, 2007, ADECCO removed this case to federal court.[9] Consequently,
17 Plaintiff's ability to commence discovery was placed on hold until the parties held a Rule 26
18 Initial Disclosure Conference on February 1, 2008.[10]

19 Following the Rule 26 Conference, on February 5, 2008, Plaintiff served Rule 30(b)(6)
20 deposition notices seeking the same knowledge from ADECCO as previously noticed on
21 September 7, 2007.[11] These depositions were initially noticed for March 5, 2008, and then were
22 again rescheduled to May 22, 2008 per ADECCO's request. As the May 22 date approached,
23 ADECCO sought to reschedule the depositions for the fifth time.[12] On June 4, 2008, Plaintiff's

---

[4] Id.
[5] Qualls Decl. ¶ 4, EX. C.
[6] Qualls Decl., ¶ 5, EX. D.
[7] Id.
[8] Id.
[9] Qualls Decl., ¶ 6, EX E.
[10] Qualls Decl., ¶ 6.
[11] Qualls Decl., ¶ 7, EX. F.
[12] Id.

counsel took the deposition of ADECCO's representative, Kim Hans, Vice President of Operations, Southwest Division on the noticed topics. At this deposition, Plaintiff learned the nature of Defendant's recordkeeping practices for the first time: the various methods by which ADECCO hourly employees record their meal periods and the existence of ADECCO's records thereof.[13]

On February 15, 2008, this Court entered its Pretrial Preparation Order (Order) pursuant to Rule 16 of the Federal Rules of Civil Procedure.[14] The Order specified that the deadline for Plaintiff to file her motion for class certification was July 7, 2008. Accordingly, Plaintiff moves to modify the Order to allow Plaintiff additional time to prepare a motion for class certification.

## II. LEGAL ARGUMENT

### A. Dates Sought For Amendment

The Order set forth a timeline for the amendment of pleadings, discovery, class certification, and trial. Plaintiff seeks modification of the deadlines for the class certification briefing schedule. The class certification schedule was to begin with the July 7, 2008 deadline for Plaintiff to file her motion for class certification, and culminating in a hearing before this Court on September 5, 2008.[15]

Plaintiff seeks to extend the class certification briefing schedule by 75 days to September 22, 2008, pending ADECCO's timely compliance with Plaintiff's pre-certification discovery requests and with further pre-certification discovery Plaintiff needs to conduct. Pursuant to Civil L.R. 16-2(d)(3), Plaintiff's proposed modification to the existing Order is attached hereto as ____.[16]

---

[13] Qualls Decl. ¶ 8, EX. G.
[14] Qualls Decl., ¶ 9, EX. H.
[15] Id.
[16] Id.

### B. Plaintiff's Counsel Has Met and Conferred With Opposing Counsel

In compliance with Civil L.R. 16-2(d)(2), Plaintiff's counsel met and conferred regarding the proposed modifications to the scheduling order on June 13, 20, and 24, 2008. Defense counsel was willing to stipulate only to a 30-day extension of the class certification briefing schedule.[17]

### C. Good Cause Exists to Amend the Pretrial Preparation Order

Rule 16(b)(4) of the Federal Rules of Civil Procedure permits a district court judge to modify a scheduling order only when the moving party shows good cause. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 2000) (internal citations omitted). While the potential for prejudice to the opposing party may supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Id.

### D. Plaintiff Has Acted Diligently

Good cause, as demonstrated through Plaintiff's diligence, exists here to modify the Order. Plaintiff's counsel has been diligent in conducting discovery from the outset of this lawsuit. California law permits a plaintiff to propound special interrogatories and demands for inspection of documents on any date after 10 days following service of the complaint. Cal. Code Civ. Proc. §§ 2030.020 (b), 2031.020 (b). A plaintiff may serve deposition notices on any date after 20 days past service of the complaint. Cal. Code Civ. Proc. § 2025.210(b). The Complaint in this case was served on ADECCO on August 17, 2007. Plaintiff's first set of special interrogatories and demand for production of documents were served on ADECCO 10 days later, on August 27, 2007. Plaintiff's notices of deposition were served on ADECCO 20 days later, on September 7, 2007.

