1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  **QUALLS & WORKMAN, LLP**
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4  Facsimile: (415) 788-1028

5  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
6  **SANFORD, WITTELS & HEISLER, LLP**
   1666 Connecticut Avenue, N.W., Suite 310
7  Washington, D.C. 20009
   Telephone: (202) 742-7780
8  Facsimile:  (202) 742-7776

9  Grant Morris, D.C. Bar No. 926253
   **LAW OFFICES OF GRANT E. MORRIS**
10 1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
11 Telephone: (202) 742-7783
   Facsimile:  (202) 742-7776

12

13 *Attorneys for Plaintiff*

14

15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18

19 SHAVOTNAE GOLDSBY, AND ALL OTHERS      ) No.  CV-07-5604 MMC
   SIMILARLY SITUATED,                    )
20                                        ) **DECLARATION OF DANIEL H.**
                                          ) **QUALLS IN SUPPORT OF PLAINTIFF**
21            Plaintiff,                   ) **SHAVOTNE GOLDSBY'S**
                                          ) **MEMORANDUM OF POINTS AND**
22        vs.                             ) **AUTHORITIES IN SUPPORT OF**
                                          ) **MOTION TO MODIFY PRETRIAL**
23 ADECCO, INC, and DOES 1 through 100, inclusive, ) **PREPARATION ORDER**
                                          )
24            Defendants.                  ) **DATE: AUGUST 1, 2008**
                                          ) **TIME:  10:30 A.M.**
25                                        ) **CTRM:  7**
                                          ) **JUDGE: HON. MAXINE M. CHESNEY**
26 _____ )

27

28

1   I, Daniel H. Qualls, declare as follows:

2       1.      I am an attorney at law, duly licensed to practice before all the courts of the State of

3   California, and am a Partner with the law firm of Qualls & Workman, L.L.P., attorneys of record

4   herein for Plaintiff Shavotnae Goldsby. The following is based on my personal knowledge, and if

5   called upon to do so, I could and would competently testify thereto.

6       2.      Plaintiffs contend ADECCO maintains employee records depicting when meal

7   period breaks were not taken by hourly employees. Plaintiff contends ADECCO did not pay

8   Goldsby an additional hour of compensation for missed meal period breaks. Goldsby's

9   employment with ADECCO terminated on December 26, 2006. Attached hereto as Exhibit A is a

10  true and correct copy of Plaintiff's Class Action Complaint filed on July 26, 2007. The Complaint

11  was served on ADECCO on August 17, 2007.

12      3.      On August 27, 2007, Plaintiff served her first set of special interrogatories and

13  demand for production of documents on ADECCO. Attached hereto as Exhibit B is a true and

14  correct copy of Plaintiff's First Set of Special Interrogatories to Defendant. ADECCO did not

15  provide any of the requested information in its response, which it served on Plaintiff on November

16  1, 2007.

17      4.      ADECCO did not provide any of the requested information in its response, which it

18  served on Plaintiff on November 1, 2007. Instead, it filed objections on numerous grounds,

19  including claims that the requested information violated the rights of privacy of the affected

20  persons and that the requests were burdensome. Attached hereto as Exhibit C is a true and correct

21  copy of Defendant's Responses to Plaintiff's First Set of Special Interrogatories.

22      5.      On September 7, 2007, Plaintiff served notices seeking to take the depositions of

23  ADECCO's Persons Most Knowledgeable regarding 1) ADECCO policy and procedures

24  regarding issuance of final payroll checks to terminated California employees; 2) ADECCO

25  California meal period break policies; and 3) ADECCO meal period break record keeping

26  practices and procedures. The depositions were noticed to proceed on September 25, 2007.

27  ADECCO then requested that the depositions be extended for 15 days, and Plaintiff agreed to do

28

1   so. Attached hereto as Exhibit D are true and correct copies of Plaintiff's Deposition notices dated

2   September 7, 2008.

3        6.    On November 2, 2007, ADECCO removed this case to federal court.

4   Consequently, Plaintiff's ability to commence discovery was placed on hold until the parties held

5   a Rule 26 Initial Disclosure Conference on February 1, 2008. Attached hereto as Exhibit E is a

6   true and correct copy of the Notice of Removal.

7        7.    Following the Rule 26 Conference, on February 5, 2008, Plaintiff served Rule

8   30(b)(6) deposition notices seeking the same knowledge from ADECCO as previously noticed on

9   September 7, 2007. These depositions were initially noticed for March 5, 2008, and then were

10   again rescheduled to May 22, 2008 per ADECCO's request. As the May 22 date approached,

11   ADECCO sought to reschedule the depositions for the fifth time. Attached hereto as Exhibit F are

12   true and correct copies of Plaintiff's Rule 30 (b)(6) deposition notices.

13        8.    On June 4, 2008, Plaintiff's counsel took the deposition of ADECCO's

14   representative, Kim Hans, Vice President of Operations, Southwest Division on the noticed topics.

15   At this deposition, Plaintiff learned the nature of Defendant's recordkeeping practices for the first

16   time: the various methods by which ADECCO hourly employees record their meal periods and

17   the existence of ADECCO's records thereof. Attached hereto as Exhibit G are true and correct

18   copies of Kim Hans' deposition testimony.

19        9.    On February 15, 2008, this Court entered its Pretrial Preparation Order (Order)

20   pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Order set forth a timeline for the

21   amendment of pleadings, discovery, class certification, and trial. Plaintiff seeks modification of

22   the deadlines for the class certification briefing schedule. The class certification schedule was to

23   begin with the July 7, 2008 deadline for Plaintiff to file her motion for class certification, and

24   culminating in a hearing before this Court on September 5, 2008. Attached hereto as Exhibit H is

25   a true and correct copy of the Court's February 15, 2008 order.

26        10.    Good cause exists for the modification of the Court's Pretrial Preparation Order

27   requested. Plaintiff's proposed class is defined based upon meal period records maintained by

28   Defendant. At the outset of this action, Plaintiff promptly sought contact information for putative

1   class members. Defendant failed to supply such information based on, among other objections,

2   that such request was burdensome. Plaintiff was required to obtain discovery regarding the nature

3   of Defendant's meal period record keeping to address and refute Defendant's burden objection

4   before seeking an order of this Court requiring such discovery responses. Plaintiff was unable to

5   procure this deposition testimony until June 4, 2008. Accordingly, Plaintiff's ability to procure

6   putative class member contact information was delayed through no actions of Plaintiff. Such

7   delay also delayed the preparation of Plaintiff's motion for class certification.

8       11.     In compliance with Civil L.R. 16-2(d)(2), Plaintiff's counsel met and conferred

9   regarding the proposed modifications to the scheduling order on June 13, 20, and 24, 2008.

10  Defense counsel was willing to stipulate only to a 30-day extension of the class certification

11  briefing schedule.

12      I declare under penalty of perjury that the foregoing is true and correct and that this

13  Declaration was executed June 27, 2008, in San Francisco, California.

14

15                                      _____

16                                              DANIEL H. QUALLS

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DANIEL H. QUALLS        -4-        3153/MOTIONS/DHQDECLMODIFY.DOC

# EXHIBIT A.

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
Angela Corridan, D.C. Bar No. 492978
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

*Attorneys for Plaintiff*

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 6 2007

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> ADECCO, INC, and DOES 1 through 100, inclusive, <br><br> Defendants. | No. RG07337683 <br><br> **CLASS ACTION COMPLAINT** <br><br> **BY FAX** |

Plaintiff Shavotnae Goldsby ("Goldsby") by her attorneys, brings this action on behalf of herself, all other persons similarly situated and the general public, and hereby alleges as follows:

CLASS ACTION COMPLAINT                    -1-                    PLEADINGS\COMPLAINT

**PARTIES**

1.    Plaintiff Shavotnae Goldsby is a California resident and natural person.

2.    Plaintiff is informed and believes and on that basis alleges that ADECCO, Inc. (Adecco and/or Defendant) is and at all times material herein mentioned was, a corporation doing business in the State of California and within the County of San Francisco.

3.    The names and capacities of defendants sued herein under California Code of Civil Procedure §474 as Does 1 through 100, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe defendants' names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff, the members of the Class and the general public.

4.    At all times mentioned in the causes of action alleged herein, each and every defendant was an agent and/or employee of each and every other defendant. In doing the things alleged in the causes of action stated herein, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining defendants. All actions of each defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or managing agents.

## FACTS APPLICABLE TO ALL CLAIMS

5.    Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 4 above.

6.    This action alleges that Defendant failed to pay its California hourly employees compensation for work without meal break periods in violation of California Labor Code § 226.7 and applicable Industrial Welfare Commission Orders.

7.    This action seeks relief for unremedied violations of California law, including, inter alia; damages, and/or restitution, as appropriate, to members of the Class, and to victims of the

CLASS ACTION COMPLAINT                    -2-                    PLEADINGS\COMPLAINT

1  practices at issue, who have not received compensation for labor provided without meal period

2  breaks, and who have failed to receive accurate itemized statements.

3      8.    Goldsby is an adequate and proper class representative. Goldsby brings this action

4  in her individual capacity, on behalf of all others similarly situated, and, pursuant to California

5  Business & Professions Code §17204, on behalf of the general public. Plaintiff Goldsby was

6  employed by ADECCO in California, within the four years preceding the filing of this Complaint,

7  and paid on an hourly basis. While employed by ADECCO, Plaintiff Goldsby was required to

8  work without meal period breaks as defined and required by law. Defendant failed to provide

9  Goldsby, and all other similarly situated ADECCO California employees, with off-duty meal

10  period breaks, compensation for the lack of said breaks, and failed to provide Goldsby and all

11  others similarly situated California employees with an accurate itemized statement.

12      9.    Defendants are, and at all relevant times were, employers under applicable

13  California Industrial Welfare Commission Orders.

14      10.   This action seeks relief on behalf of a class of persons in the employ of ADECCO

15  in California within four years preceding the filing of this complaint and the present comprised of:

16          persons paid on an hourly basis for whom ADECCO records depict a meal

17          period not taken who did not receive a compensation payment by ADECCO

18          for the lack of said meal period (the Class);

19      11.   The class is sufficiently numerous, since it is estimated to include approximately

20  2,000 or more ADECCO employees geographically dispersed throughout California, the joinder of

21  whom in one action is impracticable, and the disposition of whose claims in a class action will

22  provide substantial benefits to both the parties and the Court.

23      12.   There is a well-defined community of interest in the questions of law and fact

24  involved affecting the parties to be represented. The questions of law and fact common to the

25  Class predominate over questions that may affect individual class members, including but not

26  limited to the following:

27          (a)    whether ADECCO implemented and engaged in a systematic practice

28              whereby it unlawfully failed to provide hourly employees meal period

CLASS ACTION COMPLAINT                    -3-                    PLEADINGS\COMPLAINT

1    breaks and failed to pay employees for the lack of meal breaks as required

2    by law;

3    (b)    whether ADECCO implemented and engaged in a systematic practice

4    whereby it failed to provide accurate itemized statements to California

5    hourly employees;

6    (c)    whether the systematic acts and practices of ADECCO as alleged herein

7    violated, inter alia, applicable provisions of the California Labor Code,

8    including but not limited to, Sections 226, 226.7, 512, and 2698, and

9    applicable Industrial Welfare Commission Orders, and California Business

10    & Professions Code § 17200, et seq.

11    13.    Because Plaintiff worked on a daily and weekly basis, routinely worked through

12    meal breaks as depicted on ADECCO records for which Plaintiff was not properly compensated

13    and failed to receive timely and accurate itemized statements, Plaintiff is asserting claims that are

14    typical of the claims of the Class.

15    14.    Plaintiff will fairly and adequately represent and protect the interests of the Class in

16    that he has no disabling conflict of interest that would be antagonistic to those of the other

17    members of the Class.  Plaintiff has retained counsel who are competent and experienced in the

18    prosecution of class action wage and hour violations.

19    15.    Because Plaintiff and the members of the Class have all similarly suffered

20    irreparable harm and damages as a result of ADECCO's unlawful and continuously wrongful

21    conduct, including but not limited to ADECCO's systematic failure to provide for meal period

22    breaks, and systematic failure to pay for meal break periods worked, class treatment is especially

23    appropriate.  Because the hours worked and employment circumstances by ADECCO employees

24    and class members follow common patterns, all of which are reflected in the records possessed by

25    ADECCO, this action will provide substantial benefits to both.  Absent this action, ADECCO's

26    unlawful conduct will continue unremedied and uncorrected.

27

28

CLASS ACTION COMPLAINT                    -4-                    PLEADINGS\COMPLAINT

# FIRST CAUSE OF ACTION

### (Failure To Provide Meal Period Breaks And Accurate Wage
### Statements Pursuant To California Labor Code Sections 226, 226.7, 512)

16.     Plaintiff Goldsby incorporates by reference the allegations contained in paragraphs 1-15 of this Complaint as if fully set forth herein.

17.     During all relevant periods, Defendant illegally and unlawfully required Plaintiff Goldsby and class members to work through meal period breaks.

18.     During all relevant periods, both the California Labor Code and the pertinent wage orders required that Plaintiff Goldsby and class members be compensated for the absence of meal period breaks. ADECCO failed to compensate Plaintiff and class members for the lack of meal periods as required by law. Plaintiff and class members are entitled to recover their unpaid compensation arising there from.

19.     By unlawfully requiring Plaintiff and class members to work without meal breaks and in failing to properly compensate Plaintiff and class members for the lack of meal periods as alleged herein, ADECCO acted in willful, oppressive and conscious disregard of Plaintiff and class members' statutory and regulatory right to meal periods and compensation.

20.     Plaintiff and the other members of the class are therefore entitled to the relief requested below.

# SECOND CAUSE OF ACTION

### (Unlawful, Unfair And Fraudulent Business Practices Pursuant
### To Business & Professions Code Sections 17200, et seq.)

21.     Plaintiff and class members incorporate by reference the allegations contained in paragraphs 1-20 of this Complaint as if fully set forth herein.

22.     Business & Professions Code section 17200, et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful business act or practice."

23.     The policies, acts and practices heretofore described were and are an unlawful business act or practice because ADECCO's failure to provide meal period breaks, failure to pay

compensation for work without meal period breaks, failure to provide accurate and timely itemized statements violates applicable Labor Code sections, including but not limited to California Labor Code §§ 226, 226.7, and 512, applicable Industrial Welfare Commission Wage Orders, the Labor Code Private Attorney General Act of 2004, Labor Code Section 2698 et. seq., and other provisions of California common and/or statutory law. Plaintiff reserves the right to allege additional statutory and common law violations by Defendants. Such conduct is ongoing to this date.

24.    Business & Professions Code §17200, et seq. also prohibits acts of unfair competition, which shall mean and include any "unfair business act or practice."

25.    The policies, acts.or practices described herein were and are an unfair business act or practice because any justifications for ADECCO's illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused Plaintiff, class members, and the members of the general public. Such conduct is ongoing to this date.

