Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
QUALLS & WORKMAN, LLP
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ADECCO, INC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. CV 07 5604 MMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: August 15, 2008<br>TIME: 9:00 am<br>CTRM: 7<br>JUDGE: Hon. Maxine M. Chesney |

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ................. 2

    I.    STATEMENT OF ISSUES TO BE DECIDED ............................................................. 2

    II.    STATEMENT OF FACTS ........................................................................................ 2

        A.    Plaintiff's Propounded Interrogatories and Defendant's Responses ............ 2

        B.    Plaintiff's Attempts to Depose ADECCO and Continue Discovery ............ 7

        C.    Plaintiff's Unsuccessful Meet and Confer Attempts .................................. 9

    III.    ARGUMENT ........................................................................................................... 9

        A.    Plaintiff's Interrogatories Are Within Scope Of Permitted Discovery ........ 9

        B.    The Supreme Court Recognizes The Right to Pre-Certification Discovery of Putative Class Member Contact Information ...................... 10

        C.    Privacy Objections Do Not Bar Plaintiff's Discovery ............................. 11

        D.    Production of Class Members' Contact Information Is Not Burdensome ............................................................................................ 12

    III.    CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

### CASES

Bailey v. Ameriquest Mortg. Co., 2002 U.S. Dist. LEXIS 1363 (D. Minn. 2002) .....10, 11

Barnes v. Julien J. Studley, Inc., 1989 U.S. Dist. LEXIS 18349 (D. D.C. 1989)..............10

Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938) ........................................................11

Hammond v. Lowe's Home Ctrs., Inc., 216 F.R.D. 666 (D. Kan. 2003)............................9

Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989)..............................................10

Miklos v. Golman-Hayden Cos., Inc., 2000 U.S. Dist. LEXIS 22352 (S.D. Ohio 2000) ..................................................................................................................11

Oppenheimer Fund v. Sanders, 437 U.S. 340 (1978).........................................................9

Pioneer Electronics (USA) Inc. v. Superior Court, 40 Cal. 4th 360 (2007) .....................11

Puerto v. Superior Court, 158 Cal. App. 4th 1242 (2008)..........................................11, 12

Tucker v. Labor Leasing, Inc., 155 F.R.D. 687 (M.D. Fla. 1994)....................................11

United States v. Cook, 795 F.2d 987 (Fed. Cir. 1986) .....................................................10

Wallman v. Tower Air, Inc., 189 F.R.D. 566 (N.D. Cal. 1999) .......................................10

Whitworth v. Chiles Offshore Corp., 1992 U.S. Dist. LEXIS 17844 (E.D. La. 1992) ..................................................................................................................10

### STATUTES

Federal Rules of Civil Procedure, Rule 26 ........................................................................7

California Construction Code, Article I, § 1 ...................................................................12

Federal Rules of Civil Procedure, Rule 26 (b) (1)..............................................................9

Federal Rules of Civil Procedure, Rule 30(b)(6) ...........................................................7, 8

Federal Rules of Civil Procedure, Rule 37(a)(1) .......................................................2, 7, 9

# NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 15, 2008 at 9:00 a.m. or as soon thereafter as the matter can be heard in Courtroom 7 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Shavotnae Goldsby (Plaintiff) will move the above-entitled court for an order compelling Defendant Adecco, Inc., (ADECCO) to provide further responses to Plaintiff's First Set of Special Interrogatories and overrule objections interposed to said discovery requests as set forth in Defendants' discovery responses. Good cause exists for the order required, as information sought is within the scope of permitted discovery. Any objections raised by Defendant are without merit.

This motion will be based on the Memorandum of Points and Authorities filed herewith, the Declaration of Daniel H. Qualls filed herewith, the complete files and records in this action, and such other argument and documents as may be presented at the hearing on this Motion.

Dated: July 3, 2008                                         QUALLS & WORKMAN, L.L.P.


