1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  QUALLS & WORKMAN, LLP
   244 California Street, Suite 410
3  San Francisco, CA 94111
   Telephone: (415) 782-3660
4  Facsimile: (415) 788-1028

5  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
6  SANFORD, WITTELS & HEISLER, LLP
   1666 Connecticut Avenue, N.W., Suite 310
7  Washington, D.C. 20009
   Telephone: (202) 742-7780
8  Facsimile: (202) 742-7776

9  Grant Morris, D.C. Bar No. 926253
   LAW OFFICES OF GRANT E. MORRIS
10 1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
11 Telephone: (202) 742-7783
   Facsimile: (202) 742-7776

12
   *Attorneys for Plaintiff*
13

14

15                 UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17

18 SHAVOTNAE GOLDSBY, AND ALL          )  No.  CV 07 5604 MMC
   OTHERS SIMILARLY SITUATED,          )
19                                     )
                                       )
20         Plaintiff,                  )  **DECLARATION OF DANIEL H. QUALLS N**
                                       )  **SUPPORT OF PLAINTIFF'S MOTION TO**
21    vs.                              )  **COMPEL FURTHER RESPONSES TO**
                                       )  **PLAINTIFF'S FIRST SET OF SPECIAL**
22 ADECCO, INC, and DOES 1 through 100,)  **INTERROGATORIES**
   inclusive,                          )
23                                     )  **DATE:        AUGUST 15, 2008**
         Defendants.                   )  **TIME:        9:00 A.M.**
24                                     )  **CTRM:        7**
                                       )  **JUDGE:       HON. MAXINE M. CHESNEY**
25                                     )

26         I, Daniel H. Qualls, declare as follows:

27         1.      I am an attorney at law, duly licensed to practice before all the courts of the State of

28 California, and am a Partner with the law firm of Qualls & Workman, L.L.P., attorneys of record

   DECLARATION OF DANIEL H. QUALLS        -1-        3153\MOTIONS\COMPELSI1DHQDECL.DOC

1    herein for Plaintiff Shavotnae Goldsby. The following is based on my personal knowledge, and if

2    called upon to do so, I could and would competently testify thereto.

3        2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Class Action

4    Complaint in California state court for violations filed on July 26, 2007, along with the Proof of

5    Service.

6        3.      On September 4, 2007, Plaintiff served her first sets of special interrogatories on

7    ADECCO, a true and correct copy of which is attached hereto as Exhibit B.

8        4.      ADECCO served its responses on November 1, 2007, a true and correct copy of

9    which is attached hereto as Exhibit C.

10        5.      On September 10, 2007, Plaintiff served notices seeking to take the depositions of

11    ADECCO's Persons Most Knowledgeable regarding 1) ADECCO policy and procedures

12    regarding issuance of final payroll checks to terminated California employees; 2) ADECCO

13    California meal period break policies; and 3) ADECCO meal period break record keeping

14    practices and procedures. The depositions were noticed to proceed on September 25, 2007.

15    Attached hereto as Exhibit D are true and correct copies of Plaintiff's deposition notices.

16        6.      On November 5, 2007, four days after serving its responses, ADECCO removed

17    this case to federal court. Attached hereto as Exhibit E is a true and correct copy of Defendant's

18    Notice of Removal.

19        7.      On February 5, 2008, Plaintiff served Fed. R. Civ. P. 30(b)(6) deposition notices

20    seeking the same knowledgeable persons from ADECCO as previously noticed on September 10,

21    2007. Attached hereto as Exhibit F are true and correct copies of Plaintiff's 30(b)(6) deposition

22    notices setting the depositions for March 5, 2008. At ADECCO's request I rescheduled these

23    depositions to occur on May 22, 2008. As the May 22 date approached, ADECCO again

24    requested the depositions be rescheduled for the fourth time.

25        8.      This Court entered its Pretrial Scheduling Order on February 15, 2008, setting

26    November 21, 2008 as the non-expert discovery cutoff date. Attached hereto as Exhibit G is a true

27    and correct copy of the Court's Pretrial Scheduling Order.

28

9.    On February 29, 2008, ADECCO'S counsel indicated to me for the first time that the noticed deposition date of March 5, 2008, was unacceptable. The parties agreed to reschedule the deposition date for April 30, 2008, and then rescheduled again to May 22, 2008. As the May 22nd date approached, ADECCO asked to reschedule yet again. Attached hereto as Exhibit H are true and correct copies of emails documenting the rescheduling process.

10.    On June 4, 2008, I took the deposition of ADECCO's representative, Kim Hans, Vice President of Operations, Southwest Division on the noticed topics. Attached hereto as Exhibit I are true and correct copies of excerpts of the deposition testimony of Ms. Hans.

11.    As required by Fed. R. Civ. P. 37(a)(1) and L.R. 37-1(a), I met and conferred with counsel for ADECCO via telephone on June 20 and 24, 2008, to attempt to resolve the parties' differences regarding production of the putative class members' contact information and the related information Plaintiff requested via interrogatories. These attempts were unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed July 3, 2008, in San Francisco, California.


　　　　　　　　　　　　　　　　/S/ _____
　　　　　　　　　　　　　　　　DANIEL H. QUALLS

# EXHIBIT A

1  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
2  Angela Corridan, D.C. Bar No. 492978
   SANFORD, WITTELS & HEISLER, LLP
3  1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
4  Telephone: (202) 742-7780
   Facsimile: (202) 742-7776
5
   Grant Morris, D.C. Bar No. 926253
6  LAW OFFICES OF GRANT E. MORRIS
   1666 Connecticut Avenue, N.W., Suite 310
7  Washington, D.C. 20009
   Telephone: (202) 742-7783
8  Facsimile: (202) 742-7776

9  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
10 QUALLS & WORKMAN, LLP
   244 California Street, Suite 410
11 San Francisco, CA 94111
   Telephone: (415) 782-3660
12 Facsimile: (415) 788-1028

13 *Attorneys for Plaintiff*

14

15

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                       FOR THE COUNTY OF ALAMEDA

18

19 SHAVOTNAE GOLDSBY, AND ALL OTHERS        )  No. RG07337683
   SIMILARLY SITUATED,                      )
20                                          )
              Plaintiff,                    )  CLASS ACTION
21                                          )  COMPLAINT
       vs.                                  )
22                                          )
   ADECCO, INC, and DOES 1 through 100, inclusive, )
23                                          )  BY FAX
              Defendants.                   )
24                                          )
25

26     Plaintiff Shavotnae Goldsby ("Goldsby") by her attorneys, brings this action on behalf of

27 herself, all other persons similarly situated and the general public, and hereby alleges as follows:

28

CLASS ACTION COMPLAINT                    -1-                    PLEADINGS\COMPLAINT

---

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 6 2007

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

## PARTIES

1.      Plaintiff Shavotnae Goldsby is a California resident and natural person.

2.      Plaintiff is informed and believes and on that basis alleges that ADECCO, Inc. (Adecco and/or Defendant) is and at all times material herein mentioned was, a corporation doing business in the State of California and within the County of San Francisco.

3.      The names and capacities of defendants sued herein under California Code of Civil Procedure §474 as Does 1 through 100, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe defendants' names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff, the members of the Class and the general public.

4.      At all times mentioned in the causes of action alleged herein, each and every defendant was an agent and/or employee of each and every other defendant. In doing the things alleged in the causes of action stated herein, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining defendants. All actions of each defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or managing agents.

## FACTS APPLICABLE TO ALL CLAIMS

5.      Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 4 above.

6.      This action alleges that Defendant failed to pay its California hourly employees compensation for work without meal break periods in violation of California Labor Code § 226.7 and applicable Industrial Welfare Commission Orders.

7.      This action seeks relief for unremedied violations of California law, including, inter alia; damages, and/or restitution, as appropriate, to members of the Class, and to victims of the

CLASS ACTION COMPLAINT                    -2-                    PLEADINGS\COMPLAINT

1  practices at issue, who have not received compensation for labor provided without meal period

2  breaks, and who have failed to receive accurate itemized statements.

3        8.      Goldsby is an adequate and proper class representative. Goldsby brings this action

4  in her individual capacity, on behalf of all others similarly situated, and, pursuant to California

5  Business & Professions Code §17204, on behalf of the general public. Plaintiff Goldsby was

6  employed by ADECCO in California, within the four years preceding the filing of this Complaint,

7  and paid on an hourly basis. While employed by ADECCO, Plaintiff Goldsby was required to

8  work without meal period breaks as defined and required by law. Defendant failed to provide

9  Goldsby, and all other similarly situated ADECCO California employees, with off-duty meal

10  period breaks, compensation for the lack of said breaks, and failed to provide Goldsby and all

11  others similarly situated California employees with an accurate itemized statement.

12        9.      Defendants are, and at all relevant times were, employers under applicable

13  California Industrial Welfare Commission Orders.

14        10.     This action seeks relief on behalf of a class of persons in the employ of ADECCO

15  in California within four years preceding the filing of this complaint and the present comprised of:

16                        persons paid on an hourly basis for whom ADECCO records depict a meal

17                        period not taken who did not receive a compensation payment by ADECCO

18                        for the lack of said meal period (the Class);

19        11.     The class is sufficiently numerous, since it is estimated to include approximately

20  2,000 or more ADECCO employees geographically dispersed throughout California, the joinder of

21  whom in one action is impracticable, and the disposition of whose claims in a class action will

22  provide substantial benefits to both the parties and the Court.

23        12.     There is a well-defined community of interest in the questions of law and fact

24  involved affecting the parties to be represented. The questions of law and fact common to the

25  Class predominate over questions that may affect individual class members, including but not

26  limited to the following:

27                (a)     whether ADECCO implemented and engaged in a systematic practice

28                        whereby it unlawfully failed to provide hourly employees meal period

CLASS ACTION COMPLAINT                    -3-                    PLEADINGS\COMPLAINT

1    breaks and failed to pay employees for the lack of meal breaks as required

2    by law;

3    (b)    whether ADECCO implemented and engaged in a systematic practice

4    whereby it failed to provide accurate itemized statements to California

5    hourly employees;

6    (c)    whether the systematic acts and practices of ADECCO as alleged herein

7    violated, inter alia, applicable provisions of the California Labor Code,

8    including but not limited to, Sections 226, 226.7, 512, and 2698, and

9    applicable Industrial Welfare Commission Orders, and California Business

10    & Professions Code § 17200, et seq.

11    13.    Because Plaintiff worked on a daily and weekly basis, routinely worked through

12    meal breaks as depicted on ADECCO records for which Plaintiff was not properly compensated

13    and failed to receive timely and accurate itemized statements, Plaintiff is asserting claims that are

14    typical of the claims of the Class.

15    14.    Plaintiff will fairly and adequately represent and protect the interests of the Class in

16    that he has no disabling conflict of interest that would be antagonistic to those of the other

17    members of the Class. Plaintiff has retained counsel who are competent and experienced in the

18    prosecution of class action wage and hour violations.

19    15.    Because Plaintiff and the members of the Class have all similarly suffered

20    irreparable harm and damages as a result of ADECCO's unlawful and continuously wrongful

21    conduct, including but not limited to ADECCO's systematic failure to provide for meal period

22    breaks, and systematic failure to pay for meal break periods worked, class treatment is especially

23    appropriate. Because the hours worked and employment circumstances by ADECCO employees

24    and class members follow common patterns, all of which are reflected in the records possessed by

25    ADECCO, this action will provide substantial benefits to both. Absent this action, ADECCO's

26    unlawful conduct will continue unremedied and uncorrected.

27

28

CLASS ACTION COMPLAINT                -4-                PLEADINGS\COMPLAINT

# FIRST CAUSE OF ACTION

### (Failure To Provide Meal Period Breaks And Accurate Wage Statements Pursuant To California Labor Code Sections 226, 226.7, 512)

16. Plaintiff Goldsby incorporates by reference the allegations contained in paragraphs 1-15 of this Complaint as if fully set forth herein.

17. During all relevant periods, Defendant illegally and unlawfully required Plaintiff Goldsby and class members to work through meal period breaks.

18. During all relevant periods, both the California Labor Code and the pertinent wage orders required that Plaintiff Goldsby and class members be compensated for the absence of meal period breaks. ADECCO failed to compensate Plaintiff and class members for the lack of meal periods as required by law. Plaintiff and class members are entitled to recover their unpaid compensation arising there from.

19. By unlawfully requiring Plaintiff and class members to work without meal breaks and in failing to properly compensate Plaintiff and class members for the lack of meal periods as alleged herein, ADECCO acted in willful, oppressive and conscious disregard of Plaintiff and class members' statutory and regulatory right to meal periods and compensation.

20. Plaintiff and the other members of the class are therefore entitled to the relief requested below.

# SECOND CAUSE OF ACTION

### (Unlawful, Unfair And Fraudulent Business Practices Pursuant To Business & Professions Code Sections 17200, et seq.)

21. Plaintiff and class members incorporate by reference the allegations contained in paragraphs 1-20 of this Complaint as if fully set forth herein.

22. Business & Professions Code section 17200, et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful business act or practice."

23. The policies, acts and practices heretofore described were and are an unlawful business act or practice because ADECCO's failure to provide meal period breaks, failure to pay

1   compensation for work without meal period breaks, failure to provide accurate and timely

2   itemized statements violates applicable Labor Code sections, including but not limited to

3   California Labor Code §§ 226, 226.7, and 512, applicable Industrial Welfare Commission Wage

4   Orders, the Labor Code Private Attorney General Act of 2004, Labor Code Section 2698 et. seq.,

5   and other provisions of California common and/or statutory law.  Plaintiff reserves the right to

6   allege additional statutory and common law violations by Defendants.  Such conduct is ongoing to

7   this date.

8       24.    Business & Professions Code §17200, et seq. also prohibits acts of unfair

9   competition, which shall mean and include any "unfair business act or practice."

10      25.    The policies, acts.or practices described herein were and are an unfair business act

11  or practice because any justifications for ADECCO's illegal and wrongful conduct were and are

12  vastly outweighed by the harm such conduct caused Plaintiff, class members, and the members of

13  the general public.  Such conduct is ongoing to this date.

14      26.    Plaintiff and the other members of the Class are therefore entitled to the relief

15  requested below.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment and relief as follows:

1.    An order certifying that the action may be maintained as a class action;

2.    Compensatory and statutory damages, penalties and restitution, as appropriate and
available under each cause of action, in an amount to be proven at trial based on, <u>inter alia</u>, the
unpaid balance of compensation Defendant owes;

3.    For punitive damages as appropriate and available under each cause of action;

4.    An order enjoining Defendant from pursuing the policies, acts, and practices
complained of herein;

5.    Costs of this suit;

6.    Pre- and post-judgment interest; and

7.    Such other and further relief as the Court deems just and proper.

CLASS ACTION COMPLAINT                    -6-                    PLEADINGS\COMPLAINT

1

2

## JURY DEMAND

3      Plaintiff hereby demands a trial by jury.

4

5  Date: July 26, 2007

6                                          QUALLS & WORKMAN, L.L.P.

7

8                              By: _____
                                    Daniel H. Qualls
9                                   Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                -7-              PLEADINGS\COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| QUALLS & WORKMAN, LLP<br>244 CALIFORNIA STREET, SUITE #410<br>SAN FRANCISCO, CA 94111 | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>AUG 2 8 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By **KMEL DHILLON** :Deputy |
| TELEPHONE NO. (415) 782-3660     FAX NO. *(Optional)* (415) 788-1028 | |
| EMAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(name)*: SHAVOTNAE GOLDSBY, ET AL | |
| COURT NAME: ALAMEDA SUPERIOR COURT | |
| STREET ADDRESS: 1225 FALLON STREET #209 | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: OAKLAND, CA 94612-4293 | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER:     SHAVOTNAE GOLDSBY, ET AL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:     ADECCO, INC. | RG07337683 |

| **PROOF OF SERVICE SUMMONS** | Ref No. or File No. |
|---|---|
| | 0V238436-01 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of

    a. [XX] summons
    b. [ ] complaint
    c. [XX] Alternative Dispute Resolution (ADR) package
    d. [XX] Civil Case Cover Sheet *(served in complex cases only)*
    e. [ ] cross-complaint
    f. [XX] other *(specify documents)*:
    CLASS ACTION COMPLAINT

**BY FAX**

3.  a. Party served *(specify name of party as shown on documents served)*:
    ADECCO, INC.

    b. [XX] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
    MARK VELAZCO, CT CORP, AGENT FOR SERVICE OF PROCESS

4. Address where the party was served:    818 WEST SEVENTH ST.
    LOS ANGELES, CA 90017

5. I served the party *(check proper box)*

    a. [XX] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized
    to receive service of process for the party    (1) on *(date)*: August 17, 2007    (2) at *(time)*:    02:15 pm
    b. [ ] by substituted service. On *(date)*:    at *(time)*:    I left the documents listed
    in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

    (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business
    of the person to be served. I informed him or her of the general nature of the papers.

