SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CHARLES F. BARKER, Cal. Bar No. 70076
ROSS A. BOUGHTON, Cal. Bar No. 241119
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant
ADECCO INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>v.<br><br>ADECCO, INC., and DOES 1 through 100, inclusive,,<br><br>    Defendants. | Case No. CV 07 5604 MMC<br><br>**DEFENDANT ADECCO INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY PRETRIAL PREPARATION ORDER**<br><br>[Complaint Filed: July 26, 2007]<br><br>Date:    Aug. 1, 2008<br>Time:   10:30 a.m.<br>Court:  7<br>Judge:  Hon. Maxine M. Chesney |

### I. Introduction

Plaintiff seeks a 75 day extension to file her motion for class certification. Defendant acknowledges that due to scheduling conflicts the deposition of Adecco's person most knowledgeable Kim Hans was delayed for 35 days beyond an agreed upon April 30 date to June 4, 2008. For this reason, Defendant informally agreed to a 30 day extension and will not oppose a 40 day extension. There is, however, no justification for a 75 day extension.

-1-

1       Plaintiff alleges two basic reasons for such a lengthy extension: Defendant failed to respond to interrogatories in a timely fashion and Plaintiff was unable to take the deposition of Kim Hans until June 4. However, Defendant responded timely to Plaintiff's burdensome interrogatories by objecting in November 2007. Plaintiff did not move to compel responses until July 3, 2008, even though Defendant re-advised Plaintiff in late March of the burdensome nature of such interrogatories. Furthermore, the deposition was delayed only 35 days from the April date that Plaintiff found acceptable. The information uncovered at Ms. Hans' deposition about the records of meal periods was consistent with the information previously told to Plaintiff. Thus, nothing new was discovered at the deposition to justify the request for the lengthy delay to file the motion for class certification.

## II.   **Statement of Facts**

      On February 8, 2008, Plaintiff agreed to a Joint Case Management Statement that proposed a July 7, 2008 deadline to file Plaintiff's Motion for Class Certification. (Boughton Decl. ¶ 4). At that point in time, Plaintiff was fully aware of how much discovery had been completed and how much additional discovery was necessary for her class certification motion and agreed to a deadline of roughly 5 months.

      During that same week, Plaintiff served Rule 30(b)(6) deposition notices on Defendant. Plaintiff unilaterally set the deposition dates and did not contact Defendant prior to sending the notices to check if the dates were actually available. (Boughton Decl. ¶ 5). As could be expected, there were scheduling conflicts with the noticed dates and the parties met and conferred to schedule the deposition on a mutually available date. (Boughton Decl. ¶ 5). Plaintiff's counsel suggested April 29, 2008 as a date for the deposition, stating in an email: "The last week in April is fine. Let me know if April 29th will work for you." (Boughton Decl. ¶ 5, Exh. 1). At that time, Defense Counsel and the

witness, Kim Hans, were both available on April 30 and Defendant agreed to that date. (Boughton Decl. ¶¶ 6, 7, Exhs. 2, 3).

Shortly thereafter, a conflict arose and Defendant was forced to reschedule Ms. Hans deposition for June 4, 2008, a delay of 35 days. (Boughton Decl. ¶ 8). Defendant acknowledges that it was Defendant's and not Plaintiff's conflict that caused the deposition to be delayed those 35 days. (Boughton Decl. ¶ 8). Apart from the 35 day delay in Ms. Hans' deposition, Defendant has not caused any other delays in discovery. (Boughton Decl. ¶ 9).

Contrary to Plaintiff's assertion, no new facts were uncovered at Kim Hans' June 4, 2008 deposition that would suddenly support a motion to compel interrogatory responses to Plaintiff's Special Interrogatory No. 1, which sought contact information for "all persons employed by [ADECCO] between July 26, 2003 and the present paid on an hourly basis for whom ADECCO records depict a meal period not taken." Defendant timely responded to this interrogatory on November 1, 2007 by objecting that it invaded the privacy rights of those people, and it would also be unduly burdensome to answer. (Boughton Decl. ¶ 10). Defense counsel reiterated this position in a conversation with Plaintiff's counsel on March 27, 2007, stating that responding to the interrogatory would require Defendant to scour all of its time records to see which employees' records showed a meal period and which did not. (Boughton Decl. ¶ 11). Consistently, Ms. Han testified that Adecco only keeps physical time records of meal periods, not electronic records and to actually determine which employees' records depicted a meal period and which did not, one would have to look at each employee's physical time cards. (Hans Depo. 17:3-19:3) Accordingly, Kim Hans' testimony merely confirmed Defendant's longstanding position and did not provide any new basis to challenge Defendant's objections.

