1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2      Including Professional Corporations
   CHARLES F. BARKER, Cal. Bar No. 70076
3  ROSS A. BOUGHTON, Cal. Bar No. 241119
   333 South Hope Street, 48th Floor
4  Los Angeles, California 90071-1448
   Telephone: 213-620-1780
5  Facsimile: 213-620-1398

6  Attorneys for Defendant
   ADECCO INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>              Plaintiff,<br><br>   v.<br><br>ADECCO, INC., and DOES 1 through 100, inclusive,,<br><br>             Defendants. | Case No. CV 07 5604 MMC<br><br>**DECLARATION OF ROSS A BOUGHTON IN SUPPORT OF DEFENDANT ADECCO INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY PRETRIAL PREPARATION ORDER**<br><br>[Complaint Filed: July 26, 2007]<br><br>Date:    Aug. 1, 2008<br>Time:   10:30 a.m.<br>Court:  7<br>Judge:  Hon. Maxine M. Chesney |

W02-WEST:1RAB1\400935262.1

## DECLARATION OF ROSS A. BOUGHTON

I, Ross A. Boughton, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, attorneys of record for Adecco Inc..

2. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3. This declaration is submitted in support of Defendant Adecco Inc.'s Opposition to Plaintiff's Motion to Modify Pretrial Preparation Order.

4. On February 8, 2008, both parties agreed to a Joint Case Management Statement that proposed a July 7, 2008 deadline to file Plaintiff's Motion for Class Certification. Plaintiff's counsel filed the Joint Case Management Statement with the Court on that day.

5. During that same week, Plaintiff served Rule 30(b)(6) deposition notices on Defendant. Plaintiff unilaterally set the deposition dates and did not contact Defendant prior to sending the notices to check if the dates were actually available. As could be expected, there were scheduling conflicts with the noticed dates and the parties met and conferred to schedule the deposition on a mutually available date. Tammy Mazzullo from Plaintiff's counsel's office suggested April 29, 2008 as a date for the deposition, stating in a March 28, 2008 email to me: "The last week in April is fine. Let me know if April 29th will work for you." A true and correct copy of that March 28, 2008 email is attached as Exhibit 1.

-1-

-2-

6.    On April 1, 2008, I replied to Ms. Mazzullo's email, stating "We are available on April 30, 2008. Does that work for your office?" A true and correct copy of my April 1, 2008 email is attached as Exhibit 2.

7.    That same day, Ms. Mazzullo replied to my email and confirmed the April 30, 2008 date, stating: "This email will confirm that we will depose Adecco's person most knowledgeable on April 30, 2008 at 10:00 a.m., in our offices on the three 30(b)(6) deposition notices." A true and correct copy of Ms. Mazzullo's April 1, 2008 email is attached as Exhibit 3.

8.    Shortly thereafter, a conflict arose and Defendant was forced to reschedule Ms. Hans' deposition for June 4, 2008, a delay of 35 days. Defendant acknowledges that it was Defendant's and not Plaintiff's conflict that caused the deposition to be delayed those 35 days.

9.    Apart from the 35 day delay in Ms. Hans' deposition, Defendant has not caused any other delays in discovery since the February 8, 2008 Joint Case Management Statement

10.    Defendant timely responded to Plaintiff's first set of Special Interrogatories on November 1, 2007. (*See* Exhibit B to Qualls Decl.). Defendant responded to Special Interrogatory No. 1 by objecting that it invaded the privacy rights of employees, and it would also be unduly burdensome to answer. (*See* Exhibit B to Qualls Decl.).

11.    On March 27, 2007, I spoke to Plaintiff's counsel Daniel Qualls regarding Defendant's response to Special Interrogatory No. 1, among other discovery issues. In that conversation, I reiterated Defendant's objections to the interrogatory and

informed Mr. Qualls that responding to the interrogatory would require Defendant to scour all of its time records to see which employees' records showed a meal period and which did not.

12. On June 4, 2008, Kim Hans was deposed. Ms. Han testified that Adecco only keeps physical time records of meal periods, not electronic records and to actually determine which employees' records depicted a meal period and which did not, one would have to look at each employee's physical time cards. (*See* Hans Depo. 17:3-19:3) A true and correct copy of the relevant pages of Ms. Hans deposition are attached as Exhibit 4.

13. On July 3, 2008, Plaintiff filed a Motion to Compel Further Responses To Plaintiff's First Set of Special Interrogatories. A true and correct copy of Plaintiff's motion is attached as Exhibit 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 11, 2008, at Los Angeles, California.

*/s/ Ross A. Boughton*
Ross A. Boughton

-3-