Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ADECCO, INC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. CV-07-5604 MMC<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO MODIFY PRETRIAL PREPARATION ORDER**<br><br>DATE: AUGUST 1, 2008<br>TIME: 10:30 A.M.<br>CTRM: 7<br>JUDGE: HON. MAXINE M. CHESNEY |

1  Plaintiff Shavotnae Goldsby (Plaintiff) respectfully files this reply memorandum of points
2  and authorities in support of her Motion to Modify this Court's Pretrial Preparation Order.

## I. INTRODUCTION

Defendant Adecco, Inc.'s (Adecco or Defendant) Opposition to Plaintiff's motion focuses only on select portions of the evidence presented to this Court to argue that no justification exists to extend the existing class certification briefing schedule by 75 days. Defendant agrees to a 40 day continuance, but contests the 75 day extension requested.

Defendant's Opposition makes three flawed assertions: Defendant timely responded to all written discovery; a 35 day delay in taking the deposition of Kim Hans does not justify a 75 day extension to the schedule; and Ms. Hans's deposition testimony did not present any new evidence regarding Adecco's record keeping practices. All three points are unsupported and counter to evidence presented by Plaintiff.

## II. ARGUMENT

Plaintiff has acted diligently from the time this case was first filed in state court to obtain the facts and evidence necessary to certify the class of employees she identified in her Complaint.[1]

### A. The Deposition of Kim Hans Was Delayed Over Eight Months

In considering the deposition scheduling in its Opposition, Defendant focused only on the latter part of the delays that it caused in producing its representative. Plaintiff first sought to take the deposition of the Adecco representative eventually identified as Kim Hans through notices specifying a deposition date of September 25, 2007.[2] Plaintiff's counsel did not take Ms. Hans's deposition until June 4, 2008. This was a delay of well over eight months from the date from which Plaintiff initially noticed the deposition. Eight months is a far greater delay than the 35 days Defendant emphasizes in its Opposition. Plaintiff did not cause the eight month delay. Defendant removed the case to federal court in the interim, the effect of which was to delay Plaintiff's ability to proceed with discovery until after the parties' Fed. R. Civ. P. 26 Conference at

---

[1] Plaintiff's Complaint, Declaration of Daniel H. Qualls in Support of Plaintiff's Motion to Modify Pretrial Preparation Order ("Qualls Decl."), Exhibit (EX) A.
[2] PMK Deposition Notices, Qualls Decl., EX D.

REPLY BRIEF                      -2-                    3153/MOTIONS/MODIFY.DOC

the beginning of February, 2008.[3] Thereafter, Plaintiff promptly re-noticed the requested FRCP 30(b)(6) depositions.[4] Defendant cancelled the deposition dates two more times after it was re-noticed. Moreover, Plaintiff's inability to take Ms. Hans's deposition until June 4, 2008, was through no fault of her own, a point Defendant does not contest.

**B.    Defendant Did Not Provided Timely Answers to Plaintiff's Interrogatories**

Defendant next asserts that as it provided timely "responses" to Plaintiff's special interrogatories seeking the identity and contact information for putative class members, no good cause is shown for the extension requested. Not so. Defendant did not provide the contact information requested by Plaintiff's interrogatories. Rather, Defendant asserted blanket objections on the grounds of state law privacy rights and burden. As detailed in Plaintiff's pending Motion to Compel, California law broadly permits the disclosure of putative class member information, finding no violation of putative class members' right to privacy. Pioneer Electronics (USA) Inc. v. Superior Court, 40 Cal. 4th 360, 373 (2007); Puerto v. Superior Court, 158 Cal. App. 4th 1242, 1252-55 (2008). Defendant has yet to provide interrogatory responses containing putative class member contact information.

Next, Defendant asserts that responding to Plaintiff's request to produce the contact information of putative class members is unduly burdensome because doing so "would require Defendant to scour all of its time records to see which employees' records showed a meal period and which did not." Opp. at 3:18-21. It is difficult to see why this argument defeats Plaintiff's showing of good cause, as Defendant admits it failed to provide requested discovery seeking information Plaintiff requires in support of class certification. Defendant's objection is also without merit. Defendant's objection is that it must undertake a search of its records to respond to the interrogatory. The fact that a search must be conducted to obtain information does not relieve Defendant from its obligation to produce the requested information or excuse the consequences of failure to do so. All discovery requests require a search for responsive information. Any burden that exists is not in the search itself, but in the precise *nature* of the search that is required.

---

[3] Notice of Removal, Qualls Decl., EX E; Pretrial Preparation Order, Qualls Decl., EX H.
[4] 30(b)(6) Deposition notices, Qualls Decl., EX F.

Ms. Hans's testimony on June 4, 2008, revealed that the majority of Adecco's employee time records are electronic in nature. The character of such electronic records is that they are easily searchable. Defendant does not refute this point. Merely reasserting a burden objection does not refute the point that Plaintiff has demonstrated good cause for modification of the Court's scheduling order due to Adecco's failure to provide information requested in discovery.

