

Qualls & Workman, LLP
ATTORNEYS AT LAW

July 30, 2008

Honorable Joseph C. Spero,
United States Magistrate Judge
United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom A, 15th Floor
San Francisco, California 94102

  Re: Shavotnae Goldsby, et. al. v. Adecco, Inc., et. al.
    <u>Case Number: CV 07 5604 MMC (JCS)</u>

Your Honor:

### **Plaintiff's Position Regarding Interrogatory No. 1.**

  Lead counsel for Plaintiff, Daniel H. Qualls, and lead counsel for Defendant, Charles F. Barker, met in person on July 23, 2008, to discuss disputed discovery as addressed by Plaintiff's Motion filed on July 3, 2008 (MCM). Counsel resolved disputes regarding Plaintiff's interrogatories numbers 2, 3, 4, and 5.

  Plaintiff's Interrogatory No. 1 requesting the name and contact information of putative class members, remains in dispute. At the MCM, Defendant's counsel informed Plaintiff that current California hourly employees of Defendant Adecco exceed 45,000 persons. Plaintiff's counsel proposed that Defendant provide 500 names of Adecco California hourly employees, randomly selected, for each of the five years in the proposed class period, for a total of 2,500 names limited to those hourly employees who submitted electronic timecards. Defendant proposed that a notice be sent to putative class members informing them of the right to object to release of contact information as adopted by the court in *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). Plaintiff proposed a protective order limiting dissemination of contact information to Plaintiff's counsel, investigators, and experts, which in conjunction with Plaintiff's 2,500 member sample proposal, constituted Plaintiff's final proposed compromise.[1] On July 28, 2008, Defendant informed Plaintiff that it would agree to provide contact information for putative class members working at two California customer sites only, Waste Management, Inc. and the Wine Lab, sites at which Plaintiff worked as an Adecco temporary employee. Plaintiff informed Defendant this proposal was not acceptable, and

---

[1] At Defendant's request, on July 30, 2008, Plaintiff clarified her sample proposal and proposed use of an Excel program by Defendant to randomly select the proposed sample by employee ID number.

244 California Street, Suite 410 • San Francisco, CA 94111
tel 415/782-3660 • fax 415/786-1025 • http://www.qualls-workman.com

Defendant informed Plaintiff that Defendant would not provide contact information for putative class members absent a *Belaire* notice procedure.

Federal courts have long allowed for the disclosure of names and contact information of putative class members. *Gulf Oil Co. v. Bernard*, 452 U.S 89, 101 S.Ct 2193, 68 L.Ed.2d 693 (1981); *Putnam v. Eli Lilly & Co.* 508 F.Supp.2d 812, 814 (C.D. Cal. 2007); *Jimenez v. Domino's Pizza, LLC* 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. 2006), *Wiegele v. Fedex Ground Package Sys.* 2007 U.S. Dist. LEXIS 9444 (S.D. Cal. 2007).

The operative facts and reasoning in *Putnam, Jimenez,* and *Wiegele,* are applicable here. As in *Putnam, Jimenez,* and *Wiegele,* Plaintiff seeks contact information pertaining to all putative class members as Plaintiff seeks to certify a statewide class of Adecco hourly employees, not just those employees who worked at two Adecco client workplaces in California. Defendant's privacy concerns are outweighed by Plaintiff's legitimate need for the requested information to determine whether common questions of law or fact exist and if Plaintiff's claims are typical of potential plaintiffs and class members.

Defendant's insistence upon a *Belaire* notice procedure should be rejected on several grounds. First, privacy concerns can be properly addressed by a protective order limiting dissemination of contact information to Plaintiff's counsel, her investigators and experts. *Putnam v. Eli Lilly & Co.* 508 F.Supp.2d 812, 814 (C.D. Cal. 2007), *Jimenez v. Domino's Pizza*, 2006 U.S.Dist. LEXIS 55510, at pg. 8 (C.D. Cal. 2006).; *Weigele v. Fedex Ground Package Sys.*, 2007 U.S.Dist LEXIS 9444 (S.D.Cal. 2007). Second, a *Belaire* notice will cause significant prejudice to Plaintiff. A *Belaire* notice entails a three step process typically requiring 6 weeks or more to complete before contact information is provided to the requesting plaintiff.[2] On July 28, 2008, the Court granted in part and denied in part Plaintiff's motion to extend the class certification motion filing deadline to August 31, 2008, without prejudice to Plaintiff's seeking a further extension in light of any rulings that may issue by this Court.[3] Adoption of a *Belaire* notice procedure will effectively preclude use of putative class member contact information in support of Plaintiff's request for class certification.

