Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
Aviva N. Roller, Bar No. 245415
QUALLS & WORKMAN, LLP
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ADECCO, INC, and DOES 1 through 100, inclusive,<br><br>Defendants. | No.  CV 07 5604 MMC<br><br>**PLAINTIFF SHAVOTNAE GOLDSBY'S OBJECTIONS TO MAGISTRATE JUDGE SPERO'S AUGUST 5, 2008, ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** |

Pursuant to Federal Rule of Civil Procedure 72(a) and Northern District Local Rule 72-2, Plaintiff Shavotnae Goldsby ("Plaintiff") hereby objects to Magistrate Judge Spero's August 5, 2008, Order Granting In Part And Denying In Part Plaintiff's Motion to Compel. Specifically,

OBJECTIONS TO AUGUST 5, 2008 ORDER         -1-         3153\DISCOVERY\OBJECTIONORDER.DOC

Judge Spero's Order violated Plaintiff's First Amendment rights by placing an unqualified prior restraint on her ability to communicate with putative class members and witnesses.

Plaintiff acknowledges that Judge Spero's Order granted Plaintiff's counsel's proposal for the scope, selection, and number of names Defendant was to produce. Yet, without any evidence of misconduct on the record or any suggestion from Defendant Adecco, Inc.'s ("Defendant" or "Adecco") counsel, Judge Spero's Order specifically prohibited Plaintiff's counsel from initiating communication with these witnesses via telephone and relieved Defendant from production of the putative class members' telephone numbers. Plaintiff's Objection raises one question: may a Court lawfully restrict a party's ability to communicate with a material witness without evidence giving rise to such a restriction?

## I.  PROCEDURAL BACKGROUND

Plaintiff served her first set of special interrogatories on Defendant on September 4, 2007. The interrogatories sought putative class member contact information and related information, including the number of hourly employees Defendant employed during the applicable time period of the case. Defendant served its responses on November 1, 2007, just prior to removal of this action to federal court. Defendant objected to disclosure of the contact information, which was to include names, addresses, and telephone numbers for each hourly employee employed during the proposed class period, on the grounds that such disclosure was burdensome and violated the employees' right of privacy. After obtaining further information regarding Adecco's meal break period record keeping policies and procedures, Plaintiff filed a Motion to Compel Further Responses To Plaintiff's First Set of Interrogatories in this Court on July 3, 2008. The Court assigned Magistrate Judge Spero to hear the matter.

Pursuant to Judge Spero's standing order, the parties met and conferred in person regarding the outstanding responses on July 23, 2008, but were unable to resolve their dispute over the production of the putative class members' contact information. The parties then submitted a five-page letter to Judge Spero summarizing the parties' relative positions on the issue. A true and correct copy of the parties' joint letter is attached hereto as Exhibit A. Judge Spero held a telephonic conference with the parties on August 1, 2008, after which Judge Spero ordered

1  Defendant to produce the contact information per Plaintiff's counsel's proposal: 500 names
2  randomly selected from each of the five years of the proposed class period, for a total of 2,500
3  names. Judge Spero issued an Order to this effect on August 5, 2008. A true and correct copy of
4  the Order is attached hereto as Exhibit B.

   The Order states that Defendant was to provide names and contact information other than
   the employees' home telephone numbers. The Order further states that "Plaintiff's counsel may
   not initiate contact with any of these 2,500 hourly employees except by letter… [t]he letter may
   invite the hourly employees to contact Plaintiff's counsel." The Order states no findings regarding
   Judge Spero's decision to so restrict Plaintiff's ability to initiate contact with putative class
   members via telephone, and Defendant's counsel made no such request in the parties' joint letter
   to the Court.

## II.   ARGUMENT

Magistrate Judge Spero did not dispute that the contact information Plaintiff sought is discoverable. It is a long-settled principle that potential class members possess information regarding the merits of an action. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989) (district court was correct to permit discovery of the contact information of the potential class members because the employees might have knowledge of other discoverable matters). See, e.g., Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal. 4th 360, 373 (2007) (potential class members' contact information is generally discoverable so that the lead plaintiff may learn the names of other persons who might assist in prosecution of the case); Puerto v. Superior Court, 158 Cal. App. 4th 1242, 1249 (2008) (identification of putative class members and witnesses and production of their contact information is within the scope of proper discovery). Rather, Judge Spero limited Plaintiff's ability to actually communicate with the potential class members.

In Gulf Oil Co. v. Bernard, the United States Supreme Court held that a district court abuses its discretion when it issues an order limiting communications with class members without making factual findings supporting the need for such restraint and the record reveals no grounds on which such a restraint is necessary. 452 U.S. 89 (1981). Justice Powell enumerated the problems that arise from restricting the plaintiffs' ability to contact witnesses: namely,

interference with efforts to inform potential class members of the existence of the lawsuit, and interference with the plaintiffs' ability to obtain information about the merits of the case from the persons they sought to represent. Id. at 101.

