SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CHARLES F. BARKER, Cal. Bar No. 70076
ROSS A. BOUGHTON, Cal. Bar No. 241119
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  213-620-1780
Facsimile:   213-620-1398

Attorneys for Defendant
ADECCO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiff,<br><br>    v.<br><br>ADECCO, INC., and DOES 1 through 100, inclusive,,<br><br>            Defendants. | Case No. CV 07 5604 MMC<br><br>**DEFENDANT ADECCO, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE SPERO'S AUGUST 5, 2008 ORDER**<br><br>[Complaint Filed:  July 26, 2007] |

-1-

W02-WEST:1RAB1\401000896.1

DEFENDANT'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE SPERO'S
AUGUST 5, 2008 ORDER

Defendant Adecco, Inc. hereby responds to Plaintiff's Objections to Magistrate Judge Spero's August 5, 2008, Order Granting in Part and Denying in Part Plaintiff's Motion to Compel.

## I.

## **INTRODUCTION**

Magistrate Judge Spero's August 5, 2008 Order (the "Order") was a rational balancing of competing interests: Plaintiff's counsel's interest in communicating with putative class members versus the putative class members' privacy rights to not have their personal information released or face intrusive phone calls. The Order was well within the Court's power to balance those interests and protect the privacy rights of the putative class members.

Moreover, the timing of Plaintiff's last minute objection to the Court's order is suspect. The Magistrate Judge verbally issued the order at the August 1, 2008 hearing on the topic. The official written Order was issued on August 5, 2008. The Order required Defendant to produce the names and addresses of 2, 500 hourly employees by August 11, 2008, which Defendant did. After Defendant turned over the names and addresses pursuant to the Order, Plaintiff suddenly filed an objection questioning the Order *on the last day possible*. Clearly, Plaintiff is attempting secure the benefits of the Order with one hand, while questioning the validity of the Order with the other.

## II.

## ARGUMENT AND AUTHORITIES

In ruling upon Plaintiff's Motion to Compel the names and contact information for the putative class members, the Court had to balance Plaintiff's counsel's

-1-

1  interest in contacting putative class members with the putative class members' privacy
2  interests. Individuals have a protected privacy interest in their addresses and phone
3  numbers. *See* People v. Chapman, 36 Cal.3d 98 (1984); *see also* Morales v. Superior
4  Court, 99 Cal. App. 3d 283 (1979). The Court rationally balanced Plaintiff's counsel's
5  interest in contacting putative class members with those privacy interests and ruled that
6  Plaintiff counsel could obtain addresses, but not telephone numbers and could
7  communicate with putative class members in writing. This Order was rationally tailored to
8  allow communication while still protecting the putative class members privacy rights and
9  was proper.

11  A Court has the authority to limit communications with putative class
12  members, not only to prevent abuses such as misleading communications, but also to
13  protect the rights of the putative class members. *See* In re Currency Conversion Fee
14  Antitrust Litig., 361 F. Supp. 2d 237 (S.D.N.Y. 2005) ("Indeed, a district court's authority
15  [to limit communications with putative class members] under Rule 23(d) is not limited to
16  communications that actually mislead or otherwise threaten to create confusion, but
17  extends to communications that interfere with the proper administration of a class action or
18  those that *abuse the rights of members of the class*." (emphasis added)). Accordingly, the
19  Court's Order was appropriate.

21  Plaintiff's reliance on Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981) is
22  misplaced. The Court in Gulf Oil analyzed a order that prevented *all* communication with
23  putative class members, while here the Order explicitly allows written communications.
24  Id. at 92. Moreover, Gulf Oil did not prohibit restraints on communications with putative
25  class members. Rather it held that the Court must balance the need for a limitation with
26  the need for the communication with the putative class members. Id. at 101. Here, the
27  Court heard argument on the competing interests and made a rational decision based on the
28  competing interests. Accordingly, the Order is not in conflict with the holding in Gulf Oil.

-2-

Moreover, Plaintiff's waived the right to object to the Order because she has realized the benefits deriving from the Order. Plaintiff was aware of the Order at the August 1, 2008 hearing on the matter. Plaintiff was aware that pursuant to the Order Defendant would turn over the 2,500 names and addresses by August 11, 2008. Plaintiff waited until after receipt of the names and addresses to suddenly question the validity of the Order. Plaintiff should not be allowed to secure the benefits of the Order and then turn around and object to the validity of that same Order. If Plaintiff truly wanted to object to the Order, the objection should have been filed before the Order was carried out.

### III.
### **CONCLUSION**

The Court's August 5, 2008 Order was a rational and proper balancing of competing interests and Plaintiff's objections to the Order should be denied.

Dated:  August 22, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/_____
CHARLES F. BARKER
ROSS A. BOUGHTON
Attorneys for Defendant
ADECCO, INC.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **August 22, 2008,** I served the following document(s) described as **DEFENDANT ADECCO, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE SPERO'S AUGUST 5, 2008 ORDER** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**SEE ATTACHED LIST**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 22, 2008**, at Los Angeles, California.

_____
Bertha (Birdie) Flores

-4-

-5-

| | | |
|---|---|---|
| 1 | Meenoo Chahbazi, Esq.<br>Angela Corridan, Esq.<br>Sanford, Wittels, & Heisler LLP<br>1666 Connecticut Avenue, NW<br>Suite 310<br>Washington, DC 20009 | Tel.: (202) 742-7781<br>Fax: (202) 742-7776 |
| 5 | Angela Corridan, Esq.<br>Sanford Wittels & Heisler LLP<br>1666 Connecticut Avenue NW<br>Suite 310<br>Washington, DC 20009 | Tel.: 202-742-7787<br>FAX: 202-742-7776 |
| 8 | Grant Morris, Esq.<br>Law Offices of Grant E. Morris<br>1666 Connecticut Avenue, N.W., Suite 310<br>Washington, D.C. 20009 | Tel.: 202-742-7783<br>FAX: 202-742-7776 |