1  Daniel H. Qualls, Bar No. 109036
   Robin G. Workman, Bar No. 145810
2  Aviva N. Roller, Bar No. 245415
   **QUALLS & WORKMAN, LLP**
3  244 California Street, Suite 410
   San Francisco, CA 94111
4  Telephone: (415) 782-3660
   Facsimile: (415) 788-1028
5
   David Sanford, D.C. Bar No. 457933
6  Meenoo Chahbazi, CA Bar No. 233985
   **SANFORD, WITTELS & HEISLER, LLP**
7  1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
8  Telephone: (202) 742-7780
   Facsimile:  (202) 742-7776
9
   Grant Morris, D.C. Bar No. 926253
10 **LAW OFFICES OF GRANT E. MORRIS**
   1666 Connecticut Avenue, N.W., Suite 310
11 Washington, D.C. 20009
   Telephone: (202) 742-7783
12 Facsimile:  (202) 742-7776

13
   *Attorneys for Plaintiff*
14

15

16                        UNITED STATES DISTRICT COURT

17                       NORTHERN DISTRICT OF CALIFORNIA

18

19 SHAVOTNAE GOLDSBY, AND ALL OTHERS      )  No.  CV-07-5604 MMC
   SIMILARLY SITUATED,                     )
20                                         )
                  Plaintiff,               )  **PLAINTIFF SHAVOTNE GOLDSBY'S**
21                                         )  **MEMORANDUM OF POINTS AND**
           vs.                             )  **AUTHORITIES IN SUPPORT OF**
22                                         )  **MOTION TO FURTHER MODIFY**
   ADECCO, INC, and DOES 1 through 100, inclusive, )  **PRETRIAL PREPARATION ORDER**
23                                         )
                  Defendants.              )
24                                         )  **DATE:  September 26, 2008**
                                           )  **TIME:.  9:00 a.m.**
25                                         )  **CTRM:  7**
                                           )  **JUDGE: HON. MAXINE M. CHESNEY**
26  ─────────────────────────────────────

27

28

   MEMORANDUM OF P & A              -1-              3153/MOTIONS/MODIFY.DOC

## NOTICE OF MOTION AND MOTION TO FURTHER MODIFY PRETRIAL PREPARATION ORDER

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 26, 2008 at 9:00 a.m. or as soon thereafter as the matter can be heard in courtroom 7 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff will move the above-entitled court for an order further modifying the Court's pretrial preparation order regarding class certification motion filing and hearing dates.

This motion will be based on this Notice, the Memorandum of Points and Authorities filed herewith, the Declaration of Daniel H. Qualls filed herewith, the complete files and records in this action, and such other argument and documents as may be presented at the hearing on this Motion.

Date:   August 22, 2008                                QUALLS & WORKMAN, L.L.P.

By: _____
Daniel H. Qualls
Attorney for Plaintiff

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Northern District Civil L. R. 16-2(d), Plaintiff Shavotnae Goldsby (Plaintiff) brings this Motion To Further Modify The Pretrial Preparation Order in light of Magistrate Judge Spero's Order Granting In Part and Denying In Part Plaintiff's Motion to Compel issued on August 5, 2008. Plaintiff requests the Court to extend the deadline to file a class certification motion by 30 days to September 30, 2008.

## I. STATEMENT OF FACTS

On June 27, 2008, Plaintiff filed a motion for relief from the existing Pretrial Preparation Order issued by this Court, seeking to move the deadline to file a motion for class certification from July 7, 2008, to September 22, 2008.[1] After the parties briefed the issue fully, this Court entered an Order on July 28, 2008. The Order granted Plaintiff's motion in part by extending the deadline to file a class certification motion until August 31, 2008. The Order provided that Plaintiff could seek a further extension without prejudice, if needed, pending the outcome of her discovery motion.[2]

