1 | Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
2 | Aviva N. Roller, Bar No. 245415
**QUALLS & WORKMAN, LLP**
3 | 244 California Street, Suite 410
San Francisco, CA 94111
4 | Telephone: (415) 782-3660
Facsimile: (415) 788-1028
5 |
David Sanford, D.C. Bar No. 457933
6 | Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
7 | 1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
8 | Telephone: (202) 742-7780
Facsimile: (202) 742-7776
9 |
Grant Morris, D.C. Bar No. 926253
10 | **LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
11 | Washington, D.C. 20009
Telephone: (202) 742-7783
12 | Facsimile: (202) 742-7776

13

*Attorneys for Plaintiff*

14

15

16 UNITED STATES DISTRICT COURT

17 NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19 SHAVOTNAE GOLDSBY, AND ALL OTHERS<br>SIMILARLY SITUATED, | )  No.   CV-07-5604 MMC<br>) |
| 20 | ) |
| 21                Plaintiff, | )  **DECLARATION OF DANIEL H.**<br>)  **QUALLS IN SUPPORT OF MOTION** |
| 22          vs. | )  **TO FURTHER MODIFY PRETRIAL**<br>)  **PREPARATION ORDER** |
| 23 ADECCO, INC, and DOES 1 through 100, inclusive, | )<br>) |
| 24                Defendants. | )  **DATE:  September 26, 2008**<br>)  **TIME:.  9:00 a.m.** |
| 25 | )  **CTRM:  7**<br>)  **JUDGE: HON. MAXINE M. CHESNEY** |
| 26 | ) |

27

28

DECLARATION OF DANIEL H. QUALLS        -1-        3153/MOTIONS/MODIFY/DHQDECL.DOC

Daniel H. Qualls, declare as follows:

1.     I am an attorney at law, duly licensed to practice before all the courts of the State of California, and am a Partner with the law firm of Qualls & Workman, L.L.P., attorneys of record herein for Plaintiff Shavotnae Goldsby. The following is based on my personal knowledge, and if called upon to do so, I could and would competently testify thereto.

2.     Attached hereto as Exhibit A, is a true and correct copy of Plaintiff's June 27, 2008, motion for relief from the existing Pretrial Preparation Order issued by this Court, seeking to move the deadline to file a motion for class certification from July 7, 2008, to September 22, 2008.

3.     This Court entered an Order on July 28, 2008. The Order granted Plaintiff's motion in part by extending the deadline to file a class certification motion until August 31, 2008. The Order provided that Plaintiff could seek a further extension without prejudice, if needed, pending the outcome of her discovery motion. A true and correct copy of said Order is attached hereto as Exhibit B.

4.     Plaintiff filed a Motion to Compel Further Responses to Plaintiff's First Set of Special Interrogatories in this Court on July 3, 2008. Attached hereto as Exhibit C is a true and correct copy of said motion.

5.     The Court referred Plaintiff's Motion To Compel and all subsequent discovery disputes to a Magistrate Judge on July 7, 2008. Attached hereto as Exhibit D is a true and correct copy of the Order Referring To Magistrate Judge Plaintiff's Motion To Compel.

6.     Magistrate Judge Spero denied Plaintiff's Motion To Compel for failure to adequately meet-and-confer per Judge Spero's standing order on July 15, 2008. A true and correct copy of Judge Spero's July 15, 2008 Order is attached hereto as Exhibit E.

7.     On July 30, 2008, the parties submitted a joint, five-page letter brief to Judge Spero summarizing the parties' relative positions on the issue. a true and correct copy of the letter brief is attached hereto as Exhibit F.

8.     Judge Spero held a telephonic hearing with the parties on August 1, 2008. Following the hearing, Judge Spero ordered Defendant to produce the contact information per

1   Plaintiff's counsel's proposal, with severe limitations.  Judge Spero issued an Order to this effect

2   on August 5, 2008, a true and correct copy is attached hereto as Exhibit G.

3       9.      Plaintiff timely objected to Judge Spero's August 5, 2008 Order on August 15,

4   2008.  Attached hereto as Exhibit H is a true and correct copy of Plaintiff's Objections To

5   Magistrate Judge Spero's August 5, 2008, Order Granting In Part And Denying In Part Plaintiff's

6   Motion To Compel.

7       10.     On August 14, 2008, Defendant's counsel contacted Plaintiff's counsel to inform

8   Plaintiff's counsel that transmittal of Defendant's outstanding interrogatory responses would be

9   delayed. As of the date of this motion, Defendant has not produced the information.

10      11.     In compliance with Civil L.R. 16-2(d)(2), the parties met and conferred via

11  telephone regarding the proposed modification to the Pretrial Preparation Order on August 11,

12  2008.  Defense counsel was willing to stipulate only to a 14-day extension of Plaintiff's deadline

13  to file a motion for class certification.

14      I declare under penalty of perjury that the foregoing is true and correct and that this

15  Declaration was executed August 22, 2008, in San Francisco, California.

16

17                                          DANIEL H. QUALLS

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ADECCO, INC, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants.<br>_____ | No.  CV-07-5604 MMC<br><br>**PLAINTIFF SHAVOTNE GOLDSBY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO MODIFY PRETRIAL PREPARATION ORDER**<br><br>**DATE:  AUGUST 1, 2008**<br>**TIME:  10:30 A.M.**<br>**CTRM:  7**<br>**JUDGE: HON. MAXINE M. CHESNEY** |

1

2                                  **I. STATEMENT OF FACTS**

3          Plaintiff Shavotnae Goldsby (Goldsby) is a former hourly employee of Defendant Adecco,

4   Inc. (ADECCO).  While employed by ADECCO, Goldsby contends she periodically failed to

5   receive meal period breaks as required by California law.  Plaintiffs contend ADECCO maintains

6   employee records depicting when meal period breaks were not taken by hourly employees.

7   Plaintiff contends ADECCO did not pay Goldsby an additional hour of compensation for missed

8   meal period breaks.  Goldsby's employment with ADECCO terminated on December 26, 2006.

9   Goldsby filed a Class Action Complaint for violations on July 26, 2007.[1]  The Complaint was

10  served on ADECCO on August 17, 2007.[2]  In her Complaint, Goldsby sought to represent a

11  proposed class of current and former ADECCO California hourly workers employed by ADECCO

12  between July 26, 2003, and the present as follows:

13          persons paid on an hourly basis for whom ADECCO records depict a meal period not

14          taken who did not receive a compensation payment by ADECCO for lack of said meal

15          period.

16          On August 27, 2007, Plaintiff served her first set of special interrogatories and demand for

17  production of documents on ADECCO.[3]  Special Interrogatory No. 1 asked ADECCO to identify

18  the names, addresses, e-mail addresses, and telephone numbers of employed by ADECCO

19  between July 26, 2003, and the present paid on an hourly basis and for whom ADECCO's records

20  depicted a meal period not taken.  Special Interrogatory No. 2 asked ADECCO to identify the

21  period of employment for each person identified in response to Special Interrogatory No. 1.  No. 3

22  asked ADECCO to identify the number of persons employed by ADECCO in California between

23  July 26, 2003 and the present paid on an hourly basis for whom ADECCO records depicted a meal

24  period not taken.  No. 4 asked ADECCO to identify the number of persons employed by

25  ADECCO in California paid on an hourly basis between July 26, 2003 and the present who

26

27  ────────────────
    [1] Declaration of Daniel H. Qualls In Support Of Plaintiff Shavotnae Goldsby's Motion To Modify Pretrial Preparation
28  Order ("Qualls Decl.") ¶ 2, EX A.
    [2] Id.
    [3] Qualls Decl., ¶ 3, EX. B.

1  complained to ADECCO regarding the absence of meal period breaks.  No. 5 asked ADECCO to

2  identify the number of persons employed by ADECCO in California between July 26, 2003 and

3  the present who were paid on an hourly basis.[4]

4        ADECCO did not provide any of the requested information in its response, which it served

5  on Plaintiff on November 1, 2007.[5]  Instead, it filed objections on numerous grounds, including

6  claims that the requested information violated the rights of privacy of the affected persons and that

7  the requests were burdensome.  The Special Interrogatories remain unanswered.

8        On September 7, 2007, Plaintiff served notices seeking to take the depositions of

9  ADECCO's Persons Most Knowledgeable regarding 1) ADECCO policy and procedures

10  regarding issuance of final payroll checks to terminated California employees; 2) ADECCO

11  California meal period break policies; and 3) ADECCO meal period break record keeping

12  practices and procedures.[6]  The depositions were noticed to proceed on September 25, 2007.[7]

13  ADECCO then requested that the depositions be extended for 15 days, and Plaintiff agreed to do

14  so.[8]  ADECCO stalled further and did not produce its Persons Most Knowledgeable on the

15  noticed topics.

16        On November 2, 2007, ADECCO removed this case to federal court.[9]  Consequently,

17  Plaintiff's ability to commence discovery was placed on hold until the parties held a Rule 26

18  Initial Disclosure Conference on February 1, 2008.[10]

19        Following the Rule 26 Conference, on February 5, 2008, Plaintiff served Rule 30(b)(6)

20  deposition notices seeking the same knowledge from ADECCO as previously noticed on

21  September 7, 2007.[11]  These depositions were initially noticed for March 5, 2008, and then were

22  again rescheduled to May 22, 2008 per ADECCO's request.  As the May 22 date approached,

23  ADECCO sought to reschedule the depositions for the fifth time.[12]  On June 4, 2008, Plaintiff's

24

_____

25  [4] Id.
    [5] Qualls Decl. ¶ 4, EX. C.

