Daniel H. Qualls, Bar No. 109036
Robin G. Workman, Bar No. 145810
Aviva N. Roller, Bar No. 245415
**QUALLS & WORKMAN, LLP**
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

David Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar No. 233985
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ADECCO, INC, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | No. CV-07-5604 MMC<br><br>**PLAINTIFF SHAVOTNE GOLDSBY'S SUPPLEMENTAL BRIEF PER THE SEPTEMBER 2, 2008, ORDER OF THE COURT** |

This Court has the authority to limit communications between litigants and putative class members prior to class certification, subject to restrictions mandated by the First Amendment. Gulf Oil Co. v. Bernard, 452 U.S. 89, 100, 101 S. Ct. 2193 (1981). Pre-certification

communications to potential class members by both parties are generally permitted, and also considered to constitute constitutionally protected speech. As such, any limitations on pre-certification communications between parties and potential class members must be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. <u>Mevorah v. Wells Fargo Home Mortg.</u>, 2005 U.S. Dist. LEXIS 28615, 2005 WL 4813532, 3 (N.D.Cal.). "To the extent that the district court is empowered ... to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a *specific record showing by the moving party of the particular abuses by which it is threatened.*" <u>Burrell v. Crown Cent. Petroleum, Inc.</u>, 176 F.R.D. 239, 244 (E.D. Tex. 1997), citing Gulf Oil, 452 U.S. at 102 (emphasis in original). "It is not enough that a potentially coercive situation exists. ... The court cannot issue an order without evidence that a potential for serious abuse exists." <u>Burrell, 176 F.R.D. at 244</u> (emphasis in original).

The Court's August 5, 2008, Order limited communications between Plaintiff's counsel and putative class members. The Court prohibited direct communications between Plaintiff's counsel and putative class members initiated by Plaintiff's counsel. Neither Plaintiff nor Defendant Adecco requested this restriction. No evidence was presented of any abuse or misconduct by Plaintiff's counsel, historical or threatened, particular or generalized.

No such record exists, nor can exist. Plaintiff's counsel has conducted itself in a proper manner at all times during the course of this litigation, and will continue to do so.

Accordingly, Plaintiff respectfully request an order removing communication restrictions between Plaintiff's counsel and putative class members as set forth in the Court's August 5, 2008, Order.

Date: September 11, 2008         QUALLS & WORKMAN, L.L.P.

                                 By: _____
                                 Daniel H. Qualls
                                 Attorney for Plaintiff