SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
CHARLES F. BARKER, Cal. Bar No. 70076
ROSS A. BOUGHTON, Cal. Bar No. 241119
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant
ADECCO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVOTNAE GOLDSBY, AND ALL OTHERS SIMILARLY SITUATED,<br><br>       Plaintiff,<br><br>v.<br><br>ADECCO, INC., and DOES 1 through 100, inclusive,,<br><br>       Defendants. | Case No. CV 07 5604 MMC<br><br>**Assigned to Magistrate Judge Joseph Spero for discovery purposes**<br><br>**DEFENDANT ADECCO, INC.'S BRIEF RE COURT'S ORDER LIMITING PLAINTIFF'S COUNSEL'S COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS**<br><br>[Complaint Filed: July 26, 2007] |

As ordered by Magistrate Judge Spero, Defendant Adecco, Inc. provides the following brief relating to the Court's August 5, 2008 Order preventing Plaintiff counsel from imitating phone calls with putative class members by telephone.

I.

**INTRODUCTION**

On August 5, 2008, Magistrate Judge Spero issued an Order 1) requiring Defendant to produce a sampling of names and address of putative class members, but not telephone numbers and 2) permitting Plaintiff's counsel to contact the putative class

-1-

W02-WEST:1RAB1\401021210.1          DEFENDANT'S BRIEF RE COURT'S ORDER
LIMITING PLAINTIFF'S COUNSEL'S
COMMUNICATIONS WITH CLASS MEMBERS

members in writing, but not by telephone (the "Order").[1] Although not expressed, the Order was based on a rational balancing of Plaintiff's counsel's need to communicate with putative class with the protection of the putative class members' privacy interests. Plaintiff has reiterated throughout this litigation that her theory of class certification and liability is based on a records based analysis and has not demonstrated any need to intrude upon the privacy of putative class members in order to establish her case. Putative class members have a privacy interest in being free from unsolicited phone calls and the Court's Order protects their privacy, while still allowing written or class member initiated communciation. The Court's Order rationally balanced these interests and provided for effective communication while protecting class members from unwanted communication.

## II.

## ARGUMENT AND AUTHORITIES

District courts have broad authority to supervise class actions. Federal Rule of Civil Procedure 23(d) provides that the court may issue appropriate orders, inter alia, "(2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action . . [and] (5) dealing with similar procedural matters."

Included in this authority is the authority to limit communications between counsel and putative class members. <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89 (1981). <u>Gulf Oil</u> provided that an Order restricting communications "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." <u>Id</u>. at 101. No record of abuse, however, is

---

[1] The sampling of names and address has been produced.

required prior to a restriction.  Id. at 102; *see also* In re School Asbestos Litig., 842 F.2d 671, 683 (3d Cir. 1988) ("Rule 23(d) does not, however, require a finding of actual harm; it authorizes the imposition of a restricting order to guard against the likelihood of serious abuses.")

Courts have imposed restrictions in order to protect putative class members' rights or to prevent improper communications.  *See* Cobell v. Norton, 212 F.R.D. 14, 19 (D.D.C. 2002) (preventing communications to protect the rights of class members.) "Indeed, a district court's authority [to limit communications with putative class members] under Rule 23(d) is not limited to communications that actually mislead or otherwise threaten to create confusion, but extends to communications that interfere with the proper administration of a class action or those that *abuse the rights of members of the class*." In re Currency Conversion Fee Antitrust Litig., 361 F. Supp. 2d 237 (S.D.N.Y. 2005) (emphasis added)

Here, the Court's Order was a rational weighing of competing interests. Plaintiff has not demonstrated a need to speak with putative class members.  In fact, Plaintiff has continually maintained that this case both for class certification and liability can be proved through a review of Adecco's records, a contention that is reflected in Plaintiff's original proposed Class Definition as "persons paid on an hourly basis for whom ADECCO records depict a meal period not taken who did not receive a compensation payment by ADECCO for the lack of said meal period."  First Amended Complaint, page 10.  If Plaintiff's theory of the case is merely a records based analysis, the input of individuals will not add to her case.  Accordingly, under Plaintiff's theory of the case, Plaintiff's need to communicate with the class members is minimal.

On the other hand, the individual class members have a privacy interest in being protected from unsolicited phone calls at home. The Order properly allowed Plaintiff's counsel the ability to communicate with putative class members through less obtrusive means such as mail. Upon receiving written communications, the individual putative class members, if willing, can communicate with Plaintiff's counsel by phone. Therefore, there is no absolute prohibition against speaking with putative class members; the Order merely grants the putative class members the *choice* of whether or not to speak to Plaintiff's counsel. This protects those putative class members who do not want to be contacted, while still allowing Plaintiff's counsel to freely speak with those employees that are willing to talk.

## III.

## CONCLUSION

The Court's August 5, 2008 Order was a rational and proper balancing of competing interests. It properly protected the privacy interests of the class members while still allowing Plaintiff's counsel to conduct necessary discovery.

Dated: September 12, 2008

                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                            By                 /s/
                                    CHARLES F. BARKER
                                    ROSS A. BOUGHTON
                                   Attorneys for Defendant
                                       ADECCO, INC.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **August 22, 2008,** I served the following document(s) described as **DEFENDANT ADECCO, INC.'S BRIEF RE COURT'S ORDER LIMITING PLAINTIFF'S COUNSEL'S COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**SEE ATTACHED LIST**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 22, 2008**, at Los Angeles, California.

/S/
Bertha (Birdie) Flores

W02-WEST:1RAB1\401021210.1    DEFENDANT'S BRIEF RE COURT'S ORDER LIMITING PLAINTIFF'S COUNSEL'S COMMUNICATIONS WITH CLASS MEMBERS

-6-

1  Meenoo Chahbazi, Esq.  Tel.: (202) 742-7781
   Angela Corridan, Esq.  Fax: (202) 742-7776
2  Sanford, Wittels, & Heisler LLP
   1666 Connecticut Avenue, NW
3  Suite 310
   Washington, DC 20009
4
   Angela Corridan, Esq.  Tel.: 202-742-7787
5  Sanford Wittels & Heisler LLP  FAX: 202-742-7776
   1666 Connecticut Avenue NW
6  Suite 310
   Washington, DC 20009
7
   Grant Morris, Esq.  Tel.: 202-742-7783
8  Law Offices of Grant E. Morris  FAX: 202-742-7776
   1666 Connecticut Avenue, N.W., Suite 310
9  Washington, D.C. 20009

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28