United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAVOTNAE GOLDSBY,

        Plaintiff,

  v.

ADECCO, INC.,

        Defendant

_____/

No. C-07-5604 MMC

**ORDER AFFORDING PARTIES OPPORTUNITY TO FILE SUPPLEMENTAL BRIEFS RE: PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; CONTINUING HEARING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND MOTION TO MODIFY PRETRIAL PREPARATION ORDER**

Before the Court are two motions filed by plaintiff:  (1) "Motion for Class Certification," filed September 30, 2008; and (2) "Motion to Modify Pretrial Preparation Order" ("Motion to Modify"), filed October 31, 2008.  Defendant Adecco, Inc. has filed opposition to plaintiff's Motion for Class Certification, to which plaintiff has replied. Defendant has not filed opposition or otherwise responded to the Motion to Modify.  Having read and considered the parties' respective submissions, the Court, as set forth below, finds it appropriate to afford the parties leave to file supplemental briefs with respect to the Motion for Class Certification, and to continue the hearing on both motions.

**A.  New Issue Raised in Reply**

Plaintiff seeks certification of a class under Rule 23(b)(3), which requires a finding that common issues predominate over individual issues.  See Fed. R. Civ. P. 23(b)(3).  In determining whether a plaintiff has made a sufficient showing as to such requirement, a district court considers to what extent, if any, the claims of the putative class are "subject to

common proof." See, e.g., Cervantez v. Celestica Corp., 253 F.R.D. 562, 576 (C.D. Cal. 2008) (holding, where plaintiff alleged employer failed to provide meal breaks to putative class of employees, common issues predominated over individual issues, where plaintiff, inter alia, demonstrated "key factual questions" were "subject to common proof"); Brown v. Federal Express Corp., 249 F.R.D. 580, 587 (C.D. Cal. 2008) (holding, where plaintiff alleged employer failed to provide meal breaks to putative class of employees, common issues did not predominate over individual issues, where plaintiff "propose[d] no method of common proof that would establish [key factual questions]"); see also Valentino v. Carter-Wallace, Inc., 97 F. 3d 1227, 1234 (9th Cir. 1996) (holding district court abused discretion in certifying class where "there [was] no showing by [p]laintiffs of how the class trial could be conducted").

Here, plaintiff, in her motion, does not expressly argue how each putative class member's claim is subject to common proof.  In its opposition, defendant, understanding plaintiff to have implicitly argued that the class could establish violations through the submission of defendant's records, sets forth its argument as to why such method of proof would not establish a common issue.  In reply, plaintiff states that, contrary to defendant's understanding, plaintiff does not propose to prove violations by defendant's records; rather, according to plaintiff, plaintiff intends to rely on "statistical evidence, sampling and pattern and practice evidence."  (See Pl.'s Reply at 3:5-6; see also, e.g., id. at 14:19-20.)  Because said argument is made for the first time in plaintiff's reply, and addresses an issue of significance, the Court finds it appropriate to afford defendant an opportunity to file supplemental opposition to set forth its response to such new argument.[1]

---

[1]Further, plaintiff, in her reply and in response to at least one argument made by defendant in opposition to certification of a class herein, has proposed a "refinement" to the definition of the proposed class.  (See id. at 4:14-21.)  Such proposed refinement does not appear to increase the size of the putative class, but, rather, to decrease the size, and, consequently, would not appear to give rise to additional argument by defendant.  If defendant, however, is of the view that the proposed refined definition of the putative class raises new issues, defendant may address such issue(s) in its supplemental opposition.

**B. Defendant's Newly-Raised Objection to Evidence Offered by Plaintiff**

In connection with her reply, plaintiff filed objections to certain declarations offered by defendant, on the ground defendant did not disclose such declarants in its initial disclosures; defendant subsequently filed a response to plaintiff's objections, in which defendant argues, <u>inter</u> <u>alia</u>, that if plaintiff's objection is sustained, certain declarations filed by plaintiff likewise should be stricken for the reason that plaintiff did not disclose such declarants in her initial disclosures.

Because the above-referenced objection by defendant was raised for the first time after plaintiff filed her reply, plaintiff has not had an opportunity to respond thereto, and, consequently, the Court will afford plaintiff an opportunity to file a response.

**C. Numerousity**

No class may be certified unless "the class is so numerous that joinder of all members is impracticable."  <u>See</u> Fed. R. Civ. P. 23(a)(1).

