1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  SHAVOTNAE GOLDSBY,                    No. C-07-5604 MMC

12          Plaintiff,                    **ORDER DENYING PLAINTIFF'S MOTION
                                          FOR CLASS CERTIFICATION; DENYING
13      v.                                WITHOUT PREJUDICE PLAINTIFF'S
                                          MOTION TO MODIFY PRETRIAL
14  ADECCO, INC.,                         PREPARATION ORDER**

15          Defendant

16  _____/

17

18          Before the Court are two motions filed by plaintiff Shavotnae Goldsby ("Goldsby"):

19  (1) "Motion for Class Certification," filed September 30, 2008; and (2) "Motion to Modify

20  Pretrial Preparation Order" ("Motion to Modify"), filed October 31, 2008.  Defendant

21  Adecco, Inc. ("Adecco") has filed opposition to Goldsby's Motion for Class Certification, to

22  which Goldsby has replied; further, each party, with leave of court, has filed supplemental

23  briefs in connection with said motion.  Adecco has not filed opposition or otherwise

24  responded to the Motion to Modify.  Having read and considered the parties' respective

25  submissions, the Court rules as follows.[1]

26  //

27  //

28  _____

        [1]By order filed January 21, 2009, the Court took the motions under submission.

**A. Motion for Class Certification**

In the First Amended Complaint ("FAC"), Goldsby alleges, on her own behalf and on behalf of a class, that Adecco "failed to pay its California hourly employees compensation for work without meal break periods." (See FAC ¶ 6.)  By the instant motion, Goldsby seeks to certify a class defined as follows:

> Persons employed by Adecco as Associate employees placed at client worksites without the presence of Adecco supervisory personnel paid on an hourly basis for whom Adecco records depict a meal period not taken who did not receive a compensation payment by Adecco for the lack of said meal period.

(See Pl.'s Memorandum filed November 24, 2008 ("Reply") at 4:19-21.)[2]  "Associate employees" of Adecco are persons whom Adecco gives "temporary work assignments" and who work at the site of an Adecco client.  (See Kim Decl. Ex. 1 at AD 0002.)  Although Adecco directs its Associates to "follow and comply with the rules, policies, procedures, and working conditions established by Adecco clients for their premises," Associates are employees of Adecco, and Adecco pays its Associates an "hourly wage for each assignment."  (See id. Ex. 1 at AD 0006-0008.)  Thus, no class member worked directly for Adecco and no class member was supervised by Adecco while he or she performed work subject to the procedures of the Adecco client.

In support of the instant motion, Goldsby asserts that during the class period, "Adecco sent temporary employees to 305,441 individual client work site assignments in California."  (See Pl.'s Mot. for Class Cert. at 4:5-6.)  Further, according to Goldsby, "Adecco assign[ed] temporary workers to client job sites, and simply assume[d] clients provide[d] meal periods," Adecco "[took] no steps to determine if temporary employees receive[d] meal periods," and "[w]hen employees' time records [were] submitted to Adecco that fail[ed] to depict meal periods, Adecco [took] no further action to determine if meal

---

[2]Additionally, the proposed class is limited to "persons employed by Adecco between July 26, 2003, and the present" (see Pl.'s Mot. for Class Cert. at 2:18-17), and excludes therefrom "persons within the Cervantez class definition," (see id. at 2:20-28), a reference to a class of Adecco employees who worked for Adecco's client Celestica, Inc., and as to whom a separate action is pending.

1   periods were provided, or to determine if extra compensation [was] owed."  (See id. at

2   16:1-7.)

3       On behalf of herself and said putative class, Goldsby seeks to recover "unpaid meal

4   period compensation," pursuant to § 226.7 of the California Labor Code, as well as

5   "penalties" under the Private Attorney General Act of 2004.  (See id. at 2:13-15.)

6       **1.  California Law Regarding the Providing of Meal Breaks**

7       California Labor Code § 512 provides in pertinent part:

8       (a) An employer may not employ an employee for a work period of more than
        five hours per day without providing the employee with a meal period of not
9       less than 30 minutes, except that if the total work period per day of the
        employee is no more than six hours, the meal period may be waived by
10      mutual consent of both the employer and employee. An employer may not
        employ an employee for a work period of more than 10 hours per day without
11      providing the employee with a second meal period of not less than 30
        minutes, except that if the total hours worked is no more than 12 hours, the
12      second meal period may be waived by mutual consent of the employer and
        the employee only if the first meal period was not waived.
13
        (b) Notwithstanding subdivision (a), the Industrial Welfare Commission may
14      adopt a working condition order permitting a meal period to commence after
        six hours of work if the commission determines that the order is consistent
15      with the health and welfare of the affected employees.

16  See Cal. Labor Code § 512(a).

17      California Labor Code section 226.7(a) includes a similar requirement:

18      (a) No employer shall require any employee to work during any meal or rest
        period mandated by an applicable order of the Industrial Welfare
19      Commission.