After ADECCO removed the case to federal court, the Federal Rules of Civil Procedure required Plaintiff to wait to resume discovery until after the parties held their Rule 26 conference on February 1, 2008. Following the conference and the issuance of this Court's Pretrial Scheduling Order, Plaintiff promptly resumed her attempt to depose ADECCO's representative on

---

[17] Qualls Decl. ¶ 11.

the topics of compensation policies, meal period break policies, and meal period break time record-keeping policies, serving such discovery on February 5, 2008. ADECCO did not produce Ms. Hans, the designated representative on the noticed topics, until June 4, 2008, a delay of over eight months from the originally noticed date, through no fault of the Plaintiff. Plaintiff did everything in her power to obtain the testimony of Ms. Hans at the earliest possible time.

### E.  The Delay in Obtaining Evidence is Problematic For Class Certification

Despite Plaintiff's diligence in seeking discovery, Plaintiff did not learn the nature and extent of ADECCO's meal period records that would have permitted plaintiff to bring a motion to compel responses to interrogatories seeking contact information until Ms. Hans's deposition. After removal to this Court, Plaintiff could not resume discovery until after the conference on February 1, 2008. In the meantime, ADECCO had asserted that disclosure of putative class members' contact information was burdensome. Plaintiff defined the class she sought to be represented by entries on ADECCO's meal period records, thereby tying the disclosure of putative class members' information to such records. Plaintiff did not know the nature of ADECCO's meal period records until the Hans deposition was taken on June 4, 2008. At that time, Plaintiff learned that most of ADECCO's records are electronic and thus easily searchable for the information that is responsive to interrogatories seeking putative class member contact information. Plaintiff can now file a motion to compel the disclosure of the class members' contact information as Plaintiff will be able to demonstrate that the disclosure of the requested information will not be burdensome to ADECCO.

The combination of ADECCO's failure to respond to Plaintiff's interrogatories in a timely fashion and the repeated delays of Ms. Hans's deposition have left Plaintiff without the ability to contact putative class members. Consequently, Plaintiff has not been able to obtain evidence from a sampling of putative class members in support of a motion for class certification. The short time period between the June 4 deposition and the July 7 deadline for filing a motion for class certification coupled with the lack of interrogatory answers by ADECCO do not accord Plaintiff the opportunity to procure such pre-certification evidence. If the Court grants this Motion to modify the Pretrial Scheduling Order and extend the deadline for a motion for class certification

1  by 75 days to September 22, 2008, Plaintiff should have sufficient time to procure further
2  evidence in support of her motion for class certification, assuming that ADECCO supplies her
3  with full and complete responses to her interrogatories in a timely fashion.

4      Presently, Plaintiff's counsel is meeting and conferring with ADECCO's counsel regarding
5  the outstanding interrogatory responses. In the event that Plaintiff's meet-and-confer efforts fail,
6  Plaintiff will shortly file a motion to compel.

7      **F.**    **ADECCO Will Not Be Prejudiced By Modification of the Order**

8      ADECCO will not suffer prejudice if the Court modifies the Order. No hardship will
9  result from permitting Plaintiff an additional 75 days within which to file a motion for class
10 certification. In contrast, Plaintiff would suffer hardship and prejudice if the requested extension
11 if not granted.

12                         **III. CONCLUSION**

13     For the foregoing reasons, Plaintiff asks this Court to grant her motion to modify the
14 Pretrial Scheduling Order and extend the class certification briefing schedule by 75 days to
15 September 22, 2008. Plaintiff additionally asks that this Court schedule a case management
16 conference 60 days out from the date of the filing of this motion.

17

18 Date:  June 27, 2008                        QUALLS & WORKMAN, L.L.P.
19
20                                               By: _____
21                                                     Daniel H. Qualls
                                                    Attorney for Plaintiff
22
23
24
25
26
27
28