26.    Plaintiff and the other members of the Class are therefore entitled to the relief requested below.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment and relief as follows:

1.    An order certifying that the action may be maintained as a class action;

2.    Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, inter alia, the unpaid balance of compensation Defendant owes;

3.    For punitive damages as appropriate and available under each cause of action;

4.    An order enjoining Defendant from pursuing the policies, acts, and practices complained of herein;

5.    Costs of this suit;

6.    Pre- and post-judgment interest; and

7.    Such other and further relief as the Court deems just and proper.

CLASS ACTION COMPLAINT                    -6-                    PLEADINGS\COMPLAINT

1

## JURY DEMAND

2

3    Plaintiff hereby demands a trial by jury.

4

5    Date:  July 26, 2007                          QUALLS & WORKMAN, L.L.P.

6

7                                          By: _____

8                                               Daniel H. Qualls
                                                Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                   -7-              PLEADINGS\COMPLAINT

**EXHIBIT B.**

1   David Sanford, D.C. Bar No. 457933
    Meenoo Chahbazi, CA Bar No. 233985
2   SANFORD, WITTELS & HEISLER, LLP
    1666 Connecticut Avenue, N.W., Suite 310
3   Washington, D.C. 20009
    Telephone: (202) 742-7780
4   Facsimile: (202) 742-7776

5   Grant Morris, D.C. Bar No. 926253
    LAW OFFICES OF GRANT E. MORRIS
6   1666 Connecticut Avenue, N.W., Suite 310
    Washington, D.C. 20009
7   Telephone: (202) 742-7783
    Facsimile: (202) 742-7776

8
    Daniel H. Qualls, Bar No. 109036
9   Robin G. Workman, Bar No. 145810
    QUALLS & WORKMAN, LLP
10  244 California Street, Suite 410
    San Francisco, CA 94111
11  Telephone: (415) 782-3660
    Facsimile: (415) 788-1028

12
    *Attorneys for Plaintiff*
13

14

15

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                    FOR THE COUNTY OF ALAMEDA

18

19  SHAVOTNAE GOLDSBY, AND ALL OTHERS          ) No.  RG07337683
    SIMILARLY SITUATED,                         )
20                                              )
                Plaintiff,                      )  **PLAINTIFF SHAVOTNAE**
21                                              )  **GOLDSBY'S FIRST SET OF SPECIAL**
          vs.                                   )  **INTERROGATORIES TO**
22                                              )  **DEFENDANT ADECCO, INC.**
    ADECCO, INC, and DOES 1 through 100, inclusive, )
23                                              )
                Defendants.                     )
24                                              )
                                                )
25

26  PROPOUNDING PARTY:   Plaintiff Shavotnae Goldsby

27  RESPONDING PARTY:    Adecco, Inc.

28  SET:                 One

    SPECIAL INTERROGATORIES, SET ONE        -1-        3153\DISCOVERY\SISETONE.DOC

1    Pursuant to California Code of Civil Procedure Section 2030.010, Plaintiff, Shavotnae

2    Goldsby ("GOLDSBY") hereby requests that Defendant Adecco, Inc. ("ADECCO") answer in

3    writing and under oath the following specially prepared interrogatories:

4

5    **SPECIAL INTERROGATORY NO.1:**

6    Identify the name, address, e-mail address **AND** telephone number of all persons employed

7    by **YOU** in California July 26, 2003, AND the present paid on an hourly basis for whom

8    ADECCO  records depict a meal period not taken. (The terms **"YOU," "YOUR"** or **"YOURS"**

9    refer to ADECCo and, if applicable, the agents, employees, officers, and directors of same or of

10   any subsidiary or divisions thereof, and their attorneys and those persons employed by their

11   attorneys.) (As used herein, the term **"ALL"** is synonymous with **"ANY"** and the term **"OR"**

12   means **"AND/OR."**)

13   **SPECIAL INTERROGATORY NO.2:**

14   Identify the period of employment for each person identified in response to Special

15   Interrogatory No. 1.

16   **SPECIAL INTERROGATORY NO.3:**

17   Identify the number of persons employed by **YOU** in California between July 26, 2003,

18   **AND** the present paid on an hourly basis for whom ADECCO records depict a meal period

19   not taken.

20   **SPECIAL INTERROGATORY NO. 4:**

21   Identify **ALL** persons employed by **YOU** in California paid on an hourly basis between

22   July 26, 2003, **AND** the present who complained to **YOU REGARDING** the absence of meal

23   period breaks. (As used herein, the term **"REGARDING"** means relating to, referring to,

24   pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever

25   logically or factually connected with the matter referenced, whether in whole or in part.)

26   ///

27   ///

28   ///

SPECIAL INTERROGATORIES, SET ONE        -2-        3153\DISCOVERY\SISETONE.DOC

1  **SPECIAL INTERROGATORY NO. 5:**

2      Identify the number of persons employed by **YOU** in California between July 26, 2003 and

3  the present, paid on an hourly basis.

4

5  August 27, 2007                                          QUALLS & WORKMAN, LLP

6

7

8                                                Daniel H. Qualls

9                                                Attorney For Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | | FOR COURT USE ONLY |
|---|---|---|
| QUALLS & WORKMAN, LLP<br>244 CALIFORNIA STREET, SUITE #410<br>SAN FRANCISCO, CA 94111 | TELEPHONE NO.<br>(415) 782-3660 | |

ATTORNEY FOR (NAME)    SHAVOTNAE GOLDSBY, ET AL

REFERENCE NUMBER
0V238571-01

Insert name of court, judicial district or branch court, if any, and post office and street address
SUPERIOR COURT OF CALIFORNIA, OAKLAND DIVISION
600 WASHINGTON STREET
OAKLAND, CA 94607

SHORT NAME OF CASE
SHAVOTNAE GOLDSBY, ET AL vs. ADECCO, INC.

| PROOF OF SERVICE | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>RG07337683 |
|---|---|---|---|---|

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action;

**I served the:**
PLAINTIFF SHAVOTNAE GOLDSBY'S FIRST SET OF INSPECTION DEMANDS TO
DEFENDANT ADECCO, INC.; PLAINTIFF SHAVOTNAE GOLDSBY'S FIRST SET OF
SPECIAL INTERROGATORIES TO DEFENDANT ADECCO, INC.

|  |  |
|---|---|
| **Name:** | ADECCO, INC. |
| **Person Served:**<br>**Title:** | MARGARET WILSON, CT CORP<br>AGENT FOR SERVICE OF PROCESS |
| **Date of Delivery:**<br>**Time of Delivery:** | 09/04/07<br>02:25 pm |
| **Place of Service:** | 818 WEST SEVENTH ST.<br>LOS ANGELES, CA 90017          (Business) |
| **Manner of Service:** | **Personal Service - By Personally Delivering Copies.** |

**Fee for service:**    $ 51.13

| JUDICIAL COUNSEL FORM, RULE #982 (A)(23) | I declare under penalty of perjury that the foregoing is true and correct<br>and that this declaration was executed |
|---|---|
| [X]  Registered: . . . LOS ANGELES . . . . County,<br>Number: . . . . . . . 5403 . . . . . . . . . .<br>**Attorney's Diversified Services**<br>**ATTORNEY'S DIVERSIFIED SERVICES**<br>Fax (805) 658-6330 Client file # 3153.00 | on: . . . . . . . . . . .09/12/07 . . . . . . . ,<br>at: . . . . . . . . . .Ventura . . . . . ., California.<br>Signature: _____<br>Name:  KEN MELENDEZ<br>Title:  REGISTERED CALIFORNIA PROCESS SERVER |

302/0V238571-01                    PROOF OF SERVICE

# EXHIBIT C.

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    CHARLES F. BARKER, Cal. Bar No. 70076
3  ROSS A. BOUGHTON, Cal. Bar No. 241119
    333 South Hope Street, 48th Floor
4  Los Angeles, California 90071-1448
    Telephone:   213-620-1780
5  Facsimile:   213-620-1398

6  Attorneys for Defendant
    ADECCO, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ALAMEDA

10

11  SHAVOTNAE GOLDSBY, AND ALL          Case No. RG 07337683
    OTHERS SIMILARLY SITUATED,
12                                       DEFENDANT ADECCO, INC.'S
                  Plaintiff,             RESPONSES TO PLAINTIFF
13                                       SHAVOTNAE GOLDSBY'S FIRST SET
            v.                           OF SPECIAL INTERROGATORIES
14
    ADECCO, INC., and DOES 1 through     [Complaint Filed:  July 26, 2007]
15  100, inclusive,,
16                Defendants.

17

18  PROPOUNDING PARTY: PLAINTIFF SHAVOTNAE GOLDSBY

    RESPONDING PARTY:   DEFENDANT ADECCO, INC.
19
    SET NO.:            ONE
20
    NUMBERS:            1-5
21

22

23

24

25

26

27

28

1          Defendant Adecco, Inc. ("Adecco" or "Defendant") hereby objects and

2 otherwise responds to the Plaintiff's Special Interrogatories, propounded by Plaintiff

3 Shavotnae Goldsby (hereinafter "Plaintiff") as follows:

4

5                                  PRELIMINARY STATEMENT

6          These responses are made solely for the purpose of this action.  All

7 objections and grounds are reserved and may be interposed at any time before or at the

8 time of trial.

9

10          Defendant has not yet completed its investigation of the facts relating to this

11 action, its discovery in this action, or its preparations for the defense of this action.

12 Consequently, these responses are given without prejudice to the right of responding party

13 to produce at or before the time of trial any and all subsequently discovered evidence

14 relating to the proof of presently known material facts, and to the proof of subsequently

15 discovered material facts.

16

17          This preliminary statement is incorporated herein by reference to each of the

18 responses below as if stated in full.

19

20                                  GENERAL OBJECTIONS

21          To the extent that these interrogatories seek information privileged against

22 disclosure by the attorney-client privilege and/or the attorney work-product doctrine or the

23 right to privacy of any third party, Defendant objects to these interrogatories on these

24 grounds.

25

26 RESERVATION OF RIGHT TO SUPPLEMENT OR MODIFY RESPONSES

27          Defendant reserves the right to supplement, modify or correct its responses

28 to these interrogatories, or any part of them, as Defendant acquires additional information

1  in the course of its investigation and discovery in this action. Defendant does not

2  undertake any duty to supplement these responses other than what is required by the Code

3  of Civil Procedure.

4

5  ## RESPONSES TO SPECIAL INTERROGATORIES

6  ## SPECIAL INTERROGATORY NO. 1:

7       Identify the name, address, e-mail address **AND** telephone number of all

8  persons employed by **YOU** in California July 26, 2003, **AND** the present paid on an hourly

9  basis for whom ADECCO records depict a meal period not taken. (The terms '**YOU**,"

10  "**YOUR**" or "**YOURS**" refer to ADECCO and, if applicable, the agents, employees,

11  officers, and directors of same or of any subsidiary or divisions thereof, and their attorneys

12  and those persons employed by their attorneys). (As used herein, the term "**ALL**" is

13  synonymous with ANY and the term '**OR**" means '**AND/OR**.")

14

15  ## RESPONSE TO SPECIAL INTERROGATORY NO. 1:

16       Defendant objects to this interrogatory on the grounds that it seeks

17  information which is not relevant to the subject matter involved in the pending action, and

18  which is not reasonably calculated to lead to the discovery of admissible evidence; that it is

19  overbroad, burdensome, and oppressive; that it calls for information that is protected by

20  the right of privacy; that it is compound; that it is vague and ambiguous in that it cannot be

21  ascertained what is meant by the phrase "depict a meal period not taken;" and that it is

22  premature in that it seeks information concerning potential class members prior to class

23  certification.

24

25       Defendant further objects to this interrogatory on the grounds that it

26  improperly seeks information pertaining to liability and damages. This case is presently in

27  the pre-certification discovery phase. Questions pertaining to liability and damages issues

28  are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to

1  propound discovery on liability and damages issues if the proposes classes are certified.

2  However, if Defendant is subjected to such discovery prior to class certification, it will be

3  forced to incur the burdens of a collective action before it has been determined by the

4  Court that it is appropriate to proceed by way of a collective action.

5

6  **SPECIAL INTERROGATORY NO. 2:**

7  　　　　Identify the period of employment for each person identified in response to

8  Special Interrogatory No. 1.

9

10  **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

11  　　　　Defendant objects to this interrogatory on the grounds that it seeks

12  information which is not relevant to the subject matter involved in the pending action, and

13  which is not reasonably calculated to lead to the discovery of admissible evidence; that it is

14  overbroad, burdensome, and oppressive; that it calls for information that is protected by

15  the right of privacy; that it is compound; that it is vague and ambiguous in that it cannot be

16  ascertained what is meant by the phrase "period of employment;" and that it is premature

17  in that it seeks information concerning potential class members prior to class certification.

18

19  　　　　Defendant further objects to this interrogatory on the grounds that it

20  improperly seeks information pertaining to liability and damages.  This case is presently in

21  the pre-certification discovery phase.  Questions pertaining to liability and damages issues

22  are unduly oppressive, harassing, and burdensome.  Plaintiff will have the opportunity to

23  propound discovery on liability and damages issues if the proposes classes are certified.

24  However, if Defendant is subjected to such discovery prior to class certification, it will be

25  forced to incur the burdens of a collective action before it has been determined by the

26  Court that it is appropriate to proceed by way of a collective action.

27

28

**SPECIAL INTERROGATORY NO. 3:**

Identify the number of persons employed by **YOU** in California between July 26, 2003, **AND** the present paid on an hourly basis for whom ADECCO records depict a meal period not taken.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and oppressive; that it is vague and ambiguous in that it cannot be ascertained what is meant by the phrase "period of employment;" and that it is premature in that it seeks information concerning potential class members prior to class certification.

Defendant further objects to this interrogatory on the grounds that it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase. Questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposes classes are certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

Subject to and without waiving these objections, Defendant responds as follows: During a typical month, Adecco has approximately 10,000 employees that are assigned to work for Adecco's clients in California.

1 **SPECIAL INTERROGATORY NO. 4:**

2    Identify **ALL** persons employed by **YOU** in California paid on an hourly

3 basis between July 26, 2003, **AND** the present who complained to **YOU REGARDING**

4 the absence of meal period breaks. (As used herein, the term "**REGARDING**" means

5 relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or

6 in any manner whatsoever logically or factually connected with the matter referenced,

7 whether in whole or in part.)

8

9 **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

10    Defendant objects to this interrogatory on the grounds that it seeks

11 information which is not relevant to the subject matter involved in the pending action, and

12 which is not reasonably calculated to lead to the discovery of admissible evidence; that it is

13 overbroad, burdensome, and oppressive; that it calls for information that is protected by

14 the right of privacy; that it is vague and ambiguous in that it cannot be ascertained what is

15 meant by the term "complained" and the phrase "absence of meal breaks;" and that it is

16 premature in that it seeks information concerning potential class members prior to class

17 certification.

18

19    Defendant further objects to this interrogatory on the grounds that it

20 improperly seeks information pertaining to liability and damages. This case is presently in

21 the pre-certification discovery phase. Questions pertaining to liability and damages issues

22 are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to

23 propound discovery on liability and damages issues if the proposes classes are certified.

24 However, if Defendant is subjected to such discovery prior to class certification, it will be

25 forced to incur the burdens of a collective action before it has been determined by the

26 Court that it is appropriate to proceed by way of a collective action.

27

28

-5-

Defendant Adecco's Responses to Plaintiff
Goldsby's Special Interrogatories Set One

**SPECIAL INTERROGATORY NO. 5:**

        Identify the number of persons employed by **YOU** in California between July 26,2003 and the present, paid on an hourly basis.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

        Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and oppressive; that it is vague and ambiguous in that it cannot be ascertained what is meant by the phrase "employed by YOU;" and that it is premature in that it seeks information concerning potential class members prior to class certification.