By: _____/S/_____
    Daniel H. Qualls
    Attorneys for Plaintiff and all others similarly situated

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## I.  STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiff brings this motion to compel for Defendant ADECCO's failure to provide full and complete responses to Plaintiff's First Set of Special Interrogatories. Defendant objected to Plaintiff's interrogatories on the grounds of relevance, that Defendant cannot be forced to disclose the requested information prior to this Court's determination on class certification, that the requested information violates the right to privacy, and that disclosure is too burdensome.

## II.  STATEMENT OF FACTS

Plaintiff is a former hourly employee of Defendant. While employed by ADECCO, Plaintiff contends she periodically failed to receive meal period breaks as required by California law. Plaintiff contends ADECCO maintains employee records depicting when hourly employees did not receive meal period breaks. Plaintiff contends ADECCO did not pay Goldsby an additional hour of compensation for missed meal period breaks. Plaintiff's employment with ADECCO terminated on December 26, 2006. Plaintiff filed a Class Action Complaint in California state court for violations on July 26, 2007.[1] Plaintiff's Complaint defines the class of employees she seeks to represent as: persons paid on an hourly basis for whom ADECCO records depict a meal period not taken who did not receive compensation payment by ADECCO for lack of said meal period.[2] Plaintiff served the Complaint on ADECCO on August 17, 2007.[3]

### A.  Plaintiff's Propounded Interrogatories and Defendant's Responses

On September 4, 2007, Plaintiff served her first sets of special interrogatories on ADECCO.[4] ADECCO served its responses on November 1, 2007.[5] The Special Interrogatories propounded by Plaintiff with Defendant's responses are set forth as follows:

---

[1] Declaration of Daniel H. Qualls In Support Of Plaintiff Shavotnae Goldsby's Motion To Compel Further Responses to Plaintiff's First Set of Special Interrogatories ("Qualls Decl.") ¶ 2, EX A.
[2] Id. at ¶ 10.
[3] Id., Proof of Service of Summons.
[4] Qualls Decl., ¶ 3, EX. B.
[5] Qualls Decl., ¶ 4, EX C.

### SPECIAL INTERROGATORY NO. 1

Identify the name, address, e-mail address AND telephone number of all persons employed by YOU in California [between] July 26, 2003 and the present paid on an hourly basis for whom ADECCO records depict a meal period not taken. (The terms "YOU," "YOUR" or "YOURS" refer to ADECCO and, if applicable, the agents, employees, officers, and directors of same or of any subsidiary or divisions thereof, and their attorneys and those persons employed by their attorneys.) (As used herein, the term "ALL" is synonymous with "ANY" and the term "OR" means "AND/OR.")

### RESPONSE TO SPECIAL INTERROGATORY NO. 1

Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and oppressive; that it calls for information that is protected by the right of privacy; that it is compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the phrase "depict a meal period not taken;" and that it is premature in that it seeks information concerning potential class members prior to class certification.

Defendant further objects to this interrogatory on the grounds that it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase. Questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposes [sic] classes are certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

### SPECIAL INTERROGATORY NO. 2

Identify the period of employment for each person identified in response to Special Interrogatory No. 1.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2**

Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and oppressive; that it calls for information that is protected by the right of privacy; that it is compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the phrase "period of employment;" and that it is premature in that it seeks information concerning potential class members prior to class certification.

Defendant further objects to this interrogatory on the grounds that it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase. Questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposes [sic] classes are certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

**SPECIAL INTERROGATORY NO. 3**

Identify the number of persons employed by YOU in California between July 26, 2003 AND the present paid on an hourly basis for whom ADECCO records depict a meal period not taken.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3**

Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and oppressive; that it calls for information that is protected by the right of privacy; that it is compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the phrase "period of employment;" and that it is premature in that it seeks information concerning potential class members prior to class certification.

Defendant further objects to this interrogatory on the grounds that it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase. Questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposes [sic] classes are certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

Subject to and without waiving these objections, Defendant responds as follows: During a typical month, Adecco has approximately 10,000 employees that are assigned to work for Adecco's clients in California.