    (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
    place of abode of the party. I informed him or her of the general nature of the papers.

    (3) [ ] (physical address is unknown) a person at least 18 years of age apparently in charge at the usual mailing
    address of the person to be served, other than a United States Postal Service post office box. I informed
    him or her of the general nature of the papers.

    (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
    the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
    *(date)*:    from *(city)*:    or [ ] a declaration of mailing is attached.

    (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>POS-010 Rev. January 1, 2007 | **PROOF OF SERVICE SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |

Client File # 3153.00

| PLAINTIFF/PETITIONER:   SHAVOTNAE GOLDSBY, ET AL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   ADECCO, INC. | RG07337683 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

     (1) on *(date):*                      (2) from *(city):*

     (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt *(form 982(a)* (Code Civ. Proc., § 415.30.)

     (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

         ☐ Additional page describing service is attached.

6. The Notice to the Person Served (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):*  ADECCO, INC.
         under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
   a. Name:                  CARLOS CANAS
   b. Address:            1891 Goodyear Avenue, Suite 620, Ventura, CA  93003
   c. Telephone number:      (805) 644-8014
   d. The fee for service was: $      0.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ registered California process server:
         (i) ☐ Owner ☐ employee ☒ independent contractor.
         (ii) Registration No.: 4571
         (iii) County:       LOS ANGELES

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     OR

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:      August 22, 2007

CARLOS CANAS                                  *(signature)*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)          (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
POS-010(Rev. January 1, 2007)

**PROOF OF SERVICE SUMMONS**

Page 2 of 2
Code of Civil Procedure, § 417.10

Client File # 3153.00

# EXHIBIT B

1  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
2  **SANFORD, WITTELS & HEISLER, LLP**
   1666 Connecticut Avenue, N.W., Suite 310
3  Washington, D.C. 20009
   Telephone: (202) 742-7780
4  Facsimile: (202) 742-7776

5  Grant Morris, D.C. Bar No. 926253
   **LAW OFFICES OF GRANT E. MORRIS**
6  1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
7  Telephone: (202) 742-7783
   Facsimile: (202) 742-7776

8
   Daniel H. Qualls, Bar No. 109036
9  Robin G. Workman, Bar No. 145810
   **QUALLS & WORKMAN, LLP**
10 244 California Street, Suite 410
   San Francisco, CA 94111
11 Telephone: (415) 782-3660
   Facsimile: (415) 788-1028

12
   *Attorneys for Plaintiff*
13

14

15

16                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                        FOR THE COUNTY OF ALAMEDA

18

19 SHAVOTNAE GOLDSBY, AND ALL OTHERS       ) No.  RG07337683
   SIMILARLY SITUATED,                     )
20                                         )
                                           )
21         Plaintiff,                      ) **PLAINTIFF SHAVOTNAE**
                                           ) **GOLDSBY'S FIRST SET OF SPECIAL**
           vs.                             ) **INTERROGATORIES TO**
22                                         ) **DEFENDANT ADECCO, INC.**
23 ADECCO, INC, and DOES 1 through 100, inclusive, )
                                           )
24         Defendants.                     )
                                           )
25                                         )

26 PROPOUNDING PARTY:    Plaintiff Shavotnae Goldsby

27 RESPONDING PARTY:     Adecco, Inc.

28 SET:                  One

   SPECIAL INTERROGATORIES, SET ONE        -1-            3153\DISCOVERY\SISETONE.DOC

1    Pursuant to California Code of Civil Procedure Section 2030.010, Plaintiff, Shavotnae

2    Goldsby ("GOLDSBY") hereby requests that Defendant Adecco, Inc. ("ADECCO") answer in

3    writing and under oath the following specially prepared interrogatories:

4

5    **SPECIAL INTERROGATORY NO.1:**

6    Identify the name, address, e-mail address **AND** telephone number of all persons employed

7    by **YOU** in California July 26, 2003, AND the present paid on an hourly basis for whom

8    ADECCO records depict a meal period not taken. (The terms **"YOU," "YOUR"** or **"YOURS"**

9    refer to ADECCo and, if applicable, the agents, employees, officers, and directors of same or of

10   any subsidiary or divisions thereof, and their attorneys and those persons employed by their

11   attorneys.) (As used herein, the term **"ALL"** is synonymous with **"ANY"** and the term **"OR"**

12   means **"AND/OR."**)

13   **SPECIAL INTERROGATORY NO.2:**

14   Identify the period of employment for each person identified in response to Special

15   Interrogatory No. 1.

16   **SPECIAL INTERROGATORY NO.3:**

17   Identify the number of persons employed by **YOU** in California between July 26, 2003,

18   **AND** the present paid on an hourly basis for whom ADECCO records depict a meal period

19   not taken.

20   **SPECIAL INTERROGATORY NO. 4:**

21   Identify **ALL** persons employed by **YOU** in California paid on an hourly basis between

22   July 26, 2003, **AND** the present who complained to **YOU REGARDING** the absence of meal

23   period breaks. (As used herein, the term **"REGARDING"** means relating to, referring to,

24   pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever

25   logically or factually connected with the matter referenced, whether in whole or in part.)

26   ///

27   ///

28   ///

SPECIAL INTERROGATORIES, SET ONE        -2-        3153\DISCOVERY\SISETONE.DOC

1    **SPECIAL INTERROGATORY NO. 5:**

2         Identify the number of persons employed by **YOU** in California between July 26, 2003 and

3    the present, paid on an hourly basis.

4

5    August 27, 2007                                                    QUALLS & WORKMAN, LLP

6

7

8                                                                      Daniel H. Qualls
                                                                       Attorney For Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPECIAL INTERROGATORIES, SET ONE          -3-          3153\DISCOVERY\SISETONE.DOC

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| QUALLS & WORKMAN, LLP<br>244 CALIFORNIA STREET, SUITE #410<br>SAN FRANCISCO, CA 94111 | (415) 782-3660 | |

| ATTORNEY FOR (NAME) SHAVOTNAE GOLDSBY, ET AL | REFERENCE NUMBER<br>0V238571-01 |
|---|---|

Insert name of court, judicial district or branch court, if any, and post office and street address
SUPERIOR COURT OF CALIFORNIA, OAKLAND DIVISION
600 WASHINGTON STREET
OAKLAND, CA 94607

SHORT NAME OF CASE
SHAVOTNAE GOLDSBY, ET AL vs. ADECCO, INC.

| PROOF OF SERVICE | DATE: | TIME: | DEPT./DIV: | CASE NUMBER:<br>RG07337683 |
|---|---|---|---|---|

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action;

**I served the:**
PLAINTIFF SHAVOTNAE GOLDSBY'S FIRST SET OF INSPECTION DEMANDS TO
DEFENDANT ADECCO, INC.; PLAINTIFF SHAVOTNAE GOLDSBY'S FIRST SET OF
SPECIAL INTERROGATORIES TO DEFENDANT ADECCO, INC.

| | |
|---|---|
| **Name:** | ADECCO, INC. |
| **Person Served:**<br>**Title:** | MARGARET WILSON, CT CORP<br>AGENT FOR SERVICE OF PROCESS |
| **Date of Delivery:**<br>**Time of Delivery:** | 09/04/07<br>02:25 pm |
| **Place of Service:** | 818 WEST SEVENTH ST.<br>LOS ANGELES, CA 90017        (Business) |
| **Manner of Service:** | **Personal Service - By Personally Delivering Copies.** |

**Fee for service:**    $ 51.13

---

JUDICIAL COUNSEL FORM, RULE #982 (A)(23)

[X] Registered: . . . LOS ANGELES . . . . County,
Number: . . . . . . 5403 . . . . . . . . . .

Attorney's Diversified Services
**ATTORNEY'S DIVERSIFIED SERVICES**
Fax (805) 658-6336 nt file # 3153.00

302/0V238571-01                    PROOF OF SERVICE

I declare under penalty of perjury that the foregoing is true and correct
and that this declaration was executed
on: . . . . . . . . . . . 09/12/07 . . . . . . . . .
at: . . . . . . . . . Ventura . . . . . . . . ., California.

Signature: _____

Name: KEN MELENDEZ
Title: REGISTERED CALIFORNIA PROCESS SERVER

# EXHIBIT C

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2 |    Including Professional Corporations
   | CHARLES F. BARKER, Cal. Bar No. 70076
3 | ROSS A. BOUGHTON, Cal. Bar No. 241119
   | 333 South Hope Street, 48th Floor
4 | Los Angeles, California 90071-1448
   | Telephone:    213-620-1780
5 | Facsimile:    213-620-1398

6 | Attorneys for Defendant
   | ADECCO, INC.

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF ALAMEDA

10

| 11 | SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED, | Case No. RG 07337683 |
|---|---|---|
| 12 | | |
| 13 | Plaintiff, | DEFENDANT ADECCO, INC.'S RESPONSES TO PLAINTIFF |
| 14 | v. | SHAVOTNAE GOLDSBY'S FIRST SET OF SPECIAL INTERROGATORIES |
| 15 | ADECCO, INC., and DOES 1 through 100, inclusive,, | [Complaint Filed:  July 26, 2007] |
| 16 | Defendants. | |

17 | PROPOUNDING PARTY: PLAINTIFF SHAVOTNAE GOLDSBY

18 | RESPONDING PARTY:   DEFENDANT ADECCO, INC.

19 | SET NO.:            ONE

20 | NUMBERS:            1-5

21

22

23

24

25

26

27

28

1         Defendant Adecco, Inc. ("Adecco" or "Defendant") hereby objects and

2 otherwise responds to the Plaintiff's Special Interrogatories, propounded by Plaintiff

3 Shavotnae Goldsby (hereinafter "Plaintiff") as follows:

4

5                       <u>PRELIMINARY STATEMENT</u>

6         These responses are made solely for the purpose of this action.  All

7 objections and grounds are reserved and may be interposed at any time before or at the

8 time of trial.

9

10         Defendant has not yet completed its investigation of the facts relating to this

11 action, its discovery in this action, or its preparations for the defense of this action.

12 Consequently, these responses are given without prejudice to the right of responding party

13 to produce at or before the time of trial any and all subsequently discovered evidence

14 relating to the proof of presently known material facts, and to the proof of subsequently

15 discovered material facts.

16

17         This preliminary statement is incorporated herein by reference to <u>each</u> of the

18 responses below as if stated in full.

19

20                       <u>GENERAL OBJECTIONS</u>

21         To the extent that these interrogatories seek information privileged against

22 disclosure by the attorney-client privilege and/or the attorney work-product doctrine or the

23 right to privacy of any third party, Defendant objects to these interrogatories on these

24 grounds.

25

26 <u>RESERVATION OF RIGHT TO SUPPLEMENT OR MODIFY RESPONSES</u>

27         Defendant reserves the right to supplement, modify or correct its responses

28 to these interrogatories, or any part of them, as Defendant acquires additional information

1  in the course of its investigation and discovery in this action. Defendant does not

2  undertake any duty to supplement these responses other than what is required by the Code

3  of Civil Procedure.

4

5  **RESPONSES TO SPECIAL INTERROGATORIES**

6  **SPECIAL INTERROGATORY NO. 1:**

7          Identify the name, address, e-mail address **AND** telephone number of all

8  persons employed by **YOU** in California July 26,2003, **AND** the present paid on an hourly

9  basis for whom ADECCO records depict a meal period not taken. (The terms **'YOU,"**

10  **"YOUR"** or **"YOURS"** refer to ADECCO and, if applicable, the agents, employees,

11  officers, and directors of same or of any subsidiary or divisions thereof, and their attorneys

12  and those persons employed by their attorneys). (As used herein, the term **"ALL"** is

13  synonymous with ANY and the term **'OR"** means **'AND/OR."**)

14

15  **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

16          Defendant objects to this interrogatory on the grounds that it seeks

17  information which is not relevant to the subject matter involved in the pending action, and

18  which is not reasonably calculated to lead to the discovery of admissible evidence; that it is

19  overbroad, burdensome, and oppressive; that it calls for information that is protected by

20  the right of privacy; that it is compound; that it is vague and ambiguous in that it cannot be

21  ascertained what is meant by the phrase "depict a meal period not taken;" and that it is

22  premature in that it seeks information concerning potential class members prior to class

23  certification.

24

25          Defendant further objects to this interrogatory on the grounds that it

26  improperly seeks information pertaining to liability and damages. This case is presently in

27  the pre-certification discovery phase. Questions pertaining to liability and damages issues

28  are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to

1 | propound discovery on liability and damages issues if the proposes classes are certified.

2 | However, if Defendant is subjected to such discovery prior to class certification, it will be

3 | forced to incur the burdens of a collective action before it has been determined by the

4 | Court that it is appropriate to proceed by way of a collective action.

5 |

6 | **SPECIAL INTERROGATORY NO. 2:**

7 | Identify the period of employment for each person identified in response to

8 | Special Interrogatory No. 1.

9 |

10 | **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

11 | Defendant objects to this interrogatory on the grounds that it seeks

12 | information which is not relevant to the subject matter involved in the pending action, and

13 | which is not reasonably calculated to lead to the discovery of admissible evidence; that it is

14 | overbroad, burdensome, and oppressive; that it calls for information that is protected by

15 | the right of privacy; that it is compound; that it is vague and ambiguous in that it cannot be

16 | ascertained what is meant by the phrase "period of employment;" and that it is premature

17 | in that it seeks information concerning potential class members prior to class certification.

18 |

19 | Defendant further objects to this interrogatory on the grounds that it

20 | improperly seeks information pertaining to liability and damages. This case is presently in

21 | the pre-certification discovery phase. Questions pertaining to liability and damages issues

22 | are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to

23 | propound discovery on liability and damages issues if the proposes classes are certified.

24 | However, if Defendant is subjected to such discovery prior to class certification, it will be

25 | forced to incur the burdens of a collective action before it has been determined by the

26 | Court that it is appropriate to proceed by way of a collective action.

27 |

28 |

1  **SPECIAL INTERROGATORY NO. 3:**

2              Identify the number of persons employed by **YOU** in California between

3  July 26, 2003, **AND** the present paid on an hourly basis for whom ADECCO records

4  depict a meal period not taken.

5

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

7              Defendant objects to this interrogatory on the grounds that it seeks

8  information which is not relevant to the subject matter involved in the pending action, and

9  which is not reasonably calculated to lead to the discovery of admissible evidence; that it is

10  overbroad, burdensome, and oppressive; that it is vague and ambiguous in that it cannot be

11  ascertained what is meant by the phrase "period of employment;" and that it is premature

12  in that it seeks information concerning potential class members prior to class certification.

13

14              Defendant further objects to this interrogatory on the grounds that it

15  improperly seeks information pertaining to liability and damages.  This case is presently in

16  the pre-certification discovery phase.  Questions pertaining to liability and damages issues

17  are unduly oppressive, harassing, and burdensome.  Plaintiff will have the opportunity to

18  propound discovery on liability and damages issues if the proposes classes are certified.