III. **Argument And Authorities**

A. <u>A Thirty-Five (35) Day Delay in Kim Hans' Deposition Does Not Warrant A Seventy-Five (75) Day Extension</u>

When scheduling Kim Hans' deposition, the parties agreed upon a date of April 30, 2008. Plaintiff suggested that date, stating in an email "[t]he last week of April is fine. Let me know if April 29th will work for you." Due to scheduling conflicts, Defendant requested to move the deposition to June 4, 2008. No other discovery delays occurred. Due to this delay, Defendant informally agreed to a 30 day extension for Plaintiff's motion for class certification and it does not oppose a 40 day extension. A 75 day extension, however, is unwarranted. Plaintiff has offered no explanation why a 75 day extension is necessary due to a mere 35 day delay in Ms. Hans' deposition.

B. <u>Defendant Timely Responded To All Written Discovery</u>

Plaintiff's allegation that "ADECCO failure to respond to Plaintiff's interrogatories in a timely fashion" is false. As Plaintiff's counsel admits, Defendant timely responded to Plaintiff's interrogatories on November 1, 2007 when it objected to Plaintiff's burdensome requests. (Qualls Decl. ¶ 4, Exh. C). What Plaintiff's counsel is really alleging is that Defendant failed to provide *answers* to Plaintiff's burdensome interrogatories. Plaintiff has known of Defendant's objections for over 8 months. Defendant reiterated its objections and rationale in a March 2008 conversation with Plaintiff's counsel and it has never changed its position. Yet, Plaintiff did not file a motion to compel until last week. (Boughton Decl. ¶ 13, Exh. 5). If the interrogatory responses were truly essential for class certification, Plaintiff could have sought to compel responses months ago.

C.  No New Information Was Uncovered At Kim Hans' Deposition

In her motion, Plaintiff alleges that at Kim Hans June 4, 2008 deposition, "Plaintiff learned that most of Adecco's records are electronic and thus easily searchable for the information that is responsive to interrogatories seeking putative class member contact information. Plaintiff can now file a motion to compel the disclosure of the class members' contact information as Plaintiff will be able to demonstrate that the disclosure of the requested information will not be burdensome to ADECCO." (Plaintiff's Memorandum of Points and Authorities, page 6, lines 16 – 20). This statement is blatantly false. Kim Hans *did not* testify that Adecco's records of meal periods are electronic and easily searchable. (Hans Depo. 17:3-19:3) Accordingly, Plaintiff did not "learn" any new information that disputed Defendant's uniform assertion that Plaintiff's Special Interrogatory No. 1 is immensely burdensome. In fact, Kim Hans' testimony confirmed Adecco's longstanding objections. Ms. Hans testified that there is no electronic system to determine which employees' records show meal periods and which do not. (Hans Depo. 17:3-18:17) Ms. Hans testified that to do so, one would have to look at the actual physical time cards. (Hans Depo. 18:17-19:3). Interestingly, Plaintiff concedes this very fact (and completely contradicts her position in this motion) in her motion to compel, where she admits: "Neither [of Adecco's electronic record systems] provide any information regarding whether an employee took a meal period, as the data for [both electronic systems] reflects only the total number of hours an employee worked." (Boughton Decl. ¶ 13, Exh. 5, p. 8, lines 14-16).

Defendant's position and rationale have been consistent since November 2007 and Ms. Hans' testimony was consistent with that position. Accordingly, nothing new was discovered in Kim Hans' deposition that would provide a "new" basis for compelling responses to Special Interrogatory No. 1. If responses to Special Interrogatory

No. 1 were necessary for class certification, Plaintiff has had several months to move to compel.

## IV. Conclusion

Defendant acknowledges that Kim Hans' deposition was delayed for 35 days and does not oppose a 40 day extension for Plaintiff's class certification deadline. There is, however, no justification for extending the deadline for more than 40 days. Plaintiff knew of Defendant's objections to Special Interrogatory No. 1 at the time she agreed to the July 7 date for filing the class certification motion. If she felt that information was necessary for her class certification motion, she could have sought to compel responses several months ago.

Dated: July 11, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Ross A. Boughton
CHARLES F. BARKER
ROSS A. BOUGHTON
Attorneys for Defendant ADECCO, INC.

W02-WEST:1RAB1\400935262.1          -6-          DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY PRETRIAL PREPARATION ORDER