### C. Defendant Produced No Information On The Nature Of Its Meal Break Period Records For Putative Class Members Until Ms. Hans's June 4, 2008, Deposition

Adecco states repeatedly in its Opposition that Plaintiff did not learn any new information at Ms. Hans's deposition that would support a showing of good cause to modify the existing Pretrial Preparation Order. Yet Defendant's Opposition fails to cite evidence Plaintiff had prior knowledge of key facts to which Ms. Hans testified: that the bulk of Adecco hourly employee time records are maintained electronically and are easily searchable. Defendant's interrogatory responses state only that Plaintiff's interrogatories are burdensome and infringe upon privacy rights.[5]

Ms. Hans testified that Adecco's electronic record keeping system consists of time records which do not depict meal period breaks. This being the case, such records serve to identify putative class members, as Plaintiff's proposed class is defined as Adecco employees for whom Adecco's records depict the absence of a meal period. Defendant argues that because Plaintiff also stated this fact in her pending Motion to Compel, Plaintiff has "conceded" this fact, which in some unexplained way means Plaintiff is taking a conflicting position between the instant motion and her Motion to Compel. Opp. at 5:14-21. Defendant's point is much confused. Plaintiff does not claim here or in her Motion to Compel that Ms. Hans's testimony is anything other than what it is: an admission that Adecco's electronic records do not depict meal periods taken by putative class members, and that such records are readily searchable.

In its Opposition, Defendant asserts that to determine whether a given employee received a meal period break, it would have to refer to its hard copy time cards. Boughton Decl. at ¶ 12.

---

[5] Defendant's Responses to Plaintiff's First Set of Special Interrogatories, Qualls Decl., EX C.

1  This is simply untrue. As Han's testimony revealed, Adecco electronic records enable Adecco to
2  determine which employees did not receive a meal period break according to Adecco time records.
3  Ms. Hans also testified that Adecco does not keep hard copy records for each and every employee.
4  Not all employees use a hard copy time card to record their time that is then turned into Adecco to
5  be input.[6] Not all employees who record their time on hard copy time card actually turn that time
6  card in to Adecco for recordkeeping purposes.[7] Many employees simply use either the website or
7  the telephone system alone to input their time and do not create a hard copy time card that is then
8  turned in to Adecco.[8] Moreover, employees are not required to turn in a hard copy time card to
9  Adecco when this is the case, meaning that no hard copy record depicting whether a given
10 employee took a meal break period exists.[9] The fact remains that for employees who use one of
11 the several Adecco electronic systems to record their time, Adecco's electronic records depict the
12 absence of a meal period and thus the identify of a putative class members.
13          Adecco's argument regarding its hard copy time records also misleadingly inflates the true
14 significance of these secondary source records. Employees who use hard copy time cards without
15 also inputting the data into the website or the telephone system turn in their time cards to Adecco,
16 where a branch employee is responsible for inputting the time into Adecco's system.[10] This
17 system captures the same information as the website and the telephone system that other
18 employees use.[11] Ms. Hans testified that Adecco uses information input through all of these
19 methods to calculate each employee's hours worked for payroll purposes.[12] As employees are not
20 paid for meal period time, and such records record time for payroll purposes, such records depict
21 whether a meal period is provided. I.W.C. Wage Order 4-2001, 8 CCR 1040 (11). Thus, Adecco
22 itself relies on its electronic records as its primary source of information regarding employee work

---

[6] Supplemental Declaration of Daniel H. Qualls in Support of Plaintiff's Motion to Modify Pretrial Preparation Order ("Qualls Suppl. Decl."), EX A, Deposition of Kim Hans ("Hans Depo.") at 13:1-11.
[7] Qualls Suppl. Decl., EX A, Hans Depo. at 19:7-16.
[8] Qualls Suppl. Decl., EX A, Hans Depo. at 19:7-20, 26:22-27:24.
[9] Qualls Suppl. Decl., EX A, Hans Depo. at 27:25-28:22 (no consequences for employees who do not turn in a hard copy time card; rule asking employees to turn in a hard copy time card is not enforced), 30:21-31:22, 33:9-12
[10] Qualls Suppl. Decl., EX A, Hans Depo. at 34:4-14.
[11] Qualls Suppl. Decl., EX A, Hans Depo. at 35:18-22, 36:6-9.
[12] Qualls Suppl. Decl., EX A, Hans Depo. at 47:25-48:2.

time. These practices were known only to Defendant until Plaintiff's counsel took Ms. Hans's deposition on June 4, 2008. Although Defendant claims otherwise it fails to offer such proof.

### D. Good Cause Exists to Modify the Pretrial Preparation Order

Plaintiff's proposed class is defined as hourly employees for whom Adecco records depict a meal period not taken. Plaintiff promptly propounded interrogatories to obtain the contact information of such putative class members to enable Plaintiff to submit evidence in support of a request for class certification. Defendant failed to provide the requested information, claiming burden. Plaintiff also, at the same time, promptly noticed the deposition of Adecco's representative on the topic of Adecco meal period records for the purpose of demonstrating the degree of burden to answer Plaintiff's putative class member contact information interrogatory. This deposition was delay for more than 8 months for two reasons; removal of this action from state court; and 2) deposition postponements by Defendant. The Adecco representative deposition on June 4, 2008, revealed the existence of Adecco's electronic employee time record system. The existence and extent of this system belies Adecco's burden assertion. Once Adecco's meal period representative was deposed on June 4, 2008, Plaintiff diligently met and conferred with Adecco's counsel regarding requested putative class member contact information, then filed a motion to compel disclosure of such information. This record establishes good cause for the class certification filing date extension requested.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court find good cause to modify the existing Pretrial Preparation Order and extend the class certification briefing schedule by an additional 75 days.

Date:  July 18, 2008

QUALLS & WORKMAN, L.L.P.

By: _____
Daniel H. Qualls
Attorney for Plaintiff

REPLY BRIEF                                    -6-                           3153/MOTIONS/MODIFY.DOC