---

2 See, Order Re: Privacy Notice/Letter To Putative Class Members, *Wallace Ralston v. US-Reports, Inc.*, Alameda County Superior Court Case No. RG07328773, Exhibit A, attached hereto.
3 See, July 28, 2008, Order Granting In Part And Denying In Part Plaintiff's Motion To Modify PreTrial Preparation Order: Vacating Hearing, Exhibit B, attached hereto.

Accordingly, Plaintiff respectfully requests an order of the Court directing Defendant to provide contact information for putative class members as set forth in Plaintiff's final proposed compromise to Defendant's counsel on July 24, 2008, by August 8, 2008.

### Position of Defendant Adecco Regarding Interrogatory No. 1

Defendant is submitting its position statement without seeing Plaintiff's statement because Plaintiff's counsel did not want to share the written statements. In this class action, Plaintiff alleges that Defendant Adecco failed to provide meal periods to its temporary employees in California. Adecco is a temporary services firm that supplies temporary employees to numerous companies in California. Plaintiff Goldsby worked at two of Adecco's California customers. Interrogatory No. 1 requested the home contact information for all putative class members "for whom Adecco records depict the meal period not taken." Adecco objected on various grounds to this interrogatory, including that it was burdensome and overbroad and thus sought irrelevant information, and that it sought information not needed for class certification. Defendant also objected that it sought private information.

On March 27, 2008, the attorneys for Adecco explained to Plaintiff's attorney that this interrogatory was extremely burdensome as the only way for Adecco to determine those persons for whom its records did not show the meal period is to do a manual search of thousands upon thousands of time cards. In 2007 alone, Adecco employed over 43,000 temporary employees in California. To answer Interrogatory No. 1 for just 2007, Adecco would have to manually review the time records for these 43,000 different employees, for each week that the employees worked in 2007. For the week ending July 13, 2008, there were 9060 temporary employees on the Adecco payroll in California. That is 9060 different time records to be reviewed to determine whether the records did or did not depict a meal break. The same search would be required for the other years in the class period from July 2003 to the present.

Defendant further believes that the information sought by this interrogatory is not needed at this time, considering the burden. Based on discussions between counsel, Plaintiff has claimed that this class can be both certified and proven through documents. Defendant has produced its relevant policies and Plaintiff has taken the PMK depositions. Defendant is answering the question of the total number of hourly employees employed for the class period in

3

Honorable Joseph C. Spero
July 30, 2008
Page 4

California. It is unclear to Defendant how the identification of the home contact information of these potential class members will help establish class certification since Plaintiff contends that her case will be proved through documents. At the recent meeting when Defendant asked Plaintiff for an explanation of the theory under which Plaintiff was proceeding in light of *Brinker Restaurant Corp. v. Superior Court*, __ Cal.App.4th __ (08 SOS 4356, July 23, 2008), Plaintiff's counsel indicated that he would not explain his theory at that time but that Defendant would see the argument in the motion for class certification. The *Brinker* case held that the employer did not need to ensure that the meal period was taken but rather the employer only needed to make such breaks available. The court also held that class treatment was inappropriate because of the need to determine on an individual basis the reasons why the meal period was missed.

Defendant also objected to the disclosure of the home addresses and phone numbers on privacy grounds pursuant to *Pioneer Electronics v. Superior Court*, 40 Cal. 4th 360 (2007); *Belaire West Landscape v. Superior Court*, 149 Cal.App. 4th 554 (2007); and *Best Buy Stores v. Superior Court*, 137 Cal.App. 4th 772 (2006). These cases found a privacy right in the home addresses and phone numbers of the putative class members. These courts ordered that the potential class members be given a chance to object to the disclosure of their information before the contact information was given to the plaintiff's counsel. This state right of privacy is applicable to this proceeding pursuant to Fed.R.Evid. 501. See, *Star Editorial v. USDC*, 7 F.3d 856 (9th Cir. 1993); *Salazar v. Avis Budget Group, Inc.*, 2007 WL 2990281 (S.D. Cal. 2007).