A district court has broad, but not unlimited, discretion to manage a class action and to enter orders governing the conduct of counsel and parties. Id. at 100. Accordingly, the Gulf Oil court instructed:

> "[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect the weighing of the need for a limitation and the potential interference with the rights of the parties... In addition, such a weighing – identifying the potential abuses being addressed – should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances."

Id. at 101-102. While the Supreme Court declined to state what the First Amendment actually requires in this situation, Justice Powell emphasized that a district court should act with caution in drafting an order that limits communication by giving due attention to "whether the restraint in communication is justified by a likelihood of serious abuses." Id. at 103-104.

Judge Spero's Order consists of a single page. The Order does not state any factual findings regarding the potential for Plaintiff to abuse the contact information. Indeed, the Order could not state any such findings, as the record contains no evidence reflecting actual or potential misconduct on the part of Plaintiff or her counsel. Similarly, the Order does not make any attempt to balance any perceived need for restricting Plaintiff's ability to communicate with the actual interference with communication the Order creates. Again, Plaintiff does not object to the essence of the Order, which conformed to Plaintiff's proposal for disclosure of the contact information, save for the exclusion of telephone numbers. Plaintiff objects only to the portion of the order that unlawfully restricts her ability to communicate with potential class members and thereby gather evidence regarding the merits of her claim. As such, the Order clearly violates both Plaintiff's First Amendment rights and the rule of Gulf Oil.

### III. CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court vacate the portion of Magistrate Judge Spero's order prohibiting Plaintiff's counsel from initiating contact via telephone. Plaintiff

further requests that Defendant be ordered to produce the telephone numbers for the 2,500 hourly employees for whom it has already produced names and addresses.

Date:   August 15, 2008

QUALLS & WORKMAN, L.L.P.

By: _____
Daniel H. Qualls
Attorney for Plaintiff

# EXHIBIT A



July 30, 2008

Honorable Joseph C. Spero,
United States Magistrate Judge
United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom A, 15th Floor
San Francisco, California 94102

  Re: Shavotnae Goldsby, et. al. v. Adecco, Inc., et. al.
   <u>Case Number: CV 07 5604 MMC (JCS)</u>

Your Honor:

### **<u>Plaintiff's Position Regarding Interrogatory No. 1.</u>**

  Lead counsel for Plaintiff, Daniel H. Qualls, and lead counsel for Defendant, Charles F. Barker, met in person on July 23, 2008, to discuss disputed discovery as addressed by Plaintiff's Motion filed on July 3, 2008 (MCM). Counsel resolved disputes regarding Plaintiff's interrogatories numbers 2, 3, 4, and 5.

  Plaintiff's Interrogatory No. 1 requesting the name and contact information of putative class members, remains in dispute. At the MCM, Defendant's counsel informed Plaintiff that current California hourly employees of Defendant Adecco exceed 45,000 persons. Plaintiff's counsel proposed that Defendant provide 500 names of Adecco California hourly employees, randomly selected, for each of the five years in the proposed class period, for a total of 2,500 names limited to those hourly employees who submitted electronic timecards. Defendant proposed that a notice be sent to putative class members informing them of the right to object to release of contact information as adopted by the court in *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). Plaintiff proposed a protective order limiting dissemination of contact information to Plaintiff's counsel, investigators, and experts, which in conjunction with Plaintiff's 2,500 member sample proposal, constituted Plaintiff's final proposed compromise.[1] On July 28, 2008, Defendant informed Plaintiff that it would agree to provide contact information for putative class members working at two California customer sites only, Waste Management, Inc. and the Wine Lab, sites at which Plaintiff worked as an Adecco temporary employee. Plaintiff informed Defendant this proposal was not acceptable, and

---
[1] At Defendant's request, on July 30, 2008, Plaintiff clarified her sample proposal and proposed use of an Excel program by Defendant to randomly select the proposed sample by employee IR number.

244 California Street, Suite 410 • San Francisco, CA 94111
tel: (415) 782-3660 • fax: (415) 788-1028 • http://www.qualls-workman.com

Honorable Joseph C. Spero
July 30, 2008
Page 2

Defendant informed Plaintiff that Defendant would not provide contact information for putative class members absent a *Belaire* notice procedure.

Federal courts have long allowed for the disclosure of names and contact information of putative class members. *Gulf Oil Co. v. Bernard*, 452 U.S 89, 101 S.Ct 2193, 68 L.Ed.2d 693 (1981); *Putnam v. Eli Lilly & Co.* 508 F.Supp.2d 812, 814 (C.D. Cal. 2007); *Jimenez v. Domino's Pizza, LLC* 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. 2006), *Wiegele v. Fedex Ground Package Sys.* 2007 U.S. Dist. LEXIS 9444 (S.D. Cal. 2007).