### A.    Plaintiff's Motion to Compel

Plaintiff filed a Motion to Compel Further Responses to Plaintiff's First Set of Special Interrogatories in this Court on July 3, 2008.[3] The interrogatories sought putative class member contact information and related details, including the number of hourly employees Defendant Adecco, Inc. (Defendant or Adecco) employed during the proposed class period. Plaintiff propounded the interrogatories on August 27, 2007.[4] Defendant objected to disclosure of this information on the grounds of burden and privacy. The Court referred the matter and all subsequent discovery disputes to a Magistrate Judge on July 7, 2008.[5] Magistrate Judge Spero received the assignment and denied Plaintiff's motion for failure to adequately meet-and-confer per Judge Spero's standing order. Judge Spero issued this Order on July 15, 2008.[6]

---

[1] Declaration of Daniel H. Qualls In Support Of Plaintiff Shavotnae Goldsby's Motion To Further Modify Pretrial Preparation Order ("Qualls Decl.") ¶ 2, Exhibit ("EX") A.
[2] Qualls Decl., ¶ 3, EX B.
[3] Qualls Decl., ¶ 4, EX C.
[4] Id.
[5] Qualls Decl., ¶ 5, EX D.
[6] Qualls Decl., ¶ 6, EX E.

1      Judge Spero's July 15, 2008 Order required the parties to meet and confer in person no

2  later than July 29, 2008. [7] Defendant's counsel is based in Los Angeles. Accordingly, the parties

3  did so on July 23, 2008. While the parties reached agreement on most of the outstanding

4  discovery responses, they were unable to resolve their dispute over the production of the putative

5  class member contact information. On July 30, 2008, again in accordance with Judge Spero's

6  Order, the parties submitted a joint, five-page letter brief to Judge Spero summarizing the parties'

7  relative positions on the issue. [8]

8      Judge Spero held a telephonic hearing with the parties on August 1, 2008. Following the

9  hearing, Judge Spero ordered Defendant to produce the contact information per Plaintiff's

10  counsel's proposal, with severe limitations. Judge Spero issued an Order to this effect on August

11  5, 2008. [9]

12  **B.    Magistrate Judge Spero's August 5, 2008 Discovery Order**

13      The Order directs Defendant to provide names and contact information, other than

14  telephone numbers, for 2,500 hourly employees, with 500 names randomly selected from each of

15  the five years of the proposed class period. The deadline for Defendant to produce this

16  information was August 11, 2008. Defendant complied with the deadline. The Order specified

17  that Plaintiff's counsel was not to receive the employees' home telephone numbers and that

18  Plaintiff's counsel could only initiate contact with the employees by letter. Plaintiff's counsel

19  cannot talk to any employees, until the employees first contact Plaintiff's counsel in response to

20  the letter. Furthermore, any letter that was to be sent needed approval from either defense counsel

21  or the Court. The Order did not state any factual findings supporting Judge Spero's decision to

22  restrict Plaintiff from initiating contact with putative class members by telephone, and defense

23  counsel made no such request in the parties' joint letter to the Court. Plaintiff timely objected to

24  Judge Spero's Order on this ground on August 15, 2008. [10]

25

26

27  [7] Id.
[8] Qualls Decl., ¶ 7, EX F.

28  [9] Qualls Decl., ¶ 8, EX G.
[10] Qualls Decl., ¶ 9, EX H.

MEMORANDUM OF P & A        -4-        3153/MOTIONS/MODIFY.DOC

**C.    Additional Outstanding Interrogatory Responses**

Plaintiff's remaining interrogatories, that were the subject of Plaintiff's Motion to Compel filed July 3, 2008, requested the following information:  the period of employment for each person for whom Plaintiff sought contact information; the number of persons in the putative class; the total number of persons Adecco employed during the proposed class period; and the identity of persons who complained to Adecco regarding missed meal period breaks.[11]

The parties reached agreement on the scope of production of this information during their meet-and-confer session on July 23, 2008.  The parties further agreed that Defendant would produce the information to Plaintiff on August 11, 2008.  On August 14, 2008, Defendant's counsel contacted Plaintiff's counsel to inform Plaintiff's counsel that transmittal of the information would be delayed.[12]  As of the date of this motion, Defendant has not produced the information.[13]

**D.    Dates Sought For Amendment**

This Court's Order of July 28, 2008, modified the original Pretrial Preparation Order by extending the deadline for Plaintiff to file a motion for class certification until August 31, 2008.[14] Plaintiff seeks to extend this deadline by 30 days, to September 30, 2008.  A copy of Plaintiff's Proposed Order is filed herewith.