26  [6] Qualls Decl., ¶ 5, EX. D.
    [7] Id.

27  [8] Id.
    [9] Qualls Decl., ¶ 6, EX E.

28  [10] Qualls Decl., ¶ 6.
    [11] Qualls Decl., ¶ 7, EX. F.
    [12] Id.

1  counsel took the deposition of ADECCO's representative, Kim Hans, Vice President of

2  Operations, Southwest Division on the noticed topics.  At this deposition, Plaintiff learned the

3  nature of Defendant's recordkeeping practices for the first time:  the various methods by which

4  ADECCO hourly employees record their meal periods and the existence of ADECCO's records

5  thereof.[13]

6       On February 15, 2008, this Court entered its Pretrial Preparation Order (Order) pursuant to

7  Rule 16 of the Federal Rules of Civil Procedure.[14]  The Order specified that the deadline for

8  Plaintiff to file her motion for class certification was July 7, 2008.  Accordingly, Plaintiff moves to

9  modify the Order to allow Plaintiff additional time to prepare a motion for class certification.

10                          **II.  LEGAL ARGUMENT**

11       A.     **Dates Sought For Amendment**

12       The Order set forth a timeline for the amendment of pleadings, discovery, class

13  certification, and trial.  Plaintiff seeks modification of the deadlines for the class certification

14  briefing schedule. The class certification schedule was to begin with the July 7, 2008 deadline for

15  Plaintiff to file her motion for class certification, and culminating in a hearing before this Court on

16  September 5, 2008.[15]

17       Plaintiff seeks to extend the class certification briefing schedule by 75 days to September

18  22, 2008, pending ADECCO's timely compliance with Plaintiff's pre-certification discovery

19  requests and with further pre-certification discovery Plaintiff needs to conduct.  Pursuant to Civil

20  L.R. 16-2(d)(3), Plaintiff's proposed modification to the existing Order is attached hereto as

21  ____.[16]

22

23

24

25

26

27  [13] Qualls Decl. ¶ 8, EX. G.
    [14] Qualls Decl., ¶ 9, EX. H.
28  [15] Id.
    [16] Id.

MEMORANDUM OF P & A                    -4-                    3153/MOTIONS/MODIFY.DOC

**B.    Plaintiff's Counsel Has Met and Conferred With Opposing Counsel**

In compliance with Civil L.R. 16-2(d)(2), Plaintiff's counsel met and conferred regarding the proposed modifications to the scheduling order on June 13, 20, and 24, 2008. Defense counsel was willing to stipulate only to a 30-day extension of the class certification briefing schedule.[17]

**C.    Good Cause Exists to Amend the Pretrial Preparation Order**

Rule 16(b)(4) of the Federal Rules of Civil Procedure permits a district court judge to modify a scheduling order only when the moving party shows good cause. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 2000) (internal citations omitted). While the potential for prejudice to the opposing party may supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Id.

**D.    Plaintiff Has Acted Diligently**

Good cause, as demonstrated through Plaintiff's diligence, exists here to modify the Order. Plaintiff's counsel has been diligent in conducting discovery from the outset of this lawsuit. California law permits a plaintiff to propound special interrogatories and demands for inspection of documents on any date after 10 days following service of the complaint. Cal. Code Civ. Proc. §§ 2030.020 (b), 2031.020 (b). A plaintiff may serve deposition notices on any date after 20 days past service of the complaint. Cal. Code Civ. Proc. § 2025.210(b). The Complaint in this case was served on ADECCO on August 17, 2007. Plaintiff's first set of special interrogatories and demand for production of documents were served on ADECCO 10 days later, on August 27, 2007. Plaintiff's notices of deposition were served on ADECCO 20 days later, on September 7, 2007.

After ADECCO removed the case to federal court, the Federal Rules of Civil Procedure required Plaintiff to wait to resume discovery until after the parties held their Rule 26 conference on February 1, 2008. Following the conference and the issuance of this Court's Pretrial Scheduling Order, Plaintiff promptly resumed her attempt to depose ADECCO's representative on

---

[17] Qualls Decl. ¶ 11.

1    the topics of compensation policies, meal period break policies, and meal period break time

2    record-keeping policies, serving such discovery on February 5, 2008. ADECCO did not produce

3    Ms. Hans, the designated representative on the noticed topics, until June 4, 2008, a delay of over

4    eight months from the originally noticed date, through no fault of the Plaintiff. Plaintiff did

5    everything in her power to obtain the testimony of Ms. Hans at the earliest possible time.

6            E.     **The Delay in Obtaining Evidence is Problematic For Class Certification**

7            Despite Plaintiff's diligence in seeking discovery, Plaintiff did not learn the nature and

8    extent of ADECCO's meal period records that would have permitted plaintiff to bring a motion to

9    compel responses to interrogatories seeking contact information until Ms. Hans's deposition.

10    After removal to this Court, Plaintiff could not resume discovery until after the conference on

11    February 1, 2008. In the meantime, ADECCO had asserted that disclosure of putative class

12    members' contact information was burdensome. Plaintiff defined the class she sought to be

13    represented by entries on ADECCO's meal period records, thereby tying the disclosure of putative

14    class members' information to such records. Plaintiff did not know the nature of ADECCO's

15    meal period records until the Hans deposition was taken on June 4, 2008. At that time, Plaintiff

16    learned that most of ADECCO's records are electronic and thus easily searchable for the

17    information that is responsive to interrogatories seeking putative class member contact

18    information. Plaintiff can now file a motion to compel the disclosure of the class members'

19    contact information as Plaintiff will be able to demonstrate that the disclosure of the requested

20    information will not be burdensome to ADECCO.

21            The combination of ADECCO's failure to respond to Plaintiff's interrogatories in a timely

22    fashion and the repeated delays of Ms. Hans's deposition have left Plaintiff without the ability to

23    contact putative class members. Consequently, Plaintiff has not been able to obtain evidence from

24    a sampling of putative class members in support of a motion for class certification. The short time

25    period between the June 4 deposition and the July 7 deadline for filing a motion for class

26    certification coupled with the lack of interrogatory answers by ADECCO do not accord Plaintiff

27    the opportunity to procure such pre-certification evidence. If the Court grants this Motion to

28    modify the Pretrial Scheduling Order and extend the deadline for a motion for class certification

1    by 75 days to September 22, 2008, Plaintiff should have sufficient time to procure further

2    evidence in support of her motion for class certification, assuming that ADECCO supplies her

3    with full and complete responses to her interrogatories in a timely fashion.

4         Presently, Plaintiff's counsel is meeting and conferring with ADECCO's counsel regarding

5    the outstanding interrogatory responses. In the event that Plaintiff's meet-and-confer efforts fail,

6    Plaintiff will shortly file a motion to compel.

7         **F.**    <u>**ADECCO Will Not Be Prejudiced By Modification of the Order**</u>

8         ADECCO will not suffer prejudice if the Court modifies the Order. No hardship will

9    result from permitting Plaintiff an additional 75 days within which to file a motion for class

10   certification. In contrast, Plaintiff would suffer hardship and prejudice if the requested extension

11   if not granted.

12                          **III.  CONCLUSION**

13        For the foregoing reasons, Plaintiff asks this Court to grant her motion to modify the

14   Pretrial Scheduling Order and extend the class certification briefing schedule by 75 days to

15   September 22, 2008. Plaintiff additionally asks that this Court schedule a case management

16   conference 60 days out from the date of the filing of this motion.

17

18   Date:  June 27, 2008                   QUALLS & WORKMAN, L.L.P.

19

20                                    By: _____

21                                      Daniel H. Qualls
                                   Attorney for Plaintiff

22

23

24

25

26

27

28

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, | No. C-07-5604 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY PRETRIAL PREPARATION ORDER; VACATING HEARING** |
| v. | |
| ADECCO, INC., | |
| Defendant | |

Before the Court is plaintiff's "Motion to Modify Pretrial Preparation Order," filed June 27, 2008. Defendant has filed partial opposition to the motion, to which plaintiff has replied. Having read and considered the papers filed in support of and in response to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for August 1, 2008, and rules as follows.

In her motion, plaintiff seeks an order extending the deadline for filing her motion for class certification from July 7, 2008 to September 22, 2008. In its response, defendant states it does not oppose a 40-day extension of the deadline, i.e., it does not oppose the Court's extending the deadline to August 19, 2008, but that it opposes any further extension.

In light of defendant's non-opposition to an extension to August 19, 2008, and good cause appearing for a short further extension in light of Magistrate Judge Spero's order of

United States District Court

For the Northern District of California

1   July 15, 2008, the Court will extend the deadline to August 31, 2008.

2       To the extent plaintiff seeks an extension beyond August 31, 2008, the Court will

3   deny the motion, without prejudice to plaintiff's seeking a further extension if, in light of the

4   subsequent course of discovery and/or any rulings that may be issued by Magistrate Judge

5   Spero, plaintiff can show good cause for such relief.

6       Accordingly, plaintiff's motion is hereby GRANTED in part and the Pretrial

7   Preparation Order is amended to extend, to August 31, 2008, the deadline for plaintiff's

8   filing a motion for class certification. In all other respects, the motion is DENIED without

9   prejudice.