In support of her motion, plaintiff offers evidence to support a finding that during the period from July 26, 2003 to the present, defendant employed over 40,000 persons who were paid on a hourly basis.  The proposed class, however, is not comprised of all persons employed by defendant from July 26, 2003 to the present who were paid on an hourly basis.  Rather, the proposed class, as defined in plaintiff's reply,[2] is (1) "[p]ersons employed by [defendant] as Associate employees," (2) who defendant "placed at client worksites without the presence of [defendant's] supervisory personnel," (3) who were "paid on an hourly basis," (4) "for whom [defendant's] records depict a meal period not taken," and (5) "who did not receive a compensation payment by [defendant] for the lack of said meal period."  (<u>See</u> Pl.'s Reply at 4:19-21.)  Plaintiff fails to make any showing as to the number of persons constituting such proposed class, let alone submit an argument as to

_____

[2]As initially defined in plaintiff's motion, the proposed class was limited to persons who, <u>inter</u> <u>alia</u>, were "employed by [defendant] between July 26, 2003, and the present." (<u>See</u> Pl.'s Mot. at 2:16-17.)  Although the period of employment is not expressly included in plaintiff's proposed refined definition, the Court assumes such limitation remains part of plaintiff's proposed class definition.

1    why joinder of such persons is impracticable.

2         In particular, plaintiff fails to state how many of defendant's hourly employees, who

3    worked at worksites with supervision by defendant, are employees for whom defendant's

4    records depict that such employees did not take a meal period and, further, were not paid

5    for any asserted lack of a meal period.[3]  Consequently, on the record presented, plaintiff

6    has not established that joinder of the employees who fall within the definition of the

7    proposed class is impracticable.

8         Because the record does not appear to foreclose plaintiff from making such a

9    showing, the Court, rather than deny the motion, will afford plaintiff leave to supplement her

10   motion as it pertains to numerosity.[4]

11   **D.  Continuance of Hearing**

12        The Court, as set forth below, will continue the hearing on plaintiff's Motion for Class

13   Certification, to a date after the parties have had the opportunity to supplement their

14   respective papers filed in connection with such motion.  The hearing on plaintiff's Motion to

15   Modify, currently scheduled on December 19, 2008, will be continued as well.  By said

16   motion, plaintiff seeks to continue various dates and deadlines in the event the Court

17   grants her Motion for Class Certification; under such circumstances, it would be premature

18

19        [3]Indeed, some employees state, in declarations offered by plaintiff, that when they
20   reported hours worked to defendant, they reported only the total number of hours worked
     and did not report whether they took a meal break.  (See, e.g., Shinske Decl. ¶ 2 ("When I
21   put in my time, I just entered the total hours I worked.  I did not enter any time regarding
     meal breaks."); Lara Decl. ¶ 2 ("I submitted my timecards electronically . . . .  My timecards
22   did not show meal periods.").)  Given plaintiff's assertion that such employees, and other
     employees who have made similar statements in their declarations, are members of the
23   putative class, even though they did not inform defendant of their failure to take a meal
     period, it would appear plaintiff is of the view that defendant's records, at least as to some
24   employees, reflect such missed meal periods on the basis of information defendant
     obtained from a source other than those employees.  Irrespective of plaintiff's theory,
25   however, plaintiff provides no estimate of the number of persons who are members of the
     proposed class.

26        [4]In her reply, plaintiff notes that defendant has not argued plaintiff's showing as to
27   numerosity is insufficient.  Indeed, defendant's opposition is silent with respect to such
     required element.  Plaintiff, however, has the burden of establishing numerosity; it is not
28   defendant's burden to disprove its existence.  See Valentino, 97 F. 3d at 1234 (holding
     "plaintiff[ ] must establish the four prerequisites of [Rule] 23(a)")

1  to consider plaintiff's Motion to Modify in advance of a determination as to whether it is

2  appropriate to certify a class.

3                                    **CONCLUSION**

4        The Court hereby affords the parties leave to file supplemental briefs, and continues

5  the hearing on plaintiff's pending motions, as follows:

6        1.  No later than December 22, 2008, defendant shall file any supplemental

7  opposition, not to exceed ten pages in length, exclusive of exhibits, and limited to

8  addressing the new issue set forth in plaintiff's reply.

9        2.  No later than December 22, 2008, plaintiff shall file any response to defendant's

10 objection to plaintiff's evidence, not to exceed five pages in length, exclusive of exhibits.

11       3.  No later than December 22, 2008, plaintiff shall file any supplemental brief, not to

12 exceed five pages in length, exclusive of exhibits, to address the issue of numerousity; no

13 later than January 2, 2009, defendant shall file any response thereto, not to exceed five

14 pages in length, exclusive of exhibits.

15       4.  The hearing on plaintiff's Motion for Class Certification and Motion to Modify is

16 hereby CONTINUED from December 19, 2008 to January 23, 2009, at 9:00 a.m.

17       **IT IS SO ORDERED.**

18

19 Dated:  December 12, 2008

20                                    MAXINE M. CHESNEY
                                     United States District Judge

5