20      (b) If an employer fails to provide an employee a meal period or rest period in
        accordance with an applicable order of the Industrial Welfare Commission,
21      the employer shall pay the employee one additional hour of pay at the
        employee's regular rate of compensation for each work day that the meal or
22      rest period is not provided.

23  See Cal. Labor Code § 226.7.

24      The Industrial Welfare Commission has issued the following Industrial Welfare

25  Commission Wage Orders pertinent to the providing of meal periods:

26      (A) No employer shall employ any person for a work period of more than five
        (5) hours without a meal period of not less than 30 minutes, except that when
27      a work period of not more than six (6) hours will complete the day's work the
        meal period may be waived by mutual consent of the employer and
28      employee.

3

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

See 8 C.C.R. § 11090(11).

**2. Application of Rule 23**

A district court may not certify a class unless the plaintiff has "established the four prerequisites of [Rule] 23(a) and at least one of the alternative requirements of [Rule] 23(b)." See Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). The prerequisites of Rule 23(a) are as follows: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a). Rule 23(b)(3), the one alternative requirement Goldsby additionally seeks to establish, provides for certification of a class where "the court finds that the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." See Fed. R. Civ. P. 23(b)(3).

Although a district court, in considering a motion for certification, "is bound to take the substantive allegations of the complaint as true," see Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975), "the class determination generally involves considerations that are

4

1  enmeshed in the factual and legal issues comprising the plaintiff's cause of action," see

2  General Tel. Co. v. Falcon, 457 U.S. 147, 160 (1982) (internal citation and quotation

3  omitted).  Thus, "the court also is required to consider the nature and range of proof

4  necessary to establish [the] allegations" of the complaint."  See In re Coordinated Pretrial

5  Proceedings in Petroleum Products Antitrust Litig., 691 F.2d 1335, 1342 (9th Cir. 1982)

6  (affirming denial of class certification, where "any theory on which [plaintiffs] might rely [to

7  prove the substantive allegations of the complaint] would raise predominantly individual

8  questions").

9      Here, assuming, arguendo, Goldsby could establish each of the four prerequisites of

10  Rule 23(a), the Court finds, for the reasons discussed below, Goldsby has failed to

11  establish that "questions of law or fact common to members of the class predominate over

12  any questions affecting only individual members," and, consequently, Goldsby has failed to

13  show certification is proper under Rule 23(b)(3).

14      For purposes of determining whether common issues predominate over individual

15  issues, the Court's analysis centers on whether Goldsby's substantive allegation, that

16  Associates were not provided with meal breaks, can be established on a class-wide basis.

17  See Valentino, 97 F.3d at 1234 (holding district court abused its discretion by certifying

18  class, where "[t]here [was] no showing by [p]laintiffs of how the class trial could be

19  conducted"); see also Poulos v. Caesars World, Inc., 379 F.3d 654, 667-68 (9th Cir. 2004)

20  (affirming denial of motion for class certification of RICO claims, where plaintiffs failed to

21  show they could establish essential element of causation on "classwide" basis).

22      As noted, the putative class members are temporary employees and, by class

23  definition, worked at sites where Adecco did not supervise them; according to Goldsby,

24  Adecco sent its employees to more than 300,000 different sites in California during the

25  class period.  As further noted, Goldsby asserts herein that Adecco "assume[d]" its clients

26  provided Associates with meal periods, but did nothing to determine whether such

27  assumption was warranted.  If, however, irrespective of any failure to act on the part of

28  Adecco, the client in fact provided the Associate with a meal break, that Associate was not

5

1    deprived of his or her right to be provided a meal break.  See Murphy v. Kenneth Cole

2    Productions, Inc., 40 Cal. 4th 1094, 1108 (2007) (holding "employee is entitled to [remedy

3    under § 226.7(b)] "upon being forced to miss a rest or meal period").  Consequently, a

4    significant issue relevant to liability, indeed, a dispositive issue, is whether the putative

5    class members were, in fact, provided with meal breaks at numerous different client sites

6    during the class period.

7         As noted, the class, as proposed by Goldsby, consists of Associates as to whom

8    "Adecco records depict a meal period not taken."  (See Pl.'s Reply at 4:19-21.)  Goldsby

9    has clarified in a supplemental brief, however, that the proposed class "consists of

10   [Associates]" for whom Adecco records "do not depict" whether the Associate was provided

11   a meal period by the client.  (See Pl.'s Supp. Brief, filed December 22, 2008, at 2:13-16.)