        Defendant further objects to this interrogatory on the grounds that it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase. Questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposes classes are certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

        Subject to and without waiving these objections, Defendant responds as follows: During a typical month, Adecco has approximately 10,000 employees that are assigned to work for Adecco's clients in California.

Defendant Adecco's Responses to Plaintiff
Goldsby's Special Interrogatories Set One

1  Dated: October 3/, 2007

2                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                              By    _Charles F. Barker_____

5                                         CHARLES F. BARKER
                                          ROSS A. BOUGHTON
6                                         Attorneys for Defendant
                                          ADECCO, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1RAB1\400509555.1

Defendant Adecco's Responses to Plaintiff
Goldsby's Special Interrogatories Set One

1

<u>PROOF OF SERVICE</u>

2

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3

I am employed in the County of Los Angeles; I am over the age of eighteen

4

years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

5

On **November 1, 2007**, I served the following document(s) described as **DEFENDANT ADECCO, INC.'S RESPONSES TO PLAINTIFF SHAVOTNAE**

6

**GOLDSBY'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested

7

party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

8

**SEE ATTACHED LIST**

9

☒    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited

10

with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on

11

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

12

affidavit.

13

☐    **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the

14

overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

15

☐    **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile

16

pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile

17

machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile)

18

issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this

19

declaration.

20

☐    **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

21

☒    **STATE:** I declare under penalty of perjury under the laws of the State of

22

California that the foregoing is true and correct.

23

☐    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of

24

perjury under the laws of the United States of America that the foregoing is true and correct.

25

Executed on **November 1, 2007**, at Los Angeles, California.

26

27

Yvette G. Abrahamian

28

W02-WEST:1RAB1\400488737.1

1    David Sanford, Esquire                          202-742-7780
     Meenoo Chahbazi, Esquire                    FAX: 202-742-7776
2    Sanford, Wittels & Heisler, LLP
     1666 Connecticut Avenue, N.W., Suite 310
3    Washington, D.C. 20009

4    Grant Morris, Esquire                           202-742-7783
     Law Offices of Grant E. Morris               FAX: 202-742-7776
5    1666 Connecticut Avenue, N.W., Suite 310
     Washington, D.C. 20009
6
     Daniel H. Qualls, Esquire                      415-782-3660
7    Robin G. Workman, Esquire                   FAX: 415-788-1028
     Qualls & Workman, LLP
8    244 California Street, Suite 410
     San Francisco, California 94111
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D.**

1   David Sanford, D.C. Bar No. 457933
    Meenoo Chahbazi, CA Bar No. 233985
2   **SANFORD, WITTELS & HEISLER, LLP**
    1666 Connecticut Avenue, N.W., Suite 310
3   Washington, D.C. 20009
    Telephone: (202) 742-7780
4   Facsimile: (202) 742-7776

5   Grant Morris, D.C. Bar No. 926253
    **LAW OFFICES OF GRANT E. MORRIS**
6   1666 Connecticut Avenue, N.W., Suite 310
    Washington, D.C. 20009
7   Telephone: (202) 742-7783
    Facsimile: (202) 742-7776

8
    Daniel H. Qualls, Bar No. 109036
9   Robin G. Workman, Bar No. 145810
    **QUALLS & WORKMAN, LLP**
10  244 California Street, Suite 410
    San Francisco, CA 94111
11  Telephone: (415) 782-3660
    Facsimile: (415) 788-1028

12
    *Attorneys for Plaintiff*
13

14

15

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                  FOR THE COUNTY OF ALAMEDA

18

19  SHAVOTNAE GOLDSBY, AND ALL OTHERS      )  No.  RG07337683
    SIMILARLY SITUATED,                    )
20                                         )  **NOTICE OF TAKING DEPOSITION**
                                           )  **OF PERSON MOST**
21            Plaintiff,                   )  **KNOWLEDGEABLE REGARDING**
                                           )  **MEAL PERIOD BREAK POLICY**
22       vs.                               )  **AND REQUEST FOR PRODUCTION**
                                           )  **OF DOCUMENTS**
23  ADECCO, INC, and DOES 1 through 100, inclusive, )
                                           )
24            Defendants.                  )
                                           )
25  ─────────────────────────────────────

26          TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

27

28
    NOTICE OF TAKING DEPOSITION          -1-          3153\DISCOVERY\PMKMEALPERIOD.DOC

1      YOU ARE HEREBY NOTIFIED that, pursuant to Code of Civil Procedure section

2   2025(d) (6), Plaintiff SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC.

3   ("deponent") who shall designate and produce at the deposition those of its officers, directors,

4   managing agents, employees or agents who are most qualified to testify on its behalf, to the extent

5   of any information known or reasonably available to the deponent regarding ADECCO, INC.'S

6   meal period break policy as applied to California hourly employees between July 26, 2003, and

7   the present.  The deposition will commence on September 25, 2007 at 3:00 p.m. at the law firm of

8   Qualls & Workman, LLP, 244 California Street, Suite 410, San Francisco, CA, upon examination

9   before a notary public duly authorized to administer oaths.  Said deposition to continue from day

10  to day until completed, Saturdays, Sundays and holidays excepted.  The deposing party intends to

11  record the proceedings by stenographic method, through the instant visual display of the testimony

12  and/or videotape recording.

13      PLEASE TAKE FURTHER NOTICE that pursuant to California Code of Civil Procedure

14  sections 2025(d) and 2025(h), in addition to attending, at the time and on the date specified, the

15  deponent will be required to bring and produce at or before said time and place, the documents and

16  things listed below which are in the deponent's possession, custody or control, or are in the

17  possession, custody or control of the deponent's officers, directors, agents, employees or attorneys.

## INSTRUCTIONS

19      1.     This request requires you to produce all documents that are in your actual or

20  constructive possession, custody or control or that are in the possession, custody or control of your

21  attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

22  your behalf.

23      2.     If any requested document was, but is no longer in your possession, you must

24  specify in writing and serve upon the undersigned a list indicating the identity of such documents.

25  such identification should, for each such document, set forth whether the document (I) has been

26  destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

27  possession, custody, or control, in which case the name and address of any person or entity known

28

NOTICE OF TAKING DEPOSITION                -2-                3153\DISCOVERY\PMKMEALPERIOD.DOC

1   or believed by you to have possession, custody, or control of that document or category of

2   documents should be identified. In each such instance, explain the circumstances surrounding the

3   disposition and state the date or approximate date of such disposition and the identity of all

4   persons who you believe to have knowledge of such disposition.

5       3.    If you withhold any of the requested documents from production under a claim of

6   privilege or other protection, you must serve the undersigned a list of such withheld documents

7   indicating, for each document withheld, the following information: (I) the date composed or date

8   appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

9   made; (v) the identity of all persons or entities who saw the original document or saw or received a

10  copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

11  basis for the claim of privilege.

12      4.    This request requires the production of documents either in the same form or in the

13  same order as they are kept in the usual course of business or organized and labeled to correspond

14  with the particular demands set forth below. If you choose the former method, the documents are

15  to be produced in the boxes, file folders, bindings or other containers in which the documents are

16  found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other

17  containers are to be left intact.

18  ## I. DEFINITIONS

19      Unless specifically indicated otherwise, the following definitions are applicable throughout

20  this notice (including this Definitions section) and are incorporated by reference into each specific

21  request. The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

22  meaning of any request.

23      A.    The terms "YOU", "YOUR", and "YOURS" include the deponent, deponent's

24  predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

25  directors, employees, representatives, and agents, and any person acting or purporting to act on

26  behalf of any of the foregoing.

27

28

1    B.    "ANY" or "EACH" should be understood to include and encompass "ALL"; "OR"

2    should be understood to include and encompass "AND"; and "AND" should be understood to

3    include and encompass "OR".

4    C.    The terms "DOCUMENT" or "DOCUMENTS" shall mean any tangible thing upon

5    which any expression, communication or representation has been recorded by any means including,

6    but not limited to, "COMPUTER RECORDS," "E-MAIL RECORDS," handwriting, typewriting,

7    printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

8    electronic recording and any nonidentical copies (whether different from the original because of notes

9    made on such copies, because of indications that said copies were sent to different individuals than

10    were the originals, or because of any other reason), including but not limited to working papers,

11    preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

12    of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

13    telephone or other oral conversations, desk calendars, appointment books, audio or video tape

14    recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

15    and all other writings and recordings of every kind that are in your actual or constructive possession,

16    custody or control.

17    D.    "COMPUTER RECORDS" shall mean any tangible thing upon which any

18    expression, communication or representation has been recorded by any means including, but not

19    limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

20    computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

21    hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

22    printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

23    means of electronic recording and any nonidentical copies (whether different from the original

24    because of notes made on such copies, because of indications that said copies were sent to different

25    individuals than were the originals, or because of any other reason), including but not limited to

26    working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

27    scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

28

NOTICE OF TAKING DEPOSITION                    -4-                    3153\DISCOVERY\PMKMEALPERIOD.DOC

1 reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

2 and all other writings and recordings of every kind that are in your actual or constructive possession,

3 custody or control.

4       E.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

5 expression, communication or representation has been recorded by any means including, but not

6 limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

7 intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

8 intraoffice network e-mail, including any copies which may be stored electronically in any manner

9 including, but not limited to, network server storage, backup storage, online server storage,

10 microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

11 computer card, computer hard drive, computer floppy drive, removable computer drive storage,

12 scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

13 magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

14 different from the original because of notes made on such copies, because of indications that said

15 copies were sent to different individuals than were the originals, or because of any other reason),

16 including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

17 memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

18 financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

19 schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

20 your actual or constructive possession, custody or control.

21       F. As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

22 reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

23 factually connected with the matter referenced, whether in whole or in part.

24                         **DOCUMENTS REQUESTED TO BE PRODUCED**

25       The following sets forth the documents to be produced at the above-noticed deposition by

26 the deponent. The deponent should produce all documents responsive to this request within the

27 possession, custody or control of deponent at the deposition.

28

1

## LIST OF DOCUMENTS

2

3    **ALL DOCUMENTS REGARDING YOUR** meal period break policies for California hourly

4    employees in effect between July 26, 2003, **AND** the present.

5

6

7    Date:  September 7, 2007                          QUALLS & WORKMAN, L.L.P.

8

9

10                                          By: _____

11                                              Daniel H. Qualls
                                               Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF TAKING DEPOSITION               -6-               3153\DISCOVERY\PMKMEALPERIOD.DOC

1    David Sanford, D.C. Bar No. 457933
     Meenoo Chahbazi, CA Bar No. 233985
2    **SANFORD, WITTELS & HEISLER, LLP**
     1666 Connecticut Avenue, N.W., Suite 310
3    Washington, D.C. 20009
     Telephone: (202) 742-7780
4    Facsimile:  (202) 742-7776

5    Grant Morris, D.C. Bar No. 926253
     **LAW OFFICES OF GRANT E. MORRIS**
6    1666 Connecticut Avenue, N.W., Suite 310
     Washington, D.C. 20009
7    Telephone: (202) 742-7783
     Facsimile:  (202) 742-7776

8
     Daniel H. Qualls, Bar No. 109036
9    Robin G. Workman, Bar No. 145810
     **QUALLS & WORKMAN, LLP**
10   244 California Street, Suite 410
     San Francisco, CA 94111
11   Telephone: (415) 782-3660
     Facsimile: (415) 788-1028

12
     *Attorneys for Plaintiff*
13

14

15

16                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                        FOR THE COUNTY OF ALAMEDA

18

19   SHAVOTNAE GOLDSBY, AND ALL OTHERS          )   No.  RG07337683
     SIMILARLY SITUATED,                        )
20                                              )
                                                )   **NOTICE OF TAKING DEPOSITION**
21              Plaintiff,                       )   **OF PERSON MOST**
                                                )   **KNOWLEDGEABLE REGARDING**
22      vs.                                     )   **RECORD KEEPING PRACTICES,**
                                                )   **AND REQUEST FOR PRODUCTION**
23   ADECCO, INC, and DOES 1 through 100, inclusive,  )   **OF DOCUMENTS**
                                                )
24              Defendants.                     )
                                                )
25   _____)

26      TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

27      YOU ARE HEREBY NOTIFIED that, pursuant to Code of Civil Procedure section

28   2025(d) (6), Plaintiff SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC.

NOTICE OF TAKING DEPOSITION                -1-                    3153\DISCOVERY\PMKRECORDKEEPING.DOC

1    ("deponent") who shall designate and produce at the deposition those of its officers, directors,

2    managing agents, employees or agents who are most qualified to testify on its behalf, to the extent

3    of any information known or reasonably available to the deponent regarding ADECCO, INC.'S

4    meal period breaks record keeping practices and procedures applied to California employees

5    between July 26, 2003, and the present.  The deposition will commence on September 25, 2007 at

6    9:30 a.m., at the law firm of Qualls & Workman, LLP, 244 California Street, Suite 410, San

7    Francisco, CA, upon examination before a notary public duly authorized to administer oaths.  Said

8    deposition to continue from day to day until completed, Saturdays, Sundays and holidays

9    excepted.  The deposing party intends to record the proceedings by stenographic method, through

10   the instant visual display of the testimony and/or videotape recording.

11        PLEASE TAKE FURTHER NOTICE that pursuant to California Code of Civil Procedure

12   sections 2025(d) and 2025(h), in addition to attending, at the time and on the date specified, the

13   deponent will be required to bring and produce at or before said time and place, the documents and

14   things listed below which are in the deponent's possession, custody or control, or are in the

15   possession, custody or control of the deponent's officers, directors, agents, employees or attorneys.

16                               **INSTRUCTIONS**

17        1.    This request requires you to produce all documents that are in your actual or

18   constructive possession, custody or control or that are in the possession, custody or control of your

19   attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

20   your behalf.

21        2.    If any requested document was, but is no longer in your possession, you must

22   specify in writing and serve upon the undersigned a list indicating the identity of such documents.

23   such identification should, for each such document, set forth whether the document (I) has been

24   destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

25   possession, custody, or control, in which case the name and address of any person or entity known

26   or believed by you to have possession, custody, or control of that document or category of

27   documents should be identified.  In each such instance, explain the circumstances surrounding the

28

NOTICE OF TAKING DEPOSITION                    -2-                    3153\DISCOVERY\PMKRECORDKEEPING.DOC

1  disposition and state the date or approximate date of such disposition and the identity of all

2  persons who you believe to have knowledge of such disposition.

3        3.    If you withhold any of the requested documents from production under a claim of

4  privilege or other protection, you must serve the undersigned a list of such withheld documents

5  indicating, for each document withheld, the following information: (I) the date composed or date

6  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

7  made; (v) the identity of all persons or entities who saw the original document or saw or received a

8  copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

9  basis for the claim of privilege.

10        4.    This request requires the production of documents either in the same form or in the

11  same order as they are kept in the usual course of business or organized and labeled to correspond

12  with the particular demands set forth below. If you choose the former method, the documents are

13  to be produced in the boxes, file folders, bindings or other containers in which the documents are

14  found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other

15  containers are to be left intact.

16                                **I. DEFINITIONS**

17        Unless specifically indicated otherwise, the following definitions are applicable throughout

18  this notice (including this Definitions section) and are incorporated by reference into each specific

19  request. The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

20  meaning of any request.