**SPECIAL INTERROGATORY NO. 4**

Identify ALL persons employed by YOU in California paid on an hourly basis between July 26, 2003, AND the present who complained to YOU REGARDING the absence of meal period breaks. (As used herein, the term "REGARDING" means relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or factually connected with the matter referenced, whether in whole or in part.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 4**

Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and oppressive; that it calls for information that is protected by the right of privacy; that it is compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the term "complained" and the phrase "absence of meal breaks;" and that it is premature in that it seeks information concerning potential class members prior to class certification.

Defendant further objects to this interrogatory on the grounds that it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase. Questions pertaining to liability and damages issues are unduly oppressive,

harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposes [sic] classes are certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

**SPECIAL INTERROGATORY NO. 5**

Identify the number of persons employed by YOU in California between July 26, 2003 and the present, paid on an hourly basis.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5**

Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and oppressive; that it calls for information that is protected by the right of privacy; that it is compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the phrase "employed by YOU;" and that it is premature in that it seeks information concerning potential class members prior to class certification.

Defendant further objects to this interrogatory on the grounds that it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase. Questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposes [sic] classes are certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

Subject to and without waiving these objections, Defendant responds as follows: During a typical month, Adecco has approximately 10,000 employees that are assigned to work for Adecco's clients in California.

B. **Plaintiff's Attempts to Depose ADECCO and Continue Discovery**

On September 10, 2007, Plaintiff served notices seeking to take the depositions of ADECCO's Persons Most Knowledgeable regarding 1) ADECCO policy and procedures regarding issuance of final payroll checks to terminated California employees; 2) ADECCO California meal period break policies; and 3) ADECCO meal period break record keeping practices and procedures.[6] Plaintiff noticed the depositions to proceed on September 25, 2007.[7] ADECCO did not produce its Persons Most Knowledgeable on the noticed topics prior to serving Plaintiff with its interrogatory responses.

On November 5, 2007, four days after serving its responses, ADECCO removed this case to federal court.[8] Consequently, the procedural maneuvering placed Plaintiff's ability to commence discovery on hold until the parties held a Fed. R. Civ. P. 26 Initial Disclosure Conference on February 1, 2008.[9] Although Plaintiff just received the interrogatory responses detailed above at the time of removal, Plaintiff had not yet taken the deposition of ADECCO's representative on the noticed topics, and thus had no knowledge of ADECCO's meal period recordkeeping practices. Removal to federal court coupled with the failure of ADECCO to produce its representative in a timely manner meant that Plaintiff did not have an opportunity at the time Plaintiff received ADECCO's responses to file a motion to compel, given the dictates of Rule 26.

Following the Rule 26 Conference, on February 5, 2008, Plaintiff served Fed. R. Civ. P. 30(b)(6) deposition notices seeking the same knowledgeable persons from ADECCO as previously noticed on September 10, 2007, in the state court action.[10] This Court entered its Pretrial Scheduling Order on February 15, 2008, setting November 21, 2008, as the non-expert discovery cutoff date.[11] Plaintiff initially noticed the depositions for September 25, 2007, re-noticed them for March 5, 2008, and then continued them again to occur on May 22, 2008 per

---

[6] Qualls Decl., ¶ 5, EX. D.
[7] Id.
[8] Qualls Decl., ¶ 6, EX E.
[9] Id.
[10] Qualls Decl., ¶ 7, EX. F.
[11] Qualls Decl. ¶ 8, EX. G.