19  However, if Defendant is subjected to such discovery prior to class certification, it will be

20  forced to incur the burdens of a collective action before it has been determined by the

21  Court that it is appropriate to proceed by way of a collective action.

22

23              Subject to and without waiving these objections, Defendant responds as

24  follows:  During a typical month, Adecco has approximately 10,000 employees that are

25  assigned to work for Adecco's clients in California.

26

27

28

W02-WEST:1RAB1\400509555.1

-4-

**SPECIAL INTERROGATORY NO. 4:**

Identify **ALL** persons employed by **YOU** in California paid on an hourly basis between July 26, 2003, **AND** the present who complained to **YOU REGARDING** the absence of meal period breaks. (As used herein, the term "**REGARDING**" means relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or factually connected with the matter referenced, whether in whole or in part.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and oppressive; that it calls for information that is protected by the right of privacy; that it is vague and ambiguous in that it cannot be ascertained what is meant by the term "complained" and the phrase "absence of meal breaks;" and that it is premature in that it seeks information concerning potential class members prior to class certification.

Defendant further objects to this interrogatory on the grounds that it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase. Questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposes classes are certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

**SPECIAL INTERROGATORY NO. 5:**

Identify the number of persons employed by **YOU** in California between July 26, 2003 and the present, paid on an hourly basis.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and oppressive; that it is vague and ambiguous in that it cannot be ascertained what is meant by the phrase "employed by YOU;" and that it is premature in that it seeks information concerning potential class members prior to class certification.

Defendant further objects to this interrogatory on the grounds that it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase. Questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposes classes are certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

Subject to and without waiving these objections, Defendant responds as follows: During a typical month, Adecco has approximately 10,000 employees that are assigned to work for Adecco's clients in California.

W02-WEST:1RAB1\400509555.1

Defendant Adecco's Responses to Plaintiff
Goldshy's Special Interrogatories Set One

1  Dated: October 3/, 2007

2                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4            By      *Charles F. Barker*

5                                CHARLES F. BARKER
                                 ROSS A. BOUGHTON
6                                Attorneys for Defendant
                                 ADECCO, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>PROOF OF SERVICE</u>

2

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope

4

Street, 48th Floor, Los Angeles, California 90071-1448.

5

On **November 1, 2007**, I served the following document(s) described as **DEFENDANT ADECCO, INC.'S RESPONSES TO PLAINTIFF SHAVOTNAE**

6

**GOLDSBY'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or

7

packages addressed as follows:

8

**SEE ATTACHED LIST**

9

☒  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited

10

with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on

11

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

12

affidavit.

13

☐  **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the

14

overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

15

16

☐  **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile

17

machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile)

18

issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this

19

declaration.

20

☐  **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

21

22

☒  **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

☐  **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of

24

perjury under the laws of the United States of America that the foregoing is true and correct.

25

Executed on **November 1, 2007**, at Los Angeles, California.

26

27

Yvette G. Abrahamian

28

W02-WEST:1RAB1\400488737.1

1  David Sanford, Esquire
   Meenoo Chahbazi, Esquire                202-742-7780
2  Sanford, Wittels & Heisler, LLP         FAX: 202-742-7776
   1666 Connecticut Avenue, N.W., Suite 310
3  Washington, D.C. 20009

4  Grant Morris, Esquire
   Law Offices of Grant E. Morris          202-742-7783
5  1666 Connecticut Avenue, N.W., Suite 310  FAX: 202-742-7776
   Washington, D.C. 20009
6
   Daniel H. Qualls, Esquire               415-782-3660
7  Robin G. Workman, Esquire               FAX: 415-788-1028
   Qualls & Workman, LLP
8  244 California Street, Suite 410
   San Francisco, California 94111
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

1  David Sanford, D.C. Bar No. 457933
   Meenoo Chahbazi, CA Bar No. 233985
2  **SANFORD, WITTELS & HEISLER, LLP**
   1666 Connecticut Avenue, N.W., Suite 310
3  Washington, D.C. 20009
   Telephone: (202) 742-7780
4  Facsimile: (202) 742-7776

5  Grant Morris, D.C. Bar No. 926253
   **LAW OFFICES OF GRANT E. MORRIS**
6  1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
7  Telephone: (202) 742-7783
   Facsimile: (202) 742-7776
8
   Daniel H. Qualls, Bar No. 109036
9  Robin G. Workman, Bar No. 145810
   **QUALLS & WORKMAN, LLP**
10 244 California Street, Suite 410
   San Francisco, CA 94111
11 Telephone: (415) 782-3660
   Facsimile: (415) 788-1028
12
   *Attorneys for Plaintiff*
13

14

15

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                   FOR THE COUNTY OF ALAMEDA

18

19 SHAVOTNAE GOLDSBY, AND ALL OTHERS      ) No.  RG07337683
   SIMILARLY SITUATED,                    )
20                                        ) **NOTICE OF TAKING DEPOSITION**
                                          ) **OF PERSON MOST**
21         Plaintiff,                     ) **KNOWLEDGEABLE REGARDING**
                                          ) **PAYMENT OF COMPENSATION,**
22    vs.                                 ) **AND REQUEST FOR PRODUCTION**
                                          ) **OF DOCUMENTS**
23 ADECCO, INC, and DOES 1 through 100, inclusive, )
                                          )
24         Defendants.                    )
                                          )
25 _____    )

26      TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

27

28
   NOTICE OF TAKING DEPOSITION              -1-              3153\DISCOVERY\PMKCOMPENSATION.DOC

1      YOU ARE HEREBY NOTIFIED that, pursuant to Code of Civil Procedure section

2  2025(d) (6), Plaintiff SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC.

3  ("deponent") who shall designate and produce at the deposition those of its officers, directors,

4  managing agents, employees or agents who are most qualified to testify on its behalf, to the extent

5  of any information known or reasonably available to the deponent regarding ADECCO, INC.'S

6  practice or policy regarding payment of compensation as prescribed by California Labor Code

7  Section 226.7 for missed rest and/or meal period breaks, as applied to California employees

8  between July 26, 2003, and the present.  The deposition will commence on September 25, 2007 at

9  11:00 a.m., at the law firm of Qualls & Workman, LLP, 244 California Street, Suite 410, San

10  Francisco, CA, upon examination before a notary public duly authorized to administer oaths. Said

11  deposition to continue from day to day until completed, Saturdays, Sundays and holidays

12  excepted.  The deposing party intends to record the proceedings by stenographic method, through

13  the instant visual display of the testimony and/or videotape recording.

14      PLEASE TAKE FURTHER NOTICE that pursuant to California Code of Civil Procedure

15  sections 2025(d) and 2025(h), in addition to attending, at the time and on the date specified, the

16  deponent will be required to bring and produce at or before said time and place, the documents and

17  things listed below which are in the deponent's possession, custody or control, or are in the

18  possession, custody or control of the deponent's officers, directors, agents, employees or attorneys.

19  **INSTRUCTIONS**

20      1.    This request requires you to produce all documents that are in your actual or

21  constructive possession, custody or control or that are in the possession, custody or control of your

22  attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

23  your behalf.

24      2.    If any requested document was, but is no longer in your possession, you must

25  specify in writing and serve upon the undersigned a list indicating the identity of such documents.

26  such identification should, for each such document, set forth whether the document (I) has been

27  destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

28

NOTICE OF TAKING DEPOSITION       -2-       3153\DISCOVERY\PMKCOMPENSATION.DOC

1  possession, custody, or control, in which case the name and address of any person or entity known
2  or believed by you to have possession, custody, or control of that document or category of
3  documents should be identified.  In each such instance, explain the circumstances surrounding the
4  disposition and state the date or approximate date of such disposition and the identity of all
5  persons who you believe to have knowledge of such disposition.

6      3.      If you withhold any of the requested documents from production under a claim of
7  privilege or other protection, you must serve the undersigned a list of such withheld documents
8  indicating, for each document withheld, the following information: (I) the date composed or date
9  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies
10  made; (v) the identity of all persons or entities who saw the original document or saw or received a
11  copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the
12  basis for the claim of privilege.

13      4.      This request requires the production of documents either in the same form or in the
14  same order as they are kept in the usual course of business or organized and labeled to correspond
15  with the particular demands set forth below.  If you choose the former method, the documents are
16  to be produced in the boxes, file folders, bindings or other containers in which the documents are
17  found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other
18  containers are to be left intact.

19                          **I.  <u>DEFINITIONS</u>**

20      Unless specifically indicated otherwise, the following definitions are applicable throughout
21  this notice (including this Definitions section) and are incorporated by reference into each specific
22  request.  The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical
23  meaning of any request.

24      A. The terms **"YOU"**, **"YOUR"**, and **"YOURS"** include the deponent, deponent's
25  predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,
26  directors, employees, representatives, and agents, and any person acting or purporting to act on
27  behalf of any of the foregoing.

28

NOTICE OF TAKING DEPOSITION                    -3-                    3153\DISCOVERY\PMKCOMPENSATION.DOC

1    B. "ANY" or "EACH" should be understood to include and encompass "ALL"; "OR"

2    should be understood to include and encompass "AND"; and "AND" should be understood to

3    include and encompass "OR".

4    C.    The terms "DOCUMENT" or "DOCUMENTS" shall mean any tangible thing upon

5    which any expression, communication or representation has been recorded by any means including,

6    but not limited to, "COMPUTER RECORDS," "E-MAIL RECORDS," handwriting, typewriting,

7    printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

8    electronic recording and any nonidentical copies (whether different from the original because of notes

9    made on such copies, because of indications that said copies were sent to different individuals than

10    were the originals, or because of any other reason), including but not limited to working papers,

11    preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

12    of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

13    telephone or other oral conversations, desk calendars, appointment books, audio or video tape

14    recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

15    and all other writings and recordings of every kind that are in your actual or constructive possession,

16    custody or control.

17    D.    "COMPUTER RECORDS" shall mean any tangible thing upon which any

18    expression, communication or representation has been recorded by any means including, but not

19    limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

20    computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

21    hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

22    printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

23    means of electronic recording and any nonidentical copies (whether different from the original

24    because of notes made on such copies, because of indications that said copies were sent to different

25    individuals than were the originals, or because of any other reason), including but not limited to

26    working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

27    scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

28

NOTICE OF TAKING DEPOSITION            -4-            3153\DISCOVERY\PMKCOMPENSATION.DOC

1  reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

2  and all other writings and recordings of every kind that are in your actual or constructive possession,

3  custody or control.

4      E.  **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

5  expression, communication or representation has been recorded by any means including, but not

6  limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

7  intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

8  intraoffice network e-mail, including any copies which may be stored electronically in any manner

9  including, but not limited to, network server storage, backup storage, online server storage,

10  microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

11  computer card, computer hard drive, computer floppy drive, removable computer drive storage,

12  scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

13  magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

14  different from the original because of notes made on such copies, because of indications that said

15  copies were sent to different individuals than were the originals, or because of any other reason),

16  including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

17  memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

18  financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

19  schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

20  your actual or constructive possession, custody or control.

21      F.  As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

22  reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

23  factually connected with the matter referenced, whether in whole or in part.

24                **<u>DOCUMENTS REQUESTED TO BE PRODUCED</u>**

25      The following sets forth the documents to be produced at the above-noticed deposition by

26  the deponent.  The deponent should produce all documents responsive to this request within the

27  possession, custody or control of deponent at the deposition.

28

NOTICE OF TAKING DEPOSITION           -5-           3153\DISCOVERY\PMKCOMPENSATION.DOC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## LIST OF DOCUMENTS

**ALL DOCUMENTS REGARDING YOUR** practice or policy **REGARDING** payment of compensation prescribed by California Labor Code Section 226.7 for missed rest **AND/OR** meal period breaks as applied to California employees between July 26, 2003 and the present.

Date:    September 7, 2007

QUALLS & WORKMAN, L.L.P.

Daniel H. Qualls
Attorney for Plaintiff

NOTICE OF TAKING DEPOSITION                    -6-                    3153\DISCOVERY\PMKCOMPENSATION.DOC

1
2
3
4

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

5
6
7
8

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

9
10
11
12

Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

*Attorneys for Plaintiff*

13

14

15

16

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

17

## FOR THE COUNTY OF ALAMEDA

18

| | |
|---|---|
| 19 SHAVOTNAE GOLDSBY, AND ALL OTHERS 20 SIMILARLY SITUATED,<br><br>21 Plaintiff,<br><br>22 vs.<br><br>23 ADECCO, INC, and DOES 1 through 100, inclusive,<br><br>24 Defendants.<br><br>25 | No. RG07337683<br><br>**NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE REGARDING RECORD KEEPING PRACTICES, AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

26      TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

27      YOU ARE HEREBY NOTIFIED that, pursuant to Code of Civil Procedure section

28 2025(d) (6), Plaintiff SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC.

NOTICE OF TAKING DEPOSITION          -1-          3153\DISCOVERY\PMKRECORDKEEPING.DOC

1    ("deponent") who shall designate and produce at the deposition those of its officers, directors,

2    managing agents, employees or agents who are most qualified to testify on its behalf, to the extent

3    of any information known or reasonably available to the deponent regarding ADECCO, INC.'S

4    meal period breaks record keeping practices and procedures applied to California employees

5    between July 26, 2003, and the present.  The deposition will commence on September 25, 2007 at

6    9:30 a.m., at the law firm of Qualls & Workman, LLP, 244 California Street, Suite 410, San

7    Francisco, CA, upon examination before a notary public duly authorized to administer oaths.  Said

8    deposition to continue from day to day until completed, Saturdays, Sundays and holidays

9    excepted.  The deposing party intends to record the proceedings by stenographic method, through

10   the instant visual display of the testimony and/or videotape recording.

11           PLEASE TAKE FURTHER NOTICE that pursuant to California Code of Civil Procedure

12   sections 2025(d) and 2025(h), in addition to attending, at the time and on the date specified, the

13   deponent will be required to bring and produce at or before said time and place, the documents and

14   things listed below which are in the deponent's possession, custody or control, or are in the

15   possession, custody or control of the deponent's officers, directors, agents, employees or attorneys.

16                                   **INSTRUCTIONS**

17           1.        This request requires you to produce all documents that are in your actual or

18   constructive possession, custody or control or that are in the possession, custody or control of your

19   attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

20   your behalf.

21           2.        If any requested document was, but is no longer in your possession, you must

22   specify in writing and serve upon the undersigned a list indicating the identity of such documents.

23   such identification should, for each such document, set forth whether the document (I) has been

24   destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

25   possession, custody, or control, in which case the name and address of any person or entity known

26   or believed by you to have possession, custody, or control of that document or category of

27   documents should be identified.  In each such instance, explain the circumstances surrounding the

28

NOTICE OF TAKING DEPOSITION                -2-                3153\DISCOVERY\PMKRECORDKEEPING.DOC

1  disposition and state the date or approximate date of such disposition and the identity of all

2  persons who you believe to have knowledge of such disposition.

3      3.      If you withhold any of the requested documents from production under a claim of

4  privilege or other protection, you must serve the undersigned a list of such withheld documents

5  indicating, for each document withheld, the following information: (I) the date composed or date

6  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

7  made; (v) the identity of all persons or entities who saw the original document or saw or received a

8  copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

9  basis for the claim of privilege.

10     4.      This request requires the production of documents either in the same form or in the

11 same order as they are kept in the usual course of business or organized and labeled to correspond

12 with the particular demands set forth below.  If you choose the former method, the documents are

13 to be produced in the boxes, file folders, bindings or other containers in which the documents are

14 found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other

15 containers are to be left intact.

16                          **I.  DEFINITIONS**

17     Unless specifically indicated otherwise, the following definitions are applicable throughout

18 this notice (including this Definitions section) and are incorporated by reference into each specific

19 request.  The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

20 meaning of any request.