In an effort to compromise and resolve this dispute, Adecco has proposed to provide to a third party administrator the home contact information for all those employees who were assigned to the two Adecco customers for whom plaintiff worked: Wine Lab and Waste Management. The home contact information will be provided through a third party administrator who would mail a letter to these people advising them that the plaintiff's counsel sought their home contact information and, if they did not want it disclosed, they would have to return a postcard. This is the process that has been adopted to protect the privacy rights guaranteed by the California Constitutional Right of Privacy. See *Pioneer* and *Belaire West* cases. Plaintiff does not want to utilize a third party administrator but rather wants Adecco to submit the home

4

Honorable Joseph C. Spero
July 30, 2008
Page 5

addresses and phone numbers directly to Plaintiff. Plaintiff's proposal requires Adecco to violate the privacy rights of the persons who are not parties to this case.

Plaintiff requests a "random sample" of about 2,000 Adecco temporary employees. Defendant disagrees with this approach. Defendant has proposed to produce the home contact information for those persons who worked at the same companies for whom plaintiff also worked. Adecco is a supplier of temporary employees to other companies who have their own work standards and meal break rules or procedures. Defendant believes that the persons who worked at the same two customers as Plaintiff may have been subject to the same rules for meal breaks. The two customers (Wine Lab and Waste Management) were supplied employees by Adecco for 47 different physical locations. There were almost 1800 different assignments for which Adecco supplied employees to these two customers. The employees supplied by Adecco to other customers would have been working under different rules for meal breaks and thus could not offer evidence for class certification.

Plaintiff asked Defendant if it could supply the home contact information by August 8. It can do so for the contact information for the employees who worked at Wine Lab and Waste Management. As to a "random sample", Defendant asked Plaintiff's counsel on July 29 for the parameters and method for the sampling. Defense counsel did not get an answer to that question until July 30 at 11:30. Plaintiff requested that the sampling be done from an Excel spreadsheet. Defense counsel does not know whether the entire employee population of California employees is on an Excel spreadsheet or can be readily transferred to such a spreadsheet. At the time of filing this letter, defense counsel has been unable to obtain an answer for the time frame in which the contact information for the random sample, as defined by Plaintiff, can be obtained.

Respectfully submitted,

| QUALLS & WORKMAN, LLP | SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Daniel H. Qualls | Charles F. Barker |
| Attorney For Plaintiff | Attorney For Defendant |

# PLAINTIFF'S EXHIBIT A

*6443191*

FILED
ALAMEDA COUNTY

JUL 09 2008

CLERK OF THE SUPERIOR COURT
By _Hollie M. Adams_
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| WALLACE RALSTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>US-REPORTS, INC.,<br><br>Defendant. | Case No. RG07328773<br><br><br>ORDER RE:<br>PRIVACY NOTICE/LETTER TO PUTATIVE CLASS MEMBERS |

On May 30, 2008, this Court ordered that defendant US-REPORTS, INC. ("Defendant") produce the names and contact information of its field auditor and survey employees ("Putative Class Members") to a third party administrator, and that the administrator send a privacy notice/letter and enclosed self-addressed postcard by means of which each Putative Class Member will have the opportunity to "opt out" of having their contact information provided to counsel for plaintiff Wallace Ralston ("Plaintiff"). The costs of this process will be born by Plaintiff, subject to potential future recovery under applicable law.

In the interim, the parties have agreed, and the Court hereby orders, that (a) the notice/letter shall bear the letterhead, signature and contact information of the

1

third party administrator; (b) the third party administrator for the limited purpose of carrying out the terms of this order shall be RG2 Claims Administrator, LLC. (hereafter, "Administrator"); (c) that no contact information of any attorney for either party in the case shall be provided in the notice/letter; and (d) that each letter/notice shall include a self-addressed, stamped postcard bearing a case identification heading and the following text: "I, _____, do not want my name, address, email address or telephone number to be provided to Plaintiff's attorneys," together with labeled blank lines for signature, printed name and date.