The operative facts and reasoning in *Putnam*, *Jimenez*, and *Wiegele*, are applicable here. As in *Putnam*, *Jimenez*, and *Wiegele*, Plaintiff seeks contact information pertaining to all putative class members as Plaintiff seeks to certify a statewide class of Adecco hourly employees, not just those employees who worked at two Adecco client workplaces in California. Defendant's privacy concerns are outweighed by Plaintiff's legitimate need for the requested information to determine whether common questions of law or fact exist and if Plaintiff's claims are typical of potential plaintiffs and class members.

Defendant's insistence upon a *Belaire* notice procedure should be rejected on several grounds. First, privacy concerns can be properly addressed by a protective order limiting dissemination of contact information to Plaintiff's counsel, her investigators and experts. *Putnam v. Eli Lilly & Co.* 508 F.Supp.2d 812, 814 (C.D. Cal. 2007), *Jimenez v. Domino's Pizza*, 2006 U.S.Dist. LEXIS 55510, at pg. 8 (C.D. Cal. 2006).; *Weigele v. Fedex Ground Package Sys.*, 2007 U.S.Dist LEXIS 9444 (S.D.Cal. 2007). Second, a *Belaire* notice will cause significant prejudice to Plaintiff. A *Belaire* notice entails a three step process typically requiring 6 weeks or more to complete before contact information is provided to the requesting plaintiff.[2] On July 28, 2008, the Court granted in part and denied in part Plaintiff's motion to extend the class certification motion filing deadline to August 31, 2008, without prejudice to Plaintiff's seeking a further extension in light of any rulings that may issue by this Court.[3] Adoption of a *Belaire* notice procedure will effectively preclude use of putative class member contact information in support of Plaintiff's request for class certification.

---

2 See, Order Re: Privacy Notice/Letter To Putative Class Members, *Wallace Ralston v. US-Reports, Inc.*, Alameda County Superior Court Case No. RG07328773, Exhibit A, attached hereto.
3 See, July 28, 2008, Order Granting In Part And Denying In Part Plaintiff's Motion To Modify PreTrial Preparation Order: Vacating Hearing, Exhibit B, attached hereto.

2

Honorable Joseph C. Spero
July 30, 2008
Page 3

Accordingly, Plaintiff respectfully requests an order of the Court directing Defendant to provide contact information for putative class members as set forth in Plaintiff's final proposed compromise to Defendant's counsel on July 24, 2008, by August 8, 2008.

### Position of Defendant Adecco Regarding Interrogatory No. 1

Defendant is submitting its position statement without seeing Plaintiff's statement because Plaintiff's counsel did not want to share the written statements. In this class action, Plaintiff alleges that Defendant Adecco failed to provide meal periods to its temporary employees in California. Adecco is a temporary services firm that supplies temporary employees to numerous companies in California. Plaintiff Goldsby worked at two of Adecco's California customers. Interrogatory No. 1 requested the home contact information for all putative class members "for whom Adecco records depict the meal period not taken." Adecco objected on various grounds to this interrogatory, including that it was burdensome and overbroad and thus sought irrelevant information, and that it sought information not needed for class certification. Defendant also objected that it sought private information.

On March 27, 2008, the attorneys for Adecco explained to Plaintiff's attorney that this interrogatory was extremely burdensome as the only way for Adecco to determine those persons for whom its records did not show the meal period is to do a manual search of thousands upon thousands of time cards. In 2007 alone, Adecco employed over 43,000 temporary employees in California. To answer Interrogatory No. 1 for just 2007, Adecco would have to manually review the time records for these 43,000 different employees, for each week that the employees worked in 2007. For the week ending July 13, 2008, there were 9060 temporary employees on the Adecco payroll in California. That is 9060 different time records to be reviewed to determine whether the records did or did not depict a meal break. The same search would be required for the other years in the class period from July 2003 to the present.

Defendant further believes that the information sought by this interrogatory is not needed at this time, considering the burden. Based on discussions between counsel, Plaintiff has claimed that this class can be both certified and proven through documents. Defendant has produced its relevant policies and Plaintiff has taken the PMK depositions. Defendant is answering the question of the total number of hourly employees employed for the class period in

Honorable Joseph C. Spero
July 30, 2008
Page 4

California. It is unclear to Defendant how the identification of the home contact information of these potential class members will help establish class certification since Plaintiff contends that her case will be proved through documents. At the recent meeting when Defendant asked Plaintiff for an explanation of the theory under which Plaintiff was proceeding in light of *Brinker Restaurant Corp. v. Superior Court*, __ Cal.App.4th __ (08 SOS 4356, July 23, 2008), Plaintiff's counsel indicated that he would not explain his theory at that time but that Defendant would see the argument in the motion for class certification. The *Brinker* case held that the employer did not need to ensure that the meal period was taken but rather the employer only needed to make such breaks available. The court also held that class treatment was inappropriate because of the need to determine on an individual basis the reasons why the meal period was missed.