**E.    Meet and Confer Requirement**

In compliance with Civil L.R. 16-2(d)(2), the parties met and conferred via telephone regarding the proposed modification to the Pretrial Preparation Order on August 11, 2008. Defense counsel was willing to stipulate only to a 14-day extension of Plaintiff's deadline to file a motion for class certification.[15]

---

[11] Qualls Decl., ¶ 4, EX C.
[12] Qualls Decl., ¶ 10.
[13] Id.
[14] Qualls Decl., ¶ 3, EX B.
[15] Qualls Decl., ¶ 11.

MEMORANDUM OF P & A                          -5-                          3153/MOTIONS/MODIFY.DOC

## II. LEGAL ARGUMENT

Rule 16(b)(4) of the Federal Rules of Civil Procedure permits a district court judge to modify a scheduling order only when the moving party shows good cause. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 2000) (internal citations omitted). While the potential for prejudice to the opposing party may supply additional reasons to deny the motion, the focus of the inquiry is the moving party's reasons for seeking modification. Id.

A.    **Plaintiff Was Entitled To Discovery At The Time It Was Propounded**

There is no question that a party is entitled to the pre-certification discovery of putative class member contact information, under both federal and California law, because putative class members possess information regarding the merits of an action. Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981) (order restricting nature of contact with putative class members was unconstitutional because of interference with plaintiffs' ability to gather information regarding the merits of the claim); Hoffman-LaRoche v. Sperling, 493 U.S. 165 (1989) (district court was correct to permit discovery of putative class member contact information because the employees might have knowledge of other discoverable matters); Pioneer Electronics (USA) v. Superior Court, 40 Cal. 4th 360 (2007) (potential class members' contact information is generally discoverable so that the lead plaintiff may learn the names of other persons who might assist in prosecution of the case); Puerto v. Superior Court, 158 Cal. App. 4th 1242 (2008) (identification of putative class members and witnesses and production of their contact information is within the scope of proper discovery). Notwithstanding the clear weight of authority, Defendant failed to provide this pre-certification discovery until Magistrate Judge Spero granted Plaintiff's Motion to Compel.

Moreover, after the parties met and conferred on July 23, 2008, Defendant refused to agree to Plaintiff's compromise proposal consisting of a random sample of putative class members and producing contact information for just the sample only. Yet, Plaintiff's proposal was almost

1  exactly what Judge Spero ordered Defendant to produce to Plaintiff.[16]  Defendant's actions

2  resulted in delay in producing the information to which Plaintiff was entitled as soon as the

3  interrogatories seeking it were propounded.  Plaintiff acted as diligently as possible in light of

4  these repeated delays.

### B.   The Existing Deadline Does Not Afford Plaintiff Sufficient Time To Contact Class Members

7  Judge Spero's August 5, 2008, Order gave Defendant until August 11, 2008 to produce the

8  putative class members' names and addresses.  Defendant produced the contact information per

9  the Order.  Given the Order prohibited Plaintiff from initiating contact with the putative class

10  members via telephone, Plaintiff's only option was to send out a letter inviting putative class

11  members to contact Plaintiff's counsel.  Plaintiff did so, but the preparation time inherent in

12  making such a large mailing, including the time needed for the letters to travel to their

13  destinations, further delayed Plaintiff's ability to make contact with class members.

14  All told, Plaintiff will have had less than three weeks from the receipt of the contact

15  information to the August 31, 2008 deadline to file a motion for class certification.  Defendant, in

16  contrast, has had unrestricted access to putative class members from the outset of this lawsuit and

17  will undoubtedly present evidence it gathered from putative class members while it delayed

18  Plaintiff's access to the same information.  This short timeline does not permit Plaintiff enough

19  time to gather additional evidence in support of class certification.