10  **IT IS SO ORDERED.**

11

12  Dated: July 28, 2008

13                                          MAXINE M. CHESNEY
                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C**

1    Daniel H. Qualls, Bar No. 109036
     Robin G. Workman, Bar No. 145810
2    QUALLS & WORKMAN, LLP
     244 California Street, Suite 410
3    San Francisco, CA 94111
     Telephone: (415) 782-3660
4    Facsimile: (415) 788-1028

5    David Sanford, D.C. Bar No. 457933
     Meenoo Chahbazi, CA Bar No. 233985
6    SANFORD, WITTELS & HEISLER, LLP
     1666 Connecticut Avenue, N.W., Suite 310
7    Washington, D.C. 20009
     Telephone: (202) 742-7780
8    Facsimile: (202) 742-7776

9    Grant Morris, D.C. Bar No. 926253
     LAW OFFICES OF GRANT E. MORRIS
10   1666 Connecticut Avenue, N.W., Suite 310
     Washington, D.C. 20009
11   Telephone: (202) 742-7783
     Facsimile: (202) 742-7776

12

13   *Attorneys for Plaintiff*

14

15                 UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17

18   SHAVOTNAE GOLDSBY, AND ALL OTHERS      )   No.   CV 07 5604 MMC
     SIMILARLY SITUATED,                    )
19                                          )   **PLAINTIFF'S NOTICE OF MOTION**
                     Plaintiff,             )   **AND MOTION TO COMPEL**
20                                          )   **FURTHER RESPONSES TO**
             vs.                            )   **PLAINTIFF'S FIRST SET OF**
21                                          )   **SPECIAL INTERROGATORIES;**
     ADECCO, INC, and DOES 1 through 100, inclusive, )   **MEMORANDUM OF POINTS AND**
22                                          )   **AUTHORITIES IN SUPPORT**
                     Defendants.            )   **THEREOF**
23                                          )
                                            )   **DATE:      August 15, 2008**
24                                          )   **TIME:      9:00 am**
                                            )   **CTRM:      7**
25                                          )   **JUDGE:     Hon. Maxine M. Chesney**
26

27

28

MOTION TO COMPEL                          3153\MOTIONS\COMPELMOTSI1.DOC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO
PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES.................................1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION .................2

I.     STATEMENT OF ISSUES TO BE DECIDED ...........................................2

II.    STATEMENT OF FACTS ........................................................................2

     A.    Plaintiff's Propounded Interrogatories and Defendant's Responses ..........2

     B.    Plaintiff's Attempts to Depose ADECCO and Continue Discovery ..........7

     C.    Plaintiff's Unsuccessful Meet and Confer Attempts ...........................9

III.    ARGUMENT...........................................................................................9

     A.    Plaintiff's Interrogatories Are Within Scope Of Permitted Discovery........9

     B.    The Supreme Court Recognizes The Right to Pre-Certification
         Discovery of Putative Class Member Contact Information.......................10

     C.    Privacy Objections Do Not Bar Plaintiff's Discovery ...............................11

     D.    Production of Class Members' Contact Information Is Not
         Burdensome ..........................................................................................12

III.    CONCLUSION........................................................................................13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

Bailey v. Ameriquest Mortg. Co., 2002 U.S. Dist. LEXIS 1363 (D. Minn. 2002) ......10, 11

Barnes v. Julien J. Studley, Inc., 1989 U.S. Dist. LEXIS 18349 (D. D.C. 1989)..............10

Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938) .........................................................11

Hammond v. Lowe's Home Ctrs., Inc., 216 F.R.D. 666 (D. Kan. 2003)............................9

Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989)............................................10

Miklos v. Golman-Hayden Cos., Inc., 2000 U.S. Dist. LEXIS 22352 (S.D. Ohio 2000) ................................................................................................................................11

Oppenheimer Fund v. Sanders, 437 U.S. 340 (1978) ........................................................9

Pioneer Electronics (USA) Inc. v. Superior Court, 40 Cal. 4th 360 (2007) ......................11

Puerto v. Superior Court, 158 Cal. App. 4th 1242 (2008) ............................................11, 12

Tucker v. Labor Leasing, Inc., 155 F.R.D. 687 (M.D. Fla. 1994)....................................11

United States v. Cook, 795 F.2d 987 (Fed. Cir. 1986) ......................................................10

Wallman v. Tower Air, Inc., 189 F.R.D. 566 (N.D. Cal. 1999) ........................................10

Whitworth v. Chiles Offshore Corp., 1992 U.S. Dist. LEXIS 17844 (E.D. La. 1992) ................................................................................................................................10

### STATUTES

Federal Rules of Civil Procedure, Rule 26 .........................................................................7

California Construction Code, Article I, § 1 .....................................................................12

Federal Rules of Civil Procedure, Rule 26 (b) (1) ..............................................................9

Federal Rules of Civil Procedure, Rule 30(b)(6)..............................................................7, 8

Federal Rules of Civil Procedure, Rule 37(a)(1) ..........................................................2, 7, 9

## NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO
## PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 15, 2008 at 9:00 a.m. or as soon thereafter as the matter can be heard in Courtroom 7 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Shavotnae Goldsby (Plaintiff) will move the above-entitled court for an order compelling Defendant Adecco, Inc., (ADECCO) to provide further responses to Plaintiff's First Set of Special Interrogatories and overrule objections interposed to said discovery requests as set forth in Defendants' discovery responses. Good cause exists for the order required, as information sought is within the scope of permitted discovery. Any objections raised by Defendant are without merit.

This motion will be based on the Memorandum of Points and Authorities filed herewith, the Declaration of Daniel H. Qualls filed herewith, the complete files and records in this action, and such other argument and documents as may be presented at the hearing on this Motion.

Dated: July 3, 2008                              QUALLS & WORKMAN, L.L.P.


                                        By: _____/S/_____
                                               Daniel H. Qualls
                                               Attorneys for Plaintiff and all others similarly
                                               situated

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**</u>

2    **I.    <u>STATEMENT OF ISSUES TO BE DECIDED</u>**

3    Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiff brings this motion to compel for Defendant

4    ADECCO's failure to provide full and complete responses to Plaintiff's First Set of Special

5    Interrogatories.  Defendant objected to Plaintiff's interrogatories on the grounds of relevance, that

6    Defendant cannot be forced to disclose the requested information prior to this Court's

7    determination on class certification, that the requested information violates the right to privacy,

8    and that disclosure is too burdensome.

9    **II.    <u>STATEMENT OF FACTS</u>**

10    Plaintiff is a former hourly employee of Defendant.  While employed by ADECCO,

11    Plaintiff contends she periodically failed to receive meal period breaks as required by California

12    law.  Plaintiff contends ADECCO maintains employee records depicting when hourly employees

13    did not receive meal period breaks.  Plaintiff contends ADECCO did not pay Goldsby an

14    additional hour of compensation for missed meal period breaks.  Plaintiff's employment with

15    ADECCO terminated on December 26, 2006.  Plaintiff filed a Class Action Complaint in

16    California state court for violations on July 26, 2007.[1]  Plaintiff's Complaint defines the class of

17    employees she seeks to represent as:  persons paid on an hourly basis for whom ADECCO records

18    depict a meal period not taken who did not receive compensation payment by ADECCO for lack

19    of said meal period.[2]  Plaintiff served the Complaint on ADECCO on August 17, 2007.[3]

20    **A.    <u>Plaintiff's Propounded Interrogatories and Defendant's Responses</u>**

21    On September 4, 2007, Plaintiff served her first sets of special interrogatories on

22    ADECCO.[4]  ADECCO served its responses on November 1, 2007.[5]  The Special Interrogatories

23    propounded by Plaintiff with Defendant's responses are set forth as follows:

24

25

---

26    [1] Declaration of Daniel H. Qualls In Support Of Plaintiff Shavotnae Goldsby's Motion To Compel Further Responses to Plaintiff's First Set of Special Interrogatories ("Qualls Decl.") ¶ 2, EX A.

27    [2] <u>Id.</u> at ¶ 10.
      [3] <u>Id.</u>, Proof of Service of Summons.

28    [4] Qualls Decl., ¶ 3, EX. B.
      [5] Qualls Decl., ¶ 4, EX C.

1    **SPECIAL INTERROGATORY NO. 1**

2        Identify the name, address, e-mail address AND telephone number of all persons employed

3    by YOU in California [between] July 26, 2003 and the present paid on an hourly basis for whom

4    ADECCO records depict a meal period not taken. (The terms "YOU," "YOUR" or "YOURS"

5    refer to ADECCO and, if applicable, the agents, employees, officers, and directors of same or of

6    any subsidiary or divisions thereof, and their attorneys and those persons employed by their

7    attorneys.) (As used herein, the term "ALL" is synonymous with "ANY" and the term "OR"

8    means "AND/OR.")

9        **RESPONSE TO SPECIAL INTERROGATORY NO. 1**

10        Defendant objects to this interrogatory on the grounds that it seeks information which is

11    not relevant to the subject matter involved in the pending action, and which is not reasonably

12    calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and

13    oppressive; that it calls for information that is protected by the right of privacy; that it is

14    compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the

15    phrase "depict a meal period not taken;" and that it is premature in that it seeks information

16    concerning potential class members prior to class certification.

17        Defendant further objects to this interrogatory on the grounds that it improperly seeks

18    information pertaining to liability and damages. This case is presently in the pre-certification

19    discovery phase. Questions pertaining to liability and damages issues are unduly oppressive,

20    harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability

21    and damages issues if the proposes [sic] classes are certified. However, if Defendant is subjected

22    to such discovery prior to class certification, it will be forced to incur the burdens of a collective

23    action before it has been determined by the Court that it is appropriate to proceed by way of a

24    collective action.