12   As Goldsby has further clarified, where, for example, an Associate reports his/her hours

13   using an "electronic time recording system" or a "telephone-based time record system,"

14   such system will not indicate whether a meal period was provided.  (See id. at 2:2-7.)[3]  In

15   other words, the Adecco records for such putative class members are alleged to be silent

16   as to whether Associates were provided a meal break by the client.  As a result, such

17   records have little, if any, evidentiary value for purposes of determining whether a particular

18   Associate was provided a meal period.  Indeed, Goldsby concedes she "[does] not propose

19   to use Adecco's records to establish violation rates."  (See Pl.'s Reply at 3:7-8.)  Rather,

20   according to Goldsby, she proposes to "prove damages by statistical evidence, sampling

21   and pattern and practice evidence."  (See id. at 3:5-6.)  Goldsby fails to identify, however,

22   the nature of any such statistical evidence or any particular sampling method that could be

23   employed to prove damages on a class-wide basis.  "It is not sufficient . . . simply to

24   _____

25        [3]Goldsby does not state how many class members she believes used electronic or
     phone systems, or some other system that did not require the Associate to state whether or
26   not the Associate had been provided a meal break by the client.  In explaining why she
     believes the putative class is numerous, however, plaintiff asserts that, as an example of
27   why she believes many Associates fall into her proposed class definition, "approximately 80
     percent" of Associates who work as "clerical employees" in the "greater Los Angeles area"
28   report hours using "on-line record systems which do not depict meal periods."  (See id. at
     3:8-12.)

1   mention a procedural tool; the party seeking class certification must explain how the

2   procedure will effectively manage the issues in question."  Dunbar v. Albertson's, Inc., 141

3   Cal. App. 4th 1422, 1432 (2006).  As in Dunbar, "plaintiff has failed to do so here."  See id.

4   Further, Goldsby fails to identify, even in a cursory manner, how she would propose to

5   establish liability on a class-wide basis, nor is any such means apparent.  In particular,

6   Goldsby fails to explain why a determination of the meal period procedures employed at

7   each of the thousands of client sites implicated herein would not predominate over the

8   determination of issues common to the class.

9       Further, to the extent Goldsby relies on Cervantez v. Celestica Corp., 253 F.R.D.

10  562 (C.D. Cal. 2008), such citation is unavailing, as the circumstances underlying the

11  certification in that case are distinguishable.  Although Cervantez, like the instant case, was

12  brought by an Adecco associate who alleged Adecco failed to pay Associates for missed

13  meal periods, the district court therein certified a class of Associates who worked for one

14  specific Adecco client and who were allegedly subject to the same practices by that client.

15  See id. at 569, 576 (certifying class of Adecco employees who worked for single client;

16  stating "employees [Adecco] furnished [to client] were subject to the same policies with

17  respect to meal and rest periods," specifically, a "failure to provide a second meal period

18  after ten hours of work").  Here, by contrast, Goldsby has made no allegation in the FAC,

19  nor an assertion in the instant motion, that the thousands of Adecco clients in California

20  employed the same or similar unlawful practices, such as a "failure to provide a second

21  meal period after ten hours at work."  See id. at 569.  Consequently, and irrespective of the

22  meaning of the word "provide" for purposes of California law,[4] the trier of fact would

23  necessarily have to determine what occurred at each of the thousands of client sites in

24  California in order to resolve the issue of whether any particular Associate who worked at a

25  particular site was provided a meal period.

26  ──────────────

27      [4]Precisely what an employer must do to "provide" a meal break to an employee is an unresolved issue of state law.  See Brinker Restaurant Corp. v. Superior Court, 165 Cal.

28  App. 4th 25 (2008) (holding "meal breaks need only be made available, not ensured"), reviewed granted, 196 P.3d 216 (Cal. 2008).

1    In sum, Goldsby has failed to demonstrate that common issues of material fact
2  relevant to liability predominate over individual issues and, as a consequence, Goldsby has
3  not demonstrated certification of the putative class is appropriate.  See, e.g., Brown v.
4  Federal Express Corp., 249 F.R.D. 580, 587 (C.D. Cal. 2008) (holding, where plaintiff
5  alleged employer failed to provide meal periods to proposed class of employees, common
6  issues did not predominate over individual issues, where plaintiff "propose[d] no method of
7  common proof that would establish [key factual questions]").
8    Accordingly, the Motion for Class Certification will be denied.
9  **B.  Motion to Modify**
10    Goldsby seeks an extension of various deadlines and dates set forth in the Pretrial
11 Preparation Order, including the May 4, 2009 trial date, in the event the Court grants her
12 Motion for Class Certification.  As discussed above, however, the Motion for Class
13 Certification will be denied, and, accordingly, Goldsby's Motion to Modify will be denied as
14 well.  Nonetheless, in light of an ongoing criminal trial which, at the present time, is
15 expected to continue for several months, a continuance of the trial date may be necessary.
16 The Court will address such considerations at the February 20, 2009 Status Conference.

                                **CONCLUSION**

18    For the reasons stated above:
19    1.  Goldsby's Motion for Class Certification is hereby DENIED; and
20    2.  Goldsby's Motion to Modify is hereby DENIED, without prejudice to either party's
21 seeking an adjustment of the current pretrial and trial dates as may be deemed appropriate
22 at the February 20, 2009 Status Conference.
23    **IT IS SO ORDERED.**

25 Dated:  February 4, 2009
                                            MAXINE M. CHESNEY
26                                          United States District Judge

                                8