21        A. The terms **"YOU"**, **"YOUR"**, and **"YOURS"** include the deponent, deponent's

22  predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

23  directors, employees, representatives, and agents, and any person acting or purporting to act on

24  behalf of any of the foregoing.

25        B. "ANY" or **"EACH"** should be understood to include and encompass **"ALL"**; **"OR"**

26  should be understood to include and encompass **"AND"**; and **"AND"** should be understood to

27  include and encompass **"OR"**.

28

NOTICE OF TAKING DEPOSITION          -3-          3153\DISCOVERY\PMKRECORDKEEPING.DOC

1    C.    The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon

2    which any expression, communication or representation has been recorded by any means including,

3    but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting,

4    printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

5    electronic recording and any nonidentical copies (whether different from the original because of notes

6    made on such copies, because of indications that said copies were sent to different individuals than

7    were the originals, or because of any other reason), including but not limited to working papers,

8    preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

9    of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

10   telephone or other oral conversations, desk calendars, appointment books, audio or video tape

11   recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

12   and all other writings and recordings of every kind that are in your actual or constructive possession,

13   custody or control.

14   D.    **"COMPUTER RECORDS"** shall mean any tangible thing upon which any

15   expression, communication or representation has been recorded by any means including, but not

16   limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

17   computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

18   hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

19   printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

20   means of electronic recording and any nonidentical copies (whether different from the original

21   because of notes made on such copies, because of indications that said copies were sent to different

22   individuals than were the originals, or because of any other reason), including but not limited to

23   working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

24   scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

25   reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

26   and all other writings and recordings of every kind that are in your actual or constructive possession,

27   custody or control.

28

E.     **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and intraoffice network e-mail, including any copies which may be stored electronically in any manner including, but not limited to, network server storage, backup storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording, magnetic impulse, or other means of electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

F.  As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or factually connected with the matter referenced, whether in whole or in part.

## DOCUMENTS REQUESTED TO BE PRODUCED

The following sets forth the documents to be produced at the above-noticed deposition by the deponent.  The deponent should produce all documents responsive to this request within the possession, custody or control of deponent at the deposition.

1

### LIST OF DOCUMENTS

2

3    **ALL DOCUMENTS REGARDING YOUR** meal period breaks record keeping practices and

4    procedures applied to California employees between July 26, 2003 and the present.

5

6    Date:    September 7, 2007                          QUALLS & WORKMAN, L.L.P.

7

8                                                        Daniel H. Qualls

9                                                        Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF TAKING DEPOSITION              -6-              3153\DISCOVERY\PMKRECORDKEEPING.DOC

1   David Sanford, D.C. Bar No. 457933
    Meenoo Chahbazi, CA Bar No. 233985
2   **SANFORD, WITTELS & HEISLER, LLP**
    1666 Connecticut Avenue, N.W., Suite 310
3   Washington, D.C. 20009
    Telephone: (202) 742-7780
4   Facsimile: (202) 742-7776

5   Grant Morris, D.C. Bar No. 926253
    **LAW OFFICES OF GRANT E. MORRIS**
6   1666 Connecticut Avenue, N.W., Suite 310
    Washington, D.C. 20009
7   Telephone: (202) 742-7783
    Facsimile: (202) 742-7776

8   Daniel H. Qualls, Bar No. 109036
9   Robin G. Workman, Bar No. 145810
    **QUALLS & WORKMAN, LLP**
10  244 California Street, Suite 410
    San Francisco, CA 94111
11  Telephone: (415) 782-3660
    Facsimile: (415) 788-1028

12
    *Attorneys for Plaintiff*
13

14

15

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                      FOR THE COUNTY OF ALAMEDA

18

19  SHAVOTNAE GOLDSBY, AND ALL OTHERS    )   No.  RG07337683
    SIMILARLY SITUATED,                   )
20                                        )   **NOTICE OF TAKING DEPOSITION**
                                          )   **OF PERSON MOST**
21              Plaintiff,                )   **KNOWLEDGEABLE REGARDING**
                                          )   **PAYMENT OF COMPENSATION,**
22       vs.                              )   **AND REQUEST FOR PRODUCTION**
                                          )   **OF DOCUMENTS**
23  ADECCO, INC, and DOES 1 through 100, inclusive, )
                                          )
24              Defendants.               )
                                          )
25

26          TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

27

28
    NOTICE OF TAKING DEPOSITION          -1-            3153\DISCOVERY\PMKCOMPENSATION.DOC

1      YOU ARE HEREBY NOTIFIED that, pursuant to Code of Civil Procedure section

2    2025(d) (6), Plaintiff SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC.

3    ("deponent") who shall designate and produce at the deposition those of its officers, directors,

4    managing agents, employees or agents who are most qualified to testify on its behalf, to the extent

5    of any information known or reasonably available to the deponent regarding ADECCO, INC.'S

6    practice or policy regarding payment of compensation as prescribed by California Labor Code

7    Section 226.7 for missed rest and/or meal period breaks, as applied to California employees

8    between July 26, 2003, and the present.  The deposition will commence on September 25, 2007 at

9    11:00 a.m., at the law firm of Qualls & Workman, LLP, 244 California Street, Suite 410, San

10   Francisco, CA, upon examination before a notary public duly authorized to administer oaths.  Said

11   deposition to continue from day to day until completed, Saturdays, Sundays and holidays

12   excepted.  The deposing party intends to record the proceedings by stenographic method, through

13   the instant visual display of the testimony and/or videotape recording.

14      PLEASE TAKE FURTHER NOTICE that pursuant to California Code of Civil Procedure

15   sections 2025(d) and 2025(h), in addition to attending, at the time and on the date specified, the

16   deponent will be required to bring and produce at or before said time and place, the documents and

17   things listed below which are in the deponent's possession, custody or control, or are in the

18   possession, custody or control of the deponent's officers, directors, agents, employees or attorneys.

19               **INSTRUCTIONS**

20     1.    This request requires you to produce all documents that are in your actual or

21   constructive possession, custody or control or that are in the possession, custody or control of your

22   attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

23   your behalf.

24     2.    If any requested document was, but is no longer in your possession, you must

25   specify in writing and serve upon the undersigned a list indicating the identity of such documents.

26   such identification should, for each such document, set forth whether the document (I) has been

27   destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

28

NOTICE OF TAKING DEPOSITION       -2-         3153\DISCOVERY\PMKCOMPENSATION.DOC

possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of documents should be identified. In each such instance, explain the circumstances surrounding the disposition and state the date or approximate date of such disposition and the identity of all persons who you believe to have knowledge of such disposition.

3.    If you withhold any of the requested documents from production under a claim of privilege or other protection, you must serve the undersigned a list of such withheld documents indicating, for each document withheld, the following information: (I) the date composed or date appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies made; (v) the identity of all persons or entities who saw the original document or saw or received a copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the basis for the claim of privilege.

4.    This request requires the production of documents either in the same form or in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

## I. **DEFINITIONS**

Unless specifically indicated otherwise, the following definitions are applicable throughout this notice (including this Definitions section) and are incorporated by reference into each specific request. The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical meaning of any request.

A. The terms "YOU", "YOUR", and "YOURS" include the deponent, deponent's predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers, directors, employees, representatives, and agents, and any person acting or purporting to act on behalf of any of the foregoing.

NOTICE OF TAKING DEPOSITION                    -3-                    3153\DISCOVERY\PMKCOMPENSATION.DOC

B. **"ANY"** or **"EACH"** should be understood to include and encompass **"ALL"**; **"OR"** should be understood to include and encompass **"AND"**; and **"AND"** should be understood to include and encompass **"OR"**.

C.    The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting, printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

D.    **"COMPUTER RECORDS"** shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, network server storage, backup storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other means of electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

1    reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

2    and all other writings and recordings of every kind that are in your actual or constructive possession,

3    custody or control.

4        E.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

5    expression, communication or representation has been recorded by any means including, but not

6    limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

7    intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

8    intraoffice network e-mail, including any copies which may be stored electronically in any manner

9    including, but not limited to, network server storage, backup storage, online server storage,

10   microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

11   computer card, computer hard drive, computer floppy drive, removable computer drive storage,

12   scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

13   magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

14   different from the original because of notes made on such copies, because of indications that said

15   copies were sent to different individuals than were the originals, or because of any other reason),

16   including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

17   memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

18   financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

19   schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

20   your actual or constructive possession, custody or control.

21       F.  As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

22   reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

23   factually connected with the matter referenced, whether in whole or in part.

24       ## DOCUMENTS REQUESTED TO BE PRODUCED

25       The following sets forth the documents to be produced at the above-noticed deposition by

26   the deponent.  The deponent should produce all documents responsive to this request within the

27   possession, custody or control of deponent at the deposition.

28

NOTICE OF TAKING DEPOSITION            -5-              3153\DISCOVERY\PMKCOMPENSATION.DOC

1

## LIST OF DOCUMENTS

2

3 **ALL DOCUMENTS REGARDING YOUR** practice or policy **REGARDING** payment of

4 compensation prescribed by California Labor Code Section 226.7 for missed rest **AND/OR** meal

5 period breaks as applied to California employees between July 26, 2003 and the present.

6

7 Date:    September 7, 2007

QUALLS & WORKMAN, L.L.P.

8

9

Daniel H. Qualls
Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF TAKING DEPOSITION                    -6-                    3153\DISCOVERY\PMKCOMPENSATION.DOC

**EXHIBIT E.**

*Conform*

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    CHARLES F. BARKER, Cal. Bar No. 70076
3  ROSS A. BOUGHTON, Cal. Bar No. 241119
    333 South Hope Street, 48th Floor
4  Los Angeles, California 90071-1448
    Telephone:  213-620-1780
5  Facsimile:  213-620-1398

6  Attorneys for Defendant
    ADECCO INC.

7

**ORIGINAL FILED**

**NOV - 5 2007**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

**MMC**

10

11  SHAVOTNAE GOLDSBY, AND ALL
    OTHERS SIMILARLY SITUATED,

**CV 07        5604**

12                    Plaintiff,

13          v.

14

15  ADECCO, INC., and DOES 1 through
    100, inclusive,,

16                    Defendants.

17

Case No.

**DEFENDANT ADECCO INC.'S
NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28 U.S.C.
§§ 1332, 1441, AND 1446**

(Filed Concurrently with the
Declarations of Charles F. Barker and
Diana Karabelas)

Trial Date:  None Set

18

19

20          TO THE HONORABLE JUDGES OF THE UNITED STATES

21  DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND

22  TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

23

24          PLEASE TAKE NOTICE that Defendant Adecco Inc. ("Adecco"), by

25  its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby

26  removes to the United States District Court for the Northern District of California,

27  the action captioned *Shavotnae Goldsby v. Adecco, Inc.*, which is currently pending

28

-1-

W02-WEST:1RAB1\400512388.1

DEFENDANT ADECCO INC.'S NOTICE OF
REMOVAL

1  in the Superior Court of the State of California for the County of Alameda, as Case

2  No. RG 07337683 (hereinafter the "State Court Action"). [1]

3

4  ## I.    THE PARTIES AND THEIR CITIZENSHIP

5         1.    Defendant Adecco is a corporation organized under the laws of

6  the State of Delaware with its principal place of business located in Melville,

7  New York. (Declaration of Diana Karabelas ("Karabelas Decl.") ¶ 4).  Thus,

8  Adecco is a citizen of New York and/or Delaware for purposes of diversity

9  jurisdiction, and is not a citizen of California.  *See* 28 U.S.C. § 1332(c).  Adecco

10  Inc. operates through an indirect subsidiary Adecco USA, Inc., which also is a

11  corporation organized under the laws of the state f Delaware with its principle place

12  of business in Melville, New York.  (Karabelas Decl. ¶ 5).

13

14         2.    At the time of Plaintiff Shavotnae Goldsby's ("Plaintiff")

15  employment with Adecco as a temporary employee in 2004 until the filing of this

16  action, Adecco earned the majority of its revenue in states outside of California, and

17  no single state generated an inordinately large proportion of its revenue.  In fact,

18  Adecco did business in virtually every state during that time.  (Karabelas Decl. ¶ 6).

19  Accordingly, under a "substantial predominance" analysis, no single state conducts

20  the vast majority of Adecco's business activities.  *See Industrial Tectonics, Inc. v.*

21  *Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).

22

23         3.    Under the "nerve center" test, Adecco's principal place of

24  business is New York.  *See Tosco Corp. v. Communities for a Better Environment*,

25  236 F.3d 495, 500 (9th Cir. 2001).  Adecco's corporate headquarters, where the

26  _____
    [1]    Filed herewith as Exhibits A-R to the Declaration of Charles F. Barker are copies of
27       all of the pleadings, processes and orders that have been filed in the State Court
         Action.
28

-2-

DEFENDANT ADECCO INC.'S NOTICE OF
                                                                                     REMOVAL

1  majority of executive and administrative functions are performed, and corporate

2  offices and executives are located in New York. (Karabelas Decl. ¶ 4).

3  Accordingly, Adecco's principal place of business is appropriately New York.

4

5      4.    Plaintiff was a California employee of Adecco assigned to

6  temporary work for Adecco's clients. At all times relevant to this action she has

7  been a resident of the State of California. (First Amended Complaint ¶¶ 1, 8,

8  Exh. I). Residence is prima facie evidence of domicile. *See State Farm Mut. Auto.*

9  *Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a

10 citizen of the State of California, and she is not a citizen of the State of Delaware or

11 the State of New York for purposes of diversity jurisdiction.

12

13     5.    The putative plaintiff class members are "persons in the employ

14 of Adecco in California within four years proceeding the filing of this complaint."

15 (First Amended Complaint ¶ 10, Exh. I). At this point in the litigation, it is

16 impossible to determine the distribution of citizenship of the putative class, as the

17 putative class has not been determined.  However, as the class is defined to *only*

18 include persons who worked for Adecco in California, it is clear that a vast majority

19 of putative class members are citizens of California. Therefore, Adecco asserts and

20 affirmatively alleges that at least one and probably the vast majority of the members

21 of this putative class are not citizens of the State of Delaware or the State of New

22 York, and are instead citizens of California.

23

24 II.    **REMOVAL JURISDICTION UNDER THE CLASS ACTION**

25              **FAIRNESS ACT ("CAFA")**

26     6.    The CAFA amended the diversity jurisdiction statute, 28 U.S.C.

27 § 1332, by adding provisions that give federal courts original jurisdiction in class

28 actions where the following factors are met:

-3-

DEFENDANT ADECCO INC.'S NOTICE OF
REMOVAL

a.   the aggregate amount in controversy exceeds $5,000,000;

b.   any member of the plaintiff class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

c.   the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

d.   the number of members of the plaintiff class is 100 or more.

28 U.S.C. § 1332(d)(2), (d)(5); *see also Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

A.   **Minimal Diversity**

7.   In the present case, the minimal diversity requirement of the CAFA has been met.  As noted above, Adecco is a citizen of Delaware and New York and Plaintiff is a citizen of California and at least one member of plaintiff putative class is a citizen of a state other than New York and Delaware.  (*Compare* First Amended Complaint ¶¶ 1, 8, , Exh. I *with* Karabelas Decl. ¶¶ 4-6).  Accordingly, the minimal diversity requirement of the CAFA is satisfied.  See 28 U.S.C. § 1332(d)(2)(A) & (B).