1  ADECCO's request.    On February 29, 2008, ADECCO'S counsel first indicated that the March
2  5th date was unacceptable.[12]  The parties agreed to reschedule the deposition date for April 30,
3  2008, and then rescheduled again to May 22, 2008.[13]  As the May 22 date approached, ADECCO
4  again sought to reschedule the depositions for the fourth time.[14]  On June 4, 2008, Plaintiff's
5  counsel took the deposition of ADECCO's representative, Kim Hans, Vice President of
6  Operations, Southwest Division on the noticed topics.  At this deposition, Plaintiff learned the
7  nature of Defendant's recordkeeping practices for the first time:  the various methods by which
8  ADECCO hourly employees record their meal periods and the existence of ADECCO's records
9  thereof.[15]

10  Plaintiff learned that most of ADECCO's time records are electronic and thus easily
11  searchable.  This is the type of information sought by and is responsive to interrogatories seeking
12  putative class member contact information.  ADECCO maintains both a website, time.adecco.com
13  (TAC), and a telephone system called ATS wherein its employees enter their daily hours
14  worked.[16]  Neither the TAC site nor the ATS system provide any information regarding whether
15  an employee took a meal break period, as the data for both time entry methods reflects only the
16  total number of hours an employee worked.[17]  ADECCO employees who use paper time cards to
17  record their time typically submit their time cards to ADECCO, and then a designated employee
18  inputs the time card data into the TAC site.[18]  The website is the same one used by employees who
19  input time themselves, and does not reflect meal period break data.[19]  Another group of ADECCO
20  employees use hard copy punch cards and a time clock at the worksite to record their time.[20]
21  ADECCO collects this information and inputs it into the TAC site, again without capturing any
22  data regarding meal period breaks.[21]  At other work sites where the employees use the client's own

---

[12] Qualls Decl., ¶ 9, EX H.
[13] Id.
[14] Id.
[15] Qualls Decl. ¶ 10, EX. I, June 4, 2008, Deposition of Kim Hans ("Hans Depo.") at 13:1-21, 17:11-18:3, 18:17-19:21, 21:25-23:7, 23:17-25:3, 26:22-27:24, 27:25-28:7, 33:9-12, 34:19-21, 36:6-9, 43:3-44:18, 47:3-14.
[16] Hans Depo., at 12:10-16, 13:4-7, Qualls Decl. EX I.
[17] Hans Depo., at 14:10-21, 17:11-24, 26:22-27:24, 29:15-22, Qualls Decl. EX I.
[18] Hans Depo., 33:20-34:23, Qualls Decl. EX I.
[19] Hans Depo., 36:6-9, 45:2-9, Qualls Decl. EX I.
[20] Hans Depo., 40:6-21, Qualls Decl. EX I.
[21] Hans Depo., 43:19-44:4, Qualls Decl. EX I.

MOTION TO COMPEL                      -8-                    3153\MOTIONS\COMPELMOTSI1.DOC

time clock, some clients print out time clock data for ADECCO's input at the TAC site.[22] In short, ADECCO's record keeping practices ensure that the majority of employee time record data it collects is maintained on two electronic systems. Neither system's records depict whether an employee took a timely meal period break.

### C. Plaintiff's Unsuccessful Meet and Confer Attempts

As required by Fed. R. Civ. P. 37(a)(1) and L.R. 37-1(a), Plaintiff's counsel met and conferred with Defendant's counsel via telephone on June 20 and 24, 2008, to attempt to resolve the parties' differences regarding production of the putative class members' contact information and the related information Plaintiff requested via interrogatories. These attempts were unsuccessful.[23] Accordingly, Plaintiff now brings this motion to compel ADECCO's further responses to the interrogatories.

### III. ARGUMENT

### A. Plaintiff's Interrogatories Are Within Scope Of Permitted Discovery

ADECCO first objects to Plaintiff's interrogatories on the basis that the information sought is both irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Parties in a civil action may obtain discovery of any non-privileged information that is "relevant to the subject matter involved in the pending action. . ." or is "reasonably calculated to lead to the discovery of admissible evidence" at trial. Fed. R. Civ. P. 26 (b) (1) (Rule 26). Courts broadly construe the scope of discovery. Oppenheimer Fund v. Sanders, 437 U.S. 340 (1978). A court should consider a request for discovery relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. Hammond v. Lowe's Home Ctrs., Inc., 216 F.R.D. 666, 670 (D. Kan. 2003). A court therefore should allow a request for discovery unless it is clear that the information sought can have no possible bearing on the claim or defense of a party. Id.