21     A. The terms **"YOU"**, **"YOUR"**, and **"YOURS"** include the deponent, deponent's

22 predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

23 directors, employees, representatives, and agents, and any person acting or purporting to act on

24 behalf of any of the foregoing.

25     B. **"ANY"** or **"EACH"** should be understood to include and encompass **"ALL"**; **"OR"**

26 should be understood to include and encompass **"AND"**; and **"AND"** should be understood to

27 include and encompass **"OR"**.

28

1    C.    The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon

2    which any expression, communication or representation has been recorded by any means including,

3    but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting,

4    printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

5    electronic recording and any nonidentical copies (whether different from the original because of notes

6    made on such copies, because of indications that said copies were sent to different individuals than

7    were the originals, or because of any other reason), including but not limited to working papers,

8    preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

9    of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

10    telephone or other oral conversations, desk calendars, appointment books, audio or video tape

11    recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

12    and all other writings and recordings of every kind that are in your actual or constructive possession,

13    custody or control.

14    D.    **"COMPUTER RECORDS"** shall mean any tangible thing upon which any

15    expression, communication or representation has been recorded by any means including, but not

16    limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

17    computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

18    hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

19    printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

20    means of electronic recording and any nonidentical copies (whether different from the original

21    because of notes made on such copies, because of indications that said copies were sent to different

22    individuals than were the originals, or because of any other reason), including but not limited to

23    working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

24    scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

25    reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

26    and all other writings and recordings of every kind that are in your actual or constructive possession,

27    custody or control.

28

1    E.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

2    expression, communication or representation has been recorded by any means including, but not

3    limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

4    intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

5    intraoffice network e-mail, including any copies which may be stored electronically in any manner

6    including, but not limited to, network server storage, backup storage, online server storage,

7    microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

8    computer card, computer hard drive, computer floppy drive, removable computer drive storage,

9    scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

10   magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

11   different from the original because of notes made on such copies, because of indications that said

12   copies were sent to different individuals than were the originals, or because of any other reason),

13   including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

14   memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

15   financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

16   schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

17   your actual or constructive possession, custody or control.

18   F. As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

19   reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

20   factually connected with the matter referenced, whether in whole or in part.

21                    **DOCUMENTS REQUESTED TO BE PRODUCED**

22   The following sets forth the documents to be produced at the above-noticed deposition by

23   the deponent. The deponent should produce all documents responsive to this request within the

24   possession, custody or control of deponent at the deposition.

25

26

27

28

NOTICE OF TAKING DEPOSITION              -5-              3153\DISCOVERY\PMKRECORDKEEPING.DOC

1

## LIST OF DOCUMENTS

2

3    **ALL DOCUMENTS REGARDING YOUR** meal period breaks record keeping practices and

4    procedures applied to California employees between July 26, 2003 and the present.

5

6    Date:    September 7, 2007                           QUALLS & WORKMAN, L.L.P.

7

8    _____

9                                                          Daniel H. Qualls
                                                         Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile:  (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile:  (202) 742-7776

Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

*Attorneys for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> ADECCO, INC, and DOES 1 through 100, inclusive, <br><br> Defendants. | No.  RG07337683 <br><br> **NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE REGARDING MEAL PERIOD BREAK POLICY AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

NOTICE OF TAKING DEPOSITION                    -1-                    3153\DISCOVERY\PMKMEALPERIOD.DOC

1    YOU ARE HEREBY NOTIFIED that, pursuant to Code of Civil Procedure section

2  2025(d) (6), Plaintiff SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC.

3  ("deponent") who shall designate and produce at the deposition those of its officers, directors,

4  managing agents, employees or agents who are most qualified to testify on its behalf, to the extent

5  of any information known or reasonably available to the deponent regarding ADECCO, INC.'S

6  meal period break policy as applied to California hourly employees between July 26, 2003, and

7  the present. The deposition will commence on September 25, 2007 at 3:00 p.m. at the law firm of

8  Qualls & Workman, LLP, 244 California Street, Suite 410, San Francisco, CA, upon examination

9  before a notary public duly authorized to administer oaths. Said deposition to continue from day

10  to day until completed, Saturdays, Sundays and holidays excepted. The deposing party intends to

11  record the proceedings by stenographic method, through the instant visual display of the testimony

12  and/or videotape recording.

13    PLEASE TAKE FURTHER NOTICE that pursuant to California Code of Civil Procedure

14  sections 2025(d) and 2025(h), in addition to attending, at the time and on the date specified, the

15  deponent will be required to bring and produce at or before said time and place, the documents and

16  things listed below which are in the deponent's possession, custody or control, or are in the

17  possession, custody or control of the deponent's officers, directors, agents, employees or attorneys.

18                                    **INSTRUCTIONS**

19    1.    This request requires you to produce all documents that are in your actual or

20  constructive possession, custody or control or that are in the possession, custody or control of your

21  attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

22  your behalf.

23    2.    If any requested document was, but is no longer in your possession, you must

24  specify in writing and serve upon the undersigned a list indicating the identity of such documents.

25  such identification should, for each such document, set forth whether the document (I) has been

26  destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

27  possession, custody, or control, in which case the name and address of any person or entity known

28

NOTICE OF TAKING DEPOSITION                    -2-                    3153\DISCOVERY\PMKMEALPERIOD.DOC

1  or believed by you to have possession, custody, or control of that document or category of

2  documents should be identified. In each such instance, explain the circumstances surrounding the

3  disposition and state the date or approximate date of such disposition and the identity of all

4  persons who you believe to have knowledge of such disposition.

5      3.    If you withhold any of the requested documents from production under a claim of

6  privilege or other protection, you must serve the undersigned a list of such withheld documents

7  indicating, for each document withheld, the following information: (I) the date composed or date

8  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

9  made; (v) the identity of all persons or entities who saw the original document or saw or received a

10 copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

11 basis for the claim of privilege.

12     4.    This request requires the production of documents either in the same form or in the

13 same order as they are kept in the usual course of business or organized and labeled to correspond

14 with the particular demands set forth below. If you choose the former method, the documents are

15 to be produced in the boxes, file folders, bindings or other containers in which the documents are

16 found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other

17 containers are to be left intact.

## I. **DEFINITIONS**

18

19     Unless specifically indicated otherwise, the following definitions are applicable throughout

20 this notice (including this Definitions section) and are incorporated by reference into each specific

21 request. The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

22 meaning of any request.

23     A.    The terms **"YOU"**, **"YOUR"**, and **"YOURS"** include the deponent, deponent's

24 predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

25 directors, employees, representatives, and agents, and any person acting or purporting to act on

26 behalf of any of the foregoing.

27

28

B.    "ANY" or "EACH" should be understood to include and encompass "ALL"; "OR" should be understood to include and encompass "AND"; and "AND" should be understood to include and encompass "OR".

C.    The terms "DOCUMENT" or "DOCUMENTS" shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, "COMPUTER RECORDS," "E-MAIL RECORDS," handwriting, typewriting, printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

D.    "COMPUTER RECORDS" shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, network server storage, backup storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other means of electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

1    reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

2    and all other writings and recordings of every kind that are in your actual or constructive possession,

3    custody or control.

4         E.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

5    expression, communication or representation has been recorded by any means including, but not

6    limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

7    intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

8    intraoffice network e-mail, including any copies which may be stored electronically in any manner

9    including, but not limited to, network server storage, backup storage, online server storage,

10   microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

11   computer card, computer hard drive, computer floppy drive, removable computer drive storage,

12   scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

13   magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

14   different from the original because of notes made on such copies, because of indications that said

15   copies were sent to different individuals than were the originals, or because of any other reason),

16   including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

17   memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

18   financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

19   schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

20   your actual or constructive possession, custody or control.

21        F. As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

22   reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

23   factually connected with the matter referenced, whether in whole or in part.

24                 **DOCUMENTS REQUESTED TO BE PRODUCED**

25        The following sets forth the documents to be produced at the above-noticed deposition by

26   the deponent. The deponent should produce all documents responsive to this request within the

27   possession, custody or control of deponent at the deposition.

28

NOTICE OF TAKING DEPOSITION         **-5-**         3153\DISCOVERY\PMKMEALPERIOD.DOC

## LIST OF DOCUMENTS

**ALL DOCUMENTS REGARDING YOUR** meal period break policies for California hourly employees in effect between July 26, 2003, **AND** the present.


Date: September 7, 2007                          QUALLS & WORKMAN, L.L.P.


By: _____
Daniel H. Qualls
Attorney for Plaintiff

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS)<br>QUALLS & WORKMAN, LLP<br>DANIEL H. QUALLS - SBN # 109036.<br>244 CALIFORNIA STREET, SUITE #410<br>SAN FRANCISCO, CA  94111 | TELEPHONE NO.<br>(415) 782-3660 | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (NAME)   SHAVOTNAE GOLDSBY, ET AL | REFERENCE NUMBER<br>0V238660-01 | |
| Insert name of court, judicial district or branch court, if any, and post office and street address<br>SUPERIOR COURT OF CALIFORNIA, OAKLAND DIVISION<br>600 WASHINGTON STREET<br>OAKLAND, CA 94607 | | |
| SHORT NAME OF CASE<br>SHAVOTNAE GOLDSBY, ET AL vs. ADECCO, INC. | | |

| PROOF OF SERVICE | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>RG07337683 |
|---|---|---|---|---|

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action;

I served the:
SEE ATTACHED LIST OF DOCUMENTS

**Name:** ADECCO, INC.

**Person Served:** MARGARET WILSON, CT CORP.
**Title:** AGENT FOR SERVICE

**Date of Delivery:** 09/10/07
**Time of Delivery:** 02:40 pm

**Place of Service:** 818 WEST SEVENTH STREET
LOS ANGELES, CA 90017          (Business)

**Manner of Service:** Personal Service - By Personally Delivering Copies.

**Fee for service:**   $  86.13

| [X] | Registered: . . . LOS ANGELES . . . . County,<br>Number: . . . . . . . . . 5403<br>**Attorney's Diversified Services**<br>741 N. Fulton Street<br>Fresno, CA 93728          *Client file # 3153.00*<br>559-233-1475<br>302/0V238660-01          PROOF OF SERVICE | I declare under penalty of perjury that the foregoing is true and correct<br>and that this declaration was executed<br>on: . . . . . . . . . . . 09/17/07 . . . . . . . .<br>at: . . . . . . . . . . Ventura . . . . . , California.<br><br>Signature: _____<br>Name: KEN MELENDEZ<br>Title: REGISTERED CALIFORNIA PROCESS SERVER |
|---|---|

# LISTING OF DOCUMENTS
## ALAMEDA COUNTY SUPERIOR COURT
### CASE RG07337683

1. NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE REGARDING RECORD KEEPING PRACTICES, AND REQUEST FOR PRODUCTION OF DOCUMENTS
2. NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE REGARDING PAYMENT OF COMPENSATION, AND REQUEST FOR PRODUCTION OF DOCUMENTS
3. NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE REGARDING MEAL PERIOD BREAK POLICY AND REQUEST FOR PRODUCTION OF DOCUMENTS

V238660

# EXHIBIT E

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   CHARLES F. BARKER, Cal. Bar No. 70076
3  ROSS A. BOUGHTON, Cal. Bar No. 241119
   333 South Hope Street, 48th Floor
4  Los Angeles, California 90071-1448
   Telephone:   213-620-1780
5  Facsimile:   213-620-1398

6  Attorneys for Defendant
   ADECCO, INC.

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ALAMEDA

10

11 | SHAVOTNAE GOLDSBY, AND ALL           | Case No. RG 07337683
   | OTHERS SIMILARLY SITUATED,           |
12 |                                      | **NOTICE TO CLERK OF THE**
   |                Plaintiff,            | **SUPERIOR COURT OF REMOVAL**
13 |                                      | **OF ACTION TO FEDERAL COURT**
   |         v.                           |
14 |                                      | [Complaint Filed:  July 26, 2007]
   | ADECCO, INC., and DOES 1 through     |
15 | 100, inclusive,,                     |
   |                                      |
16 |                Defendants.           |

17

18            TO THE CLERK OF THE ABOVE ENTITLED COURT:

19

20         PLEASE TAKE NOTICE that Defendant Adecco, Inc. has for the above-

21 entitled action, without waiving any defenses that it may have, filed in the United States

22 District Court for the Northern District of California a Notice of Removal of Action on

23 November 5, 2007, under Federal Case Number CV07-5604.

24

25         A true and correct copy of the said Notice of Removal of Action is attached

26 hereto as Exhibit "1" and is served and filed herewith.  Notice and a true and correct copy

27 of the Notice of Removal will also be served on Plaintiff.

28

                                         -1-
W02-WEST:1RAB1\400513122.1              NOTICE TO CLERK OF THE SUPERIOR COURT OF
                                        REMOVAL OF ACTION TO FEDERAL COURT

Dated:  November 6, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
CHARLES F. BARKER
ROSS A. BOUGHTON
Attorneys for Defendant ADECCO, INC.

-2-

NOTICE TO CLERK OF THE SUPERIOR COURT OF
REMOVAL OF ACTION TO FEDERAL COURT

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **November 6, 2007**, I served the following document(s) described as **NOTICE TO CLERK OF THE SUPERIOR COURT OF REMOVAL OF ACTION TO FEDERAL COURT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**SEE ATTACHED LIST**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **November 6, 2007**, at Los Angeles, California.

SUZANNE VAHANIAN

1  David Sanford, Esquire                                  202-742-7780
   Meenoo Chahbazi, Esquire                                FAX: 202-742-7776
2  Sanford, Wittels & Heisler, LLP
   1666 Connecticut Avenue, N.W., Suite 310
3  Washington, D.C. 20009

4  Grant Morris, Esquire                                   202-742-7783
   Law Offices of Grant E. Morris                          FAX: 202-742-7776
5  1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
6
   Daniel H. Qualls, Esquire                               415-782-3660
7  Robin G. Workman, Esquire                               FAX: 415-788-1028
   Qualls & Workman, LLP
8  244 California Street, Suite 410
   San Francisco, California 94111

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F

1    Daniel H. Qualls, Bar No. 109036
     Robin G. Workman, Bar No. 145810
2    **QUALLS & WORKMAN, LLP**
     244 California Street, Suite 410
3    San Francisco, CA 94111
     Telephone: (415) 782-3660
4    Facsimile: (415) 788-1028

5    David Sanford, D.C. Bar No. 457933
     Meenoo Chahbazi, CA Bar No. 233985
6    **SANFORD, WITTELS & HEISLER, LLP**
     1666 Connecticut Avenue, N.W., Suite 310
7    Washington, D.C. 20009
     Telephone: (202) 742-7780
8    Facsimile: (202) 742-7776

9    Grant Morris, D.C. Bar No. 926253
     **LAW OFFICES OF GRANT E. MORRIS**
10   1666 Connecticut Avenue, N.W., Suite 310
     Washington, D.C. 20009
11   Telephone: (202) 742-7783
     Facsimile: (202) 742-7776

12

13   *Attorneys for Plaintiff*

14

15

16                    UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18

19   SHAVOTNAE GOLDSBY, AND ALL OTHERS        )   No.  CV-07-5604 MMC
     SIMILARLY SITUATED,                      )
20                                            )   **NOTICE OF TAKING DEPOSITION**
                  Plaintiff,                  )   **OF DEFENDANT ADECCO,**
21                                            )   **PURSUANT TO FRCP 30(b)(6)**
             vs.                              )   **REGARDING MEAL PERIOD BREAK**
22                                            )   **POLICY AND REQUEST FOR**
     ADECCO, INC, and DOES 1 through 100, inclusive, )   **PRODUCTION OF DOCUMENTS**
23                                            )
                  Defendants.                 )
24                                            )
                                              )
25

26

27

28
     NOTICE OF TAKING DEPOSITION              -1-              3153\DISCOVERY\PMKMEALPERIOD.DOC

1   TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

2       YOU ARE HEREBY NOTIFIED that, pursuant to FRCP 30(b)(6), Plaintiff

3   SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC. ("deponent") who shall

4   designate and produce at the deposition those of its officers, directors, managing agents,

5   employees or agents who are most qualified to testify on its behalf, to the extent of any

6   information known or reasonably available to the deponent regarding ADECCO, INC.'S meal

7   period break policy as applied to California hourly employees between July 26, 2003, and the

8   present. The deposition will commence on March 5, 2008 at 3:00 p.m. at the law firm of Qualls &

9   Workman, LLP, 244 California Street, Suite 410, San Francisco, CA, upon examination before a

10  notary public duly authorized to administer oaths. Said deposition to continue from day to day

11  until completed, Saturdays, Sundays and holidays excepted. The deposing party intends to record

12  the proceedings by stenographic method, through the instant visual display of the testimony and/or

13  videotape recording.