The parties were unable to agree on the exact text of the notice/letter. Accordingly, the Court hereby orders that the notice/letters read as follows:

> "Plaintiff Wallace Ralston, who worked as an auditor of US-Reports from March 21, 2007 through May 16, 2007, has filed a class action suit in Alameda County Superior Court alleging that US-Reports failed to reimburse him for work related expenses he incurred in performing his job. As part of this class action, the Judge Freeman of the Alameda County Superior Court has ordered that US-Reports provide the address, e-mail address and telephone number of all field auditor and surveyor employees who work or have worked for US-Reports from January, 2007 on, unless those persons object to having this information disclosed. He has also ordered that this notice/letter be sent to you to provide you with the opportunity to so object.
>
> IF YOU DO NOT WANT YOUR ADDRESS, EMAIL ADDRESS AND TELEPHONE NUMBER PROVIDED TO PLAINTIFF'S ATTORNEYS, YOU MUST COMPLETE THE ENCLOSED POSTCARD

AND RETURN IT WITHIN 30 DAYS FROM THE DATE ON WHICH THIS NOTICE/LETTER WAS POSTMARKED.

If you do not return the postcard, you may be contacted by Plaintiff's counsel for the purpose of gathering information about your work experience at US-Reports that may be related to this lawsuit. You are not required to talk to them unless you choose to do so. Nor are you obligated to discuss this lawsuit with attorneys representing US-Reports. Retaliation by your employer for providing or refusing to provide any information would be against the law."

Within one week of the date of entry of this order, Defendant shall provide the Administrator with the names, addresses, personal e-mail addresses (if available), and telephones numbers of all employees who work or have worked for U.S. Reports since January of 2007. This information shall be kept in strict confidence by the Administrator. Within one week after receiving the information from Defendant, the Administrator shall send the notices via First Class U.S. mail, or equivalent. Within one week after the deadline to return the opt-out cards has past, the Administrator shall provide counsel for both parties a list of the names and contact information of the Putative Class Members who have not opted out, together with a declaration that the process set forth in this order has been followed.

July 9, 2008
Date

Robert B. Freedman
Judge of the Superior Court

3

# PLAINTIFF'S EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADECCO, INC.,<br><br>　　　　Defendant | No. C-07-5604 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY PRETRIAL PREPARATION ORDER; VACATING HEARING** |

　　　　Before the Court is plaintiff's "Motion to Modify Pretrial Preparation Order," filed June 27, 2008. Defendant has filed partial opposition to the motion, to which plaintiff has replied. Having read and considered the papers filed in support of and in response to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for August 1, 2008, and rules as follows.

　　　　In her motion, plaintiff seeks an order extending the deadline for filing her motion for class certification from July 7, 2008 to September 22, 2008. In its response, defendant states it does not oppose a 40-day extension of the deadline, i.e., it does not oppose the Court's extending the deadline to August 19, 2008, but that it opposes any further extension.

　　　　In light of defendant's non-opposition to an extension to August 19, 2008, and good cause appearing for a short further extension in light of Magistrate Judge Spero's order of

1  July 15, 2008, the Court will extend the deadline to August 31, 2008.

2  To the extent plaintiff seeks an extension beyond August 31, 2008, the Court will
3  deny the motion, without prejudice to plaintiff's seeking a further extension if, in light of the
4  subsequent course of discovery and/or any rulings that may be issued by Magistrate Judge
5  Spero, plaintiff can show good cause for such relief.

6  Accordingly, plaintiff's motion is hereby GRANTED in part and the Pretrial
7  Preparation Order is amended to extend, to August 31, 2008, the deadline for plaintiff's
8  filing a motion for class certification. In all other respects, the motion is DENIED without
9  prejudice.

10  **IT IS SO ORDERED.**

12  Dated: July 28, 2008

MAXINE M. CHESNEY
United States District Judge