Defendant also objected to the disclosure of the home addresses and phone numbers on privacy grounds pursuant to *Pioneer Electronics v. Superior Court*, 40 Cal. 4th 360 (2007); *Belaire West Landscape v. Superior Court*, 149 Cal.App. 4th 554 (2007); and *Best Buy Stores v. Superior Court*, 137 Cal.App. 4th 772 (2006). These cases found a privacy right in the home addresses and phone numbers of the putative class members. These courts ordered that the potential class members be given a chance to object to the disclosure of their information before the contact information was given to the plaintiff's counsel. This state right of privacy is applicable to this proceeding pursuant to Fed.R.Evid. 501. See, *Star Editorial v. USDC*, 7 F.3d 856 (9th Cir. 1993); *Salazar v. Avis Budget Group, Inc.*, 2007 WL 2990281 (S.D. Cal. 2007).

In an effort to compromise and resolve this dispute, Adecco has proposed to provide to a third party administrator the home contact information for all those employees who were assigned to the two Adecco customers for whom plaintiff worked: Wine Lab and Waste Management. The home contact information will be provided through a third party administrator who would mail a letter to these people advising them that the plaintiff's counsel sought their home contact information and, if they did not want it disclosed, they would have to return a postcard. This is the process that has been adopted to protect the privacy rights guaranteed by the California Constitutional Right of Privacy. See *Pioneer* and *Belaire West* cases. Plaintiff does not want to utilize a third party administrator but rather wants Adecco to submit the home

Honorable Joseph C. Spero
July 30, 2008
Page 5

addresses and phone numbers directly to Plaintiff. Plaintiff's proposal requires Adecco to violate the privacy rights of the persons who are not parties to this case.

Plaintiff requests a "random sample" of about 2,000 Adecco temporary employees. Defendant disagrees with this approach. Defendant has proposed to produce the home contact information for those persons who worked at the same companies for whom plaintiff also worked. Adecco is a supplier of temporary employees to other companies who have their own work standards and meal break rules or procedures. Defendant believes that the persons who worked at the same two customers as Plaintiff may have been subject to the same rules for meal breaks. The two customers (Wine Lab and Waste Management) were supplied employees by Adecco for 47 different physical locations. There were almost 1800 different assignments for which Adecco supplied employees to these two customers. The employees supplied by Adecco to other customers would have been working under different rules for meal breaks and thus could not offer evidence for class certification.

Plaintiff asked Defendant if it could supply the home contact information by August 8. It can do so for the contact information for the employees who worked at Wine Lab and Waste Management. As to a "random sample", Defendant asked Plaintiff's counsel on July 29 for the parameters and method for the sampling. Defense counsel did not get an answer to that question until July 30 at 11:30. Plaintiff requested that the sampling be done from an Excel spreadsheet. Defense counsel does not know whether the entire employee population of California employees is on an Excel spreadsheet or can be readily transferred to such a spreadsheet. At the time of filing this letter, defense counsel has been unable to obtain an answer for the time frame in which the contact information for the random sample, as defined by Plaintiff, can be obtained.

Respectfully submitted,

| | |
|---|---|
| QUALLS & WORKMAN, LLP | SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP |
| /s/ | /s/ |
| Daniel H. Qualls | Charles F. Barker |
| Attorney For Plaintiff | Attorney For Defendant |

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, ET AL., | Case No. C-07-05604 MMC (JCS) |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** [Docket No. 28] |
| v. | |
| ADECCO, INC., ET AL., | |
| Defendant(s). | |

The parties have filed a joint letter dated July 30, 2008, [Docket No. 28] which the Court interprets as a motion to compel further responses to Plaintiff's interrogatory number one (the "Motion"). The Court heard oral argument on August 1, 2008. For the reasons stated on the record and good cause appearing, IT IS HEREBY ORDERED as follows:

**Not later than August 11, 2008**, Defendant Adecco shall provide name and contact information, other than home telephone numbers, for 2,500 hourly employees that are members of the putative class. The names shall be selected randomly, with 500 names taken from each of the five years of the proposed class. All such information shall be provided on an "Attorneys' Eyes Only" basis. Plaintiff's counsel may not initiate contact with any of these 2,500 hourly employees except by letter, which shall be approved either by defense counsel or by the Court. The letter may invite the hourly employees to contact Plaintiff's counsel.

Except as so expressly granted, the Motion is DENIED.

IT IS SO ORDERED.

Dated: August 5, 2008

JOSEPH C. SPERO
United States Magistrate Judge