### C.   Plaintiff Acted Diligently In Seeking Discovery

21  The docket for this case over the past two months demonstrates Plaintiff's pursuit of class

22  member contact information. After Plaintiff filed her Motion to Modify the Pretrial Preparation

23  Order in this Court on June 27, 2008, Plaintiff promptly filed her Motion to Compel Further

24  Responses to Plaintiff's First Set of Interrogatories on July 3, 2008, less than one week later.

25  After the Court reassigned Plaintiff's Motion to Compel to Magistrate Judge Spero on July 7,

26  2008, and Judge Spero denied Plaintiff's motion on July 15, 2008, Plaintiff timely sought to hold a

27

---

28  [16] Again, Judge Spero's August 5, 2008,Order explicitly relieved Defendant from producing the putative class members' telephone numbers despite no such request having been made, and no findings or authority stated to support such a conclusion.

MEMORANDUM OF P & A                    -7-                    3153/MOTIONS/MODIFY.DOC

1  meet-and-confer conference, in person, with Defendant as soon as practicable and within the

2  timeline set by Judge Spero's July 15, 2008, Order. Defendant's counsel is based in Los Angeles;

3  Plaintiff's counsel is based in San Francisco. The first feasible date for the parties to meet was

4  July 23, 2008. After Defendant rejected Plaintiff's proposed compromise for production of the

5  contact information, the parties timely filed a joint letter brief on July 30, 2008 with Judge Spero

6  in order to facilitate the resolution of their dispute. Judge Spero then held a telephonic hearing on

7  August 1, 2008, and issued his Order regarding production of the contact information on August 5,

8  2008, which directed Defendant to produce the information no later than August 11, 2008.

9  Plaintiff acted diligently within the confines of Defendant's delays and the Court's timelines for

10  briefing and scheduling.

11      **D.   Defendant's Repeated Delays Prejudiced Plaintiff's Ability To Procure Pre-**
           **Certification Evidence**

12

13      Plaintiff is still waiting for the remaining outstanding interrogatory responses. Despite

14  Defendant's claims of burden in producing class member contact information, Defendant was able

15  to produce the contact information per Plaintiff's proposal as stated in the parties' joint letter

16  between August 1, 2008, the date of the telephonic hearing with Judge Spero, and the August 11,

17  2008 deadline for doing so. Defendant now claims that the outstanding information, that was due

18  to Plaintiff by August 11, 2008, cannot be timely produced per the parties' agreement. Defendant

19  repeatedly delayed Plaintiff's ability to obtain discovery in a timely fashion throughout the course

20  of this litigation. Close to an entire year has passed since Plaintiff propounded these

21  interrogatories. Defendant's delays impacted Plaintiff's ability to procure evidence prior to filing a

22  motion for class certification.

23      When Plaintiff first sought relief from the Pretrial Preparation Order from this Court, the

24  original request to extend the deadline to file a motion for class certification by 75 days stated that

25  Plaintiff could meet that deadline if Defendant provided full and complete interrogatory responses

26  in a timely fashion. Defendant did not produce the contact information until the Court ordered it

27  do so on August 11, 2008, and Defendant has yet to produce the balance of the information,

28  despite its agreement with Plaintiff to do so by August 11, 2008.

1  This Court found good cause to extend Plaintiff's deadline to August 31, 2008, with the
2  opportunity to show need for a further extension pending the outcome of Plaintiff's Motion to
3  Compel.  Plaintiff's motion was resolved formally and informally by August 5, 2008, but Plaintiff
4  is not in receipt of all of Defendant's responses.  Nearly two months have passed since Plaintiff's
5  initial motion to modify the scheduling order, and another deadline for Defendant to produce
6  information Plaintiff repeatedly requested has come and gone.

7  **E.**    **Defendant Will Not Be Prejudiced By Modification of the Order**

8  Adecco will not suffer prejudice if the Court modifies the Order and grants a further
9  extension.  No hardship will result from permitting Plaintiff an additional 30 days within which to
10  file a motion for class certification, just two weeks more than to what Defendant offered to
11  stipulate.  In contrast, Plaintiff would suffer hardship and prejudice if the requested extension is
12  not granted.

13  **III.  CONCLUSION**

14  For the foregoing reasons, Plaintiff asks this Court to grant her motion to further modify
15  the Pretrial Scheduling Order and extend the class certification briefing schedule by an additional
16  30 days to September 30, 2008.

18  Date:   August 22, 2008                    QUALLS & WORKMAN, L.L.P.

20                                    By:  _____
21                                    Daniel H. Qualls
                                      Attorney for Plaintiff