25    **SPECIAL INTERROGATORY NO. 2**

26        Identify the period of employment for each person identified in response to Special

27    Interrogatory No. 1.

28

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 2**

2      Defendant objects to this interrogatory on the grounds that it seeks information which is

3  not relevant to the subject matter involved in the pending action, and which is not reasonably

4  calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and

5  oppressive; that it calls for information that is protected by the right of privacy; that it is

6  compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the

7  phrase "period of employment;" and that it is premature in that it seeks information concerning

8  potential class members prior to class certification.

9      Defendant further objects to this interrogatory on the grounds that it improperly seeks

10  information pertaining to liability and damages.  This case is presently in the pre-certification

11  discovery phase.  Questions pertaining to liability and damages issues are unduly oppressive,

12  harassing, and burdensome.  Plaintiff will have the opportunity to propound discovery on liability

13  and damages issues if the proposes [sic] classes are certified.  However, if Defendant is subjected

14  to such discovery prior to class certification, it will be forced to incur the burdens of a collective

15  action before it has been determined by the Court that it is appropriate to proceed by way of a

16  collective action.

17  **SPECIAL INTERROGATORY NO. 3**

18      Identify the number of persons employed by YOU in California between July 26, 2003

19  AND the present paid on an hourly basis for whom ADECCO records depict a meal period not

20  taken.

21  **RESPONSE TO SPECIAL INTERROGATORY NO. 3**

22      Defendant objects to this interrogatory on the grounds that it seeks information which is

23  not relevant to the subject matter involved in the pending action, and which is not reasonably

24  calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and

25  oppressive; that it calls for information that is protected by the right of privacy; that it is

26  compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the

27  phrase "period of employment;" and that it is premature in that it seeks information concerning

28  potential class members prior to class certification.

1   Defendant further objects to this interrogatory on the grounds that it improperly seeks
2   information pertaining to liability and damages.  This case is presently in the pre-certification
3   discovery phase.  Questions pertaining to liability and damages issues are unduly oppressive,
4   harassing, and burdensome.  Plaintiff will have the opportunity to propound discovery on liability
5   and damages issues if the proposes [sic] classes are certified.  However, if Defendant is subjected
6   to such discovery prior to class certification, it will be forced to incur the burdens of a collective
7   action before it has been determined by the Court that it is appropriate to proceed by way of a
8   collective action.

9   Subject to and without waiving these objections, Defendant responds as follows:  During a
10  typical month, Adecco has approximately 10,000 employees that are assigned to work for
11  Adecco's clients in California.

12  **SPECIAL INTERROGATORY NO. 4**

13  Identify ALL persons employed by YOU in California paid on an hourly basis between
14  July 26, 2003, AND the present who complained to YOU REGARDING the absence of meal
15  period breaks.  (As used herein, the term "REGARDING" means relating to, referring to,
16  pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever
17  logically or factually connected with the matter referenced, whether in whole or in part.)

18  **RESPONSE TO SPECIAL INTERROGATORY NO. 4**

19  Defendant objects to this interrogatory on the grounds that it seeks information which is
20  not relevant to the subject matter involved in the pending action, and which is not reasonably
21  calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and
22  oppressive; that it calls for information that is protected by the right of privacy; that it is
23  compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the
24  term "complained" and the phrase "absence of meal breaks;" and that it is premature in that it
25  seeks information concerning potential class members prior to class certification.

26  Defendant further objects to this interrogatory on the grounds that it improperly seeks
27  information pertaining to liability and damages.  This case is presently in the pre-certification
28  discovery phase.  Questions pertaining to liability and damages issues are unduly oppressive,

1    harassing, and burdensome.  Plaintiff will have the opportunity to propound discovery on liability

2    and damages issues if the proposes [sic] classes are certified.  However, if Defendant is subjected

3    to such discovery prior to class certification, it will be forced to incur the burdens of a collective

4    action before it has been determined by the Court that it is appropriate to proceed by way of a

5    collective action.

6    **SPECIAL INTERROGATORY NO. 5**

7            Identify the number of persons employed by YOU in California between July 26, 2003 and

8    the present, paid on an hourly basis.

9    **RESPONSE TO SPECIAL INTERROGATORY NO. 5**

10           Defendant objects to this interrogatory on the grounds that it seeks information which is

11   not relevant to the subject matter involved in the pending action, and which is not reasonably

12   calculated to lead to the discovery of admissible evidence; that it is overbroad, burdensome, and

13   oppressive; that it calls for information that is protected by the right of privacy; that it is

14   compound; that it is vague and ambiguous in that it cannot be ascertained what is meant by the

15   phrase "employed by YOU;" and that it is premature in that it seeks information concerning

16   potential class members prior to class certification.

17           Defendant further objects to this interrogatory on the grounds that it improperly seeks

18   information pertaining to liability and damages.  This case is presently in the pre-certification

19   discovery phase.  Questions pertaining to liability and damages issues are unduly oppressive,

20   harassing, and burdensome.  Plaintiff will have the opportunity to propound discovery on liability

21   and damages issues if the proposes [sic] classes are certified.  However, if Defendant is subjected

22   to such discovery prior to class certification, it will be forced to incur the burdens of a collective

23   action before it has been determined by the Court that it is appropriate to proceed by way of a

24   collective action.

25           Subject to and without waiving these objections, Defendant responds as follows:  During a

26   typical month, Adecco has approximately 10,000 employees that are assigned to work for

27   Adecco's clients in California.

28

1    **B.    Plaintiff's Attempts to Depose ADECCO and Continue Discovery**

2    On September 10, 2007, Plaintiff served notices seeking to take the depositions of

3    ADECCO's Persons Most Knowledgeable regarding 1) ADECCO policy and procedures

4    regarding issuance of final payroll checks to terminated California employees; 2) ADECCO

5    California meal period break policies; and 3) ADECCO meal period break record keeping

6    practices and procedures.[6]  Plaintiff noticed the depositions to proceed on September 25, 2007.[7]

7    ADECCO did not produce its Persons Most Knowledgeable on the noticed topics prior to serving

8    Plaintiff with its interrogatory responses.

9    On November 5, 2007, four days after serving its responses, ADECCO removed this case

10   to federal court.[8]  Consequently, the procedural maneuvering placed Plaintiff's ability to

11   commence discovery on hold until the parties held a Fed. R. Civ. P. 26 Initial Disclosure

12   Conference on February 1, 2008.[9]  Although Plaintiff just received the interrogatory responses

13   detailed above at the time of removal, Plaintiff had not yet taken the deposition of ADECCO's

14   representative on the noticed topics, and thus had no knowledge of ADECCO's meal period

15   recordkeeping practices.  Removal to federal court coupled with the failure of ADECCO to

16   produce its representative in a timely manner meant that Plaintiff did not have an opportunity at

17   the time Plaintiff received ADECCO's responses to file a motion to compel, given the dictates of

18   Rule 26.

19   Following the Rule 26 Conference, on February 5, 2008, Plaintiff served Fed. R. Civ. P.

20   30(b)(6) deposition notices seeking the same knowledgeable persons from ADECCO as

21   previously noticed on September 10, 2007, in the state court action.[10]  This Court entered its

22   Pretrial Scheduling Order on February 15, 2008, setting November 21, 2008, as the non-expert

23   discovery cutoff date.[11]  Plaintiff initially noticed the depositions for September 25, 2007, re-

24   noticed them for March 5, 2008, and then continued them again to occur on May 22, 2008 per

25

---

26   [6] Qualls Decl., ¶ 5, EX. D.
     [7] Id.

27   [8] Qualls Decl., ¶ 6, EX E.
     [9] Id.

28   [10] Qualls Decl., ¶ 7, EX. F.
     [11] Qualls Decl., ¶ 8, EX. G.

MOTION TO COMPEL                    -7-              3153\MOTIONS\COMPELMOTSl1.DOC

1  ADECCO's request.    On February 29, 2008, ADECCO'S counsel first indicated that the March

2  5th date was unacceptable.[12]  The parties agreed to reschedule the deposition date for April 30,

3  2008, and then rescheduled again to May 22, 2008.[13]  As the May 22 date approached, ADECCO

4  again sought to reschedule the depositions for the fourth time.[14]  On ~~June 4, 2008~~, Plaintiff's

5  counsel took the deposition of ADECCO's representative, Kim Hans, Vice President of

6  Operations, Southwest Division on the noticed topics.  At this deposition, Plaintiff learned the

7  nature of Defendant's recordkeeping practices for the first time:  the various methods by which

8  ADECCO hourly employees record their meal periods and the existence of ADECCO's records

9  thereof.[15]

10         Plaintiff learned that most of ADECCO's time records are electronic and thus easily

11  searchable.  This is the type of information sought by and is responsive to interrogatories seeking

12  putative class member contact information.  ADECCO maintains both a website, time.adecco.com

13  (TAC), and a telephone system called ATS wherein its employees enter their daily hours

14  worked.[16]  Neither the TAC site nor the ATS system provide any information regarding whether

15  an employee took a meal break period, as the data for both time entry methods reflects only the

16  total number of hours an employee worked.[17]  ADECCO employees who use paper time cards to

17  record their time typically submit their time cards to ADECCO, and then a designated employee

18  inputs the time card data into the TAC site.[18]  The website is the same one used by employees who

19  input time themselves, and does not reflect meal period break data.[19]  Another group of ADECCO

20  employees use hard copy punch cards and a time clock at the worksite to record their time.[20]

21  ADECCO collects this information and inputs it into the TAC site, again without capturing any

22  data regarding meal period breaks.[21]  At other work sites where the employees use the client's own

23

---

24  [12] Qualls Decl., ¶ 9, EX H.
   [13] Id.
25  [14] Id.
   [15] Qualls Decl. ¶ 10, EX. I, June 4, 2008, Deposition of Kim Hans ("Hans Depo.") at 13:1-21, 17:11-18:3, 18:17-
   19:21, 21:25-23:7, 23:17-25:3, 26:22-27:24, 27:25-28:7, 33:9-12, 34:19-21, 36:6-9, 43:3-44:18, 47:3-14.
26  [16] Hans Depo., at 12:10-16, 13:4-7, Qualls Decl. EX I.
   [17] Hans Depo., at 14:10-21, 17:11-24, 26:22-27:24, 29:15-22, Qualls Decl. EX I.
27  [18] Hans Depo., 33:20-34:23, Qualls Decl. EX I.
   [19] Hans Depo., 36:6-9, 45:2-9, Qualls Decl. EX I.
28  [20] Hans Depo., 40:6-21, Qualls Decl. EX I.
   [21] Hans Depo., 43:19-44:4, Qualls Decl. EX I.