8.   Also in the present case, the Defendant, Adecco, is not a state, state official, or other government entity "against whom the district court may be foreclosed from ordering relief."

B.   **Class Size**

9.   With respect to the CAFA requirement of numerosity, Plaintiff's First Amended Complaint asserts that there are at least 2,000 individuals in the

-4-

DEFENDANT ADECCO INC.'S NOTICE OF REMOVAL

1  putative class, (First Amended Complaint ¶11, Exh. I). The scope of this class, as

2  identified in Plaintiff's Complaint, is all California-based Adecco employees paid on

3  an hourly basis assigned to work from four (4) years prior to filing of this action to

4  the conclusion of this action for whom Adecco records depict a meal period not

5  taken who did not receive a compensation payment by Adecco for the lack of the

6  meal period. As Adecco employees thousands of employees in California every

7  month, the size of the putative class is well in excess of 100. (Karabelas Decl. ¶ 7).

8

9  **C.    Amount In Controversy**

10          10.    Plaintiff's original Complaint did not set forth any specific

11  amount of damages. In Plaintiff's Case Management Conference Statement mail

12  served on October 3, 2007, Plaintiff "estimate[d] damages will exceed $10,000,000

13  arising from Goldsby and class member claims." While, Defendant vigorously

14  denies any liability, Defendant acknowledges that Plaintiff has now alleged claims

15  in excess of $5,000,000. Accordingly, the amount in controversy is in excess of

16  $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("the claims of the individual class

17  members shall be aggregated to determine whether the matter in controversy the

18  sum or value of $5,000,000.").

19

20  **D.    CAFA Exceptions Are Not Applicable**

21          11.    Further, while 28 U.S.C. § 1332(d)(3) and (4) do recognize

22  situations where this Court may or must decline jurisdiction despite the fact that the

23  minimal diversity and the amount in controversy requirements of § 1332(d)(2) are

24  satisfied, this case does not fall into either category because Adecco is not a citizen

25  of California. *See* 28 U.S.C. §§ 1331(d)(3)(discretionary declination of jurisdiction

26  limited to situations where "the primary defendants are citizens of the state where

27  the action was originally filed.") and 1331(d)(4)(A)(local controversy mandatory

28  declination limited to where "at least one defendant is ... a citizen of the State in

-5-

1  which the class action was filed." *See also* 1331(d)(4)(B)(home state controversy

2  mandatory declination limited to cases where "the primary defendants are citizens of

3  the State in which the action was originally filed."). Additionally, Plaintiff

4  shoulders the burden of establishing that any of these exceptions apply. *Hart, supra*

5  457 F.3d at 682 ("Our holding [is] that the plaintiff has the burden of persuasion on

6  the question whether the home-state or local controversy exceptions apply.")

7

8                    III.    **TIMELINESS OF REMOVAL**

9           12.    The appropriate time for removal is set forth in 28 U.S.C.

10  § 1446(b), which provides:

11

12      "The notice of removal of a civil action or proceeding shall be filed
        within thirty days after the receipt by the defendant, through service or
13      otherwise, of a copy of the initial pleading setting forth the claim for
        relief upon which such action or proceeding is based, or within thirty
14      days after the service of summons upon the defendant if such initial
        pleading has then been filed in court and is not required to be served on
15      the defendant, whichever period is shorter.

16
        If the case stated by the initial pleading is not removable, a notice of
17      removal may be filed within thirty days after receipt by the defendant,
        through service or otherwise, of a copy of an amended pleading,
18      motion, order or other paper from which it may first be ascertained that
        the case is one which is or has become removable, except that a case
19      may not be removed on the basis of jurisdiction conferred by section
        1332 of this title [28 USCS § 1332] more than 1 year after
20      commencement of the action."

21
           13.    Pursuant to 28 U.S.C. § 1446(b), there are two time windows in
22
    which removal is appropriate, depending on the pleadings in the case. First, if the
23
    removability of the case is evident from the initial complaint, a defendant has a
24
    thirty-day time limit for removal from the time the defendant is served with the
25
    complaint. *See* 28 U.S.C. § 1446(b); *see also Durham v. Lockheed Martin Corp.,*
26
    445 F.3d 1247, 1250 (9th Cir. 2006). This initial thirty day window only applies if
27
    the case is removable on the face of the pleading. *See Harris v. Bankers Life and*
28

                                            -6-

1  *Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("the first thirty-day period for
2  removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading
3  is removable on its face.").

4

5      14.   Second, if the removability of an action is not evident from the
6  face of the initial pleading, the defendant has thirty days to remove "after receipt by
7  the defendant, through service or otherwise, of a copy of an amended pleading,
8  motion, order or other paper from which it may first be ascertained that the case is
9  one which is or has become removable." 28 U.S.C. § 1446(b); *see also Harris v.*
10  *Bankers Life and Cas. Co.*, 425 F.3d 689, 694-95 (9th Cir. 2005) (where "such
11  details are obscured or omitted ... [such omission] makes the case 'stated by the
12  initial pleading' not removable, and the defendant will have 30 days from the
13  revelation of grounds for removal in an amended pleading ... or other paper to file
14  its notice of removal.").

15

16      15.   In diversity cases where removal is dependent on the amount in
17  controversy exceeding a certain dollar amount, the defendant is not put on notice
18  that the action is removable by the initial complaint unless the complaint states a
19  specific amount of damages in excess of the jurisdictional limit. *See Harris*, 425
20  F.3d at 695, n.5 *(*quoting *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000)) (where a
21  plaintiff fails to explicitly disclose the amount of damages in his or her complaint,
22  the clock does not begin to run upon receipt of the complaint.); *see also Bullard v.*
23  *Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 94390 (N.D. Cal 2006) ( "courts adopt a
24  bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run
25  from the defendant's receipt of the initial pleading, to place in the initial pleading a
26  specific allegation that damages are in excess of the federal jurisdictional amount."
27  (internal citations omitted)). This is true for cases removed under CAFA as well as
28  under traditional diversity grounds. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972,

-7-

DEFENDANT ADECCO INC.'S NOTICE OF
REMOVAL

1   973 (9th Cir. 2007). In such cases, the thirty day clock for removal begins when the

2   Defendant is first put on notice that the amount in controversy exceeds the

3   jurisdictional limit for removal. *Id.*

4

5          16.    In this case, Plaintiff's State Court Action was filed in the

6   Superior Court for the County of Alameda on or about July 26, 2007. (Barker Decl.

7   ¶ 5, Exh. A). The original Complaint did not allege a specific damage amount.

8   Instead, Plaintiff's Complaint generally prayed for "[c]ompensatory and statutory

9   damages, penalties and restitution...in an amount to be proven at trial" and "punitive

10  damages as appropriate." (Barker Decl. ¶ 5, Exh. A). Accordingly, the Complaint

11  did not put Defendant on notice that this case was removable and Defendant's time

12  to remove did not begin to run.

13

14         17.    On October 3, 2007, Plaintiff filed and mail served a Case

15  Management Conference Statement. (Barker Decl. ¶ 6, Exh. K). The Case

16  Management Conference Statement reached Defense Counsel on October 5, 2007.

17  (Barker Decl. ¶ 6). The Case Management Conference Statement stated "Goldsby

18  estimates damages will exceed $10,000,000 arising from Goldsby and class member

19  claims." (Barker Decl. ¶ 6, Exh. K). This was the first time Defendant received a

20  copy of a pleading, motion, order or other paper from which it was ascertained that

21  the amount in controversy exceeded $5,000,000. (Barker Decl. ¶ 6). Therefore, this

22  case became removable under CAFA only after service of the Case Management

23  Statement.

24

25         18.    This Notice of Removal is timely filed pursuant to 28 U.S.C.

26  § 1446(b) and Fed. R. Civ. P. 6(a), in that it is filed within thirty (30) days after

27  Adecco was served with a copy of Plaintiff's Case Management Conference

28  Statement on October 5, 2007, which for the first time alleged that the amount in

-8-

1   controversy exceeded the jurisdictional limit for removal. *See Harris v. Bankers*
2   *Life and Cas. Co.*, 425 F.3d 689, 694-95 (9th Cir. 2005).

3

4                   IV.   **VENUE**

5        19.    Venue is proper in the Northern District of California pursuant to
6   29 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to the
7   alleged claims occurred in the Northern District of California. Venue in the
8   Northern District of California is also proper pursuant to 28 U.S.C. § 1441(a)
9   because the county in which the State Court Action was pending is found within this
10  District.

11

12                   V.   **DEFENSES**

13        20.    The removal of this action to the Northern District of California
14  does not waive Adecco's ability to assert any defense to this action.

15

16        21.    Adecco will file a true and correct copy of this Notice of
17  Removal with the Superior Court for the County of Alameda and will serve notice
18  of removal on Plaintiff.

19

20

21

22

23

24

25

26

27

28

DEFENDANT ADECCO INC.'S NOTICE OF
REMOVAL

1         WHEREFORE, Adecco has removed this action to the United States

2   District Court for the Northern District of California, in accordance with the statutes

3   in such cases made and provided.

4

5   Dated: November 2, 2007

6                                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                     By

9                                      CHARLES F. BARKER

10                                     ROSS A. BOUGHTON
                           Attorneys for Defendant ADECCO INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

                                DEFENDANT ADECCO INC.'S NOTICE OF
                                               REMOVAL

**EXHIBIT F.**

1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  **QUALLS & WORKMAN, LLP**
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4  Facsimile: (415) 788-1028

5  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
6  **SANFORD, WITTELS & HEISLER, LLP**
   1666 Connecticut Avenue, N.W., Suite 310
7  Washington, D.C. 20009
   Telephone: (202) 742-7780
8  Facsimile: (202) 742-7776

9  Grant Morris, D.C. Bar No. 926253
   **LAW OFFICES OF GRANT E. MORRIS**
10 1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
11 Telephone: (202) 742-7783
   Facsimile: (202) 742-7776

12

13 *Attorneys for Plaintiff*

14

15

16               UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18

19 SHAVOTNAE GOLDSBY, AND ALL OTHERS      ) No.  CV-07-5604 MMC
   SIMILARLY SITUATED,                     )
20                                         ) **NOTICE OF TAKING DEPOSITION**
                    Plaintiff,             ) **OF DEFENDANT ADECCO,**
21                                         ) **PURSUANT TO FRCP 30(b)(6)**
            vs.                            ) **REGARDING MEAL PERIOD BREAK**
22                                         ) **POLICY AND REQUEST FOR**
   ADECCO, INC, and DOES 1 through 100, inclusive, ) **PRODUCTION OF DOCUMENTS**
23                                         )
                    Defendants.            )
24                                         )
                                           )
25

26

27

28
   NOTICE OF TAKING DEPOSITION              -1-              3153\DISCOVERY\PMKMEALPERIOD.DOC

1  TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

2      YOU ARE HEREBY NOTIFIED that, pursuant to FRCP 30(b)(6), Plaintiff

3  SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC. ("deponent") who shall

4  designate and produce at the deposition those of its officers, directors, managing agents,

5  employees or agents who are most qualified to testify on its behalf, to the extent of any

6  information known or reasonably available to the deponent regarding ADECCO, INC.'S meal

7  period break policy as applied to California hourly employees between July 26, 2003, and the

8  present.  The deposition will commence on March 5, 2008 at 3:00 p.m. at the law firm of Qualls &

9  Workman, LLP, 244 California Street, Suite 410, San Francisco, CA, upon examination before a

10  notary public duly authorized to administer oaths.  Said deposition to continue from day to day

11  until completed, Saturdays, Sundays and holidays excepted.  The deposing party intends to record

12  the proceedings by stenographic method, through the instant visual display of the testimony and/or

13  videotape recording.

14      PLEASE TAKE FURTHER NOTICE that pursuant to FRCP Rules 30(b)(2) and 34, in

15  addition to attending, at the time and on the date specified, the deponent will be required to bring

16  and produce at or before said time and place, the documents and things listed below which are in

17  the deponent's possession, custody or control, or are in the possession, custody or control of the

18  deponent's officers, directors, agents, employees or attorneys.

19                              **INSTRUCTIONS**

20      1.      This request requires you to produce all documents that are in your actual or

21  constructive possession, custody or control or that are in the possession, custody or control of your

22  attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

23  your behalf.

24      2.      If any requested document was, but is no longer in your possession, you must

25  specify in writing and serve upon the undersigned a list indicating the identity of such documents.

26  such identification should, for each such document, set forth whether the document (I) has been

27  destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

28

NOTICE OF TAKING DEPOSITION              -2-              3153\DISCOVERY\PMKMEALPERIOD.DOC

1    possession, custody, or control, in which case the name and address of any person or entity known

2    or believed by you to have possession, custody, or control of that document or category of

3    documents should be identified. In each such instance, explain the circumstances surrounding the

4    disposition and state the date or approximate date of such disposition and the identity of all

5    persons who you believe to have knowledge of such disposition.

6        3.    If you withhold any of the requested documents from production under a claim of

7    privilege or other protection, you must serve the undersigned a list of such withheld documents

8    indicating, for each document withheld, the following information: (I) the date composed or date

9    appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

10   made; (v) the identity of all persons or entities who saw the original document or saw or received a

11   copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

12   basis for the claim of privilege.

13       4.    This request requires the production of documents either in the same form or in the

14   same order as they are kept in the usual course of business or organized and labeled to correspond

15   with the particular demands set forth below. If you choose the former method, the documents are

16   to be produced in the boxes, file folders, bindings or other containers in which the documents are

17   found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other

18   containers are to be left intact.

19                        I. **DEFINITIONS**

20       Unless specifically indicated otherwise, the following definitions are applicable throughout

21   this notice (including this Definitions section) and are incorporated by reference into each specific

22   request. The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

23   meaning of any request.

24       A.    The terms **"YOU"**, **"YOUR"**, and **"YOURS"** include the deponent, deponent's

25   predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

26   directors, employees, representatives, and agents, and any person acting or purporting to act on

27   behalf of any of the foregoing.

28

NOTICE OF TAKING DEPOSITION            -3-            3153\DISCOVERY\PMKMEALPERIOD.DOC

B.     "ANY" or "EACH" should be understood to include and encompass "ALL"; "OR" should be understood to include and encompass "AND"; and "AND" should be understood to include and encompass "OR".

C.     The terms "DOCUMENT" or "DOCUMENTS" shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, "COMPUTER RECORDS," "E-MAIL RECORDS," handwriting, typewriting, printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

D.     "COMPUTER RECORDS" shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, network server storage, backup storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other means of electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

1  reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

2  and all other writings and recordings of every kind that are in your actual or constructive possession,

3  custody or control.

4       E.   **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

5  expression, communication or representation has been recorded by any means including, but not

6  limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

7  intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

8  intraoffice network e-mail, including any copies which may be stored electronically in any manner

9  including, but not limited to, network server storage, backup storage, online server storage,

10  microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

11  computer card, computer hard drive, computer floppy drive, removable computer drive storage,

12  scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

13  magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

14  different from the original because of notes made on such copies, because of indications that said

15  copies were sent to different individuals than were the originals, or because of any other reason),

16  including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

17  memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

18  financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

19  schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

20  your actual or constructive possession, custody or control.

21       F. As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

22  reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

23  factually connected with the matter referenced, whether in whole or in part.