Plaintiff's Complaint alleges claims under the California Labor Code for Defendant's failure to provide meal period breaks and compensation for missed meal period breaks on behalf

---

[22] Hans Depo., 48:3-18, Qualls Decl. EX H.
[23] Qualls Decl. ¶ 11.

MOTION TO COMPEL          -9-          3153\MOTIONS\COMPELMOTSI1.DOC

of herself and similarly situated ADECCO employees. To proceed, Plaintiff must make a threshold showing that her claims give rise to predominant issues common to the class she seeks to represent. Plaintiff's request for the names and addresses of ADECCO employees is within the scope of permitted discovery because the information sought will enable Plaintiff to ascertain and establish that Plaintiff and such employees are similarly situated. The scope of Rule 26 is not limited by the Rule 23 proceeding. This objection is without merit.

### B. The Supreme Court Recognizes The Right to Pre-Certification Discovery of Putative Class Member Contact Information

ADECCO further objected on the ground that Plaintiff improperly seeks information regarding liability and damages prior to class certification. Class certification is not a preliminary requirement to the release of putative class members' contact information. In Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989), the Supreme Court upheld a discovery order requiring the defendant to provide the names and addresses of potential parties prior to authorization to proceed as a representative action or class certification. Id. at 170. "[T]he Supreme Court did not require a class certification prior to production of the list. It first ruled that production of the list of co-workers was proper." Bailey v. Ameriquest Mortg. Co., 2002 U.S. Dist. LEXIS 1363 (D. Minn. 2002) ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."). As explained "[i]n general, at the precertification stage, discovery in a putative class action is limited to certification issues (citation omitted) . . . However, the merits/certification distinction is not always clear. Facts relevant to the class action determination and definition may largely be the same as those relevant to the merits of the case." (Citation omitted). Accordingly, "[a] District Court should be chary of restricting communications with class members, and should do so only upon a 'clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.'" (citation omitted). Barnes v. Julien J. Studley, Inc., 1989 U.S. Dist. LEXIS 18349, 5-6 (D. D.C. 1989).

Courts likewise affirm the right to pre-class certification discovery of potential class member names and addresses in cases proceeding under Rule 23. Whitworth v. Chiles Offshore

1 Corp., 1992 U.S. Dist. LEXIS 17844 (E.D. La. 1992); Wallman v. Tower Air, Inc., 189 F.R.D.
2 566, 569 (N.D. Cal. 1999). (See, also, United States v. Cook, 795 F.2d 987 (Fed. Cir. 1986) (suit
3 against United States seeking liquidated damages for failure to pay overtime wages; pre-
4 authorization discovery order granted compelling defendant to disclose names and address of other
5 federal firefighters and law enforcement personnel); Bailey v. Ameriquest Mortg. Co., supra (pre-
6 authorization discovery of names and addresses of potential plaintiffs in FLSA overtime pay case
7 allowed); Miklos v. Golman-Hayden Cos., Inc., 2000 U.S. Dist. LEXIS 22352 (S.D. Ohio 2000)
8 (plaintiff's pre-authorization motion to compel production of names and addresses of potential
9 party employees of defendant in FLSA wage proceeding granted); Tucker v. Labor Leasing, Inc.,
10 155 F.R.D. 687 (M.D. Fla. 1994) (plaintiff's pre-authorization motion to compel seeking names of
11 all employees of defendant who were due overtime compensation granted)).  The clear weight of
12 authority on pre-certification production of putative class members' contact information is in favor
13 of Plaintiff.

### C. Privacy Objections Do Not Bar Plaintiff's Discovery

A federal court exercising diversity jurisdiction must apply the substantive law of the state in which the court sits. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Accordingly, this Court must look to California law to determine the merit of ADECCO's refusal to provide the contact information of putative class members based on the right to privacy.  California courts confirm that there is no basis for this assertion.