14      PLEASE TAKE FURTHER NOTICE that pursuant to FRCP Rules 30(b)(2) and 34, in

15  addition to attending, at the time and on the date specified, the deponent will be required to bring

16  and produce at or before said time and place, the documents and things listed below which are in

17  the deponent's possession, custody or control, or are in the possession, custody or control of the

18  deponent's officers, directors, agents, employees or attorneys.

19                          **INSTRUCTIONS**

20      1.      This request requires you to produce all documents that are in your actual or

21  constructive possession, custody or control or that are in the possession, custody or control of your

22  attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

23  your behalf.

24      2.      If any requested document was, but is no longer in your possession, you must

25  specify in writing and serve upon the undersigned a list indicating the identity of such documents.

26  such identification should, for each such document, set forth whether the document (I) has been

27  destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

28

1   possession, custody, or control, in which case the name and address of any person or entity known

2   or believed by you to have possession, custody, or control of that document or category of

3   documents should be identified. In each such instance, explain the circumstances surrounding the

4   disposition and state the date or approximate date of such disposition and the identity of all

5   persons who you believe to have knowledge of such disposition.

6         3.    If you withhold any of the requested documents from production under a claim of

7   privilege or other protection, you must serve the undersigned a list of such withheld documents

8   indicating, for each document withheld, the following information: (I) the date composed or date

9   appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

10  made; (v) the identity of all persons or entities who saw the original document or saw or received a

11  copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

12  basis for the claim of privilege.

13        4.    This request requires the production of documents either in the same form or in the

14  same order as they are kept in the usual course of business or organized and labeled to correspond

15  with the particular demands set forth below. If you choose the former method, the documents are

16  to be produced in the boxes, file folders, bindings or other containers in which the documents are

17  found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other

18  containers are to be left intact.

19  ## I. DEFINITIONS

20      Unless specifically indicated otherwise, the following definitions are applicable throughout

21  this notice (including this Definitions section) and are incorporated by reference into each specific

22  request. The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

23  meaning of any request.

24        A.    The terms **"YOU"**, **"YOUR"**, and **"YOURS"** include the deponent, deponent's

25  predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

26  directors, employees, representatives, and agents, and any person acting or purporting to act on

27  behalf of any of the foregoing.

28

NOTICE OF TAKING DEPOSITION       -3-       3153\DISCOVERY\PMKMEALPERIOD.DOC

B.    "ANY" or "EACH" should be understood to include and encompass "ALL"; "OR" should be understood to include and encompass "AND"; and "AND" should be understood to include and encompass "OR".

C.    The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting, printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

D.    **"COMPUTER RECORDS"** shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, network server storage, backup storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other means of electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

1    reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

2    and all other writings and recordings of every kind that are in your actual or constructive possession,

3    custody or control.

4         E.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

5    expression, communication or representation has been recorded by any means including, but not

6    limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

7    intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

8    intraoffice network e-mail, including any copies which may be stored electronically in any manner

9    including, but not limited to, network server storage, backup storage, online server storage,

10   microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

11   computer card, computer hard drive, computer floppy drive, removable computer drive storage,

12   scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

13   magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

14   different from the original because of notes made on such copies, because of indications that said

15   copies were sent to different individuals than were the originals, or because of any other reason),

16   including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

17   memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

18   financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

19   schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

20   your actual or constructive possession, custody or control.

21        F.  As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

22   reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

23   factually connected with the matter referenced, whether in whole or in part.

24                          **DOCUMENTS REQUESTED TO BE PRODUCED**

25        The following sets forth the documents to be produced at the above-noticed deposition by

26   the deponent. The deponent should produce all documents responsive to this request within the

27   possession, custody or control of deponent at the deposition.

28

NOTICE OF TAKING DEPOSITION                -5-                3153\DISCOVERY\PMKMEALPERIOD.DOC

1

## LIST OF DOCUMENTS

2

3    **ALL DOCUMENTS REGARDING YOUR** meal period break policies for California hourly

4    employees in effect between July 26, 2003, **AND** the present.

5

6

7    Date: February 5, 2008                          QUALLS & WORKMAN, L.L.P.

8

9

10                                         By: _____

11                                              Daniel H. Qualls
                                               Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   <u>PROOF OF SERVICE</u>

2

3         I, the undersigned, hereby declare:

4         I am employed by Legal Support Services in the City and County of Los Angeles,

5   California.  I am over the age of eighteen years and not a party to the within action.  My

6   business address is 1262 ½ West Second Street, Los Angeles, California.

7         On February 5, 2008, I served the following documents:

8

9   **NOTICE OF TAKING DEPOSITION OF DEFENDANT ADECCO, PURSUANT TO
    FRCP 30(b)(6) REGARDING MEAL PERIOD BREAK POLICY AND REQUEST FOR
10  PRODUCTION OF DOCUMENTS**

11  on the interested parties in this action by hand delivery at the following address:

12                        Ross A. Boughton, Esq.
                   Sheppard, Mullin, Richter & Hampton, LLP
13                    333 South Hope Street, 48th Floor
                        Los Angeles, California 90071
14

15        I declare under penalty of perjury under the laws of the State of California that

16  the foregoing is true and correct, and that this declaration was executed on February 5,

17  2008, at Los Angeles, California.

18

19                                      Print Name: F. Duarte

20

21                                      Sign Name: _____

22

23

24

25

26

27

28

1   Daniel H. Qualls, Bar No. 109036
    Robin G. Workman, Bar No. 145810
2   **QUALLS & WORKMAN, LLP**
    244 California Street, Suite 410
3   San Francisco, CA 94111
    Telephone: (415) 782-3660
4   Facsimile: (415) 788-1028

5   David Sanford, D.C. Bar No. 457933
    Meenoo Chahbazi, CA Bar No. 233985
6   **SANFORD, WITTELS & HEISLER, LLP**
    1666 Connecticut Avenue, N.W., Suite 310
7   Washington, D.C. 20009
    Telephone: (202) 742-7780
8   Facsimile:  (202) 742-7776

9   Grant Morris, D.C. Bar No. 926253
    **LAW OFFICES OF GRANT E. MORRIS**
10  1666 Connecticut Avenue, N.W., Suite 310
    Washington, D.C. 20009
11  Telephone: (202) 742-7783
    Facsimile:  (202) 742-7776
12

13  *Attorneys for Plaintiff*

14

15

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18

19  SHAVOTNAE GOLDSBY, AND ALL OTHERS        )   No.  CV-07-5604 MMC
    SIMILARLY SITUATED,                      )
20                                           )
                                             )
21           Plaintiff,                      )   **NOTICE OF TAKING DEPOSITION**
                                             )   **OF DEFENDANT ADECCO,**
         vs.                                 )   **PURSUANT TO FRCP 30(b)(6)**
22                                           )   **REGARDING RECORD KEEPING**
                                             )   **PRACTICES, AND REQUEST FOR**
23  ADECCO, INC, and DOES 1 through 100, inclusive, )  **PRODUCTION OF DOCUMENTS**
                                             )
24           Defendants.                     )
                                             )
25  ─────────────────────────────────────────

26  TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

27      YOU ARE HEREBY NOTIFIED that, pursuant to FRCP 30(b)(6), Plaintiff

28  SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC. ("deponent") who shall

─────────────────────────────────────────

NOTICE OF TAKING DEPOSITION            -1-            3153\DISCOVERY\PMKRECORDKEEPING.DOC

1  designate and produce at the deposition those of its officers, directors, managing agents,

2  employees or agents who are most qualified to testify on its behalf, to the extent of any

3  information known or reasonably available to the deponent regarding ADECCO, INC.'S meal

4  period breaks record keeping practices and procedures applied to California employees between

5  July 26, 2003, and the present.  The deposition will commence on March 5, 2008 at 9:30 a.m., at

6  the law firm of Qualls & Workman, LLP, 244 California Street, Suite 410, San Francisco, CA,

7  upon examination before a notary public duly authorized to administer oaths.  Said deposition to

8  continue from day to day until completed, Saturdays, Sundays and holidays excepted.  The

9  deposing party intends to record the proceedings by stenographic method, through the instant

10  visual display of the testimony and/or videotape recording.

11      PLEASE TAKE FURTHER NOTICE that pursuant to FRCP Rules 30(b)(2) and 34, in

12  addition to attending, at the time and on the date specified, the deponent will be required to bring

13  and produce at or before said time and place, the documents and things listed below which are in

14  the deponent's possession, custody or control, or are in the possession, custody or control of the

15  deponent's officers, directors, agents, employees or attorneys.

16                          **INSTRUCTIONS**

17      1.      This request requires you to produce all documents that are in your actual or

18  constructive possession, custody or control or that are in the possession, custody or control of your

19  attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

20  your behalf.

21      2.      If any requested document was, but is no longer in your possession, you must

22  specify in writing and serve upon the undersigned a list indicating the identity of such documents.

23  such identification should, for each such document, set forth whether the document (I) has been

24  destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

25  possession, custody, or control, in which case the name and address of any person or entity known

26  or believed by you to have possession, custody, or control of that document or category of

27  documents should be identified.  In each such instance, explain the circumstances surrounding the

28

1  disposition and state the date or approximate date of such disposition and the identity of all

2  persons who you believe to have knowledge of such disposition.

3          3.      If you withhold any of the requested documents from production under a claim of

4  privilege or other protection, you must serve the undersigned a list of such withheld documents

5  indicating, for each document withheld, the following information: (I) the date composed or date

6  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

7  made; (v) the identity of all persons or entities who saw the original document or saw or received a

8  copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

9  basis for the claim of privilege.

10         4.      This request requires the production of documents either in the same form or in the

11 same order as they are kept in the usual course of business or organized and labeled to correspond

12 with the particular demands set forth below.  If you choose the former method, the documents are

13 to be produced in the boxes, file folders, bindings or other containers in which the documents are

14 found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other

15 containers are to be left intact.

## I. DEFINITIONS

17         Unless specifically indicated otherwise, the following definitions are applicable throughout

18 this notice (including this Definitions section) and are incorporated by reference into each specific

19 request.  The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

20 meaning of any request.

21         A. The terms "**YOU**", "**YOUR**", and "**YOURS**" include the deponent, deponent's

22 predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

23 directors, employees, representatives, and agents, and any person acting or purporting to act on

24 behalf of any of the foregoing.

25         B. "**ANY**" or "**EACH**" should be understood to include and encompass "**ALL**"; "**OR**"

26 should be understood to include and encompass "**AND**"; and "**AND**" should be understood to

27 include and encompass "**OR**".

28

1    C.    The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon

2    which any expression, communication or representation has been recorded by any means including,

3    but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting,

4    printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

5    electronic recording and any nonidentical copies (whether different from the original because of notes

6    made on such copies, because of indications that said copies were sent to different individuals than

7    were the originals, or because of any other reason), including but not limited to working papers,

8    preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

9    of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

10   telephone or other oral conversations, desk calendars, appointment books, audio or video tape

11   recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

12   and all other writings and recordings of every kind that are in your actual or constructive possession,

13   custody or control.

14    D.    **"COMPUTER RECORDS"** shall mean any tangible thing upon which any

15   expression, communication or representation has been recorded by any means including, but not

16   limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

17   computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

18   hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

19   printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

20   means of electronic recording and any nonidentical copies (whether different from the original

21   because of notes made on such copies, because of indications that said copies were sent to different

22   individuals than were the originals, or because of any other reason), including but not limited to

23   working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

24   scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

25   reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

26   and all other writings and recordings of every kind that are in your actual or constructive possession,

27   custody or control.

28

1      E.      **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

2   expression, communication or representation has been recorded by any means including, but not

3   limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

4   intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

5   intraoffice network e-mail, including any copies which may be stored electronically in any manner

6   including, but not limited to, network server storage, backup storage, online server storage,

7   microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

8   computer card, computer hard drive, computer floppy drive, removable computer drive storage,

9   scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

10  magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

11  different from the original because of notes made on such copies, because of indications that said

12  copies were sent to different individuals than were the originals, or because of any other reason),

13  including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

14  memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

15  financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

16  schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

17  your actual or constructive possession, custody or control.

18      F.  As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

19  reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

20  factually connected with the matter referenced, whether in whole or in part.

21                    **DOCUMENTS REQUESTED TO BE PRODUCED**

22      The following sets forth the documents to be produced at the above-noticed deposition by

23  the deponent.  The deponent should produce all documents responsive to this request within the

24  possession, custody or control of deponent at the deposition.

25

26

27

28

## LIST OF DOCUMENTS

**ALL DOCUMENTS REGARDING YOUR** meal period breaks record keeping practices and procedures applied to California employees between July 26, 2003 and the present.

Date:   February 5, 2008                                QUALLS & WORKMAN, L.L.P.


Daniel H. Qualls
Attorney for Plaintiff

1
2

## PROOF OF SERVICE

3          I, the undersigned, hereby declare:

4          I am employed by Legal Support Services in the City and County of Los Angeles,

5    California.  I am over the age of eighteen years and not a party to the within action.  My

6    business address is 1262 ½ West Second Street, Los Angeles, California.

7          On February 5, 2008, I served the following documents:

8

9    **NOTICE OF TAKING DEPOSITION OF DEFENDANT ADECCO, PURSUANT TO FRCP 30(b)(6) REGARDING RECORD KEEPING PRACTICES, AND REQUEST FOR PRODUCTION OF DOCUMENTS**

10

11   on the interested parties in this action by hand delivery at the following address:

12

13                    Ross A. Boughton, Esq.
                Sheppard, Mullin, Richter & Hampton, LLP
14                  333 South Hope Street, 48th Floor
                    Los Angeles, California 90071
15

16          I declare under penalty of perjury under the laws of the State of California that

17   the foregoing is true and correct, and that this declaration was executed on February 5,

18   2008, at Los Angeles, California.