1  time clock, some clients print out time clock data for ADECCO's input at the TAC site.[22]  In short,

2  ADECCO's record keeping practices ensure that the majority of employee time record data it

3  collects is maintained on two electronic systems. Neither system's records depict whether an

4  employee took a timely meal period break.

C. **Plaintiff's Unsuccessful Meet and Confer Attempts**

6        As required by Fed. R. Civ. P. 37(a)(1) and L.R. 37-1(a), Plaintiff's counsel met and

7  conferred with Defendant's counsel via telephone on June 20 and 24, 2008, to attempt to resolve

8  the parties' differences regarding production of the putative class members' contact information

9  and the related information Plaintiff requested via interrogatories.  These attempts were

10  unsuccessful.[23]  Accordingly, Plaintiff now brings this motion to compel ADECCO's further

11  responses to the interrogatories.

**III.    ARGUMENT**

A. **Plaintiff's Interrogatories Are Within Scope Of Permitted Discovery**

14        ADECCO first objects to Plaintiff's interrogatories on the basis that the information sought

15  is both irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

16  Parties in a civil action may obtain discovery of any non-privileged information that is "relevant to

17  the subject matter involved in the pending action. . ." or is "reasonably calculated to lead to the

18  discovery of admissible evidence" at trial. Fed. R. Civ. P. 26 (b) (1) (Rule 26).  Courts broadly

19  construe the scope of discovery.  Oppenheimer Fund v. Sanders, 437 U.S. 340 (1978).  A court

20  should consider a request for discovery relevant if there is any possibility that the information

21  sought may be relevant to the claim or defense of any party.  Hammond v. Lowe's Home Ctrs.,

22  Inc., 216 F.R.D. 666, 670 (D. Kan. 2003).  A court therefore should allow a request for discovery

23  unless it is clear that the information sought can have no possible bearing on the claim or defense

24  of a party.  Id.

25        Plaintiff's Complaint alleges claims under the California Labor Code for Defendant's

26  failure to provide meal period breaks and compensation for missed meal period breaks on behalf

27

28  [22] Hans Depo., 48:3-18, Qualls Decl. EX H.
    [23] Qualls Decl. ¶ 11.

1   of herself and similarly situated ADECCO employees. To proceed, Plaintiff must make a

2   threshold showing that her claims give rise to predominant issues common to the class she seeks

3   to represent. Plaintiff's request for the names and addresses of ADECCO employees is within the

4   scope of permitted discovery because the information sought will enable Plaintiff to ascertain and

5   establish that Plaintiff and such employees are similarly situated. The scope of Rule 26 is not

6   limited by the Rule 23 proceeding. This objection is without merit.

7       **B.    The Supreme Court Recognizes The Right to Pre-Certification Discovery of
               Putative Class Member Contact Information**
8

9           ADECCO further objected on the ground that Plaintiff improperly seeks information

10  regarding liability and damages prior to class certification. Class certification is not a preliminary

11  requirement to the release of putative class members' contact information. In Hoffmann-La Roche

12  Inc. v. Sperling, 493 U.S. 165 (1989), the Supreme Court upheld a discovery order requiring the

13  defendant to provide the names and addresses of potential parties prior to authorization to proceed

14  as a representative action or class certification. Id. at 170. "[T]he Supreme Court did not require a

15  class certification prior to production of the list. It first ruled that production of the list of co-

16  workers was proper." Bailey v. Ameriquest Mortg. Co., 2002 U.S. Dist. LEXIS 1363 (D. Minn.

17  2002) ("The District Court was correct to permit discovery of the names and addresses of the

18  discharged employees."). As explained "[i]n general, at the precertification stage, discovery in a

19  putative class action is limited to certification issues (citation omitted) . . . However, the

20  merits/certification distinction is not always clear. Facts relevant to the class action determination

21  and definition may largely be the same as those relevant to the merits of the case." (Citation

22  omitted). Accordingly, "[a] District Court should be chary of restricting communications with

23  class members, and should do so only upon a 'clear record and specific findings that reflect a

24  weighing of the need for a limitation and the potential interference with the rights of the parties.'"

25  (citation omitted). Barnes v. Julien J. Studley, Inc., 1989 U.S. Dist. LEXIS 18349, 5-6 (D. D.C.

26  1989).

27          Courts likewise affirm the right to pre-class certification discovery of potential class

28  member names and addresses in cases proceeding under Rule 23. Whitworth v. Chiles Offshore

1  Corp., 1992 U.S. Dist. LEXIS 17844 (E.D. La. 1992); Wallman v. Tower Air, Inc., 189 F.R.D.

2  566, 569 (N.D. Cal. 1999).  (See, also, United States v. Cook, 795 F.2d 987 (Fed. Cir. 1986) (suit

3  against United States seeking liquidated damages for failure to pay overtime wages; pre-

4  authorization discovery order granted compelling defendant to disclose names and address of other

5  federal firefighters and law enforcement personnel); Bailey v. Ameriquest Mortg. Co., supra (pre-

6  authorization discovery of names and addresses of potential plaintiffs in FLSA overtime pay case

7  allowed); Miklos v. Golman-Hayden Cos., Inc., 2000 U.S. Dist. LEXIS 22352 (S.D. Ohio 2000)

8  (plaintiff's pre-authorization motion to compel production of names and addresses of potential

9  party employees of defendant in FLSA wage proceeding granted); Tucker v. Labor Leasing, Inc.,

10  155 F.R.D. 687 (M.D. Fla. 1994) (plaintiff's pre-authorization motion to compel seeking names of

11  all employees of defendant who were due overtime compensation granted)).  The clear weight of

12  authority on pre-certification production of putative class members' contact information is in favor

13  of Plaintiff.

14       **C.       Privacy Objections Do Not Bar Plaintiff's Discovery**

15             A federal court exercising diversity jurisdiction must apply the substantive law of the state

16  in which the court sits.  Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Accordingly, this

17  Court must look to California law to determine the merit of ADECCO's refusal to provide the

18  contact information of putative class members based on the right to privacy.  California courts

19  confirm that there is no basis for this assertion.

20             The California Supreme Court in Pioneer Electronics (USA) Inc. v. Superior Court, 40 Cal.

21  4th 360 (2007), affirmed that no violation of the right to privacy occurs when a defendant releases

22  putative class members' contact information.  In Pioneer, the Supreme Court observed: "Contact

23  information regarding the identity of potential class members is generally discoverable, so that the

24  lead plaintiff may learn the names of other persons who might assist in prosecution of the case.

25  Such disclosure involves no revelation of personal or business secrets, intimate activities, or

26  similar private information, and threatens no undue intrusion into one's personal life..." Id. at

27  373.  Here, Plaintiff requires the same discovery to obtain evidence from a sampling of putative

28

1   class members to support a motion for class certification.  Given the instruction of the <u>Pioneer</u>

2   court, ADECCO has no basis for its refusal to produce the information requested.

3         In <u>Puerto v. Superior Court</u>, 158 Cal. App. 4th 1242 (2008), the most recent California case

4   addressing the question of discovery of putative class member identity and contact information, the

5   Court held putative class member contact information is fully discoverable, unimpeded by notice

6   or 'opt-out' procedures.  The court stated that the identification of potential witnesses is within the

7   scope of proper discovery under Cal. Code of Civ. Proc. §2017.010.[24]  <u>Id.</u> at 1249.  The court

8   explained that although the potential witnesses, who also worked for the employer, possess a

9   legitimate expectation that the employer will not disclose their addresses and telephone numbers, it

10   is also reasonable to conclude that they might want to share this information with coworkers who

11   sought relief for violations of employment laws.  <u>Id.</u> at 1252-53.  Hence, according to <u>Puerto</u>, the

12   requested information, while personal, was not particularly sensitive, there were no unusual

13   circumstances suggesting that the information should be restricted and the disclosure of the

14   requested addresses and telephone numbers would not significantly intrude on the potential

15   witnesses' right to privacy under Cal. Const., art. I, § 1.  <u>Id.</u> at 1254-55.  As a result, the Court

16   held that disclosure by Defendant of putative class member contact information did not require

17   prior notice to class members or an opt-out procedure to protect privacy rights.  <u>Id.</u> at 1259.

18       **D.**    **Production of Class Members' Contact Information Is Not Burdensome**

19         As its last objection, ADECCO claims that production of the information sought is overly

20   burdensome.  ADECCO did not elaborate as to what burden disclosure of the information might

21   cause.  Plaintiff defined the class she sought to represent by entries on ADECCO's meal period

22   records, thereby tying the disclosure of putative class members' information to such records.  After

23   Plaintiff's counsel deposed Ms. Hans on ADECCO's time record keeping practices, Plaintiff

24

---

25   [24] Cal. Code Civ. Proc. § 2017.010 provides in part: "any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion

26   made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." While Fed. R. Civ. P. 26(b)(1) governs the scope of discovery in federal court, it is

27   similarly broad in language: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any

28   documents or other tangible things and the identity and location of persons who know of any discoverable matter." For the purpose of analyzing whether the disclosure of putative class members' contact information is within the scope of discovery, the Court should consider both statutes one and the same.