24                  **DOCUMENTS REQUESTED TO BE PRODUCED**

25       The following sets forth the documents to be produced at the above-noticed deposition by

26  the deponent. The deponent should produce all documents responsive to this request within the

27  possession, custody or control of deponent at the deposition.

28

1

<u>**LIST OF DOCUMENTS**</u>

2

3   **ALL DOCUMENTS REGARDING YOUR** meal period break policies for California hourly

4   employees in effect between July 26, 2003, **AND** the present.

5

6

7   Date:  February 5, 2008                        QUALLS & WORKMAN, L.L.P.

8

9

10                                          By: _____
11                                               Daniel H. Qualls
                                                 Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF TAKING DEPOSITION            -6-            3153\DISCOVERY\PMKMEALPERIOD.DOC

1
## PROOF OF SERVICE

2

3       I, the undersigned, hereby declare:

4       I am employed by Legal Support Services in the City and County of Los Angeles,

5   California. I am over the age of eighteen years and not a party to the within action. My

6   business address is 1262 ½ West Second Street, Los Angeles, California.

7       On February 5, 2008, I served the following documents:

8
**NOTICE OF TAKING DEPOSITION OF DEFENDANT ADECCO, PURSUANT TO
9   FRCP 30(b)(6) REGARDING MEAL PERIOD BREAK POLICY AND REQUEST FOR
    PRODUCTION OF DOCUMENTS**
10
    on the interested parties in this action by hand delivery at the following address:
11
                    Ross A. Boughton, Esq.
12              Sheppard, Mullin, Richter & Hampton, LLP
                    333 South Hope Street, 48th Floor
13                  Los Angeles, California 90071
14

15      I declare under penalty of perjury under the laws of the State of California that

16  the foregoing is true and correct, and that this declaration was executed on February 5,

17  2008, at Los Angeles, California.

18

19                              Print Name: F. Duarte

20
                                Sign Name: _____
21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, the undersigned, hereby declare:

I am employed by Legal Support Services in the City and County of Los Angeles, California. I am over the age of eighteen years and not a party to the within action. My business address is 1262 ½ West Second Street, Los Angeles, California.

On February 5, 2008, I served the following documents:

**NOTICE OF TAKING DEPOSITION OF DEFENDANT ADECCO, PURSUANT TO FRCP 30(b)(6) REGARDING MEAL PERIOD BREAK POLICY AND REQUEST FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action by hand delivery at the following address:

Ross A. Boughton, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 5, 2008, at Los Angeles, California.

Print Name:_____/s/_____

Sign Name:_____

1   Daniel H. Qualls, Bar No. 109036
    Robin G. Workman, Bar No. 145810
2   **QUALLS & WORKMAN, LLP**
    244 California Street, Suite 410
3   San Francisco, CA 94111
    Telephone: (415) 782-3660
4   Facsimile: (415) 788-1028

5   David Sanford, D.C. Bar No. 457933
    Meenoo Chahbazi, CA Bar No. 233985
6   **SANFORD, WITTELS & HEISLER, LLP**
    1666 Connecticut Avenue, N.W., Suite 310
7   Washington, D.C. 20009
    Telephone: (202) 742-7780
8   Facsimile: (202) 742-7776

9   Grant Morris, D.C. Bar No. 926253
    **LAW OFFICES OF GRANT E. MORRIS**
10  1666 Connecticut Avenue, N.W., Suite 310
    Washington, D.C. 20009
11  Telephone: (202) 742-7783
    Facsimile: (202) 742-7776

12

13  *Attorneys for Plaintiff*

14

15

16              UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA

18

19  SHAVOTNAE GOLDSBY, AND ALL OTHERS  )  No.  CV-07-5604 MMC
    SIMILARLY SITUATED,               )
20                         )
             Plaintiff,       )  **NOTICE OF TAKING DEPOSITION**
21                       )  **OF DEFENDANT ADECCO,**
         vs.                 )  **PURSUANT TO FRCP 30(b)(6)**
22                       )  **REGARDING RECORD KEEPING**
    ADECCO, INC, and DOES 1 through 100, inclusive, )  **PRACTICES, AND REQUEST FOR**
23                       )  **PRODUCTION OF DOCUMENTS**
         Defendants.       )
24                       )

25

26      TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

27      YOU ARE HEREBY NOTIFIED that, pursuant to FRCP 30(b)(6), Plaintiff

28  SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC. ("deponent") who shall

---

NOTICE OF TAKING DEPOSITION          -1-          3153\DISCOVERY\PMKRECORDKEEPING.DOC

1  designate and produce at the deposition those of its officers, directors, managing agents,

2  employees or agents who are most qualified to testify on its behalf, to the extent of any

3  information known or reasonably available to the deponent regarding ADECCO, INC.'S meal

4  period breaks record keeping practices and procedures applied to California employees between

5  July 26, 2003, and the present. The deposition will commence on March 5, 2008 at 9:30 a.m., at

6  the law firm of Qualls & Workman, LLP, 244 California Street, Suite 410, San Francisco, CA,

7  upon examination before a notary public duly authorized to administer oaths. Said deposition to

8  continue from day to day until completed, Saturdays, Sundays and holidays excepted. The

9  deposing party intends to record the proceedings by stenographic method, through the instant

10  visual display of the testimony and/or videotape recording.

11       PLEASE TAKE FURTHER NOTICE that pursuant to FRCP Rules 30(b)(2) and 34, in

12  addition to attending, at the time and on the date specified, the deponent will be required to bring

13  and produce at or before said time and place, the documents and things listed below which are in

14  the deponent's possession, custody or control, or are in the possession, custody or control of the

15  deponent's officers, directors, agents, employees or attorneys.

16                          **INSTRUCTIONS**

17       1.    This request requires you to produce all documents that are in your actual or

18  constructive possession, custody or control or that are in the possession, custody or control of your

19  attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

20  your behalf.

21       2.    If any requested document was, but is no longer in your possession, you must

22  specify in writing and serve upon the undersigned a list indicating the identity of such documents.

23  such identification should, for each such document, set forth whether the document (I) has been

24  destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

25  possession, custody, or control, in which case the name and address of any person or entity known

26  or believed by you to have possession, custody, or control of that document or category of

27  documents should be identified. In each such instance, explain the circumstances surrounding the

28

NOTICE OF TAKING DEPOSITION                    -2-                    3153\DISCOVERY\PMKRECORDKEEPING.DOC

1  disposition and state the date or approximate date of such disposition and the identity of all

2  persons who you believe to have knowledge of such disposition.

3          3.      If you withhold any of the requested documents from production under a claim of

4  privilege or other protection, you must serve the undersigned a list of such withheld documents

5  indicating, for each document withheld, the following information: (I) the date composed or date

6  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

7  made; (v) the identity of all persons or entities who saw the original document or saw or received a

8  copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

9  basis for the claim of privilege.

10         4.      This request requires the production of documents either in the same form or in the

11  same order as they are kept in the usual course of business or organized and labeled to correspond

12  with the particular demands set forth below.  If you choose the former method, the documents are

13  to be produced in the boxes, file folders, bindings or other containers in which the documents are

14  found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other

15  containers are to be left intact.

16                        **I. DEFINITIONS**

17         Unless specifically indicated otherwise, the following definitions are applicable throughout

18  this notice (including this Definitions section) and are incorporated by reference into each specific

19  request.  The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

20  meaning of any request.

21         A. The terms **"YOU"**, **"YOUR"**, and **"YOURS"** include the deponent, deponent's

22  predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

23  directors, employees, representatives, and agents, and any person acting or purporting to act on

24  behalf of any of the foregoing.

25         B. "ANY" or **"EACH"** should be understood to include and encompass **"ALL"**; **"OR"**

26  should be understood to include and encompass **"AND"**; and **"AND"** should be understood to

27  include and encompass **"OR"**.

28

NOTICE OF TAKING DEPOSITION                    -3-                    3153\DISCOVERY\PMKRECORDKEEPING.DOC

1       C.    The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon

2   which any expression, communication or representation has been recorded by any means including,

3   but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting,

4   printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

5   electronic recording and any nonidentical copies (whether different from the original because of notes

6   made on such copies, because of indications that said copies were sent to different individuals than

7   were the originals, or because of any other reason), including but not limited to working papers,

8   preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

9   of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

10  telephone or other oral conversations, desk calendars, appointment books, audio or video tape

11  recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

12  and all other writings and recordings of every kind that are in your actual or constructive possession,

13  custody or control.

14      D.    **"COMPUTER RECORDS"** shall mean any tangible thing upon which any

15  expression, communication or representation has been recorded by any means including, but not

16  limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

17  computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

18  hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

19  printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

20  means of electronic recording and any nonidentical copies (whether different from the original

21  because of notes made on such copies, because of indications that said copies were sent to different

22  individuals than were the originals, or because of any other reason), including but not limited to

23  working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

24  scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

25  reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

26  and all other writings and recordings of every kind that are in your actual or constructive possession,

27  custody or control.

28

E.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and intraoffice network e-mail, including any copies which may be stored electronically in any manner including, but not limited to, network server storage, backup storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording, magnetic impulse, or other means of electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

F.    As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or factually connected with the matter referenced, whether in whole or in part.

### DOCUMENTS REQUESTED TO BE PRODUCED

The following sets forth the documents to be produced at the above-noticed deposition by the deponent. The deponent should produce all documents responsive to this request within the possession, custody or control of deponent at the deposition.

NOTICE OF TAKING DEPOSITION                    -5-                    3153\DISCOVERY\PMKRECORDKEEPING.DOC

## LIST OF DOCUMENTS

**ALL DOCUMENTS REGARDING YOUR** meal period breaks record keeping practices and procedures applied to California employees between July 26, 2003 and the present.

Date:   February 5, 2008

QUALLS & WORKMAN, L.L.P.

_____
Daniel H. Qualls
Attorney for Plaintiff

1  ## PROOF OF SERVICE

2

3      I, the undersigned, hereby declare:

4      I am employed by Legal Support Services in the City and County of Los Angeles,

5   California. I am over the age of eighteen years and not a party to the within action. My

6   business address is 1262 ½ West Second Street, Los Angeles, California.

7      On February 5, 2008, I served the following documents:

8
   **NOTICE OF TAKING DEPOSITION OF DEFENDANT ADECCO, PURSUANT TO**
9   **FRCP 30(b)(6) REGARDING RECORD KEEPING PRACTICES, AND REQUEST FOR**
10  **PRODUCTION OF DOCUMENTS**

11
   on the interested parties in this action by hand delivery at the following address:
12

13                     Ross A. Boughton, Esq.
                 Sheppard, Mullin, Richter & Hampton, LLP
14                   333 South Hope Street, 48th Floor
                     Los Angeles, California 90071
15

16      I declare under penalty of perjury under the laws of the State of California that

17  the foregoing is true and correct, and that this declaration was executed on February 5,

18  2008, at Los Angeles, California.

19

20                                        Print Name: F. Duarte

21                                        Sign Name: Orand Duarte

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3        I, the undersigned, hereby declare:

4        I am employed by Legal Support Services in the City and County of Los Angeles,

5   California.  I am over the age of eighteen years and not a party to the within action.  My

6   business address is 1262 ½ West Second Street, Los Angeles, California.

7        On February 5, 2008, I served the following documents:

8

**NOTICE OF TAKING DEPOSITION OF DEFENDANT ADECCO, PURSUANT TO**
9   **FRCP 30(b)(6) REGARDING RECORD KEEPING PRACTICES, AND REQUEST FOR**
    **PRODUCTION OF DOCUMENTS**
10

11  on the interested parties in this action by hand delivery at the following address:

12
                        Ross A. Boughton, Esq.
13              Sheppard, Mullin, Richter & Hampton, LLP
                    333 South Hope Street, 48th Floor
14                    Los Angeles, California 90071

15

16        I declare under penalty of perjury under the laws of the State of California that

17  the foregoing is true and correct, and that this declaration was executed on February 5,

18  2008, at Los Angeles, California.

19
                                    Print Name:_____/s/_____
20

21
                                    Sign Name:_____
22

23

24

25

26

27

28

1 | Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
2 | **QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
3 | San Francisco, CA 94111
Telephone: (415) 782-3660
4 | Facsimile: (415) 788-1028

5 | David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
6 | **SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
7 | Washington, D.C. 20009
Telephone: (202) 742-7780
8 | Facsimile: (202) 742-7776

9 | Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
10 | 1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
11 | Telephone: (202) 742-7783
Facsimile: (202) 742-7776

12 |

13 | *Attorneys for Plaintiff*

14 |

15 |

16 | UNITED STATES DISTRICT COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

18 | SHAVOTNAE GOLDSBY, AND ALL OTHERS )  No.  CV-07-5604 MMC
SIMILARLY SITUATED,                                    )
19 |                                                                        )  **NOTICE OF TAKING DEPOSITION**
                                                                            )  **OF DEFENDANT ADECCO,**
20 |           Plaintiff,                                            )  **PURSUANT TO FRCP 30(b)(6)**
                                                                            )  **REGARDING PAYMENT OF**
21 |     vs.                                                          )  **COMPENSATION, AND REQUEST**
                                                                            )  **FOR PRODUCTION OF DOCUMENTS**
22 | ADECCO, INC, and DOES 1 through 100, inclusive, )
                                                                            )
23 |           Defendants.                                      )
                                                                            )
24 |

25 | TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

26 | YOU ARE HEREBY NOTIFIED that, pursuant to FRCP 30(b)(6), Plaintiff

27 | SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC. ("deponent") who shall

28 |

NOTICE OF TAKING DEPOSITION                    -1-                    3153\DISCOVERY\PMKCOMPENSATION.DOC

1   designate and produce at the deposition those of its officers, directors, managing agents,

2   employees or agents who are most qualified to testify on its behalf, to the extent of any

3   information known or reasonably available to the deponent regarding ADECCO, INC.'S practice

4   or policy regarding payment of compensation as prescribed by California Labor Code Section

5   226.7 for missed rest and/or meal period breaks, as applied to California employees between July

6   26, 2003, and the present.  The deposition will commence on March 5, 2008 at 11:00 a.m., at the

7   law firm of Qualls & Workman, LLP, 244 California Street, Suite 410, San Francisco, CA, upon

8   examination before a notary public duly authorized to administer oaths.  Said deposition to

9   continue from day to day until completed, Saturdays, Sundays and holidays excepted.  The

10  deposing party intends to record the proceedings by stenographic method, through the instant

11  visual display of the testimony and/or videotape recording.

12         PLEASE TAKE FURTHER NOTICE that pursuant to FRCP Rules 30(b)(2) and 34, in

13  addition to attending, at the time and on the date specified, the deponent will be required to bring

14  and produce at or before said time and place, the documents and things listed below which are in

15  the deponent's possession, custody or control, or are in the possession, custody or control of the

16  deponent's officers, directors, agents, employees or attorneys.

17                                    **INSTRUCTIONS**

18         1.     This request requires you to produce all documents that are in your actual or

19  constructive possession, custody or control or that are in the possession, custody or control of your

20  attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

21  your behalf.

22         2.     If any requested document was, but is no longer in your possession, you must

23  specify in writing and serve upon the undersigned a list indicating the identity of such documents.