The California Supreme Court in Pioneer Electronics (USA) Inc. v. Superior Court, 40 Cal. 4th 360 (2007), affirmed that no violation of the right to privacy occurs when a defendant releases putative class members' contact information.  In Pioneer, the Supreme Court observed: "Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecution of the case. Such disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life…" Id. at 373.  Here, Plaintiff requires the same discovery to obtain evidence from a sampling of putative

class members to support a motion for class certification. Given the instruction of the <u>Pioneer</u> court, ADECCO has no basis for its refusal to produce the information requested.

In <u>Puerto v. Superior Court</u>, 158 Cal. App. 4th 1242 (2008), the most recent California case addressing the question of discovery of putative class member identity and contact information, the Court held putative class member contact information is fully discoverable, unimpeded by notice or 'opt-out' procedures. The court stated that the identification of potential witnesses is within the scope of proper discovery under Cal. Code of Civ. Proc. §2017.010.[24] <u>Id.</u> at 1249. The court explained that although the potential witnesses, who also worked for the employer, possess a legitimate expectation that the employer will not disclose their addresses and telephone numbers, it is also reasonable to conclude that they might want to share this information with coworkers who sought relief for violations of employment laws. <u>Id.</u> at 1252-53. Hence, according to <u>Puerto</u>, the requested information, while personal, was not particularly sensitive, there were no unusual circumstances suggesting that the information should be restricted and the disclosure of the requested addresses and telephone numbers would not significantly intrude on the potential witnesses' right to privacy under Cal. Const., art. I, § 1. <u>Id.</u> at 1254-55. As a result, the Court held that disclosure by Defendant of putative class member contact information did not require prior notice to class members or an opt-out procedure to protect privacy rights. <u>Id.</u> at 1259.

### D. **Production of Class Members' Contact Information Is Not Burdensome**

As its last objection, ADECCO claims that production of the information sought is overly burdensome. ADECCO did not elaborate as to what burden disclosure of the information might cause. Plaintiff defined the class she sought to represent by entries on ADECCO's meal period records, thereby tying the disclosure of putative class members' information to such records. After Plaintiff's counsel deposed Ms. Hans on ADECCO's time record keeping practices, Plaintiff

---

[24] Cal. Code Civ. Proc. § 2017.010 provides in part: "any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." While Fed. R. Civ. P. 26(b)(1) governs the scope of discovery in federal court, it is similarly broad in language: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." For the purpose of analyzing whether the disclosure of putative class members' contact information is within the scope of discovery, the Court should consider both statutes one and the same.

learned that ADECCO stores a large portion of its time records electronically. Plaintiff further learned that ADECCO's electronic record keeping systems, the time.adecco.com website and the ATS telephone system, do not actually capture any data regarding meal period breaks, only the total number of hours worked on a given day. Consequently, ADECCO does not have to undertake an arduous search to discover which of its electronically-stored time records belong to putative class members, as virtually all of its electronic time records input via either the website or the telephone system from the class period do not depict a meal period break.

All ADECCO must do to respond to Plaintiff's interrogatories is to search its systems for the electronic time records from the class period and compile a list of people whose records match the information requested in Special Interrogatory No. 1: the putative class. From there, ADECCO can produce contact information for each putative class member, as well as the other requested information: the period of employment for each putative class member (No. 2) and the number of people in the putative class (No. 3). The information requested in No. 4 regarding identification of the persons who complained to ADECCO regarding the absence of meal period breaks likely overlaps with the persons identified as putative class members. ADECCO also can easily locate the information requested in No. 5 regarding the total number of persons employed by ADECCO during the class period by searching its own electronic systems. Clearly, ADECCO's claim that the disclosure of this information is burdensome is also without merit.

### III. CONCLUSION

Accordingly, for the reasons stated, Plaintiff requests that the Court grant the motion and order ADECCO to produce the requested information.

Dated: July 3, 2008                             QUALLS & WORKMAN, L.L.P.

                                                By: _____/S/_____
                                                     Daniel H. Qualls
                                                     Attorneys for Plaintiff and all others similarly situated