19

20                              Print Name: F. Duarte

21
                                Sign Name: Frank Duarte
22

23
24
25
26
27
28

1   Daniel H. Qualls, Bar No. 109036
    Robin G. Workman, Bar No. 145810
2   **QUALLS & WORKMAN, LLP**
    244 California Street, Suite 410
3   San Francisco, CA 94111
    Telephone: (415) 782-3660
4   Facsimile: (415) 788-1028

5   David Sanford, D.C. Bar No. 457933
    Meenoo Chahbazi, CA Bar No. 233985
6   **SANFORD, WITTELS & HEISLER, LLP**
    1666 Connecticut Avenue, N.W., Suite 310
7   Washington, D.C. 20009
    Telephone: (202) 742-7780
8   Facsimile: (202) 742-7776

9   Grant Morris, D.C. Bar No. 926253
    **LAW OFFICES OF GRANT E. MORRIS**
10  1666 Connecticut Avenue, N.W., Suite 310
    Washington, D.C. 20009
11  Telephone: (202) 742-7783
    Facsimile: (202) 742-7776

12

13  *Attorneys for Plaintiff*

14

15

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18  SHAVOTNAE GOLDSBY, AND ALL OTHERS          )   No.  CV-07-5604 MMC
    SIMILARLY SITUATED,                        )
19                                             )   **NOTICE OF TAKING DEPOSITION**
                                               )   **OF DEFENDANT ADECCO,**
20            Plaintiff,                        )   **PURSUANT TO FRCP 30(b)(6)**
                                               )   **REGARDING PAYMENT OF**
21       vs.                                    )   **COMPENSATION, AND REQUEST**
                                               )   **FOR PRODUCTION OF DOCUMENTS**
22  ADECCO, INC, and DOES 1 through 100, inclusive, )
                                               )
23            Defendants.                       )
                                               )
24                                             )

25          TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

26          YOU ARE HEREBY NOTIFIED that, pursuant to FRCP 30(b)(6), Plaintiff

27  SHAVOTNAE GOLDSBY will take the deposition of ADECCO, INC. ("deponent") who shall

28
    NOTICE OF TAKING DEPOSITION            -1-            3153\DISCOVERY\PMKCOMPENSATION.DOC

1    designate and produce at the deposition those of its officers, directors, managing agents,

2    employees or agents who are most qualified to testify on its behalf, to the extent of any

3    information known or reasonably available to the deponent regarding ADECCO, INC.'S practice

4    or policy regarding payment of compensation as prescribed by California Labor Code Section

5    226.7 for missed rest and/or meal period breaks, as applied to California employees between July

6    26, 2003, and the present. The deposition will commence on March 5, 2008 at 11:00 a.m., at the

7    law firm of Qualls & Workman, LLP, 244 California Street, Suite 410, San Francisco, CA, upon

8    examination before a notary public duly authorized to administer oaths. Said deposition to

9    continue from day to day until completed, Saturdays, Sundays and holidays excepted. The

10   deposing party intends to record the proceedings by stenographic method, through the instant

11   visual display of the testimony and/or videotape recording.

12        PLEASE TAKE FURTHER NOTICE that pursuant to FRCP Rules 30(b)(2) and 34, in

13   addition to attending, at the time and on the date specified, the deponent will be required to bring

14   and produce at or before said time and place, the documents and things listed below which are in

15   the deponent's possession, custody or control, or are in the possession, custody or control of the

16   deponent's officers, directors, agents, employees or attorneys.

## INSTRUCTIONS

18   1.    This request requires you to produce all documents that are in your actual or

19   constructive possession, custody or control or that are in the possession, custody or control of your

20   attorneys, accountants,. representatives, consultants, agents, employees, or anyone else acting on

21   your behalf.

22   2.    If any requested document was, but is no longer in your possession, you must

23   specify in writing and serve upon the undersigned a list indicating the identity of such documents.

24   such identification should, for each such document, set forth whether the document (I) has been

25   destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your

26   possession, custody, or control, in which case the name and address of any person or entity known

27   or believed by you to have possession, custody, or control of that document or category of

28

NOTICE OF TAKING DEPOSITION            -2-            3153\DISCOVERY\PMKCOMPENSATION.DOC

1  documents should be identified. In each such instance, explain the circumstances surrounding the

2  disposition and state the date or approximate date of such disposition and the identity of all

3  persons who you believe to have knowledge of such disposition.

4      3.    If you withhold any of the requested documents from production under a claim of

5  privilege or other protection, you must serve the undersigned a list of such withheld documents

6  indicating, for each document withheld, the following information: (I) the date composed or date

7  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies

8  made; (v) the identity of all persons or entities who saw the original document or saw or received a

9  copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the

10  basis for the claim of privilege.

11      4.    This request requires the production of documents either in the same form or in the

12  same order as they are kept in the usual course of business or organized and labeled to correspond

13  with the particular demands set forth below. If you choose the former method, the documents are

14  to be produced in the boxes, file folders, bindings or other containers in which the documents are

15  found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other

16  containers are to be left intact.

17              ## I. DEFINITIONS

18      Unless specifically indicated otherwise, the following definitions are applicable throughout

19  this notice (including this Definitions section) and are incorporated by reference into each specific

20  request. The definitions are limited, if at all, only to the extent necessary to avoid a nonsensical

21  meaning of any request.

22      A. The terms **"YOU"**, **"YOUR"**, and **"YOURS"** include the deponent, deponent's

23  predecessors, affiliates, subsidiaries, successors, and assigns, each of their past or present officers,

24  directors, employees, representatives, and agents, and any person acting or purporting to act on

25  behalf of any of the foregoing.

26

27

28

NOTICE OF TAKING DEPOSITION            -3-            3153\DISCOVERY\PMKCOMPENSATION.DOC

B. "ANY" or "EACH" should be understood to include and encompass "ALL"; "OR" should be understood to include and encompass "AND"; and "AND" should be understood to include and encompass "OR".

C.    The terms "**DOCUMENT**" or "**DOCUMENTS**" shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, "**COMPUTER RECORDS**," "**E-MAIL RECORDS**," handwriting, typewriting, printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

D.    "**COMPUTER RECORDS**" shall mean any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, network server storage, backup storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other means of electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

1  reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

2  and all other writings and recordings of every kind that are in your actual or constructive possession,

3  custody or control.

4     E.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any

5  expression, communication or representation has been recorded by any means including, but not

6  limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

7  intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

8  intraoffice network e-mail, including any copies which may be stored electronically in any manner

9  including, but not limited to, network server storage, backup storage, online server storage,

10  microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

11  computer card, computer hard drive, computer floppy drive, removable computer drive storage,

12  scanner, computer facsimile, printing, photo stating, photographing, video recording, audio recording,

13  magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

14  different from the original because of notes made on such copies, because of indications that said

15  copies were sent to different individuals than were the originals, or because of any other reason),

16  including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

17  memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

18  financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

19  schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

20  your actual or constructive possession, custody or control.

21     F.  As used herein, the term **"REGARDING"** means relating to, referring to, pertaining to,

22  reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

23  factually connected with the matter referenced, whether in whole or in part.

24     ## DOCUMENTS REQUESTED TO BE PRODUCED

25     The following sets forth the documents to be produced at the above-noticed deposition by

26  the deponent. The deponent should produce all documents responsive to this request within the

27  possession, custody or control of deponent at the deposition.

28

1

## LIST OF DOCUMENTS

2

3  **ALL DOCUMENTS REGARDING YOUR** practice or policy **REGARDING** payment of

4  compensation prescribed by California Labor Code Section 226.7 for missed rest **AND/OR** meal

5  period breaks as applied to California employees between July 26, 2003 and the present.

6

7  Date:   February 5, 2008                                    QUALLS & WORKMAN, L.L.P.

8

9                                                                      Daniel H. Qualls
                                                                       Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| 1 | <u>PROOF OF SERVICE</u> |

2

3     I, the undersigned, hereby declare:

4     I am employed by Legal Support Services in the City and County of Los Angeles,

5 California. I am over the age of eighteen years and not a party to the within action. My

6 business address is 1262 ½ West Second Street, Los Angeles, California.

7     On February 5, 2008, I served the following documents:

8

**NOTICE OF TAKING DEPOSITION OF DEFENDANT ADECCO, PURSUANT TO**
9 **FRCP 30(b)(6) REGARDING PAYMENT OF COMPENSATION, AND REQUEST FOR**
**PRODUCTION OF DOCUMENTS**
10

11 on the interested parties in this action by hand delivery at the following address:

12             Ross A. Boughton, Esq.
        Sheppard, Mullin, Richter & Hampton, LLP
13          333 South Hope Street, 48th Floor
          Los Angeles, California 90071
14

15     I declare under penalty of perjury under the laws of the State of California that

16 the foregoing is true and correct, and that this declaration was executed on February 5,

17 2008, at Los Angeles, California.

18

19                     Print Name: F. Duarte

20                     Sign Name: Frank Duarte

21

22

23

24

25

26

27

28

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


SHAVOTNAE GOLDSBY,

                    Plaintiff(s),                        NO. C- 07-5604 MMC

    vs.
                                                         **PRETRIAL PREPARATION
                                                         ORDER**
ADECCO, INC.,

                    Defendant(s).

_____/


        It is hereby **ORDERED** pursuant to Federal Rules of Civil Procedure and the Local Rules
of this Court:

JURY TRIAL DATE:  Monday, __May 4, 2009__    at 9:00 a.m., Courtroom 7, 19th floor.

TRIAL LENGTH is estimated to be __6 to 9__ days.

DISCOVERY PLAN: Per Federal Rules of Civil Procedure and Local Rules, subject to any
        provisions below.

NON-EXPERT DISCOVERY CUTOFF : __November 21, 2008__ .

DESIGNATION OF EXPERTS:

        Plaintiff/Defendant: No later than __December 12, 2008__ .
        Plaintiff/Defendant: Rebuttal no later than __December 26, 2008__.

        Parties shall conform to Federal Rule of Civil Procedure 26(a)(2).


EXPERT DISCOVERY CUTOFF : __January 16, 2009__ .

DISCOVERY MATTERS are referred to a Magistrate Judge and are to be noticed for hearing before the assigned Magistrate Judge.

DISPOSITIVE MOTIONS shall be filed no later than ____January 30, 2009____, and shall be noticed for hearing 35 days thereafter.

SETTLEMENT CONFERENCE shall be held before Magistrate Judge _____ and scheduled to take place no later than 30 days prior to the Pretrial Conference.

PRETRIAL CONFERENCE DATE:_ April 21, 2009___ at **3:00 p.m.**

> **COUNSEL WHO INTEND TO TRY THE CASE MUST ATTEND THE PRETRIAL CONFERENCE.** Counsel shall be prepared to discuss all aspects of the case, including settlement.  Pretrial shall conform to the attached instructions.

MEET AND CONFER (Civil L.R. 16-10(b)(5): Lead trial counsel shall meet and confer no later than March 16, 2009.

FURTHER STATUS CONFERENCE:  Friday,_February 6, 2009_at 10:30 a.m.

FURTHER STATUS CONFERENCE STATEMENT DUE: Friday,__January 30, 2009.

ADDITIONAL ORDERS: Case previously referred Private Mediation, by agreement of the parties.

Deadline to file amended pleadings is April 1, 2008.

Briefing Schedule on Plaintiff's Motion for Class Certification:

> Plaintiff to file motion by July 7, 2008, Opposition due by August 6, 2008,
> Reply due by August 20, 2008, Hearing on Motion: September 5, 2008 at 9:00 a.m..

PLAINTIFF IS ORDERED TO SERVE A COPY OF THIS ORDER ON ANY PARTY SUBSEQUENTLY JOINED IN THIS ACTION.

DATED:_ February 15, 2008 _____        _Maxine M. Chesney_

                                         MAXINE M. CHESNEY
                                         United States District Judge

## PRETRIAL INSTRUCTIONS

Counsel SHALL meet and confer in good faith in advance of complying with the following pretrial requirements for the purpose of preparing for the Pretrial Conference and to discuss settlement.

### A.    TEN COURT DAYS PRIOR TO PRETRIAL CONFERENCE

The following shall be accomplished not later than **ten Court days** prior to the scheduled Pretrial Conference:

1.    **PRETRIAL STATEMENT**: The parties shall file a joint pretrial statement which shall set forth:

(1) The substance of the action;

(2) The relief claimed, including the particular elements of the damages claimed;

(3) The factual issues remaining, as well as any stipulations of fact;

(4) The legal issues, including a concise statement of each disputed point of law concerning liability or relief and citing supporting statutory and case law;

(5) A current estimate as to the length of the trial;

(6) The status of the case with respect to alternative dispute resolution.

2.    **JURY INSTRUCTIONS**:

a.    Joint Set of Agreed Upon Instructions:  The parties shall jointly prepare a set of agreed upon jury instructions, which shall be filed **ten Court days** prior to the Pretrial Conference.  Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their proposed jury instructions, in the same order as their joint submission, on a CD or 3-1/2" floppy disk in WordPerfect format.  The disk label shall include the name of the parties, the case number and a description of the documents.

b.    Separate Instructions:  Separate instructions may be submitted only as to those instructions upon which the parties cannot agree.  Each separate instruction shall note on its face the identity of the party submitting such instruction.

No later than **ten Court days** prior to the Pretrial Conference, the party or parties objecting to an instruction shall file a written objection to such instruction. The form of the objection shall be as follows:

(1) Set forth in full the instruction to which the objection is made;

(2) Provide concise argument and citations to authority explaining why the opposing party's instruction is improper; and

(3) Set forth in full an alternative instruction, if any.

The separate instructions with objections shall be filed **ten Court days** prior to the Pretrial Conference.

c.    Substance and Format of Instructions: The instructions shall cover all substantive issues. Proposed instructions shall be consecutively numbered. Each proposed instruction shall be typed in full on a separate page and cover only one subject, to be indicated in the title. Citations to the authorities upon which the instruction is based shall be included. Instructions shall be brief, clear, written in plain English and free of argument. Pattern or form instructions shall be revised to address the particular facts and issues of this case.

d.    Preliminary Statement and Instructions: If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and submit to the Court, **one week** prior to trial, the text of the statement and instructions, clearly marked.

e.    Clean Copies: The parties shall be prepared to submit two clean copies of instructions without citations, titles or attribution on or before the date trial commences.

3.    **FINDINGS OF FACT and CONCLUSIONS OF LAW**: In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues. Proposed findings shall be brief, written in plain English and free of pejorative language and argument. Whenever possible, parties shall deliver to the Courtroom Deputy copies of proposed findings of fact and conclusions of law on a CD or 3-1/2" floppy disk in WordPerfect format. The disk label shall include the name of the parties, the case number and a description of the documents.

4.    **EXHIBITS**:

a.    Provide Copies of Exhibits to Other Parties: Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list **(see attached)** of all such proposed exhibits. Voluminous exhibits shall be reduced by

elimination of irrelevant portions or through the use of summaries. Each item shall be <u>pre-marked with an exhibit sticker</u> **(see attached)**, plaintiff's exhibits with numbers, defendant's exhibits with letters or with numbers sequenced to begin after plaintiff's exhibit numbers. If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators. All exhibits which have not been provided as required are subject to exclusion.

      b.    <u>Stipulations re Admissibility</u>: Prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at the Pretrial Conference. If stipulation to admission in evidence is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

      c.    <u>Provide Copies of Exhibits to Court</u>: Three sets of exhibits shall be provided to the Court on the **<u>first day of trial</u>**. Each set shall be in binders, tabbed and indexed.

      d.    <u>Disposition of Exhibits After Trial</u>: Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

      5.    **WITNESSES:**

      a.    <u>Jury Trials</u>: The Pretrial Conference Statement shall include a list of witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name, describing the testimony to be given. Expert witnesses shall be listed separately. Witnesses not included on the list may be excluded from testifying.

      b.    <u>Non-Jury Trials</u>: In non-jury cases, each party shall serve and lodge with the Court a written <u>narrative statement</u> of the proposed direct testimony of each witness under that party's control in lieu of a summary. Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

6.    **MOTIONS IN LIMINE:** Motions in limine are limited to motions to exclude specific items of evidence (i.e. specific testimony or exhibits) on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial.

Motions in limine shall be filed and served no later than **<u>ten Court days</u>** prior to the date set for the pretrial conference. Any party opposing such a motion in limine shall file and serve its opposition papers no later than **<u>five Court days</u>** prior to the pretrial conference. No reply papers will be considered.

**B.    <u>ONE COURT DAY PRIOR TO PRETRIAL CONFERENCE</u>**

The following shall be accomplished not later than **one Court day** prior to the Pretrial Conference:

      1.     List of Exhibits With Stipulations and Objections - The parties shall file with the Court a list of all exhibits admitted by stipulation; and a list of all exhibits as to which objections have been made, with a brief notation indicating which party objects and for what reason.

      2.     Objections to Other Evidence - In addition to exhibit lists, counsel shall confer with respect to any other evidentiary objections in advance of the Pretrial Conference as required by Local Rule. Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection and the position of the offering party as stated at the conference.