1   learned that ADECCO stores a large portion of its time records electronically. Plaintiff further

2   learned that ADECCO's electronic record keeping systems, the time.adecco.com website and the

3   ATS telephone system, do not actually capture any data regarding meal period breaks, only the

4   total number of hours worked on a given day. Consequently, ADECCO does not have to

5   undertake an arduous search to discover which of its electronically-stored time records belong to

6   putative class members, as virtually all of its electronic time records input via either the website or

7   the telephone system from the class period do not depict a meal period break.

8         All ADECCO must do to respond to Plaintiff's interrogatories is to search its systems for

9   the electronic time records from the class period and compile a list of people whose records match

10  the information requested in Special Interrogatory No. 1: the putative class. From there,

11  ADECCO can produce contact information for each putative class member, as well as the other

12  requested information: the period of employment for each putative class member (No. 2) and the

13  number of people in the putative class (No. 3). The information requested in No. 4 regarding

14  identification of the persons who complained to ADECCO regarding the absence of meal period

15  breaks likely overlaps with the persons identified as putative class members. ADECCO also can

16  easily locate the information requested in No. 5 regarding the total number of persons employed by

17  ADECCO during the class period by searching its own electronic systems. Clearly, ADECCO's

18  claim that the disclosure of this information is burdensome is also without merit.

19                          III.   **CONCLUSION**

20        Accordingly, for the reasons stated, Plaintiff requests that the Court grant the motion and

21  order ADECCO to produce the requested information.

22

23  Dated: July 3, 2008                    QUALLS & WORKMAN, L.L.P.

24

25                              By:    _____/S/_____
                                            Daniel H. Qualls
26                                          Attorneys for Plaintiff and all others similarly
                                            situated
27

28

**EXHIBIT D**

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   SHAVOTNAE GOLDSBY,                    No. C 07-5604 MMC
12              Plaintiff                   **ORDER REFERRING TO MAGISTRATE
                                            JUDGE PLAINTIFF'S MOTION TO
13      v.                                   COMPEL**
14   ADEECO, INC.,
15              Defendant
                                    /
16
17        Pursuant to Civil Local Rule 72-1, plaintiff's "Motion to Compel Further Responses to
18   Plaintiff's First Set of Special Interrogatories," filed July 3, 2008, and all further discovery
19   motions, are hereby REFERRED to a Magistrate Judge to be heard and considered at the
20   convenience of the assigned Magistrate Judge's calendar.
21        Counsel will be advised of the date, time and place of the next appearance by notice
22   from the assigned Magistrate Judge's chambers.
23        The August 15, 2008 hearing noticed before the undersigned is VACATED.
24        **IT IS SO ORDERED.**
25   Dated: July 7, 2008
26                                         MAXINE M. CHESNEY
27                                         United States District Judge
28

**United States District Court**
**For the Northern District of California**

**EXHIBIT E**

1
2
3
4
5                           UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8   SHAVOTNAE GOLDSBY,                          Case No. C-07-05604 MMC (JCS)
9            Plaintiff(s),
                                                **NOTICE OF REFERENCE; ORDER**
10    v.                                        **DENYING MOTION TO COMPEL;**
                                                **ORDER TO MEET AND CONFER**
11  ADECCO, INC.,
12           Defendant(s).
                                        /
13
14  TO ALL PARTIES AND COUNSEL OF RECORD:
15          The above matter has been referred to Magistrate Judge Joseph C. Spero for resolution of
16  Plaintiff's Motion to Compel Further Responses to Plaintiff's First Set of Special Interrogatories (the
17  "Motion") [Docket No. 21], and all future discovery matters.
18          IT IS HEREBY ORDERED that the Motion is DENIED for failure of counsel to adequately
19  meet and confer. IT IS HEREBY FURTHER ORDERED that lead trial counsel for both parties
20  shall meet and confer **in person** no later than July 29, 2008. Within five (5) business days of their
21  meet-and-confer session, counsel shall provide a detailed Joint Letter to the Court. This Joint Letter
22  shall include a description of every issue in dispute and, with respect to each such issue, a detailed
23  summary of each party's final substantive position and its final proposed compromise on each issue.
24                       **LAW AND MOTION HEARING PROCEDURES**
25          Civil law and motion is heard on Friday mornings, at 9:30 a.m., Courtroom A, 15th Floor,
26  United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.
27          In the event a **discovery dispute** arises, IT IS HEREBY ORDERED that before filing any
28  discovery motion before this Court, the parties must comply with the following:

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1.    Lead trial counsel for both parties must meet and confer *in person* regarding the matter(s) at issue. This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful. Once those efforts have proved unsuccessful, any party may demand a meeting of lead trial counsel to resolve a discovery matter. Such a meeting shall occur within ten (10) business days of the demand. The locations of the meetings shall alternate. The first meeting shall be at a location selected by counsel for Plaintiff(s). If there are any future disputes, the next such meeting shall be held at a location to be determined by counsel for Defendant(s), etc.

2.    Within five (5) business days of the in-person meeting between lead trial counsel referred to above, the parties shall jointly file a detailed letter with the Court, which will include the matters that remain in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue. In the absence of permission from the Court, the letter may not exceed five (5) pages.

3.    After the Court has received the joint letter, the Court will determine what future proceedings, if any, are necessary.

In the event that the parties continue to be unable to resolve the matters regarding the timing and scope of discovery, the Court will consider what future actions are necessary. These actions may include the following: (1) sanctions against a party failing to cooperate in the discovery process and meet and confer in good faith, as required by this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court; and/or (2) requiring the Chief Executive Officers of each party to attend the in-person, meet-and-confer sessions described above. The Court is not entering either of these matters as an Order of the Court at this time, and fully expects counsel to meet their obligations under this Order and under the Local Rules.

Regardless of whether the Court reschedules a hearing date, all opposition and reply papers shall be timely filed according to the originally noticed hearing date, pursuant to Civil L. R. 7-3.

**United States District Court**
For the Northern District of California

1    A party or counsel has a continuing duty to supplement the initial disclosure when required

2    under Fed. R. Civ. P. 26(e)(1).

3    All filings of documents relating to motions referred to the undersigned shall list the civil

4    case number and the district court judge's initials followed by the designation "(JCS)".

5    **ELECTRONIC FILING AND COURTESY COPIES**

6    Please refer to Civil L. R. 5-4 and General Order No. 45 for the Northern District of

7    California for information relating to electronic filing procedures and requirements.

8    BEFORE NOON ON THE NEXT BUSINESS DAY FOLLOWING THE ELECTRONIC

9    FILING, THE PARTIES ARE REQUIRED TO LODGE DIRECTLY WITH CHAMBERS ONE

10   **PAPER** COPY OF EACH DOCUMENT, WHICH IS TO BE DESIGNATED "JCS'S CHAMBERS'

11   COPY."

12   The failure of counsel or a party to abide by this Order may result in sanctions pursuant to

13   Fed. R. Civ. P. 16(f).

14   IT IS SO ORDERED.

15

16   Dated:  July 15, 2008

17   _____
     JOSEPH C. SPERO
18   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

3

**EXHIBIT F**



**Qualls&**
**Workman** LLP
A T T O R N E Y S   A T   L A W

July 30, 2008

Honorable Joseph C. Spero,
United States Magistrate Judge
United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom A, 15th Floor
San Francisco, California 94102

      Re: Shavotnae Goldsby, et. al. v. Adecco, Inc., et. al.
          <u>Case Number: CV 07 5604 MMC (JCS)</u>

Your Honor:

<u>**Plaintiff's Position Regarding Interrogatory No. 1**</u>

    Lead counsel for Plaintiff, Daniel H. Qualls, and lead counsel for Defendant, Charles F. Barker, met in person on July 23, 2008, to discuss disputed discovery as addressed by Plaintiff's Motion filed on July 3, 2008 (MCM). Counsel resolved disputes regarding Plaintiff's interrogatories numbers 2, 3, 4, and 5.

    Plaintiff's Interrogatory No. 1 requesting the name and contact information of putative class members, remains in dispute. At the MCM, Defendant's counsel informed Plaintiff that current California hourly employees of Defendant Adecco exceed 45,000 persons. Plaintiff's counsel proposed that Defendant provide 500 names of Adecco California hourly employees, randomly selected, for each of the five years in the proposed class period, for a total of 2,500 names limited to those hourly employees who submitted electronic timecards. Defendant proposed that a notice be sent to putative class members informing them of the right to object to release of contact information as adopted by the court in *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). Plaintiff proposed a protective order limiting dissemination of contact information to Plaintiff's counsel, investigators, and experts, which in conjunction with Plaintiff's 2,500 member sample proposal, constituted Plaintiff's final proposed compromise.[1] On July 28, 2008, Defendant informed Plaintiff that it would agree to provide contact information for putative class members working at two California customer sites only, Waste Management, Inc. and the Wine Lab, sites at which Plaintiff worked as an Adecco temporary employee. Plaintiff informed Defendant this proposal was not acceptable, and

Honorable Joseph C. Spero
July 30, 2008
Page 2

Defendant informed Plaintiff that Defendant would not provide contact information for putative class members absent a *Belaire* notice procedure.