24  such identification should, for each such document, set forth whether the document (I) has been

25  destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

26  possession, custody, or control, in which case the name and address of any person or entity known

27  or believed by you to have possession, custody, or control of that document or category of

28

NOTICE OF TAKING DEPOSITION              -2-              3153\DISCOVERY\PMKCOMPENSATION.DOC

1    documents should be identified.  In each such instance, explain the circumstances surrounding the

2    disposition and state the date or approximate date of such disposition and the identity of all

3    persons who you believe to have knowledge of such disposition.

4       3.      If you withhold any of the requested documents from production under a claim of

5    privilege or other protection, you must serve the undersigned a list of such withheld documents

6    indicating, for each document withheld, the following information: (I) the date composed or date

7    appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

8    made; (v) the identity of all persons or entities who saw the original document or saw or received a

9    copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

10   basis for the claim of privilege.

11      4.      This request requires the production of documents either in the same form or in the

12   same order as they are kept in the usual course of business or organized and labeled to correspond

13   with the particular demands set forth below.  If you choose the former method, the documents are

14   to be produced in the boxes, file folders, bindings or other containers in which the documents are

15   found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other

16   containers are to be left intact.

17                                **I. DEFINITIONS**

18      Unless specifically indicated otherwise, the following definitions are applicable throughout

19   this notice (including this Definitions section) and are incorporated by reference into each specific

20   request.  The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

21   meaning of any request.

22      A. The terms **"YOU"**, **"YOUR"**, and **"YOURS"** include the deponent, deponent's

23   predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

24   directors, employees, representatives, and agents, and any person acting or purporting to act on

25   behalf of any of the foregoing.

26

27

28

B. "ANY" or "EACH" should be understood to include and encompass "ALL"; "OR" should be understood to include and encompass "AND"; and "AND" should be understood to include and encompass "OR".

C.    The terms "DOCUMENT" or "DOCUMENTS" shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, "COMPUTER RECORDS," "E-MAIL RECORDS," handwriting, typewriting, printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

D.    "COMPUTER RECORDS" shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, network server storage, backup storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other means of electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

1   reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

2   and all other writings and recordings of every kind that are in your actual or constructive possession,

3   custody or control.

4        E.     **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

5   expression, communication or representation has been recorded by any means including, but not

6   limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

7   intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

8   intraoffice network e-mail, including any copies which may be stored electronically in any manner

9   including, but not limited to, network server storage, backup storage, online server storage,

10  microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

11  computer card, computer hard drive, computer floppy drive, removable computer drive storage,

12  scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

13  magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

14  different from the original because of notes made on such copies, because of indications that said

15  copies were sent to different individuals than were the originals, or because of any other reason),

16  including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

17  memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

18  financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

19  schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

20  your actual or constructive possession, custody or control.

21       F. As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

22  reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

23  factually connected with the matter referenced, whether in whole or in part.

24       **<u>DOCUMENTS REQUESTED TO BE PRODUCED</u>**

25       The following sets forth the documents to be produced at the above-noticed deposition by

26  the deponent. The deponent should produce all documents responsive to this request within the

27  possession, custody or control of deponent at the deposition.

28

1

## LIST OF DOCUMENTS

2

3    **ALL DOCUMENTS REGARDING YOUR** practice or policy **REGARDING** payment of

4    compensation prescribed by California Labor Code Section 226.7 for missed rest **AND/OR** meal

5    period breaks as applied to California employees between July 26, 2003 and the present.

6

7    Date:   February 5, 2008                          QUALLS & WORKMAN, L.L.P.

8

9                                                      Daniel H. Qualls
                                                       Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF TAKING DEPOSITION              -6-              3153\DISCOVERY\PMKCOMPENSATION.DOC

1   PROOF OF SERVICE

2

3   I, the undersigned, hereby declare:

4   I am employed by Legal Support Services in the City and County of Los Angeles,

5   California. I am over the age of eighteen years and not a party to the within action. My

6   business address is 1262 ½ West Second Street, Los Angeles, California.

7   On February 5, 2008, I served the following documents:

8

9   **NOTICE OF TAKING DEPOSITION OF DEFENDANT ADECCO, PURSUANT TO FRCP 30(b)(6) REGARDING PAYMENT OF COMPENSATION, AND REQUEST FOR PRODUCTION OF DOCUMENTS**

10  on the interested parties in this action by hand delivery at the following address:

11

12  Ross A. Boughton, Esq.
    Sheppard, Mullin, Richter & Hampton, LLP

13  333 South Hope Street, 48th Floor
    Los Angeles, California 90071

14

15  I declare under penalty of perjury under the laws of the State of California that

16  the foregoing is true and correct, and that this declaration was executed on February 5,

17  2008, at Los Angeles, California.

18

19  Print Name: F. Duarte

20  Sign Name: Mark Duarte

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

I, the undersigned, hereby declare:

I am employed by Legal Support Services in the City and County of Los Angeles, California. I am over the age of eighteen years and not a party to the within action. My business address is 1262 ½ West Second Street, Los Angeles, California.

On February 5, 2008, I served the following documents:

**NOTICE OF TAKING DEPOSITION OF DEFENDANT ADECCO, PURSUANT TO FRCP 30(b)(6) REGARDING PAYMENT OF COMPENSATION, AND REQUEST FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action by hand delivery at the following address:

Ross A. Boughton, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 5, 2008, at Los Angeles, California.

Print Name: /s/

Sign Name:

**EXHIBIT G.**

1     UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3

4

5 SHAVOTNAE GOLDSBY, AND  )
  ALL OTHERS SIMILARLY   )
6 SITUATED,       )
            )
7    Plaintiff,   )
            )
8 vs.         ) Case No. CV-07-5604 MMC
            )
9 ADECCO, INC, and DOES 1  )
  through 100, inclusive,  )
10          )
    Defendants.   )
11 _____)

12

13

14

15      DEPOSITION OF

16       KIM HANS

17

18      ---oOo---

19

20      JUNE 4, 2008

21

22

23

24

25 REPORTED BY:  CHERREE P. GAGE, CSR No. 11108, RPR, CRR

1        Q.    When Adecco employees fill out time cards, do

2     they do so online?

3        A.    They can do so online.

4        Q.    Is there any other way they can fill out time

5     cards?

6        A.    We also have a telephone system that they can

7     input their time through.

8        Q.    Any other way?

9        A.    They can turn in a time card to our office,

10    they can use a punch clock or electronic timekeeping

11    system at the customer site.

12       Q.    Any other way?

13       A.    I can't think of anything.

14       Q.    What percentage of time cards are filled out

15    online?

16       A.    I don't know the exact answer to that.

17       Q.    Can you give me an estimation?

18       A.    I would not be able to give you an estimation.

19    We would have to do some research to find out.

20       Q.    Are most time cards filled out online?

21       A.    I wouldn't say most, no.  It really varies.

22       Q.    How long are time cards filled out online

23    kept?

24       A.    I don't know the exact answer to that, but we

25    can find out for you.

1    individual employees?

2        A.    Yes.

3        Q.    If you wanted to know if an employee received

4    a meal period, are you able to retrieve data in the

5    system to answer the question of whether the employee

6    did receive a meal period?

7              MR. BARKER:  Objection.  Vague.  What do you

8    mean by "system"?

9              MR. QUALLS:  Fair enough.  I listen to

10   objections.  If they're vague I rephrase my questions.

11       Q.    What system is used to input time cards?  Does

12   it have a name?

13       A.    The time capture tool.  It's called our

14   individual web time card.

15       Q.    Are you able to go onto the individual web

16   time card and retrieve time card information to

17   determine if an individual employee received a meal

18   period?

19       A.    It doesn't specifically identify the meal

20   period.  It identifies the total hours.

21       Q.    Is there any data, to your knowledge, on the

22   individual web time card that enables one to determine

23   if an employee received a meal period?

24       A.    Not on the individual web time card.

25       Q.    Is there any system that enables one to

1    determine for employees who fill out time cards using

2    Exhibit 3 whether an employee received a meal period?

3        A.    No.

4        Q.    So if you wanted to know if an individual

5    employee received a meal period for a given week worked

6    or a given day worked, there's no system that you're

7    aware of that would enable you to retrieve data to

8    determine whether the employee received a meal period?

9        A.    No.

10            MR. QUALLS:  Could you read back my question,

11   please.

12            (Whereupon the record was read as requested.)

13       Q.    BY MR. QUALLS:  To your knowledge has any such

14   system existed at Adecco since -- for the period from

15   July 2003 to the present?

16       A.    No.  There's no system.

17       Q.    Is there any means to your knowledge by which

18   you are able to retrieve employee data to determine if

19   an employee received a meal period?

20       A.    We could view the time card.

21       Q.    Let's stop right there.  How do you go about

22   viewing a time card?  And again, I'm asking questions

23   regarding employees who use Exhibit 3.  All right?

24       A.    Right.  The time cards that are turned in to

25   our office, we can access those.  We can ask an

1    associate to see their time card.  And customers in some

2    cases have copies of the time cards and we can ask them

3    to see the time card.

4              MR. QUALLS:  Could you read back that response

5    for me, please.

6              (Whereupon the record was read as requested.)

7         Q.    BY MR. QUALLS:  Do employees who use Exhibit 3

8    for their time cards also submit hard copy time cards?

9         A.    Sometimes.

10        Q.    And some employees don't do so; is that

11   correct?

12        A.    Right.

13        Q.    For employees who submit Exhibit 3 as their

14   time card electronically, are those employees also

15   required to submit a hard copy time card?

16        A.    They're not required to.

17        Q.    For employees who submit Exhibit 3

18   electronically, are customers also required to maintain

19   a time card for that employee?

20        A.    We'd like them to.  They're not required to.

21        Q.    Have you ever tried to retrieve meal period

22   information for an employee who has submitted a time

23   card such as Exhibit 3?

24        A.    I have not.

25        Q.    Have you ever directed anyone to do so?

Page 21

1      A.    I would say no.

2      Q.    All right.  Perhaps I'm confused.  Let me ask

3  you this question.  Let's turn our attention to Exhibit

4  3, again.  All right?

5      A.    Yes.

6      Q.    This is a hard copy of what you would see if

7  you -- if an employee enters their time electronically.

8      A.    Yes.

9      Q.    A screen?

10          MR. BARKER:  What is?  I'm sorry?

11          MR. QUALLS:  Exhibit 3.

12          MR. BARKER:  You're saying does the screen

13  show all of this same --

14          MR. QUALLS:  Yes.

15          MR. BARKER:  Exactly the same as Exhibit 3?

16          MR. QUALLS:  Yes.

17          THE WITNESS:  No.

18      Q.    BY MR. QUALLS:  All right.  The screen entry

19  format is different; is that right?

20      A.    Yes.

21      Q.    All right.  The format for entry of time card

22  information electronically provides for entry of

23  information regarding meal periods; is that correct?

24      A.    Ask me again.

25      Q.    The format for entry of data electronically,

1      time card data electronically, provides for entry of

2      meal period data, correct?

3          A.    The format for the electronic time card asks

4      for total hours.  So your meal period would be captured

5      in your total hours, but it doesn't outline the meal

6      period.

7          Q.    How would the meal period data be captured?

8          A.    On the paper time card.

9          Q.    Only on the paper time card; is that correct?

10         A.    That's right.

11         Q.    So if you were an employee and you are

12     entering your time card electronically, you are not

13     entering information regarding meal periods; is that

14     correct?

15         A.    You are entering it as it's captured in our

16     total hours, but it's not broken down by meal period.

17         Q.    All right.  How is it captured in our total

18     hours?

19         A.    Because you'll use this time card and you'll

20     put the -- what time you start, the time you log out for

21     lunch, what time you clock back in from your meal break,

22     the time you stop and your total.  The time capture

23     system asks for your daily totals.

24         Q.    So if you're using the time capture system to

25     enter your time card information --

1      A.    Yes.

2      Q.    -- you enter the time your shift begins; is

3    that correct?

4      A.    No.  You enter your daily total.

5      Q.    All right.  You enter a daily total of hours

6    worked; is that right?

7      A.    Correct.

8      Q.    So you would enter, for example, eight hours?

9      A.    Exactly.

10     Q.    All right.  What other data do you enter other

11   than your total hours worked?

12     A.    Your assignment number and your -- I think

13   it's the last four digits of your Social Security

14   number.

15     Q.    Anything else?

16     A.    I don't believe so.

17     Q.    Is any data entered regarding meal periods

18   taken?

19     A.    Only as part of the summary of the total hours

20   that you're indicating on a daily basis.

21     Q.    Does the summary depict the fact that a meal

22   period was taken or not?

23     A.    Well, it's assumed that a meal period is

24   taken.

25     Q.    My question is more specific than that.  Does

```
 1     system to record a time card, is any record kept by

 2     Adecco of a meal period?

 3          A.    No.

 4          Q.    Are you aware of any requirement under

 5     California law that requires an employer to maintain

 6     records of meal periods taken by employees?

 7                MR. BARKER:  I'm going to object to the extent

 8     it calls for a legal conclusion.  She's not here as a

 9     lawyer, not testifying as a PMK on legal requirements.

10          Q.    BY MR. QUALLS:  You can answer, ma'am.

11          A.    I read something to that effect in the wage

12     order.

13          Q.    When did you first become aware of that?

14          A.    Of the wage order?  That specific piece of it?

15          Q.    When did you first become aware of a

16     requirement under California law that an employer

17     maintain a record of a meal period taken by a California

18     employee?

19          A.    I don't recall.

20          Q.    Was it this year?

21          A.    I -- I think I was made aware of it several

22     years ago and then I reviewed again recently.

23          Q.    When you first became aware of it, did you

24     take any steps to ensure that Adecco maintained records

25     of meal periods for California employees?
```

1      A.    Yes.   Because we do ask our associates to fill

2    out the paper time card if that's the time capture

3    method that's being used.

4      Q.    Did you --

5      A.    And we ask them to turn the time cards in to

6    us.

7      Q.    Did you take any other steps?

8      A.    No.

9      Q.    When an employee uses the time capture system

10   to enter time card information, does the employee enter

11   the time worked began and the time worked ended in a

12   given day?

13     A.    No.

14     Q.    Does the employee enter the number of hours

15   worked on a given day?

16     A.    Yes.

17          MR. QUALLS:  Off the record.

18          (Discussion off the record.)

19     Q.    BY MR. QUALLS:  Turning your attention again

20   to Exhibit 3 on the top.

21     A.    Yep.

22     Q.    There's a reference to "Call in your hours to

23   ATS"?

24     A.    Automated time sheet I think is what that

25   stands for.

1      Q.    What percentage of employees use ATS to submit

2   a time sheet?

3      A.    I don't know.

4      Q.    Are you able to estimate the percentage?

5      A.    I'm not.  It really would depend.

6      Q.    Do most employees use ATS?

7      A.    No.

8      Q.    How long has the ATS system been used by

9   Adecco?

10     A.    I don't know.

11     Q.    What is your best estimate of when Adecco

12  began using the ATS system?

13     A.    About four, five years ago.  I don't know.

14  Someone would have to verify that.

15     Q.    Are there any written instructions provided

16  employees on the subject of how to use the ATS system?

17     A.    No.  I believe it's self-explanatory.  It

18  walks them through.  It's an automated system.

19     Q.    Does the ATS system capture meal period

20  information?

21     A.    I don't believe so.

22     Q.    What information does the ATS system capture?

23     A.    I believe it's the same as the web time where

24  it captures daily hours.