      3.     Voir Dire and Verdict Forms - Each party shall serve and file proposed questions for jury voir dire and a proposed form of verdict.

## C.    **OTHER PRETRIAL MATTERS**

      1.     Citations - In all Pretrial Statements, memoranda of points and authorities and jury instructions, citations shall be as follows:  (1) all United States Supreme Court citations shall be to both the official reporter and to the West Supreme Court Reporter, (2) all citations to California state courts shall be to both the official reporter and to the West California Reporter, and (3) all citations to the courts of any other state shall be to both the official reporter of that state and to the West Regional Reporter.

      2.     Settlement Conferences - Any party utilizing another form of Alternative Dispute Resolution who wishes to arrange a settlement conference before a judge or magistrate judge thereafter may do so by contacting the Courtroom Deputy.

      3.     Copies - Unless otherwise indicated, each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers. In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

      4.     Daily Transcripts - If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least **one week** before trial commences.

Attachments

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. **C-_____ MMC**                    DATE: _____

_____vs _____

EXHIBIT LIST

( ) Plaintiff                    ( ) Defendant

| EXHIBIT NUMBER | Marked | Admitted | Sponsoring Witness | DESCRIPTION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | |
|---|---|
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |
| Case No. <br> **PLNTF** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ | Case No. <br> **DEFT** Exhibit No. _____ <br> Date Entered _____ <br> Signature _____ |

# EXHIBIT H

## Daniel H. Qualls

| | |
|---|---|
| **From:** | Qualls & Workman, LLP [qualls@qualls-workman.com] |
| **Sent:** | Monday, March 03, 2008 9:14 AM |
| **To:** | 'Tammy M. Mazzullo'; 'Daniel H. Qualls' |
| **Cc:** | cherylwork3660@gmail.com |
| **Subject:** | FW: Deposition |
| **Importance:** | High |

Email from Charles Barker received in general email.

c

**From:** Charles Barker [mailto:cbarker@sheppardmullin.com]
**Sent:** Friday, February 29, 2008 5:44 PM
**To:** qualls@qualls-workman.com
**Subject:** Deposition

Dan,

I need to discuss moving the date for the deposition of the PMK. Can we talk on Monday?

 Right-click here to download pictures. To help protect your

333 South Hope Street
48th Floor
Los Angeles, CA 90071-1448
213.620.1780 *office*
213.620.1398 *fax*
***www.sheppardmullin.com***

**Charles Barker**
213.617.4168 *direct* | 213.443.2731 *direct fax*
cbarker@sheppardmullin.com | *Bio*

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Daniel H. Qualls**

**From:** Ross Boughton [RBoughton@sheppardmullin.com]
**Sent:** Tuesday, April 01, 2008 1:33 PM
**To:** Tammy M. Mazzullo
**Cc:** Daniel H. Qualls; Charles Barker
**Subject:** RE: Goldsby v. Adecco PMK Depositions

Tammy and Dan,

There will be a single deponent for the PMK's. We are available on April 30, 2008. Does that work for your office?

-Ross

333 South Hope Street
48th Floor
Los Angeles, CA 90071-1448
213.620.1780 *office*
213.620.1398 *fax*
***www.sheppardmullin.com***

**Ross Boughton**
213.617.4261 *direct* | 213.443.2714 *direct fax*
RBoughton@sheppardmullin.com | Bio

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Tammy M. Mazzullo [mailto:tammy@qualls-workman.com]
**Sent:** Friday, March 28, 2008 10:21 AM
**To:** Ross Boughton
**Cc:** 'Daniel H. Qualls'
**Subject:** Goldsby v. Adecco PMK Depositions

Ross,

I just wanted to follow up with you regarding the PMK depositions. The last week in April is fine. Let me know if April 29th will work for you.

Can you let advise how many witnesses there are so that we may determine if more than one day of examinations will be necessary.

Thank You.

Tammy

Tammy M. Mazzullo, Legal Assistant

Qualls & Workman, LLP
244 California Street, Suite 410
San Francisco, CA 94111
T: (415) 782-3660
F: (415) 788-1028
tammy@qualls-workman.com
www.qualls-workman.com

THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY REPLY EMAIL AND PERMANENTLY DELETE THE ORIGINAL MESSAGE. THANK YOU.

## Daniel H. Qualls

**From:** Tammy M. Mazzullo [tammy@qualls-workman.com]
**Sent:** Tuesday, April 01, 2008 1:42 PM
**To:** 'Ross Boughton'
**Cc:** 'Daniel H. Qualls'
**Subject:** RE: Goldsby v. Adecco PMK Depositions

Ross,

      This email will confirm that we will depose Adecco's person most knowledgeable on April 30, 2008 at 10:00 a.m., in our offices on the three 30 b(6) deposition notices.

Tammy

Tammy M. Mazzullo, Legal Assistant

Qualls & Workman, LLP
244 California Street, Suite 410
San Francisco, CA 94111
T: (415) 782-3660
F: (415) 788-1028
tammy@qualls-workman.com
www.qualls-workman.com

THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY REPLY EMAIL AND PERMANENTLY DELETE THE ORIGINAL MESSAGE. THANK YOU

**From:** Ross Boughton [mailto:RBoughton@sheppardmullin.com]
**Sent:** Tuesday, April 01, 2008 1:33 PM
**To:** Tammy M. Mazzullo
**Cc:** Daniel H. Qualls; Charles Barker
**Subject:** RE: Goldsby v. Adecco PMK Depositions

Tammy and Dan,

There will be a single deponent for the PMK's. We are available on April 30, 2008. Does that work for your office?

-Ross

333 South Hope Street
48th Floor
Los Angeles, CA 90071-1448
213.620.1780 office
213.620.1398 fax
www.sheppardmullin.com

**Ross Boughton**
213.617.4261 direct | 213.443.2714 direct fax
RBoughton@sheppardmullin.com | Bio

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Tammy M. Mazzullo [mailto:tammy@qualls-workman.com]
**Sent:** Friday, March 28, 2008 10:21 AM
**To:** Ross Boughton
**Cc:** 'Daniel H. Qualls'
**Subject:** Goldsby v. Adecco PMK Depositions

Ross,

I just wanted to follow up with you regarding the PMK depositions.  The last week in April is fine.  Let me know if April 29th will work for you.

Can you let advise how many witnesses there are so that we may determine if more than one day of examinations will be necessary.

Thank You.

Tammy

Tammy M. Mazzullo, Legal Assistant

Qualls & Workman, LLP
244 California Street, Suite 410
San Francisco, CA 94111
T: (415) 782-3660
F: (415) 788-1028
tammy@qualls-workman.com
www.qualls-workman.com

THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY REPLY EMAIL AND PERMANENTLY DELETE THE ORIGINAL MESSAGE. THANK YOU

7/3/2008

## Daniel H. Qualls

**From:** Qualls & Workman, LLP [qualls1@qualls-workman.com]
**Sent:** Thursday, May 08, 2008 11:33 AM
**To:** 'Daniel H. Qualls'; 'Tammy M. Mazzullo'
**Cc:** cbarker@sheppardmullin.com; cherylwork3660@gmail.com
**Subject:** FW: Goldsby

Dan,

Attached is request to change PMK depos.

Cheryl

**From:** Charles Barker [mailto:cbarker@sheppardmullin.com]
**Sent:** Thursday, May 08, 2008 11:18 AM
**To:** qualls@qualls-workman.com
**Subject:** Goldsby

Dan,

The in-house attorney from Adecco would like to attend the deposition of the PMK and of plaintiff.  Is it possible to do the PMK on 5/22 and plaintiff on 5/23?

 Right-click here to download pictures. To help protect your

333 South Hope Street
48th Floor
Los Angeles, CA 90071-1448
213.620.1780 *office*
213.620.1398 *fax*
***www.sheppardmullin.com***

**Charles Barker**
213.617.4168 *direct* | 213.443.2731 *direct fax*
*cbarker@sheppardmullin.com | Bio*

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

## Daniel H. Qualls

| | |
|---|---|
| **From:** | Tammy M. Mazzullo [tammy@qualls-workman.com] |
| **Sent:** | Wednesday, May 21, 2008 12:41 PM |
| **To:** | 'Cheryl Porter' |
| **Cc:** | 'Daniel H. Qualls' |
| **Subject:** | Adecco PMK Depos |

Are now scheduled for June 4th at 10am in our office.

Tammy M. Mazzullo, Legal Assistant

Qualls & Workman, LLP
244 California Street, Suite 410
San Francisco, CA 94111
T: (415) 782-3660
F: (415) 788-1028
tammy@qualls-workman.com
www.qualls-workman.com

THE INFORMATION CONTAINED IN THIS EMAIL IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY REPLY EMAIL AND PERMANENTLY DELETE THE ORIGINAL MESSAGE. THANK YOU.

# EXHIBIT I

Page 2

1               UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3

4

5   SHAVOTNAE GOLDSBY, AND        )
    ALL OTHERS SIMILARLY          )
6   SITUATED,                     )
                                  )
7             Plaintiff,          )
                                  )
8   vs.                           ) Case No. CV-07-5604 MMC
                                  )
9   ADECCO, INC, and DOES 1       )
    through 100, inclusive,       )
10                                )
              Defendants.         )
11  _____)

12

13

14

15                  DEPOSITION OF

16                    KIM HANS

17

18                    ---oOo---

19

20
                   JUNE 4, 2008
21

22

23

24

25   REPORTED BY:  CHERREE P. GAGE, CSR No. 11108, RPR, CRR

1     A.     That it makes the most sense for that

2  particular client site for the client to fill it out

3  because it's not convenient for the associate or it's

4  more convenient for the customer.

5     Q.     At any given client site can Exhibit 3 be

6  filled out by either an associate or a client?

7     A.     Can it be filled out by either?

8     Q.     Yes.

9     A.     Yes.

10    Q.     I note on Exhibit 3 that it says on the top

11 "submit your hours at http" "time.adecco.com."  Do you

12 see that?

13    A.     Yes.

14    Q.     Is this time card submitted electronically?

15    A.     Right.  This site pulls up a window where you

16 would input your time.

17    Q.     Is it the case that time cards for Adecco

18 employees using Exhibit 3 as a template have been filled

19 out electronically in California?  Do you understand my

20 question?

21    A.     No.  Ask me again.

22    Q.     All right.  I'll be happy to do that.  And I

23 encourage you to tell me when you don't understand my

24 question today and I'll do my best to rephrase it.

25    A.     Okay.

KIM HANS

1      Q.     When Adecco employees fill out time cards, do

2    they do so online?

3      A.     They can do so online.

4      Q.     Is there any other way they can fill out time

5    cards?

6      A.     We also have a telephone system that they can

7    input their time through.

8      Q.     Any other way?

9      A.     They can turn in a time card to our office,

10   they can use a punch clock or electronic timekeeping

11   system at the customer site.

12     Q.     Any other way?

13     A.     I can't think of anything.

14     Q.     What percentage of time cards are filled out

15   online?

16     A.     I don't know the exact answer to that.

17     Q.     Can you give me an estimation?

18     A.     I would not be able to give you an estimation.

19   We would have to do some research to find out.

20     Q.     Are most time cards filled out online?

21     A.     I wouldn't say most, no.  It really varies.

22     Q.     How long are time cards filled out online

23   kept?

24     A.     I don't know the exact answer to that, but we

25   can find out for you.

1      Q.    If you wanted to know the answer to that, who

2    would you ask?

3      A.    Our legal department or our operations

4    department at corporate.  We have standard records and

5    retention policy that we follow.

6      Q.    Do you know where time cards filled out online

7    are kept?

8      A.    No.  They're kept in our system, but from a

9    field level I don't know where they're kept.

10      Q.    If someone wished to look at a time card of an

11    employee, would they be able to do so online?

12      A.    Yes.

13      Q.    So they can be retrieved online?

14      A.    The data that they input into the system can

15    be retrieved online.

16      Q.    If one were to retrieve such data, would it be

17    displayed on a template that looks like Exhibit 3?

18      A.    It's similar to Exhibit 3.  It shows their

19    total time.

20      Q.    Does it show meal periods?

21      A.    No.

22      Q.    Is meal period data as set forth on Exhibit 3

23    retained by Adecco?

24      A.    We retain the time cards.

25      Q.    Are the time cards that are filled out online

1      individual employees?

2      A.    Yes.

3      Q.    If you wanted to know if an employee received

4      a meal period, are you able to retrieve data in the

5      system to answer the question of whether the employee

6      did receive a meal period?

7                MR. BARKER:  Objection.  Vague.  What do you

8      mean by "system"?

9                MR. QUALLS:  Fair enough.  I listen to

10     objections.  If they're vague I rephrase my questions.

11     Q.    What system is used to input time cards?  Does

12     it have a name?

13     A.    The time capture tool.  It's called our

14     individual web time card.

15     Q.    Are you able to go onto the individual web

16     time card and retrieve time card information to

17     determine if an individual employee received a meal

18     period?

19     A.    It doesn't specifically identify the meal

20     period.  It identifies the total hours.

21     Q.    Is there any data, to your knowledge, on the

22     individual web time card that enables one to determine

23     if an employee received a meal period?

24     A.    Not on the individual web time card.

25     Q.    Is there any system that enables one to

Page 18

1   determine for employees who fill out time cards using

2   Exhibit 3 whether an employee received a meal period?

3       A.    No.

4       Q.    So if you wanted to know if an individual

5   employee received a meal period for a given week worked

6   or a given day worked, there's no system that you're

7   aware of that would enable you to retrieve data to

8   determine whether the employee received a meal period?

9       A.    No.

10          MR. QUALLS:  Could you read back my question,

11   please.

12          (Whereupon the record was read as requested.)

13      Q.    BY MR. QUALLS:  To your knowledge has any such

14   system existed at Adecco since -- for the period from

15   July 2003 to the present?

16      A.    No.  There's no system.

17      Q.    Is there any means to your knowledge by which

18   you are able to retrieve employee data to determine if

19   an employee received a meal period?

20      A.    We could view the time card.

21      Q.    Let's stop right there.  How do you go about

22   viewing a time card?  And again, I'm asking questions

23   regarding employees who use Exhibit 3.  All right?

24      A.    Right.  The time cards that are turned in to

25   our office, we can access those.  We can ask an

Page 19

1    associate to see their time card.  And customers in some

2    cases have copies of the time cards and we can ask them

3    to see the time card.

4         MR. QUALLS:  Could you read back that response

5    for me, please.

6         (Whereupon the record was read as requested.)

7         Q.   BY MR. QUALLS:  Do employees who use Exhibit 3

8    for their time cards also submit hard copy time cards?

9         A.   Sometimes.

10        Q.   And some employees don't do so; is that

11   correct?

12        A.   Right.

13        Q.   For employees who submit Exhibit 3 as their

14   time card electronically, are those employees also

15   required to submit a hard copy time card?

16        A.   They're not required to.

17        Q.   For employees who submit Exhibit 3

18   electronically, are customers also required to maintain

19   a time card for that employee?

20        A.   We'd like them to.  They're not required to.

21        Q.   Have you ever tried to retrieve meal period

22   information for an employee who has submitted a time

23   card such as Exhibit 3?

24        A.   I have not.

25        Q.   Have you ever directed anyone to do so?

Page 21

```
 1      A.    I would say no.
 2      Q.    All right.  Perhaps I'm confused.  Let me ask
 3   you this question.  Let's turn our attention to Exhibit
 4   3, again.  All right?
 5      A.    Yes.
 6      Q.    This is a hard copy of what you would see if
 7   you -- if an employee enters their time electronically.
 8      A.    Yes.
 9      Q.    A screen?
10            MR. BARKER:  What is?  I'm sorry?
11            MR. QUALLS:  Exhibit 3.
12            MR. BARKER:  You're saying does the screen
13   show all of this same --
14            MR. QUALLS:  Yes.
15            MR. BARKER:  Exactly the same as Exhibit 3?
16            MR. QUALLS:  Yes.
17            THE WITNESS:  No.
18      Q.    BY MR. QUALLS:  All right.  The screen entry
19   format is different; is that right?
20      A.    Yes.
21      Q.    All right.  The format for entry of time card
22   information electronically provides for entry of
23   information regarding meal periods; is that correct?
24      A.    Ask me again.
25      Q.    The format for entry of data electronically,
```

1    time card data electronically, provides for entry of

2    meal period data, correct?