Federal courts have long allowed for the disclosure of names and contact information of putative class members. *Gulf Oil Co. v. Bernard*, 452 U.S 89, 101 S.Ct 2193, 68 L.Ed.2d 693 (1981); *Putnam v. Eli Lilly & Co.* 508 F.Supp.2d 812, 814 (C.D. Cal. 2007); *Jimenez v. Domino's Pizza, LLC* 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. 2006), *Wiegele v. Fedex Ground Package Sys.* 2007 U.S. Dist. LEXIS 9444 (S.D. Cal. 2007).

The operative facts and reasoning in *Putnam, Jimenez,* and *Wiegele,* are applicable here. As in *Putnam, Jimenez,* and *Wiegele,* Plaintiff seeks contact information pertaining to all putative class members as Plaintiff seeks to certify a statewide class of Adecco hourly employees, not just those employees who worked at two Adecco client workplaces in California. Defendant's privacy concerns are outweighed by Plaintiff's legitimate need for the requested information to determine whether common questions of law or fact exist and if Plaintiff's claims are typical of potential plaintiffs and class members.

Defendant's insistence upon a *Belaire* notice procedure should be rejected on several grounds. First, privacy concerns can be properly addressed by a protective order limiting dissemination of contact information to Plaintiff's counsel, her investigators and experts. *Putnam v. Eli Lilly & Co.* 508 F.Supp.2d 812, 814 (C.D. Cal. 2007), *Jimenez v. Domino's Pizza*, 2006 U.S.Dist. LEXIS 55510, at pg. 8 (C.D. Cal. 2006).; *Weigele v. Fedex Ground Package Sys.*, 2007 U.S.Dist LEXIS 9444 (S.D.Cal. 2007). Second, a *Belaire* notice will cause significant prejudice to Plaintiff. A *Belaire* notice entails a three step process typically requiring 6 weeks or more to complete before contact information is provided to the requesting plaintiff.[2] On July 28, 2008, the Court granted in part and denied in part Plaintiff's motion to extend the class certification motion filing deadline to August 31, 2008, without prejudice to Plaintiff's seeking a further extension in light of any rulings that may issue by this Court.[3] Adoption of a *Belaire* notice procedure will effectively preclude use of putative class member contact information in support of Plaintiff's request for class certification.

---

2 *See*, Order Re: Privacy Notice/Letter To Putative Class Members, *Wallace Ralston v. US-Reports, Inc.*, Alameda County Superior Court Case No. RG07328773, Exhibit A, attached hereto.
3 *See*, July 28, 2008, Order Granting In Part And Denying In Part Plaintiff's Motion To Modify PreTrial Preparation Order: Vacating Hearing, Exhibit B, attached hereto.

2

Honorable Joseph C. Spero
July 30, 2008
Page 3

Accordingly, Plaintiff respectfully requests an order of the Court directing Defendant to
provide contact information for putative class members as set forth in Plaintiff's final proposed
compromise to Defendant's counsel on July 24, 2008, by August 8, 2008.

### Position of Defendant Adecco Regarding Interrogatory No. 1

Defendant is submitting its position statement without seeing Plaintiff's statement
because Plaintiff's counsel did not want to share the written statements. In this class action,
Plaintiff alleges that Defendant Adecco failed to provide meal periods to its temporary
employees in California. Adecco is a temporary services firm that supplies temporary employees
to numerous companies in California. Plaintiff Goldsby worked at two of Adecco's California
customers. Interrogatory No. 1 requested the home contact information for all putative class
members "for whom Adecco records depict the meal period not taken." Adecco objected on
various grounds to this interrogatory, including that it was burdensome and overbroad and thus
sought irrelevant information, and that it sought information not needed for class certification.
Defendant also objected that it sought private information.

On March 27, 2008, the attorneys for Adecco explained to Plaintiff's attorney that this
interrogatory was extremely burdensome as the only way for Adecco to determine those persons
for whom its records did not show the meal period is to do a manual search of thousands upon
thousands of time cards. In 2007 alone, Adecco employed over 43,000 temporary employees in
California. To answer Interrogatory No. 1 for just 2007, Adecco would have to manually
review the time records for these 43,000 different employees, for each week that the employees
worked in 2007. For the week ending July 13, 2008, there were 9060 temporary employees on
the Adecco payroll in California. That is 9060 different time records to be reviewed to determine
whether the records did or did not depict a meal break. The same search would be required for
the other years in the class period from July 2003 to the present.

Defendant further believes that the information sought by this interrogatory is not needed
at this time, considering the burden. Based on discussions between counsel, Plaintiff has
claimed that this class can be both certified and proven through documents. Defendant has
produced its relevant policies and Plaintiff has taken the PMK depositions. Defendant is
answering the question of the total number of hourly employees employed for the class period in

3

Honorable Joseph C. Spero
July 30, 2008
Page 4

California. It is unclear to Defendant how the identification of the home contact information of
these potential class members will help establish class certification since Plaintiff contends that
her case will be proved through documents. At the recent meeting when Defendant asked
Plaintiff for an explanation of the theory under which Plaintiff was proceeding in light of
*Brinker Restaurant Corp. v. Superior Court*, __ Cal.App.4th __ (08 SOS 4356, July 23, 2008),
Plaintiff's counsel indicated that he would not explain his theory at that time but that Defendant
would see the argument in the motion for class certification. The *Brinker* case held that the
employer did not need to ensure that the meal period was taken but rather the employer only
needed to make such breaks available. The court also held that class treatment was inappropriate
because of the need to determine on an individual basis the reasons why the meal period was
missed.

Defendant also objected to the disclosure of the home addresses and phone numbers on
privacy grounds pursuant to *Pioneer Electronics v. Superior Court*, 40 Cal. 4th 360 (2007);
*Belaire West Landscape v. Superior Court*, 149 Cal.App. 4th 554 (2007); and *Best Buy Stores v.
Superior Court*, 137 Cal.App. 4th 772 (2006). These cases found a privacy right in the home
addresses and phone numbers of the putative class members. These courts ordered that the
potential class members be given a chance to object to the disclosure of their information before
the contact information was given to the plaintiff's counsel. This state right of privacy is
applicable to this proceeding pursuant to Fed.R.Evid. 501. See, *Star Editorial v. USDC*, 7 F.3d
856 (9th Cir. 1993); *Salazar v. Avis Budget Group, Inc.*, 2007 WL 2990281 (S.D. Cal. 2007).

In an effort to compromise and resolve this dispute, Adecco has proposed to provide to a
third party administrator the home contact information for all those employees who were
assigned to the two Adecco customers for whom plaintiff worked: Wine Lab and Waste
Management. The home contact information will be provided through a third party administrator
who would mail a letter to these people advising them that the plaintiff's counsel sought their
home contact information and, if they did not want it disclosed, they would have to return a
postcard. This is the process that has been adopted to protect the privacy rights guaranteed by
the California Constitutional Right of Privacy. See *Pioneer* and *Belaire West* cases. Plaintiff
does not want to utilize a third party administrator but rather wants Adecco to submit the home

4

Honorable Joseph C. Spero
July 30, 2008
Page 5

addresses and phone numbers directly to Plaintiff. Plaintiff's proposal requires Adecco to violate the privacy rights of the persons who are not parties to this case.

Plaintiff requests a "random sample" of about 2,000 Adecco temporary employees. Defendant disagrees with this approach. Defendant has proposed to produce the home contact information for those persons who worked at the same companies for whom plaintiff also worked. Adecco is a supplier of temporary employees to other companies who have their own work standards and meal break rules or procedures. Defendant believes that the persons who worked at the same two customers as Plaintiff may have been subject to the same rules for meal breaks. The two customers (Wine Lab and Waste Management) were supplied employees by Adecco for 47 different physical locations. There were almost 1800 different assignments for which Adecco supplied employees to these two customers. The employees supplied by Adecco to other customers would have been working under different rules for meal breaks and thus could not offer evidence for class certification.

Plaintiff asked Defendant if it could supply the home contact information by August 8. It can do so for the contact information for the employees who worked at Wine Lab and Waste Management. As to a "random sample", Defendant asked Plaintiff's counsel on July 29 for the parameters and method for the sampling. Defense counsel did not get an answer to that question until July 30 at 11:30. Plaintiff requested that the sampling be done from an Excel spreadsheet. Defense counsel does not know whether the entire employee population of California employees is on an Excel spreadsheet or can be readily transferred to such a spreadsheet. At the time of filing this letter, defense counsel has been unable to obtain an answer for the time frame in which the contact information for the random sample, as defined by Plaintiff, can be obtained.