25     Q.    Are employees who use the ATS system required

1       Q.    How long are ATS records kept?

2       A.    I don't know.

3       Q.    If you wanted to know the answer to that

4    question, who would you ask?

5       A.    I would ask our operations department or our

6    IT department.

7       Q.    Do you know where ATS records are kept?

8       A.    No.  Not specifically.

9       Q.    For employees who use the ATS system but do

10    not submit a paper time card to Adecco, is a record kept

11    by Adecco of meal periods?

12       A.    No.

13       Q.    Some Adecco employees use paper time cards; is

14    that correct?

15       A.    Yes.

16       Q.    The paper time card is in fact Exhibit 3; is

17    that correct?

18       A.    Exactly.

19       Q.    And Exhibit 3 -- withdraw the question.

20             To whom do Adecco employees using Exhibit 3

21    submit their time cards?

22       A.    It depends.  They could submit it to the

23    branch or they could fax it to the branch or if they

24    work at a client where Adecco has a presence, they could

25    turn it in to the on-site person at the client.  They

1          could leave it in some kind of box that someone from

2          Adecco comes by and picks up.  There's a million

3          different options.

4              Q.    Once a time card such as Exhibit 3 has been

5          submitted by an employee, where does the time card go?

6              A.    To -- either to our Adecco office or to a

7          location where there's someone that does the inputting

8          of the time.

9              Q.    So time card data input is done either at the

10         Adecco office or some other site where that function is

11         performed, correct?

12             A.    Unless the associate did their own data input

13         through the web time or the ATS system.

14             Q.    Understood.  Now, for purposes of my

15         questioning now I'm going to be asking questions

16         regarding those employees who only submit a paper time

17         card.  All right?

18             A.    Okay.

19             Q.    When data is input for a paper time card at an

20         Adecco office, what data is input?

21             A.    The total daily hours.

22             Q.    Any other data?

23             A.    No.

24             Q.    Once the data is inputted, what is done with

25         the paper time card?

Page 36

1        MR. BARKER:  You mean other than the time card

2   itself or are you talking about on the inputted stuff?

3        MR. QUALLS:  Yes.

4        MR. BARKER:  Which are you talking about?

5        MR. QUALLS:  All right.  I'll rephrase.

6    Q.    When time card data is input other than the

7   time card itself, is any other record created regarding

8   meal period data?

9    A.    No.

10        MR. BARKER:  You want a break?

11        THE WITNESS:  Does anybody feel like taking a

12   break?

13        MR. QUALLS:  You can take a break anytime you

14   wish.

15        (Whereupon a break was taken from 11:18 to

16         11:39.)

17    Q.    BY MR. QUALLS:  All right.  Back on the

18   record.  Turning your attention again to Exhibit 3.

19    A.    Okay.

20    Q.    The second page, the back page.

21    A.    Yes.

22    Q.    Under the section for associate, do you see

23   that?

24    A.    Yes.

25    Q.    This section informs the associate what steps

1      Q.    Any other way?

2      A.    I can't think of anything.

3      Q.    When a hard copy time card is used, how are

4   those time cards submitted by the employees to Adecco?

5      A.    You're referring to the punch clock time?

6      Q.    Yes.

7      A.    Through a variety of ways.  Adecco could come

8   by the client's site and take copies of the time cards.

9   The customer could fax them to our office.

10      Q.    At some point those time cards arrive at

11   Adecco data input center; is that correct?

12      A.    Right.  Or the branch, they data input

13   themselves.

14      Q.    Do the punch cards contain meal period data?

15      A.    It would show the times they clocked in and

16   clocked out, so yes.

17      Q.    Does the punch card data -- withdraw the

18   question.

19            Is the punch card data inputted into any

20   system once it is -- once it has arrived at an Adecco

21   branch?

22      A.    We would input through the time.adecco.com.

23      Q.    Same system you described earlier?

24      A.    Yes.

25      Q.    Does that inputting of data include input of

1    data for meal breaks?

2        A.    No.   That time.adecco.com does not change

3    based on what you're inputting.   It asks you for the

4    same information, which is daily hours.

5        Q.    Is swipe card data input into the system?

6        A.    In some cases it is.   In some cases it's a

7    direct upload.

8        Q.    Direct upload into the system?

9        A.    Into the Adecco system.

10        Q.    Is it the same system?

11        A.    I don't know the answer.   I think so.   We'd

12    have to check with our IT guys.

13        Q.    When that input or upload takes place, is meal

14    data uploaded or inputted?

15        A.    In some cases it is.

16        Q.    In what cases is it?

17        A.    It depends on the clocks.   Some clocks upload

18    all of the information, some clocks upload total hours.

19        Q.    When you say "clocks," what do you mean?

20        A.    Some time capture systems.

21        Q.    You've described thus far a time capture

22    system that does not capture meal data, correct?

23            MR. BARKER:   Say that again.

24        Q.    BY MR. QUALLS:   You have described thus far a

25    time capture system that does not capture meal data.

1    direct upload just because of the sophistication of the

2    tool.

3        Q.    Do you know if in that process meal period

4    data is captured in the --

5        A.    I don't know.

6        Q.    -- time capture system?  Where employee time

7    records are captured by time clocks provided by clients,

8    is there a time capture system that captures that data?

9        A.    I think --

10            MR. BARKER:  The question's vague.

11            THE WITNESS:  I think it would depend on the

12   system.  There's always going to be a variety of

13   different ways of capturing because it depends on the

14   tools.  So it could be that it does a direct upload,

15   that would be ideal --

16            MR. BARKER:  That's not what he asked you.

17            THE WITNESS:  Sorry.  Okay.  Start over.  Tell

18   me the question again.

19            MR. QUALLS:  Sure.  Would you read back the

20   question, please.

21            (Whereupon the record was read as requested.)

22            THE WITNESS:  I don't know.

23        Q.    BY MR. QUALLS:  Do you know how employee time

24   -- does the time -- withdraw the question.

25            Do time capture systems capture information

**EXHIBIT H.**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


SHAVOTNAE GOLDSBY,

                  Plaintiff(s),               NO.  C- 07-5604  MMC

    vs.

                                          **PRETRIAL PREPARATION**
ADECCO, INC.,                              **ORDER**

                  Defendant(s).

——————————————————/

       It is hereby **ORDERED** pursuant to Federal Rules of Civil Procedure and the Local Rules of this Court:

JURY TRIAL DATE:  Monday, __May 4, 2009__  at 9:00 a.m., Courtroom 7, 19th floor.

TRIAL LENGTH is estimated to be __6 to 9__ days.

DISCOVERY PLAN:  Per Federal Rules of Civil Procedure and Local Rules, subject to any provisions below.

NON-EXPERT DISCOVERY CUTOFF : __November 21, 2008__ .

DESIGNATION OF EXPERTS:

       Plaintiff/Defendant:  No later than __December 12, 2008__ .
       Plaintiff/Defendant:  Rebuttal no later than __December 26, 2008__.

       Parties shall conform to Federal Rule of Civil Procedure 26(a)(2).


EXPERT DISCOVERY CUTOFF : __January 16, 2009__ .

DISCOVERY MATTERS are referred to a Magistrate Judge and are to be noticed for hearing before the assigned Magistrate Judge.

DISPOSITIVE MOTIONS shall be filed no later than ___January 30, 2009___, and shall be noticed for hearing 35 days thereafter.

SETTLEMENT CONFERENCE shall be held before Magistrate Judge _____ and scheduled to take place no later than 30 days prior to the Pretrial Conference.

PRETRIAL CONFERENCE DATE: _April 21, 2009__ at **3:00 p.m.**

> **COUNSEL WHO INTEND TO TRY THE CASE MUST ATTEND THE PRETRIAL CONFERENCE.** Counsel shall be prepared to discuss all aspects of the case, including settlement. Pretrial shall conform to the attached instructions.

MEET AND CONFER (Civil L.R. 16-10(b)(5): Lead trial counsel shall meet and confer no later than March 16, 2009.

FURTHER STATUS CONFERENCE: Friday, _February 6, 2009_ at 10:30 a.m.

FURTHER STATUS CONFERENCE STATEMENT DUE: Friday, _January 30, 2009._

ADDITIONAL ORDERS: Case previously referred Private Mediation, by agreement of the parties.

Deadline to file amended pleadings is April 1, 2008.

Briefing Schedule on Plaintiff's Motion for Class Certification:

> Plaintiff to file motion by July 7, 2008, Opposition due by August 6, 2008, Reply due by August 20, 2008, Hearing on Motion: September 5, 2008 at 9:00 a.m..

PLAINTIFF IS ORDERED TO SERVE A COPY OF THIS ORDER ON ANY PARTY SUBSEQUENTLY JOINED IN THIS ACTION.

DATED: _February 15, 2008_ _____          _Maxine M. Chesney_

MAXINE M. CHESNEY
United States District Judge

-2-

## PRETRIAL INSTRUCTIONS

Counsel SHALL meet and confer in good faith in advance of complying with the following pretrial requirements for the purpose of preparing for the Pretrial Conference and to discuss settlement.

### A.     TEN COURT DAYS PRIOR TO PRETRIAL CONFERENCE

The following shall be accomplished not later than **ten Court days** prior to the scheduled Pretrial Conference:

1.     **PRETRIAL STATEMENT**:  The parties shall file a joint pretrial statement which shall set forth:

(1) The substance of the action;

(2) The relief claimed, including the particular elements of the damages claimed;

(3) The factual issues remaining, as well as any stipulations of fact;

(4) The legal issues, including a concise statement of each disputed point of law concerning liability or relief and citing supporting statutory and case law;

(5) A current estimate as to the length of the trial;

(6) The status of the case with respect to alternative dispute resolution.

2.     **JURY INSTRUCTIONS**:

a.     Joint Set of Agreed Upon Instructions:  The parties shall jointly prepare a set of agreed upon jury instructions, which shall be filed **ten Court days** prior to the Pretrial Conference.  Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their proposed jury instructions, in the same order as their joint submission, on a CD or 3-1/2" floppy disk in WordPerfect format.  The disk label shall include the name of the parties, the case number and a description of the documents.

b.     Separate Instructions:  Separate instructions may be submitted only as to those instructions upon which the parties cannot agree.  Each separate instruction shall note on its face the identity of the party submitting such instruction.

No later than **ten Court days** prior to the Pretrial Conference, the party or parties objecting to an instruction shall file a written objection to such instruction. The form of the objection shall be as follows:

(1) Set forth in full the instruction to which the objection is made;

(2) Provide concise argument and citations to authority explaining why the opposing party's instruction is improper; and

(3) Set forth in full an alternative instruction, if any.

The separate instructions with objections shall be filed **ten Court days** prior to the Pretrial Conference.

c.    Substance and Format of Instructions:  The instructions shall cover all substantive issues.  Proposed instructions shall be consecutively numbered.  Each proposed instruction shall be typed in full on a separate page and cover only one subject, to be indicated in the title.  Citations to the authorities upon which the instruction is based shall be included.  Instructions shall be brief, clear, written in plain English and free of argument.  Pattern or form instructions shall be revised to address the particular facts and issues of this case.

d.    Preliminary Statement and Instructions:  If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and submit to the Court, **one week** prior to trial, the text of the statement and instructions, clearly marked.

e.    Clean Copies:  The parties shall be prepared to submit two clean copies of instructions without citations, titles or attribution on or before the date trial commences.

3.    **FINDINGS OF FACT and CONCLUSIONS OF LAW**:  In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues.  Proposed findings shall be brief, written in plain English and free of pejorative language and argument.  Whenever possible, parties shall deliver to the Courtroom Deputy copies of proposed findings of fact and conclusions of law on a CD or 3-1/2" floppy disk in WordPerfect format.  The disk label shall include the name of the parties, the case number and a description of the documents.

4.    **EXHIBITS**:

a.    Provide Copies of Exhibits to Other Parties:  Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list **(see attached)** of all such proposed exhibits.  Voluminous exhibits shall be reduced by

elimination of irrelevant portions or through the use of summaries. Each item shall be <u>pre-marked with an exhibit sticker</u> **(see attached)**, plaintiff's exhibits with numbers, defendant's exhibits with letters or with numbers sequenced to begin after plaintiff's exhibit numbers. If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators. All exhibits which have not been provided as required are subject to exclusion.

   b. <u>Stipulations re Admissibility</u>: Prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at the Pretrial Conference. If stipulation to admission in evidence is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

   c. <u>Provide Copies of Exhibits to Court</u>: Three sets of exhibits shall be provided to the Court on the **<u>first day of trial</u>**. Each set shall be in binders, tabbed and indexed.

   d. <u>Disposition of Exhibits After Trial</u>: Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

   5. **WITNESSES**:

   a. <u>Jury Trials</u>: The Pretrial Conference Statement shall include a list of witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name, describing the testimony to be given. Expert witnesses shall be listed separately. Witnesses not included on the list may be excluded from testifying.

   b. <u>Non-Jury Trials</u>: In non-jury cases, each party shall serve and lodge with the Court a written <u>narrative statement</u> of the proposed direct testimony of each witness under that party's control in lieu of a summary. Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

6. **MOTIONS IN LIMINE**: Motions in limine are limited to motions to exclude specific items of evidence (i.e. specific testimony or exhibits) on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial.

Motions in limine shall be filed and served no later than **<u>ten Court days</u>** prior to the date set for the pretrial conference. Any party opposing such a motion in limine shall file and serve its opposition papers no later than **<u>five Court days</u>** prior to the pretrial conference. No reply papers will be considered.

**B. ONE COURT DAY PRIOR TO PRETRIAL CONFERENCE**

The following shall be accomplished not later than **one Court day** prior to the Pretrial Conference:

1.    List of Exhibits With Stipulations and Objections - The parties shall file with the Court a list of all exhibits admitted by stipulation; and a list of all exhibits as to which objections have been made, with a brief notation indicating which party objects and for what reason.

2.    Objections to Other Evidence - In addition to exhibit lists, counsel shall confer with respect to any other evidentiary objections in advance of the Pretrial Conference as required by Local Rule. Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection and the position of the offering party as stated at the conference.

3.    Voir Dire and Verdict Forms - Each party shall serve and file proposed questions for jury voir dire and a proposed form of verdict.

## C.    **OTHER PRETRIAL MATTERS**

1.    Citations - In all Pretrial Statements, memoranda of points and authorities and jury instructions, citations shall be as follows: (1) all United States Supreme Court citations shall be to both the official reporter and to the West Supreme Court Reporter, (2) all citations to California state courts shall be to both the official reporter and to the West California Reporter, and (3) all citations to the courts of any other state shall be to both the official reporter of that state and to the West Regional Reporter.

2.    Settlement Conferences - Any party utilizing another form of Alternative Dispute Resolution who wishes to arrange a settlement conference before a judge or magistrate judge thereafter may do so by contacting the Courtroom Deputy.

3.    Copies - Unless otherwise indicated, each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers. In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

4.    Daily Transcripts - If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least **one week** before trial commences.

Attachments

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. **C-_____ MMC**                          DATE: _____

_____ vs _____

EXHIBIT LIST

(   ) Plaintiff                              (   ) Defendant

| EXHIBIT NUMBER | Marked | Admitted | Sponsoring Witness | DESCRIPTION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Case 3:07-cv-05604-MMC    Document 18    Filed 02/15/2008    Page 8 of 8

| | |
|---|---|
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered      _____<br>Signature      _____ |