3         A.    The format for the electronic time card asks

4    for total hours.  So your meal period would be captured

5    in your total hours, but it doesn't outline the meal

6    period.

7         Q.    How would the meal period data be captured?

8         A.    On the paper time card.

9         Q.    Only on the paper time card; is that correct?

10        A.    That's right.

11        Q.    So if you were an employee and you are

12   entering your time card electronically, you are not

13   entering information regarding meal periods; is that

14   correct?

15        A.    You are entering it as it's captured in our

16   total hours, but it's not broken down by meal period.

17        Q.    All right.  How is it captured in our total

18   hours?

19        A.    Because you'll use this time card and you'll

20   put the -- what time you start, the time you log out for

21   lunch, what time you clock back in from your meal break,

22   the time you stop and your total.  The time capture

23   system asks for your daily totals.

24        Q.    So if you're using the time capture system to

25   enter your time card information --

Page 23

1      A.    Yes.

2      Q.    -- you enter the time your shift begins; is

3    that correct?

4      A.    No.  You enter your daily total.

5      Q.    All right.  You enter a daily total of hours

6    worked; is that right?

7      A.    Correct.

8      Q.    So you would enter, for example, eight hours?

9      A.    Exactly.

10     Q.    All right.  What other data do you enter other

11   than your total hours worked?

12     A.    Your assignment number and your -- I think

13   it's the last four digits of your Social Security

14   number.

15     Q.    Anything else?

16     A.    I don't believe so.

17     Q.    Is any data entered regarding meal periods

18   taken?

19     A.    Only as part of the summary of the total hours

20   that you're indicating on a daily basis.

21     Q.    Does the summary depict the fact that a meal

22   period was taken or not?

23     A.    Well, it's assumed that a meal period is

24   taken.

25     Q.    My question is more specific than that.  Does

1    system to record a time card, is any record kept by

2    Adecco of a meal period?

3        A.    No.

4        Q.    Are you aware of any requirement under

5    California law that requires an employer to maintain

6    records of meal periods taken by employees?

7            MR. BARKER:   I'm going to object to the extent

8    it calls for a legal conclusion.  She's not here as a

9    lawyer, not testifying as a PMK on legal requirements.

10       Q.    BY MR. QUALLS:  You can answer, ma'am.

11       A.    I read something to that effect in the wage

12   order.

13       Q.    When did you first become aware of that?

14       A.    Of the wage order?  That specific piece of it?

15       Q.    When did you first become aware of a

16   requirement under California law that an employer

17   maintain a record of a meal period taken by a California

18   employee?

19       A.    I don't recall.

20       Q.    Was it this year?

21       A.    I -- I think I was made aware of it several

22   years ago and then I reviewed again recently.

23       Q.    When you first became aware of it, did you

24   take any steps to ensure that Adecco maintained records

25   of meal periods for California employees?

Page 26

1     A.    Yes.    Because we do ask our associates to fill

2     out the paper time card if that's the time capture

3     method that's being used.

4     Q.    Did you --

5     A.    And we ask them to turn the time cards in to

6     us.

7     Q.    Did you take any other steps?

8     A.    No.

9     Q.    When an employee uses the time capture system

10    to enter time card information, does the employee enter

11    the time worked began and the time worked ended in a

12    given day?

13    A.    No.

14    Q.    Does the employee enter the number of hours

15    worked on a given day?

16    A.    Yes.

17          MR. QUALLS:  Off the record.

18          (Discussion off the record.)

19    Q.    BY MR. QUALLS:  Turning your attention again

20    to Exhibit 3 on the top.

21    A.    Yep.

22    Q.    There's a reference to "Call in your hours to

23    ATS"?

24    A.    Automated time sheet I think is what that

25    stands for.

1      Q.    What percentage of employees use ATS to submit

2   a time sheet?

3      A.    I don't know.

4      Q.    Are you able to estimate the percentage?

5      A.    I'm not.  It really would depend.

6      Q.    Do most employees use ATS?

7      A.    No.

8      Q.    How long has the ATS system been used by

9   Adecco?

10      A.    I don't know.

11      Q.    What is your best estimate of when Adecco

12   began using the ATS system?

13      A.    About four, five years ago.  I don't know.

14   Someone would have to verify that.

15      Q.    Are there any written instructions provided

16   employees on the subject of how to use the ATS system?

17      A.    No.  I believe it's self-explanatory.  It

18   walks them through.  It's an automated system.

19      Q.    Does the ATS system capture meal period

20   information?

21      A.    I don't believe so.

22      Q.    What information does the ATS system capture?

23      A.    I believe it's the same as the web time where

24   it captures daily hours.

25      Q.    Are employees who use the ATS system required

1    to also prepare a hard copy of their time?

2        A.    Ideally we'd like them to do that.

3        Q.    My question is are they required to do so?

4        A.    In some cases we ask them to.  As far as

5    required, there are no consequences if they don't.

6        Q.    Are they told they must?

7        A.    Yes.

8        Q.    So all employees that use the ATS system are

9    told they also must keep a hard copy of a time card?

10       A.    Yes.

11       Q.    So employees who use the ATS system both use

12   the ATS system and fill out a paper time card; is that

13   right?

14       A.    They're supposed to.

15       Q.    Is there any monitoring system in place to

16   determine which employees who use the ATS system do not

17   fill out a paper time card?

18       A.    Not that I'm aware of.

19       Q.    Is there any enforcement of the requirement

20   that employees who use the ATS system also fill out a

21   paper time card?

22       A.    Not as a general practice.

23       Q.    To your knowledge does Adecco have any way of

24   knowing which employees -- withdraw the question.

25              Are clients required to keep a record of meal

1     periods for employees who use the ATS system?

2          A.     Our clients, we also ask our clients to sign

3     the time card and to keep a copy of the time card.

4          Q.     My question is more specific than that.  Are

5     clients --

6          A.     Our clients are not aware of whether our

7     associates are using the ATS system or using the web

8     time.  So I guess the answer would be no.

9          Q.     All right.

10         A.     Because that's out of their scope how the time

11    is being submitted from the associate.

12         Q.     Does the ATS system record when a daily work

13    shift begins?

14         A.     No.  We discussed that.  Just the hours.

15         Q.     Does the ATS system capture the same

16    information that's captured using the online system?

17         A.     I believe so.

18         Q.     Does it capture any other information?

19         A.     Not that I'm aware.

20         Q.     So the systems for purposes of capturing data

21    duplicate each other, correct?

22         A.     Right.  Two different methods.

23         Q.     Are reports prepared regarding data entered on

24    the ATS system?

25              MR. BARKER:  The question is vague and

1      Q.    How long are ATS records kept?

2      A.    I don't know.

3      Q.    If you wanted to know the answer to that

4  question, who would you ask?

5      A.    I would ask our operations department or our

6  IT department.

7      Q.    Do you know where ATS records are kept?

8      A.    No.   Not specifically.

9      Q.    For employees who use the ATS system but do

10  not submit a paper time card to Adecco, is a record kept

11  by Adecco of meal periods?

12      A.    No.

13      Q.    Some Adecco employees use paper time cards; is

14  that correct?

15      A.    Yes.

16      Q.    The paper time card is in fact Exhibit 3; is

17  that correct?

18      A.    Exactly.

19      Q.    And Exhibit 3 -- withdraw the question.

20            To whom do Adecco employees using Exhibit 3

21  submit their time cards?

22      A.    It depends.   They could submit it to the

23  branch or they could fax it to the branch or if they

24  work at a client where Adecco has a presence, they could

25  turn it in to the on-site person at the client.   They

Page 34

1    could leave it in some kind of box that someone from

2    Adecco comes by and picks up.  There's a million

3    different options.

4        Q.    Once a time card such as Exhibit 3 has been

5    submitted by an employee, where does the time card go?

6        A.    To -- either to our Adecco office or to a

7    location where there's someone that does the inputting

8    of the time.

9        Q.    So time card data input is done either at the

10   Adecco office or some other site where that function is

11   performed, correct?

12       A.    Unless the associate did their own data input

13   through the web time or the ATS system.

14       Q.    Understood.  Now, for purposes of my

15   questioning now I'm going to be asking questions

16   regarding those employees who only submit a paper time

17   card.  All right?

18       A.    Okay.

19       Q.    When data is input for a paper time card at an

20   Adecco office, what data is input?

21       A.    The total daily hours.

22       Q.    Any other data?

23       A.    No.

24       Q.    Once the data is inputted, what is done with

25   the paper time card?

Page 36

1              MR. BARKER:  You mean other than the time card

2       itself or are you talking about on the inputted stuff?

3              MR. QUALLS:  Yes.

4              MR. BARKER:  Which are you talking about?

5              MR. QUALLS:  All right.  I'll rephrase.

6       Q.    When time card data is input other than the

7       time card itself, is any other record created regarding

8       meal period data?

9       A.    No.

10             MR. BARKER:  You want a break?

11             THE WITNESS:  Does anybody feel like taking a

12      break?

13             MR. QUALLS:  You can take a break anytime you

14      wish.

15             (Whereupon a break was taken from 11:18 to

16              11:39.)

17      Q.    BY MR. QUALLS:  All right.  Back on the

18      record.  Turning your attention again to Exhibit 3.

19      A.    Okay.

20      Q.    The second page, the back page.

21      A.    Yes.

22      Q.    Under the section for associate, do you see

23      that?

24      A.    Yes.

25      Q.    This section informs the associate what steps

Page 40

1    their payroll check?

2        A.    It should be.

3            MR. QUALLS:  Can you read back the last answer

4    please, or the one before the last answer.

5            (Whereupon the record was read as requested.)

6        Q.    BY MR. QUALLS:  What is a time capture tool?

7        A.    A time clock.  There's a couple different

8    methods available.  There's time clock, there's systems

9    where you can input your time into a third party tool,

10    there's electronic time clocks or manual time clocks.

11        Q.    Are the time capture tools tools of the

12    client?

13        A.    The time clocks are either provided by Adecco

14    or they could be the clients'.  There's a combination.

15        Q.    What percentage of employees use time clocks?

16        A.    I wouldn't be able to answer that.

17        Q.    Are you able to estimate?

18        A.    I don't know, honestly.  It depends.  It

19    really varies branch to branch and market to market.

20        Q.    Would it be more than half at any given time?

21        A.    It could be.

22        Q.    Do you know?

23        A.    I don't.  It depends on the -- you know, when.

24    And some years we might have more customers that have

25    clocks that utilize clocks and some years less.

1      Q.     Any other way?

2      A.     I can't think of anything.

3      Q.     When a hard copy time card is used, how are

4    those time cards submitted by the employees to Adecco?

5      A.     You're referring to the punch clock time?

6      Q.     Yes.

7      A.     Through a variety of ways.  Adecco could come

8    by the client's site and take copies of the time cards.

9    The customer could fax them to our office.

10     Q.     At some point those time cards arrive at

11   Adecco data input center; is that correct?

12     A.     Right.  Or the branch, they data input

13   themselves.

14     Q.     Do the punch cards contain meal period data?

15     A.     It would show the times they clocked in and

16   clocked out, so yes.

17     Q.     Does the punch card data -- withdraw the

18   question.

19            Is the punch card data inputted into any

20   system once it is -- once it has arrived at an Adecco

21   branch?

22     A.     We would input through the time.adecco.com.

23     Q.     Same system you described earlier?

24     A.     Yes.

25     Q.     Does that inputting of data include input of

Page 44

1    data for meal breaks?

2        A.    No.   That time.adecco.com does not change

3    based on what you're inputting.   It asks you for the

4    same information, which is daily hours.

5        Q.    Is swipe card data input into the system?

6        A.    In some cases it is.   In some cases it's a

7    direct upload.

8        Q.    Direct upload into the system?

9        A.    Into the Adecco system.

10       Q.    Is it the same system?

11       A.    I don't know the answer.   I think so.   We'd

12   have to check with our IT guys.

13       Q.    When that input or upload takes place, is meal

14   data uploaded or inputted?

15       A.    In some cases it is.

16       Q.    In what cases is it?

17       A.    It depends on the clocks.   Some clocks upload

18   all of the information, some clocks upload total hours.

19       Q.    When you say "clocks," what do you mean?

20       A.    Some time capture systems.

21       Q.    You've described thus far a time capture

22   system that does not capture meal data, correct?

23             MR. BARKER:   Say that again.

24       Q.    BY MR. QUALLS:   You have described thus far a

25   time capture system that does not capture meal data.

Page 45

1      A.     What's it called?  What are we talking about?

2      Q.     All right.  That's fine.  I'll restate it.  At

3   some point in processing time cards data is input into a

4   time capture system.

5      A.     In processing time cards?

6      Q.     Yes.  And you've testified thus far that in

7   that process meal data is not input, correct?

8      A.     From the time card to the time.adecco.com meal

9   times are not identified.

10     Q.     Are there other systems that capture employee

11  time -- withdraw the question.

12            Are there other systems into which employee

13  time is input other than time.adecco.com?

14     A.     What we talked about a few minutes ago that

15  are some time capture systems have direct upload to

16  Adecco.  I can't tell you if it goes into

17  time.adecco.com.  I don't know where it up loads.  We

18  would have to verify that with our IT department.

19            MR. QUALLS:  Could you read back the response,

20  please.

21            THE WITNESS:  I don't know if I answered the

22  right question.

23            MR. QUALLS:  I think I understand you.

24            (Whereupon the record was read as requested.)

25     Q.     BY MR. QUALLS:  What time capture systems

KIM HANS

1   direct upload just because of the sophistication of the

2   tool.

3       Q.   Do you know if in that process meal period

4   data is captured in the --

5       A.   I don't know.

6       Q.   -- time capture system?  Where employee time

7   records are captured by time clocks provided by clients,

8   is there a time capture system that captures that data?

9       A.   I think --

10          MR. BARKER:  The question's vague.

11          THE WITNESS:  I think it would depend on the

12  system.  There's always going to be a variety of

13  different ways of capturing because it depends on the

14  tools.  So it could be that it does a direct upload,

15  that would be ideal --

16          MR. BARKER:  That's not what he asked you.

17          THE WITNESS:  Sorry.  Okay.  Start over.  Tell

18  me the question again.

19          MR. QUALLS:  Sure.  Would you read back the

20  question, please.

21          (Whereupon the record was read as requested.)

22          THE WITNESS:  I don't know.

23      Q.   BY MR. QUALLS:  Do you know how employee time

24  -- does the time -- withdraw the question.

25          Do time capture systems capture information

1    regarding hours worked for purposes of payroll?

2        A.    Yes.

3        Q.    How are hours worked captured for payroll

4    where employees use time clocks provided by clients?

5        A.    It could be a variety of ways.  Ideally would

6    be a direct upload from their system to ours.  It could

7    be that it prints out a report.  It depends on the

8    capability of the time capture system and its

9    compatibility to our system.

10       Q.    When you say it prints out a report, do you

11   mean the clients supply time clock printout reports?

12       A.    Yes.

13       Q.    Is the report then -- withdraw the question.

14             Is the data on that report then inputted into

15   a time capture system by Adecco?

16       A.    Yes.

17       Q.    What system is it inputted into?

18       A.    At time.adecco.com.

19       Q.    Is there a way to determine what employees use

20   the ACT system to input their time records?

21             MR. BARKER:  The ATS?

22             MR. QUALLS:  Did I say --

23             MR. BARKER:  Did you mean ATS?

24             MR. QUALLS:  Yes.

25             THE WITNESS:  Is there a way to determine --