Respectfully submitted,

QUALLS & WORKMAN, LLP                 SHEPPARD, MULLIN, RICHTER
                                       & HAMPTON, LLP


_____/s/_____                     _____/s/_____
Daniel H. Qualls                      Charles F. Barker
Attorney For Plaintiff                Attorney For Defendant

**EXHIBIT G**

**United States District Court**
For the Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7    SHAVOTNAE GOLDSBY, ET AL.,              Case No. C-07-05604 MMC (JCS)
8              Plaintiff(s),
                                            **ORDER GRANTING IN PART AND**
9         v.                                 **DENYING IN PART MOTION TO**
                                             **COMPEL [Docket No. 28]**
10   ADECCO, INC., ET AL.,
11             Defendant(s).
                                    /
12
13        The parties have filed a joint letter dated July 30, 2008, [Docket No. 28] which the Court
14   interprets as a motion to compel further responses to Plaintiff's interrogatory number one (the
15   "Motion"). The Court heard oral argument on August 1, 2008. For the reasons stated on the record
16   and good cause appearing, IT IS HEREBY ORDERED as follows:
17        **Not later than August 11, 2008,** Defendant Adecco shall provide name and contact
18   information, other than home telephone numbers, for 2,500 hourly employees that are members of
19   the putative class. The names shall be selected randomly, with 500 names taken from each of the
20   five years of the proposed class. All such information shall be provided on an "Attorneys' Eyes
21   Only" basis. Plaintiff's counsel may not initiate contact with any of these 2,500 hourly employees
22   except by letter, which shall be approved either by defense counsel or by the Court. The letter may
23   invite the hourly employees to contact Plaintiff's counsel.
24        Except as so expressly granted, the Motion is DENIED.
25        IT IS SO ORDERED.
26   Dated: August 5, 2008
27
                                    JOSEPH C. SPERO
28                                  United States Magistrate Judge

**EXHIBIT H**

1 | Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
2 | Aviva N. Roller, Bar No. 245415
QUALLS & WORKMAN, LLP
3 | 244 California Street, Suite 410
San Francisco, CA 94111
4 | Telephone: (415) 782-3660
Facsimile: (415) 788-1028
5 |
David Sanford, D.C. Bar No. 457933
6 | Meenoo Chahbazi, CA Bar No. 233985
SANFORD, WITTELS & HEISLER, LLP
7 | 1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
8 | Telephone: (202) 742-7780
Facsimile: (202) 742-7776
9 |
Grant Morris, D.C. Bar No. 926253
10 | LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Avenue, N.W., Suite 310
11 | Washington, D.C. 20009
Telephone: (202) 742-7783
12 | Facsimile: (202) 742-7776

13 | *Attorneys for Plaintiff*

14

15 | UNITED STATES DISTRICT COURT

16 | NORTHERN DISTRICT OF CALIFORNIA

17

18 | SHAVOTNAE GOLDSBY, AND ALL OTHERS ) No.  CV 07 5604 MMC
SIMILARLY SITUATED, )
19 | )
 | ) **PLAINTIFF SHAVOTNAE**
20 | Plaintiff, ) **GOLDSBY'S OBJECTIONS TO**
 | ) **MAGISTRATE JUDGE SPERO'S**
21 | vs. ) **AUGUST 5, 2008, ORDER GRANTING**
 | ) **IN PART AND DENYING IN PART**
22 | ADECCO, INC, and DOES 1 through 100, inclusive, ) **PLAINTIFF'S MOTION TO COMPEL**
 | )
23 | Defendants. )
 | )
24 | )

25 |   Pursuant to Federal Rule of Civil Procedure 72(a) and Northern District Local Rule 72-2,

26 | Plaintiff Shavotnae Goldsby ("Plaintiff") hereby objects to Magistrate Judge Spero's August 5,

27 | 2008, Order Granting In Part And Denying In Part Plaintiff's Motion to Compel.  Specifically,

28

1  Judge Spero's Order violated Plaintiff's First Amendment rights by placing an unqualified prior
2  restraint on her ability to communicate with putative class members and witnesses.

3         Plaintiff acknowledges that Judge Spero's Order granted Plaintiff's counsel's proposal for
4  the scope, selection, and number of names Defendant was to produce.  Yet, without any evidence
5  of misconduct on the record or any suggestion from Defendant Adecco, Inc.'s ("Defendant" or
6  "Adecco") counsel, Judge Spero's Order specifically prohibited Plaintiff's counsel from initiating
7  communication with these witnesses via telephone and relieved Defendant from production of the
8  putative class members' telephone numbers.  Plaintiff's Objection raises one question:  may a
9  Court lawfully restrict a party's ability to communicate with a material witness without evidence
10  giving rise to such a restriction?

11                        **I.    PROCEDURAL BACKGROUND**

12         Plaintiff served her first set of special interrogatories on Defendant on September 4, 2007.
13  The interrogatories sought putative class member contact information and related information,
14  including the number of hourly employees Defendant employed during the applicable time period
15  of the case. Defendant served its responses on November 1, 2007, just prior to removal of this
16  action to federal court.  Defendant objected to disclosure of the contact information, which was to
17  include names, addresses, and telephone numbers for each hourly employee employed during the
18  proposed class period, on the grounds that such disclosure was burdensome and violated the
19  employees' right of privacy.  After obtaining further information regarding Adecco's meal break
20  period record keeping policies and procedures, Plaintiff filed a Motion to Compel Further
21  Responses To Plaintiff's First Set of Interrogatories in this Court on July 3, 2008.  The Court
22  assigned Magistrate Judge Spero to hear the matter.

23         Pursuant to Judge Spero's standing order, the parties met and conferred in person
24  regarding the outstanding responses on July 23, 2008, but were unable to resolve their dispute over
25  the production of the putative class members' contact information.  The parties then submitted a
26  five-page letter to Judge Spero summarizing the parties' relative positions on the issue.  A true and
27  correct copy of the parties' joint letter is attached hereto as Exhibit A.  Judge Spero held a
28  telephonic conference with the parties on August 1, 2008, after which Judge Spero ordered

1   Defendant to produce the contact information per Plaintiff's counsel's proposal: 500 names

2   randomly selected from each of the five years of the proposed class period, for a total of 2,500

3   names. Judge Spero issued an Order to this effect on August 5, 2008. A true and correct copy of

4   the Order is attached hereto as Exhibit B.

5        The Order states that Defendant was to provide names and contact information other than

6   the employees' home telephone numbers. The Order further states that "Plaintiff's counsel may

7   not initiate contact with any of these 2,500 hourly employees except by letter... [t]he letter may

8   invite the hourly employees to contact Plaintiff's counsel." The Order states no findings regarding

9   Judge Spero's decision to so restrict Plaintiff's ability to initiate contact with putative class

10  members via telephone, and Defendant's counsel made no such request in the parties' joint letter

11  to the Court.

12                    **II.    ARGUMENT**

13       Magistrate Judge Spero did not dispute that the contact information Plaintiff sought is

14  discoverable. It is a long-settled principle that potential class members possess information

15  regarding the merits of an action. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)

16  (district court was correct to permit discovery of the contact information of the potential class

17  members because the employees might have knowledge of other discoverable matters). See, e.g.,

18  Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal. 4th 360, 373 (2007) (potential class

19  members' contact information is generally discoverable so that the lead plaintiff may learn the

20  names of other persons who might assist in prosecution of the case); Puerto v. Superior Court, 158

21  Cal. App. 4th 1242, 1249 (2008) (identification of putative class members and witnesses and

22  production of their contact information is within the scope of proper discovery). Rather, Judge

23  Spero limited Plaintiff's ability to actually communicate with the potential class members.

24       In Gulf Oil Co. v. Bernard, the United States Supreme Court held that a district court

25  abuses its discretion when it issues an order limiting communications with class members without

26  making factual findings supporting the need for such restraint and the record reveals no grounds

27  on which such a restraint is necessary. 452 U.S. 89 (1981). Justice Powell enumerated the

28  problems that arise from restricting the plaintiffs' ability to contact witnesses: namely,

1  interference with efforts to inform potential class members of the existence of the lawsuit, and

2  interference with the plaintiffs' ability to obtain information about the merits of the case from the

3  persons they sought to represent. Id. at 101.

4      A district court has broad, but not unlimited, discretion to manage a class action and to

5  enter orders governing the conduct of counsel and parties. Id. at 100. Accordingly, the Gulf Oil

6  court instructed:

7      "[A]n order limiting communications between parties and potential class members should
       be based on a clear record and specific findings that reflect the weighing of the need for a
8      limitation and the potential interference with the rights of the parties… In addition, such a
       weighing – identifying the potential abuses being addressed – should result in a carefully
9      drawn order that limits speech as little as possible, consistent with the rights of the parties
       under the circumstances."
10

11  Id. at 101-102. While the Supreme Court declined to state what the First Amendment actually

12  requires in this situation, Justice Powell emphasized that a district court should act with caution in

13  drafting an order that limits communication by giving due attention to "whether the restraint in

14  communication is justified by a likelihood of serious abuses." Id. at 103-104.

15      Judge Spero's Order consists of a single page. The Order does not state any factual

16  findings regarding the potential for Plaintiff to abuse the contact information. Indeed, the Order

17  could not state any such findings, as the record contains no evidence reflecting actual or potential

18  misconduct on the part of Plaintiff or her counsel. Similarly, the Order does not make any attempt

19  to balance any perceived need for restricting Plaintiff's ability to communicate with the actual

20  interference with communication the Order creates. Again, Plaintiff does not object to the essence

21  of the Order, which conformed to Plaintiff's proposal for disclosure of the contact information,

22  save for the exclusion of telephone numbers. Plaintiff objects only to the portion of the order that

23  unlawfully restricts her ability to communicate with potential class members and thereby gather

24  evidence regarding the merits of her claim. As such, the Order clearly violates both Plaintiff's

25  First Amendment rights and the rule of Gulf Oil.

26              **III.    CONCLUSION**

27      Accordingly, Plaintiff respectfully requests that this Court vacate the portion of Magistrate

28  Judge Spero's order prohibiting Plaintiff's counsel from initiating contact via telephone. Plaintiff

OBJECTIONS TO AUGUST 5, 2008 ORDER      -4-      3153\DISCOVERY\OBJECTIONORDER.DOC

1  further requests that Defendant be ordered to produce the telephone numbers for the 2,500 hourly

2  employees for whom it has already produced names and addresses.

3

4  Date:   August 15, 2008                                    QUALLS & WORKMAN, L.L.P.

5

6                                                             By:

7                                                                 Daniel H. Qualls
                                                                  Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28